RUBIN, FORTUNATO & HARBISON P.C.
MICHAEL J. FORTUNATO (Pa. Bar No. 58917) (Admitted *pro hac vice*)
PATRICIA BAILEY TSIPRAS (Pa. Bar. No. 85677) (Admitted *pro hac vice*)
10 South Leopard Road
Paoli, PA 19301
Telephone:    (610) 408-2000
Facsimile:    (610) 854-4301
E-mail:       ptsipras@rubinfortunato.com

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone:    (916) 553-4000
Facsimile:    (916) 553-4011
E-mail:       kcm@mgslaw.com

Attorneys for Respondent
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT J. KNIGHT,<br><br>        Petitioner,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INCORPORATED,<br><br>        Respondent. | CASE NO:  CV 07-02753 SC<br><br>**MERRILL LYNCH'S MEMORANDUM OF POINTS AND AUTHORITIES (1) IN OPPOSITION TO KNIGHT'S PETITION AND APPLICATION TO VACATE ARBITRATION AWARD AND (2) IN SUPPORT OF MERRILL LYNCH'S MOTION TO CONFIRM ARBITRATION AWARD** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iv

I.      STATEMENT OF THE ISSUE ................................................................. 1

II.     STATEMENT OF FACTS .......................................................................... 1

III.    POINTS AND AUTHORITIES ................................................................. 4

        A.      Knight's *Petition* Is Governed by the Federal Arbitration Act.............................. 4

        B.      Standards Applicable to a Determination of Knight's *Petition* ............................. 4

                1.      The standard for determining whether a panel exceeded its
                        authority .................................................................................... 5

                2.      The standard for determining whether a panel manifestly
                        disregarded the law ................................................................. 6

        C.      Knight Failed to Prove Any Procedural Basis for Vacating the *Award*.................. 7

                1.      The arbitrators conducted a hearing............................................... 7

                2.      The arbitrators never deviated from the applicable hearing
                        processes ................................................................................... 10

                        a.      A "script" is not mandatory in arbitration proceedings ............... 10

                        b.      Knight waived his objection regarding the "script" .................... 11

                        c.      Knight did not suffer any prejudice ............................................. 11

                3.      Knight was not prejudiced by the absence of a record of the
                        hearings on Merrill Lynch's *Motion to Dismiss* ......................... 12

                4.      The arbitrators did not manifestly disregard the law or exceed
                        their authority when they did not require the parties to exchange
                        witness and exhibit lists ............................................................. 13

                        a.      Knight waived his objection regarding the exchange
                                of witness and exhibit lists........................................................... 13

                        b.      No witnesses were necessary........................................................ 14

c.    Knight possessed all of the relevant documents more than two months before the panel conducted its second hearing on Merrill Lynch's *Motion to Dismiss* and, therefore, Knight did not suffer any prejudice .............................. 14

D.    Knight Failed to Prove Any Substantive Basis for Vacating the *Award* ............. 15

1.    The rules governing NASD arbitration expressly contemplate the application of state and federal statutes of limitations ........................ 15

2.    The arbitration panel properly dismissed Knight's claims for discharge because, as a matter of law, they cannot be based upon documents that contain express at-will provisions and they are time-barred ........................................................................ 17

a.    Knight's claims for discharge cannot be based upon documents that contain express at-will provisions ....................... 17

b.    Knight's claims are time-barred .................................................. 18

i)    Knight's claim for discharge in breach of implied contract, including breach of the covenant of good faith and fair dealing, is time-barred ........................................................................ 18

ii)    Knight's claim for tortious discharge in violation of public policy is time-barred ........................... 19

iii)    Knight's claims for defamation and trade libel are time-barred ........................................................ 19

iv)    Knight's claim for intentional infliction of emotional distress is time-barred ...................................... 20

v)    Knight's claim for intentional interference with prospective economic advantage is time-barred .............. 21

IV.    The *Award* Should Be Confirmed .................................................................................. 22

V.    CONCLUSION ................................................................................................................ 22

# TABLE OF AUTHORITIES

## *Cases*

Abedi v. Schlossman,
    No. 01-56013, 2002 U.S. App. LEXIS 15039
    (9th Cir. July 22, 2002) ................................................................................. 18

Allen v. RBC Dain Rauscher, Inc.,
    No. C06-05163 RJB, 2006 U.S. Dist. LEXIS 27974
    (W.D. Wash. May 9, 2006) ........................................................................ 8, 16

American Tel. and Telegraph Co. v. United Computer Sys., Inc.,
    No. 99-56846, 2001 U.S. App. LEXIS 7630 (9th Cir. 2001) ............................ 5

Burton v. New United Motor Mfg.,
    No. 03-16287, 2005 U.S. App. LEXIS 5352 (9th Cir. Feb. 17, 2005) ............................ 21

Cantu v. Resolution Trust Corp.,
    4 Cal. App. 4th 857 (Cal. Ct. App. 1992) .................................................... 21

Carter v. Health Net of Cal., Inc.,
    374 F.3d 830 (9th Cir. 2004) .................................................................. 6, 21

Cartwright v. Roxbury Capital Management, LLC,
    No. 5:06-cv-283-Oc-10GRJ, 2007 U.S. Dist. LEXIS 32656
    (M.D.Fla. May 3, 2007) ............................................................................. 12

Coutee v. Barrington Capital Group, L.P.,
    336 F.3d 1128 (9th Cir. 2003) ............................................................. 4, 5, 11

Davis v. Skarnulis,
    827 F. Supp. 1305 (E.D. Mich. 1993) ......................................................... 16

Dean Witter Reynolds, Inc. v. McCoy,
    853 F. Supp. 1023 (E.D. Tenn. 1994),
    aff'd, 70 F.3d 1271 (6th Cir. 1995) .......................................................... 16

Deluxe Lab., Inc. v. International Alliance of Theatrical Stage Employees, Local 683,
    No. CV 01-3469 RJK, 2001 U.S. Dist. LEXIS 18099
    (C.D.Cal. Aug. 30, 2001) ........................................................................... 11

Fidelity Fed. Bank, FSB v. Durga Ma Corp.,
    386 F.3d 1306 (9th Cir. 2004) ..................................................................... 4

Fortier v. Morgan Stanley DW, Inc.,
    No. C-06-3715 SC, 2006 U.S. Dist. LEXIS 79027
    (N.D.Cal. Oct. 23, 2006) ....................................................................................... 7, 8

French v. Merrill Lynch,
    784 F.2d 902 (9th Cir. 1986) ..................................................................................... 6

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20 (1991) ...................................................................................................... 4

Goldman, Sachs & Co. v. Patel,
    [no number in original], 1999 N.Y. Misc. LEXIS 681
    (N.Y. Aug. 18, 1999) ................................................................................................. 9

Grosso v. Salomon Smith Barney, Inc.,
    No. 03-MC-115, 2003 U.S. Dist. LEXIS 20208 (E.D.Pa. Oct. 24, 2003),
    aff'd, 115 Fed. Appx. 600 (3rd Cir. 2004) ............................................................. 12

Henein v. Saudi Arabian Parsons Ltd.,
    818 F.2d 1508 (9th Cir. 1987) ................................................................................. 20

High Country Linens v. Block,
    No. C 01-02180, 2002 U.S. Dist. LEXIS 16043 (N.D.Cal. 2002) ........................... 21

Howsam v. Dean Witter Reynolds. Inc.,
    537 U.S. 79 (2002) ...................................................................................................... 8

Katz v. Round Hill Securities, Inc.,
    No. C 05-1453 PJH, 2005 U.S. Dist. LEXIS 37288
    (N.D.Cal. Sept, 16, 2005) ....................................................................................... 5, 6

Keiser v. Lake County Superior Court,
    No. C05-02310MJJ, 2005 U.S. Dist. LEXIS 40378
    (N.D.Cal. Dec. 12, 2005) ......................................................................................... 20

Kourtis v. Cameron,
    419 F.3d 989 (9th Cir. 2005) ................................................................................... 18

Krupnick v. Duke Energy Morro Bay, LLC,
    115 Cal. App. 4th 1026 (Cal. Ct. App. 2004) ......................................................... 19

Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,
    341 F.3d 987 (9th Cir. 2003) ..................................................................................... 6

Lamke v. Sunstate Equipment Co., LLC,
    387 F. Supp. 2d 1044 (N.D. Cal. 2004) ........................................................... 19

London & Edinburgh Gen'l Ins. Co. v. Argonaut Ins. Co.,
    264 F. Supp. 2d 926 (N.D. Cal. 2003) ............................................................... 5

Luong v. Circuit City Stores, Inc.,
    368 F.3d 1109 (9th Cir. 2004) ........................................................................... 6

McGuiness v. Motor Trend Magazine,
    129 Cal. App. 3d 59 (Cal. Ct. App. 1982) ..................................................... 19

Perna v. Barbieri,
    No. CIV 97-5943, 1998 U.S. Dist. LEXIS 5365 (E.D.Pa. Apr. 16, 1998),
    aff'd, 176 F.3d 472 (3rd Cir. 1999) ......................................................... 12, 13

Randell v. Levi Strauss & Co.,
    No. C 05-1047 CW, 2006 U.S. Dist. LEXIS 32177
    (N.D.Cal. May 12, 2006) ................................................................................ 17

Romano v. Rockwell Int'l, Inc.,
    926 P.2d 1114 (Cal. 1996) .............................................................................. 18

Schoenduve Corp. v. Lucent Tech., Inc.,
    442 F.3d 727 (9th Cir. 2006) ............................................................................ 4

Sheldon v. Vermonty,
    269 F.3d 1202 (10th Cir. 2001) ........................................................................ 9

Shively v. Bozanich,
    80 P.3d 676 (Cal. 2003) .................................................................................. 19

Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.,
    909 F. Supp. 1353 (C.D. Cal. 1995) ............................................................... 21

The Edward Mellon Trust v. UBS PaineWebber, Inc.,
    No. 2:06-cv-0184, 2006 U.S. Dist. LEXIS 80922
    (W.D.Pa. Nov. 6, 2006) .................................................................................. 12

Todd Shipyards Corp. v. Cunard Line, Ltd.,
    943 F.2d 1056 (9th Cir. 1991) .......................................................................... 6

Tomlinson v. Qualcomm, Inc.,
    97 Cal. App. 4th 934 118 Cal. Rptr. 2d 822 (2002)....................................... 18

United Steel Workers of America v. Smoke-Craft, Inc.,
    652 F.2d 1356 (9th Cir. 1981) ...................................................................... 11

Vento v. Quick & Reilly, Inc.,
    No. 04-1413, 2005 U.S. App. LEXIS 6986
    (10th Cir. April 20, 2005) ........................................................................... 9

## *Statutes*

9 U.S.C. § 2 ...................................................................................................... 4

9 U.S.C. § 9 .................................................................................................... 22

9 U.S.C. § 10 .................................................................................................... 5

Cal. Code Civ. Proc. § 335.1 .................................................................... 19, 21

Cal. Code Civ. Proc. § 339(1) ........................................................................ 18

Cal. Code Civ. Proc. § 340 ...................................................................... 19, 20

## *Other Authorities*

Fed R. Civ. P. 12(b)(6) ...................................................................................... 9

NASD Code of Arbitration Procedure Rule 10303 ..................................... 7, 8, 9

NASD Code of Arbitration Procedure Rule 10304 ......................................... 15

NASD Code of Arbitration Procedure Rule 10305 ..................................... 7, 8, 9

NASD Code of Arbitration Procedure Rule 10321 ..................................... 13, 14

NASD Code of Arbitration Procedure Rule 10322 ........................................... 5

NASD Code of Arbitration Procedure Rule 10324 ........................................... 8

NASD Code of Arbitration Procedure Rule 10326 ......................................... 12

NASD Panel Course Preparation Guide ......................................................... 16

The Arbitrator's Manual (January 2007) ............................................... 5, 10, 16

1    **I.    STATEMENT OF THE ISSUE**

2        Petitioner Robert J. Knight ("Knight") cannot meet his high burden of proving one of the

3    extremely limited and narrow grounds for vacatur of the arbitration award in this case.  Here, a

4    duly-appointed National Association of Securities Dealers ("NASD") arbitration panel,

5    constituted in accordance with the NASD Code of Arbitration Procedure ("NASD Code"), after

6    reviewing the parties' briefs, allowing discovery on the dispositive issue, giving Knight an

7    opportunity to perfect his claim, and conducting two hearings during which the panel entertained

8    oral argument, acted in accordance with NASD rules and guidelines and California law when it

9    dismissed Knight's claims against Merrill Lynch, Pierce, Fenner & Smith Incorporated and two of

10   his former supervisors.  <u>See</u> *Award* at Ex. 1 to Tsipras Decl.[1]

11   **II.    STATEMENT OF FACTS**

12       On July 20, 2006, four years after his termination from Merrill Lynch, Knight filed a

13   *Statement of Claim* in the NASD against Merrill Lynch, Pierce, Fenner & Smith Incorporated (the

14   sole Respondent in this action), Patricia Williams, and Scott Ralston (collectively referred to as

15   "Merrill Lynch") asserting claims for (i) discharge in breach of implied contract, including breach

16   of the covenant of good faith and fair dealing; (ii) tortious discharge in violation of public policy;

17   (iii) defamation and trade libel; (iv) intentional infliction of emotional distress; and (v) intentional

18   interference with prospective economic advantage.  Tsipras Decl. at ¶¶ 4-5 and Ex. 2.  On October

19   2, 2006, Merrill Lynch filed an *Answer with Affirmative Defenses*.  Tsipras Decl. at ¶ 6 and Ex. 3.

20       On October 25, 2006, Merrill Lynch filed a *Motion to Dismiss* because all of Knight's

21   claims were time-barred.  Tsipras Decl. at ¶ 7 and Ex. 4.  Merrill Lynch's *Motion to Dismiss* cited

22   authority in support of the arbitration panel's power to grant dispositive motions and provided the

23   accrual periods and statutes of limitations applicable to each of Knight's causes of action.  <u>See</u> Ex.

24   4 to Tsipras Decl.  Also on October 25, 2006, Merrill Lynch filed a *Motion to Stay Discovery*

25   *Pending Decision on Motion to Dismiss*.  Tsipras Decl. at ¶ 8.

26       On December 4, 2006, the parties participated in an initial pre-hearing conference with the

27

28       [1]  "Tsipras Decl." refers to the Declaration of Patricia Bailey Tsipras in Support of Merrill
Lynch's (1) Opposition to Knight's Petition and Application to Vacate Arbitration Award and (2)
Motion to Confirm Arbitration Award.

1   arbitration panel. Tsipras Decl. at ¶ 9. During that conference, among other issues, the panel set a

2   briefing and hearing schedule on Merrill Lynch's motion. Id. Per the schedule, Knight filed an

3   *Opposition to Respondent's Motion to Dismiss* on December 18, 2006. Tsipras Decl. at ¶ 10 and

4   Ex. 5. In his *Opposition*, Knight challenged the panel's authority – which authority clearly is

5   derived from the NASD Code and its interpreting case law – to grant a dispositive motion. See

6   Ex. 5 to Tsipras Decl. Knight argued – despite NASD rules, guidelines, and case law to the

7   contrary – that statutes of limitations are applicable only in court actions. Id. Knight also argued

8   – for the first time and despite his assertion of claims only for breach of an *implied* contract – that

9   his claims were based upon a written employment agreement, and, therefore, the panel should

10  apply a four-year statute of limitations to all of his claims. Id.

11      Merrill Lynch filed a *Reply in Support of Its Motion to Dismiss* on December 29, 2006.

12  Tsipras Decl. at ¶ 11 and Ex. 6. In its *Reply*, Merrill Lynch highlighted the NASD rules,

13  arbitration guidelines, and case law that directly contradicted each one of Knight's arguments.

14  See Ex. 6 to Tsipras Decl.

15      On January 15, 2007, the panel conducted a hearing on Merrill Lynch's *Motion to Dismiss*.

16   Tsipras Decl. at ¶ 13. The full arbitration panel was present for the hearing, as was counsel for

17  the parties. Id. The panel entertained oral argument from, and asked several questions of, both

18  parties. Id. Following the hearing, the panel issued an *Order*. Tsipras Decl. at ¶ 14 and Ex. 7. In

19  the *Order*, the panel deferred ruling on Merrill Lynch's *Motion to Dismiss* and allowed discovery

20  of all writings between Merrill Lynch and Knight. Id. The Panel afforded the parties four weeks

21  to conduct that discovery and directed the parties to file any further briefing in support of, or in

22  opposition to, the *Motion to Dismiss* by March 23, 2007. Id. The panel also permitted Knight to

23  amend his *Statement of Claim* to assert "discharge in breach of a written contract." Id.

24      The parties exchanged discovery as ordered and no discovery disputes arose. Tsipras

25  Decl. at ¶¶ 15-16. As of March 23, 2007, Knight had not amended his *Statement of Claim*.

26  Without knowing upon which document(s) Knight may rely in an attempt to support his claims, on

27  March 23, 2007, Merrill Lynch filed a *Supplemental Brief in Support of Its Motion to Dismiss*,

28  highlighting the fact that Knight could not maintain a claim for "discharge in breach of a written

1 contract" because he expressly agreed in at least two documents that he was an at-will employee

2 of

3 Merrill Lynch. Tsipras Decl. at ¶ 17 and Ex. 8.

4      On March 23, 2007, Knight filed his *Amended Statement of Claim* – not asserting a claim

5 for "discharge in breach of a written contract" as the panel permitted – but asserting (again) a

6 claim for breach of the covenant of good faith and fair dealing. Tsipras Decl. at ¶ 18 and Ex. 9.

7 Knight argued that the panel should imply terms – prohibiting his discharge except for good case –

8 in an employment agreement and an employment manual, both of which contained express at-will

9 provisions. See Ex. 9 to Tsipras Decl.

10      On April 2, 2007, Merrill Lynch filed an *Answer and Affirmative Defenses to Knight's*

11 *Amended Statement of Claim*. Tsipras Decl. at ¶ 19 and Ex. 10. Merrill Lynch asserted that

12 Knight's *Amended Statement of Claim* violated the panel's order because he did not – and could

13 not – assert a claim for "discharge in breach of a written contract," the only claim that the panel

14 permitted him to add. See Ex. 10 to Tsipras Decl. Merrill Lynch also emphasized, as it already

15 had done in its *Motion to Dismiss*, that a claim for breach of the covenant of good faith and fair

16 dealing was time-barred. Id. Finally, Merrill Lynch highlighted that, even if the panel considered

17 Knight's claim to be based upon a written contract, the claim still must be dismissed because the

18 writings on which Knight relied contain express at-will employment provisions, and a valid

19 express contract cannot exist with an implied contract, where each embraces the same subject

20 matter, but require different results. Id.

21      On May 10, 2007, the panel held a second hearing to entertain oral argument on Merrill

22 Lynch's *Motion to Dismiss*. Tsipras Decl. at ¶ 21. Again, the full panel and counsel for both

23 parties participated. Id.

24      On May 18, 2007, the NASD served upon the parties the panel's *Award*. Tsipras Decl. at ¶

25 22 and Ex. 1. The panel held that the NASD Code contemplates the applicability of California

26 statutes of limitations and that, with the exception of a claim founded on a written contract,

27 Knight's claims were time-barred. See Ex. 1 to Tsipras Decl. The panel further held that none of

28 the writings that Knight submitted in support of his claim could give rise to a cause of action for

breach of an employment agreement. Id.

1

2   On May 25, 2007, Knight filed the instant *Petition and Application to Vacate Arbitration*

3   *Award* ("*Petition*"). Tsipras Decl. at ¶ 23. Knight's *Petition*, however, ignores the reality of the

4   facts presented and the law applied during the arbitration proceeding. Worse, Knight has not met

5   his burden of setting forth any grounds to vacate the *Award*. Accordingly, Merrill Lynch

6   respectfully requests that Knight's *Petition* be denied and the *Award* be confirmed.[2]

7   **III.    POINTS AND AUTHORITIES**

8        **A.    Knight's *Petition* Is Governed by the Federal Arbitration Act.**

9        Knight's *Petition* is subject to and governed by the Federal Arbitration Act ("FAA").

10  Knight was bound to arbitrate his claims against Merrill Lynch because, as a condition of his

11  employment in the securities industry, he signed a U-4 agreement. Tsipras Decl. at ¶ 4. A

12  securities industry U-4 agreement is a contract evidencing a transaction involving interstate

13  commerce under the provisions of the FAA. See 9 U.S.C. § 2; see also Gilmer v.

14  Interstate/Johnson Lane Corp., 500 U.S. 20, 24-25 & n.2 (1991) (FAA applicable to arbitration

15  clauses contained in securities industry regulation applications). Therefore, the procedural

16  standards set forth in the FAA govern Knight's *Petition*. See Fidelity Fed. Bank, FSB v. Durga

17  Ma Corp., 386 F.3d 1306, 1311-1312 (9th Cir. 2004).

18       **B.    Standards Applicable to a Determination of Knight's *Petition*.**

19       Courts in the Ninth Circuit consider motions to vacate arbitration awards against the

20  backdrop of a national policy favoring arbitration. Schoenduve Corp. v. Lucent Tech., Inc., 442

21  F.3d 727, 730-731 (9th Cir. 2006). The purpose of the FAA is to provide parties with a speedier

22  and less costly alternative to litigation. Id. Therefore, the judicial review of an arbitration award

23  is extremely limited and federal courts should "avoid any tendency to impute its own strict and

24  rigid practices onto arbitration proceedings . . . ." Id.

25       Consistent with these principles, a federal court must confirm an arbitration award unless a

26  petitioner can show that the award "is completely irrational, exhibits a manifest disregard of the

27  law, or otherwise falls into one of the grounds set forth in [the FAA]." Coutee v. Barrington

28

---

[2]  Simultaneously herewith, Merrill Lynch filed a Motion to Confirm Arbitration Award.

1    Capital Group, L.P., 336 F.3d 1128, 1133 (9th Cir. 2003).[3]  Knight bears the burden of setting

2    forth sufficient grounds to vacate the *Award*.  See American Tel. and Telegraph Co. v. United

3    Computer Sys., Inc., No. 99-56846, 2001 U.S. App. LEXIS 7630, at *6 (9th Cir. 2001).

4         Knight petitions this Court to vacate the *Award* on two grounds.  First, Knight appears to

5    seek vacatur on the statutory ground that the arbitration panel exceeded its authority (presumably

6    a reference to 9 U.S.C. § 10(a)(4)).  Knight claims that the panel violated the NASD Code (i) by

7    failing to hold a hearing on the merits of each of Knight's causes of action; (ii) by failing to

8    "follow a certain script"; (iii) by failing to keep a record of the hearing; and (iv) by failing to

9    require the exchange of witness and exhibit lists.[4]  Second, Knight seeks to vacate the *Award* on

10   the non-statutory ground of manifest disregard of the law.  Knight argues that the arbitration panel

11   manifestly disregarded state and federal law by applying California statutes of limitations to his

12   claims.  Both of Knight's arguments lack merit.

13        **1.    The standard for determining whether a panel exceeded its authority.**

14        Arbitrators do not exceed their powers when they arguably have construed or applied the

15   rules set forth in the arbitration contract.  London & Edinburgh Gen'l Ins. Co. v. Argonaut Ins.

16   Co., 264 F. Supp. 2d 926, 937 (N.D. Cal. 2003).  They also do not exceed their powers when they

17   merely interpret or apply the governing law incorrectly.  Katz v. Round Hill Securities, Inc., No. C

18

19        [3]  The FAA sets forth the following narrow grounds for vacatur: (1) where the award was
     procured by corruption, fraud, or undue means; (2) where there was evident partiality or
20   corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct
     in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence
21   pertinent and material to the controversy; or of any other misbehavior by which the rights of any
     party have been prejudiced; (4) where the arbitrators exceeded their powers, or so imperfectly
22   executed them that a mutual, final, and definite award upon the subject matter submitted was not
23   made.  9 U.S.C. § 10.

24        [4]  It is unclear from Knight's *Petition* whether he also contends that the arbitration panel
     exceeded its authority by not permitting him to take depositions or by not allowing him to compel
25   the production of documents from non-parties.  See *Petition* at ¶ 21.  If Knight is making this
     contention, it must be rejected for several reasons.  First and most importantly, Knight never
26   sought depositions or documents from non-parties.  Tsipras Decl. at ¶ 27.  Second, Knight's
     contention simply is wrong.  NASD arbitrators may allow depositions under certain limited
27   circumstances.  Tsipras Decl. at Ex. 12 at 12.  NASD arbitrators also may direct the appearance of
     non-party witnesses and/or the production of documents from non-parties.  Tsipras Decl. at Ex. 11
28   at Rule 10322 and Ex. 12 at 18.

05-1453 PJH, 2005 U.S. Dist. LEXIS 37288, at *7 (N.D.Cal. Sept, 16, 2005).  Arbitrators exceed

their powers only when their award is "completely irrational" or exhibits a "manifest disregard of

the law."  Id. (citing French v. Merrill Lynch, 784 F.2d 902, 906 (9th Cir. 1986); Todd Shipyards

Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1059-60 (9th Cir. 1991)).  Thus, only if Knight can

prove that the panel manifestly disregarded the law can he prove that it exceeded its authority.[5]

Knight has not – and cannot – advance any such proof.

### 2. The standard for determining whether a panel manifestly disregarded the law.

For a court to vacate an arbitration award for "manifest disregard of the law," Knight

would have to prove that the arbitrators recognized the applicable law and chose to ignore it.

Carter v. Health Net of Cal., Inc., 374 F.3d 830, 838 (9th Cir. 2004).  An arbitrator's error in the

law or failure to understand the law is not a manifest disregard of the law.  Id.

> The risk that arbitrators may construe the governing law imperfectly in the course
> of delivering a decision that attempts in good faith to interpret the relevant law, or
> may make errors with          respect to the evidence on which they base their
> rulings, is a     risk that every party to arbitration assumes, and such legal and factual
> errors lie far
> outside the category of conduct embraced by § 10(a)(4).

Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 1002-03 (9th Cir. 2003) (en

banc).

For example, in Luong v. Circuit City Stores, Inc., Luong moved to vacate an arbitration

award claiming that the arbitrator manifestly disregarded Toyota Motor Mfg., Inc. v. Williams in

ruling that Circuit City did not violate his rights under the Americans with Disabilities Act.  368

F.3d 1109, 1110 (9th Cir. 2004).  The Ninth Circuit held that Luong's petition cannot possibly

meet the "manifest disregard of the law" standard because it was clear from the record that the

arbitrator did not ignore the relevant law.  Id. at 1112.  "[W]ithout expressing a view one way or

the other on whether the arbitrator got Toyota right, it is clear that the arbitrator did not ignore

it…Virtually every line of the opinion and award discusses Toyota and how it plays out on the

facts in Luong's case.  That cannot amount to a "manifest disregard of federal law."  Id.

(emphasis in original).

---

[5]  Knight has not – and cannot – allege that the Award was completely irrational.

In this case, the *Award* references the applicable NASD Code Rules and California law. See Ex. 1 to Tsipras Decl. at 3. Even assuming, *arguendo*, that the arbitrators made an error in the law – which they did not – they certainly did not ignore the law and, therefore, cannot be found to have manifestly disregarded the law or exceeded their authority. To the contrary, as set forth below, the arbitrators followed the applicable law.

**C.     Knight Failed to Prove Any Procedural Basis for Vacating the *Award*.**

**1.     The arbitrators conducted a hearing.**

Knight argues that the arbitration panel exceeded its authority by summarily dismissing his claims. He contends that, pursuant to NASD Code Rules 10303 and 10305,[6] he was "entitled to a hearing to present testimony and evidence regarding his claim." See *Petition* at ¶¶ 20, 24, and 30. Contrary to Knight's claims, the panel satisfied the "hearing" requirement when it held two hearings on Merrill Lynch's *Motion to Dismiss*, and was well within its authority when it dismissed Knight's claims with prejudice.

As an initial matter, Knight knows, or should know, that this particular argument is specious. Approximately nine months ago, this Court decided this exact issue when it denied a petition that Knight's counsel – Timothy Canning, Esquire – filed to vacate an NASD arbitration award in Fortier v. Morgan Stanley DW, Inc., No. C-06-3715 SC, 2006 U.S. Dist. LEXIS 79027 (N.D.Cal. Oct. 23, 2006) (Judge Samuel Conti). In Fortier, at the start of the NASD arbitration, Morgan Stanley moved to dismiss the case on the grounds that Fortier's claims were barred by the applicable statutes of limitations. Id. at *10. The arbitration panel reviewed the parties' briefs, heard oral argument, and heard testimony from Fortier[7] on the statute of limitations before rendering an award granting Morgan Stanley's motion to dismiss. Id. Fortier filed a petition to vacate, alleging, among other things, that the Panel exceeded its powers by failing to conduct a full

hearing and by dismissing his claims with prejudice. Id. at *3.

---

[6] See Tsipras Decl. at K at Rules 10303 and 10305.

[7] The presentation of Fortier's testimony on the statute of limitations is the only difference between the Fortier case and the instant one. However, Knight never argued that his testimony would shed any light on the legal issues before the arbitration panel. Tsipras Decl. at ¶ 28.

1    This Court denied Fortier's petition to vacate. Id. at *12. In doing so, this Court

2    considered NASD Code Rule 10303. Id. at *10. It also considered Rule 10324, which states that

3    "arbitrators shall be empowered to interpret and determine the applicability of all provisions under

4    this Code....," as well as the United States Supreme Court's decision in Howsam v. Dean Witter

5    Reynolds. Inc., where the Supreme Court encouraged deference to the arbitrators' interpretation of

6    procedural rules. Id. at *11 (citing 537 U.S. 79 (2002)). Against this backdrop, this Court held

7    that the hearings and procedures the panel employed to decide Fortier's claims were sufficient.

8    Fortier, 2006 U.S. Dist. LEXIS 79027, at *11.

9    In Fortier, this Court also addressed, and disposed of, Knight's other argument – that,

10   pursuant to NASD Code Rule 10305, the panel could only dismiss his claims without prejudice.

11   This Court held that Rule 10305 allows a panel to dismiss a case with or without prejudice based

12   upon its evaluation of the case and the parties' behavior. Id. at *11. Accordingly, this Court held

13   that the panel's dismissal of the case after briefing, oral argument, and limited testimony was well

14   within its broad procedural powers under the NASD Code and denied Fortier's petition to vacate.

15   Id. at *12.

16   Similarly, the United States District Court for the Western District of Washington also

17   recently addressed the interpretation of NASD Code Rule 10303 in denying a motion to vacate. In

18   Allen v. RBC Dain Rauscher, Inc., Allen moved to vacate an NASD arbitration award after the

19   panel granted Dain Rauscher's motion to dismiss on statute of limitations grounds. No. C06-

20   05163 RJB, 2006 U.S. Dist. LEXIS 27974 (W.D. Wash. May 9, 2006). Citing Rule 10303, Allen

21   argued that the panel exceeded its authority by dismissing his claim without first holding an

22   evidentiary hearing. Id. at *11. The court denied Allen's motion to vacate, finding that, prior to

23   rendering a decision on Dain Rauscher's motion to dismiss, the panel considered the parties'

24   briefs and held a telephonic hearing during which they heard oral argument. Id. at *11-12. The

25   court held that this telephonic hearing satisfied the "hearing" requirement of Rule 10303. Id.

26   Likewise, the United States Court of Appeals for the Tenth Circuit has rejected the

27   argument that Rule 10305 limits an arbitration panel's authority to dismiss a case on the

28   pleadings:

Although NASD's procedural rules do not specifically address whether an

1   arbitration panel has the authority to dismiss facially deficient claims with

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

prejudice based solely on the pleadings, there is no express prohibition against such a procedure. In addition, NASD's procedural rules expressly provide that "the arbitrator(s) shall be empowered to award any relief that would be available in a court of law." NASD Manual § 10214. Logically, this broad grant of authority should include the authority to dismiss facially deficient claims with prejudice, and *we hold that a NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice based solely on the parties' pleadings so long as the dismissal does not deny a party fundamental fairness.*

See Sheldon v. Vermonty, 269 F.3d 1202, 1206 (10th Cir. 2001) (emphasis added). A fundamentally fair hearing requires only notice and an opportunity to be heard and to present relevant and material evidence and argument before the decision makers. Id. at 1207. If a party's claims are facially deficient, no relevant or material evidence exists to present at an evidentiary hearing. Id. Therefore, an arbitration panel has full authority to dismiss the claims without permitting discovery or holding an evidentiary hearing. Id. Furthermore, as is the case with a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, such a dismissal fully disposes of the case, so it must be *with prejudice*. Id.; see also Vento v. Quick & Reilly, Inc., No. 04-1413, 2005 U.S. App. LEXIS 6986, at *8-9 (10th Cir. April 20, 2005) (denying motion to vacate arbitration award because petitioner was provided with a fundamentally fair arbitration hearing in that he was provided with the opportunity to fully brief and argue the motion to dismiss); Goldman, Sachs & Co. v. Patel, [no number in original], 1999 N.Y. Misc. LEXIS 681, at *12-13 (N.Y. Aug. 18, 1999) (holding that party's reliance on NASD Rule 10303 and 10305 to argue that an evidentiary hearing was required is misplaced and that the failure to hold an evidentiary hearing on an issue that could be decided as a matter of law based upon the parties' submissions is not a basis to vacate an arbitration award).

In our case, Knight received a fundamentally fair arbitration hearing. The panel permitted him to (i) twice brief the issues raised in Merrill Lynch's *Motion to Dismiss*, (ii) conduct discovery in aid of his position; (iii) amend his *Statement of Claim* to perfect his claim against Merrill Lynch; and (iv) participate in two hearings on Merrill Lynch's *Motion to Dismiss*. The panel was authorized to interpret and apply the provisions of the NASD Code and they properly did so when they dismissed Knight's claims with prejudice. Accordingly, Knight's *Petition* should be denied and the *Award* should be confirmed.

**2.    The arbitrators never deviated from the applicable hearing processes.**

Knight argues that the arbitration panel exceeded its authority because it "did not read the script" that purportedly "the NASD instructs its arbitrators to follow." See *Petition* at ¶¶ 22 and 27. This argument must be rejected for several reasons. First, a "script" is not mandatory in arbitration proceedings. Second, Knight waived this objection by failing to raise it during the arbitration proceedings. Finally, Knight did not suffer any prejudice when the arbitrators did not read from a purported "script."

**a.    A "script" is not mandatory in arbitration proceedings.**

The NASD Code does not require that arbitrators read from a "script." Indeed, Knight pointed to no such rule. While *The Arbitrator's Manual* references a "written opening statement," it expressly describes that statement as a "*guide that should be used by the Chair. However, it may be modified to accommodate special circumstances* that arise during a particular hearing." See Ex. 12 to Tsipras Decl. at 22 (emphasis added). As further explained in *The Arbitrator's Manual*,

> This statement acknowledges that the arbitrators have read all the pleadings submitted by the parties and outlines the manner in which the hearing should proceed. Among the items mentioned is the order in which the parties may make opening and closing statements and present evidence. At the conclusion of the hearing, the parties are instructed to leave together and are advised that they will be informed of the arbitrators' decision in writing.

Id.

In this case, the chairperson of the arbitration panel addressed each of the points contained in the statement. At the beginning of each hearing, the chairperson listed the pleadings that the panel received and reviewed in preparation for the hearing. Tsipras Decl. at ¶¶ 13 and 21. He also outlined the manner in which the hearing would proceed, i.e. whether the panel would hear argument first from Knight or Merrill Lynch, whether the panel wished to hear argument on a specific issue, etc. Id. At the conclusion of the hearing, the chairperson instructed the parties to "leave together," i.e. sign off of the call so that the panel could begin their deliberations, and further informed the parties that the panel's ruling would be delivered to them in writing from the NASD. Id. Accordingly, the panel never deviated from the applicable hearing processes.

1              **b.    Knight waived his objection regarding the "script."**

2          On January 15, 2007, the panel conducted the first of two hearings on Merrill Lynch's

3    *Motion to Dismiss*.  The chairperson opened and concluded the hearing as set forth in section (a)

4    above.  Knight did not raise his current objection before the panel at that time[8] – most likely

5    because Knight prevailed at that hearing, i.e. a ruling on Merrill Lynch's *Motion to Dismiss* was

6    deferred and the panel granted discovery to Knight.  On May 10, 2007, the Panel held a second

7    hearing on Merrill Lynch's *Motion to Dismiss*.  Again, the chairperson opened and concluded the

8    hearing as set forth in section (a) above.  And again, Knight did not raise any objection.  Tsipras

9    Decl. at ¶ 24.  It was not until he received the *Award* dismissing his claims that Knight raised his

10   objection.

11         A party cannot remain silent, raising no objection during the course of the arbitration

12   proceeding, and then when an award adverse to him has been handed down, complain of a

13   situation about which he had knowledge from the start.  Deluxe Lab., Inc. v. International Alliance

14   of Theatrical Stage Employees, Local 683, No. CV 01-3469 RJK, 2001 U.S. Dist. LEXIS 18099,

15   at *15 (C.D.Cal. Aug. 30, 2001) (holding that a claim of bias is waived when the party alleging

16   bias failed to protest the selection of the arbitrators either before the arbitration proceedings

17   commenced or during the arbitration).  To rule otherwise would be to thwart the national policy of

18   encouraging the expeditious private arbitration of disputes without resort to the courts.  United

19   Steel Workers of America v. Smoke-Craft, Inc., 652 F.2d 1356, 1360 (9th Cir. 1981).

20         Accordingly, because Knight failed to raise during the arbitration proceedings any

21   objection regarding the arbitrators' use of a "script," his objection is waived and should not be

22   considered by this Court.

23             **c.    Knight did not suffer any prejudice.**

24         Knight did not – and cannot – argue that he was prejudiced in any way by the arbitrators'

25   alleged failure to read from a "script."  A harmless error cannot form the basis of a petition to

26   vacate.  See Coutee, 336 F.3d at 1134 (declining petitioner's invitation to reject the harmless error

27   doctrine because an "error sometimes has no effect on the outcome of the proceeding.  Requiring

28   the parties to re-arbitrate under such circumstances would substantially and unnecessarily burden

---

[8] Tsipras Decl. at ¶ 24.

1  both the parties and the arbitration process.").

2      A "script" is not mandatory in arbitration proceedings; the arbitrators followed the

3  applicable hearing processes; Knight waived his objection by failing to raise it during the

4  arbitration proceedings; and Knight did not suffer any prejudice.  Accordingly, Merrill Lynch

5  respectfully requests that Knight's *Petition* be denied and the *Award* be confirmed.

6      **3.    Knight was not prejudiced by the absence of a record of the hearings
7            on Merrill Lynch's *Motion to Dismiss*.**

8      Knight argues that the arbitration panel exceeded its authority because it did not record the

9  hearings on Merrill Lynch's *Motion to Dismiss*.  See *Petition* at ¶¶ 22 and 27.[9]  This Court, like

10 numerous other courts, should reject this argument.

11     Very recently in Cartwright v. Roxbury Capital Management, LLC, the United States

12 District Court for the Eastern District of Florida rejected Cartwright's argument that an NASD

13 arbitration panel exceeded its powers when it issued a decision on a motion to dismiss without

14 making a verbatim recording of the hearing.  No. 5:06-cv-283-Oc-10GRJ, 2007 U.S. Dist. LEXIS

15 32656, at *11-12 (M.D.Fla. May 3, 2007).  The court held that Cartwright's argument was

16 "wholly without legal support" and Cartwright provided no explanation regarding how the

17 absence of a recording harmed him.  Id. at *12.

18     In The Edward Mellon Trust v. UBS PaineWebber, Inc., the United States District Court

19 for the Western District of Pennsylvania rejected Mellon's assertion that an incomplete transcript

20 is a ground for vacatur of an arbitration award because Mellon did not – and could not – show

21 how

22 he was harmed.  No. 2:06-cv-0184, 2006 U.S. Dist. LEXIS 80922, at *13 (W.D.Pa. Nov. 6, 2006);

23 see also Grosso v. Salomon Smith Barney, Inc., No. 03-MC-115, 2003 U.S. Dist. LEXIS 20208, at

24 *20-21 (E.D.Pa. Oct. 24, 2003), aff'd, 115 Fed. Appx. 600 (3rd Cir. 2004) (declining to overturn

25 an arbitration award on the ground that the loss of some of the transcripts had violated NASD

26 Rule 10326, where the appellant noted the loss and claimed prejudice "[w]ithout identifying any

27 evidence or testimony submitted during the time period in issue"); Perna v. Barbieri, No. CIV 97-

28

_____

[9]  Knight contends that this conduct violates NASD Code Rule 10326, the text of which
can be found at Ex. 11 to the Tsipras Decl.

5943, 1998 U.S. Dist. LEXIS 5365, at *7 (E.D.Pa. Apr. 16, 1998), aff'd, 176 F.3d 472 (3rd Cir. 1999) (rejecting the argument that an NASD tape recording was of such poor quality as to frustrate plaintiff's efforts to review proceeding, where the aggrieved party did not demonstrate prejudice).

Likewise, in this case, Knight asserts his argument without any legal support and without any showing of how he was prejudiced by the lack of a record of the hearings.  Moreover, like his objection regarding the "script," Knight failed to raise with the arbitration panel his objection to the lack of a recording[10] and, therefore, his objection is waived.  Accordingly, Merrill Lynch respectfully requests that Knight's *Petition* be denied and the *Award* be confirmed.

> **4.      The arbitrators did not manifestly disregard the law or exceed their authority when they did not require the parties to exchange witness and exhibit lists.**

Knight further argues that the arbitration panel exceeded its authority because it did not require the parties to exchange witness and exhibit lists.[11]  See *Petition* at ¶ 23.  This argument should be rejected because (i) Knight waived it; (ii) no witnesses were necessary for the parties to submit, and for the panel to decide, the legal issues before it; and (iii) Knight possessed all of the relevant documents more than two months before the panel conducted its second hearing on Merrill Lynch's *Motion to Dismiss* and, therefore, Knight did not suffer any prejudice.

> **a.      Knight waived his objection regarding the exchange of witness and exhibit lists.**

On January 15, 2007, the panel conducted the first of two hearings on Merrill Lynch's *Motion to Dismiss*.  Because the hearing related solely to a legal issue, Merrill Lynch did not submit a witness and exhibit list to Knight or to the NASD twenty days before this hearing. Tsipras Decl. at ¶ 12.  *Knight did not submit a witness and exhibit list either*.  Id.  Knight did not object – during the hearing on January 15, 2007 or at any time before the *Award* was rendered against him – to the parties' failure to make this exchange.  Tsipras Decl. at ¶ 26.  On May 10, 2007, the panel held a second hearing on Merrill Lynch's *Motion to Dismiss*.  Again, neither

---

[10]  Tsipras Decl. at ¶ 25.

[11]  Knight claims that this conduct violates NASD Code Rule 10321, the text of which can be found at Ex. 11 to the Tsipras Decl.

1    Merrill Lynch nor Knight submitted witness and exhibit lists. Tsipras Decl. at ¶ 20. And again,

2    Knight did not raise any objection until the *Award* was rendered against him. Tsipras Decl. at ¶

3    26. As set forth in section III(C)(2)(b), *supra*, Knight's silence on this issue amounts to a waiver.

**b.    No witnesses were necessary.**

5    An NASD arbitration panel is empowered to dismiss claims without permitting discovery

6    or holding a full evidentiary hearing. See section III(C)(1), *supra*. The issues submitted to the

7    arbitration panel in this case were purely legal in nature. No witnesses were required to support or

8    refute the contention that all of Knight's claims are barred by the applicable statutes of limitations

9    or that he cannot maintain a cause of action for discharge on a contract that contains an express at-

10    will provision. Knight never argued otherwise. Because witnesses were not necessary, no

11    exchange of witness lists was necessary either.

**c.    Knight possessed all of the relevant documents more than two months before the panel conducted its second hearing on Merrill Lynch's *Motion to Dismiss* and, therefore, Knight did not suffer any prejudice.**

15    The only "documents" required to support the time-barred status of Knight's claims were

16    case law and NASD rules and guidelines – all of which Merrill Lynch attached to its *Motion to*

17    *Dismiss* or *Reply*. Furthermore, when the panel ordered the exchange of discovery due to

18    Knight's contention that a written employment agreement governed his claims, the parties

19    completed their document exchange more than two months prior to the second hearing on Merrill

20    Lynch's *Motion to Dismiss*. See Tsipras Decl. at ¶¶ 15 and 21. The timing of this exchange gave

21    the parties approximately *forty days longer* than provided in Rule 10321 to review its opposing

22    parties' "exhibit list." Accordingly, Knight did not suffer any prejudice by not receiving an

23    exhibit list from Merrill Lynch pursuant to Rule 10321.

24    The arbitrators were well within their authority when they dismissed Knight's claims.

25    They never deviated from the applicable hearing processes. They did not exceed their authority

26    when they did not keep a record of the hearings on Merrill Lynch's *Motion to Dismiss* or when

27    they did not require the parties to exchange witness and exhibit lists. Accordingly, Merrill Lynch

28    respectfully requests that Knight's *Petition* be denied and the *Award* be confirmed.

1

**D.    Knight Failed to Prove Any Substantive Basis for Vacating the _Award_.**

2

3

**1.    The rules governing NASD arbitration expressly contemplate the application of state and federal statutes of limitations.**

4    Knight argues that the arbitrators manifestly disregarded the law when they applied the

5    time limitations delineated in the California Code of Civil Procedure to his claims.  See _Petition_

6    at ¶ 33.  Knight offers this Court no legal support for this contention so Merrill Lynch will

7    assume that his position remains unchanged from that which he asserted during the arbitration

8    proceeding.  Knight claimed that Rule 10304 of the NASD Code, and possibly the doctrine of

9    laches, were the only time bars to arbitration claims.  See Ex. 5 to Tsipras Decl. at 4.  However,

10   the rules governing NASD arbitration expressly contemplate the application of state and federal

11   statutes of limitations.

12   For example, Rule 10304 itself contemplates their application.  Rule 10304 states, in

13   pertinent part:

14   10304. TIME LIMITATION UPON SUBMISSION
(a) No dispute, claim, or controversy shall be eligible for submission to
15   arbitration under this Code where six (6) years have elapsed from the occurrence
or event giving rise to the act or dispute, claim or controversy…
16   (c) _This Rule shall not extend applicable statutes of limitations...._

17   NASD Code Rule 10304 (emphasis added).[12]

18   Furthermore, the _NASD Panel Course Preparation Guide_ provides for the disposition of

19   cases on statute of limitations grounds and specifically distinguishes statutes of limitations from

20   the Rule 10304 eligibility rule:

21

22   Although arbitration is an informal process, any party may file a _dispositive_
_motion_ – that is, a motion to dismiss all or part of a claim – prior to hearing.
23   The most common arguments for dismissing a claim are: Eligibility, Statutes of
limitations; and Appropriateness of forum…
24

25   _Although the six-year eligibility standard resembles a statute of limitations, the_
_standard is separate from any state and federal limitation periods for filing a_
26   _claim..._

27   Even when a claim is filed within the six-year eligibility period provided in the

28

---

[12]   The full text of NASD Code Rule 10304 can be located at Ex. 11 to the Tsipras Decl.

Code, federal or state law may still preclude a monetary award for events in that same period of time, or a shorter period.

This time limit – or statute of limitations – depends on the type of allegations and the applicable jurisdiction.

The statute of limitations refers to a prescribed time limit after which a cause of action or claim may not be brought.  If the arbitration is brought after the statute of limitations has run and the time period cannot be tolled (extended), the claim should be dismissed with prejudice.

See *NASD Panel Course Preparation Guide*, Ex. 13 to Tsipras Decl. at 70-72 (italics in original; underlining added).[13]

*The Arbitrator's Manual* supports Merrill Lynch's position as well.  Included in its discussion of pre-hearing motions, *The Arbitrator's Manual* provides:

**Motions to Dismiss Because of the Passage of Time**
The Uniform Code contains an eligibility provision, which states that no dispute, claim, or controversy can be submitted to arbitration if six (6) years have elapsed from the occurrence or event giving rise to the claim. This time period may be extended by court proceedings.  *The arbitrators should also be aware that a statute of limitations may preclude the awarding of damages even though the claim is eligible for submission to arbitration.*

See *The Arbitrator's Manual*, Ex. 12 to Tsipras Decl. at 7-8.

Courts also have held that federal and state statutes of limitations apply to arbitration actions.  See, e.g., Dean Witter Reynolds, Inc. v. McCoy, 853 F. Supp. 1023, 1031 (E.D. Tenn. 1994), aff'd, 70 F.3d 1271 (6th Cir. 1995) ("Although a claim may be eligible for arbitration under the first sentence of Section 15 [predecessor to Rule 10304] where it has been brought within the six-year eligibility time limit, the claim may ultimately be dismissed by the arbitrators as being time-barred by the applicable state or federal statute of limitations."); Davis v. Skarnulis, 827 F. Supp. 1305, 1308 (E.D. Mich. 1993) ("language of [Rule 10304] does not deprive arbitrators of jurisdiction to determine the applicability of state and federal statutes of limitations").

Pursuant to the foregoing authority, Knight's contention simply is wrong and California statutes of limitations clearly apply to his claims.  Moreover, the arbitration panel did not ignore

---

[13]  These documents were submitted by respondents/prevailing parties in opposition to petitioner's motion to vacate the arbitration award in Allen, 2006 U.S. Dist. LEXIS 27974, at *1.

the law, but applied it, and, therefore, Merrill Lynch respectfully requests that Knight's *Petition* be denied and the *Award* be confirmed.

> **2.      The arbitration panel properly dismissed Knight's claims for discharge because, as a matter of law, they cannot be based upon documents that contain express at-will provisions and they are time-barred.**

After arguing that the arbitration panel manifestly disregarded the law by *applying* the California statutes of limitations to his claims, Knight then argues that the panel manifestly disregarded the law by *not applying* the California statute of limitations to his claim for breach of the covenant of good faith and fair dealing.  Compare *Petition* at ¶ 33 with ¶ 34.  It is evident on the face of the *Award* that the panel did not manifestly disregard the law and applied the statute of limitations to Knight's claim for breach of the covenant of good faith and fair dealing.

> **a.      Knight's claims for discharge cannot be based upon documents that contain express at-will provisions.**

The panel found that "[n]one of the writings submitted by Claimant in support of his claim expressly provides for a cause of action for breach of his employment agreement."  See Ex. 1 to Tsipras Decl. at  3.  Indeed, Knight relied upon an alleged implied provision in his *Financial Consultant Employment Agreement and Restrictive Covenants* ("Agreement") to support his claim.  See Ex. 9 to Tsipras Decl.  However, the Agreement's express and conspicuous employment-at-

will provision[14] bars his claim.  Knight also relied upon an alleged implied provision in a Merrill Lynch employment manual entitled Working at Merrill Lynch: An Employee's Guide.  See Ex. 9 to Tsipras Decl.  However, this manual also contains an express at-will provision.[15]  When an employee expressly agrees to employment at-will, implied contract claims are barred as a matter

---

[14]   Knight's Agreement provides, "NOTHING HEREIN IS A PROMISE OF EMPLOYMENT FOR A FIXED TERM.  MERRILL LYNCH MAY TERMINATE MY EMPLOYMENT FOR ANY REASON OR FOR NO REASON, JUST AS I MAY RESIGN AT ANY TIME."  See Ex. 14 to Tsipras Decl. (capital letters in original).

[15]   The manual states:  "Since employment with the firm is 'at will' in all cases, each employee has the right to resign at any time.  Conversely, the firm has the right to terminate employment at any time, in its sole discretion, with or without cause."  See Ex. 15 to Tsipras Decl.

of law.  Randell v. Levi Strauss & Co., No. C 05-1047 CW, 2006 U.S. Dist. LEXIS 32177, at *14

(N.D.Cal. May 12, 2006) (citing Tomlinson v. Qualcomm, Inc., 97 Cal. App. 4th 934, 944, 118

Cal. Rptr. 2d 822 (2002) (courts will not imply an agreement if doing so necessarily varies the

terms of an express at-will employment agreement signed by the employee)).[16]

**b.**    **Knight's claims are time-barred.**

**i)**    **Knight's claim for discharge in breach of implied contract, including breach of the covenant of good faith and fair dealing, is time-barred.**

Knight alleged that Merrill Lynch breached an implied contract and breached the covenant

of good faith and fair dealing when it terminated his employment.  See Ex. 2 and 9 to Tsipras

Decl.  A claim for breach of an implied contract accrues at the time of the alleged breach.  See

Kourtis v. Cameron, 419 F.3d 989, 1000 (9th Cir. 2005) (internal citations omitted).  In this case,

Knight's cause of action accrued on July 26, 2002 – the date of his termination.  See Romano v.

Rockwell Int'l, Inc., 926 P.2d 1114, 1121 (Cal. 1996) (statute of limitations for claim of breach of

an implied

contract not to terminate employment without good cause accrues at time of termination).

In California, claims of breach of an implied contract or breach of the implied covenant of

good faith and fair dealing are governed by a two-year statute of limitations.  See CAL. CODE CIV.

PROC. § 339(1) ("an action upon a contract, obligation or liability not founded upon an instrument

of writing" must be filed "within two years"); see also Kourtis, 419 F.3d at 1000-01 (citing section

339 and upholding district court's dismissal of breach of implied contract claim because it was

barred by a two-year statute of limitations); Abedi v. Schlossman, No. 01-56013, 2002 U.S. App.

LEXIS 15039, *4-5 (9th Cir. July 22, 2002) (citing section 339 and upholding district court's

dismissal of breach of implied covenant of good faith and fair dealing claim because the two-year

statute of limitations barred the claim).

Knight's claims for breach of an implied contract and breach of the covenant of good faith

and fair dealing accrued on July 26, 2002.  He failed to bring these claims by July 26, 2004.

Therefore, they are time-barred.

---

[16]  See also Merrill Lynch's Supplemental Brief and Merrill Lynch's Answer to Amended Statement of Claim at Ex. H and J to Tsipras Decl. for additional supporting case law.

1

ii)    **Knight's claim for tortious discharge in violation of public policy is time-barred.**

2

3    Knight also alleged that his termination violated public policy.  See Ex. 2 to Tsipras Decl.

In California, "an employer's discharge of an employee in violation of a fundamental public policy

4

embodied in a constitutional, or statutory provision *gives rise to a tort action*."  Lamke v. Sunstate

5    Equipment Co., LLC, 387 F. Supp. 2d 1044, 1051 (N.D. Cal. 2004) (emphasis added).  Currently,

6    California recognizes a two-year statute of limitations for torts.  Lamke, 387 F. Supp. 2d 1051

7    (*citing* CAL. CODE CIV. PROC. § 335.1 ["Within two years: An action for assault, battery, or injury

8    to, or for the death of, an individual caused by the wrongful act or neglect of another."]).

9    However, the two-year limitations statute did not become effective until January 1, 2003 and at

10    least one state appellate court has held that the statute is not retroactive.  See Krupnick v. Duke

11    Energy Morro Bay, LLC, 115 Cal. App. 4th 1026, 1028, 1030 (Cal. Ct. App. 2004).  At the time

12    Knight allegedly was injured – when he was terminated on July 26, 2002 – the controlling law

13    provided for a one-year statute of limitations.  See CAL. CODE CIV. PROC. § 340(3) (2001).

14    Regardless of whether the panel applied a one or two-year statute of limitations, Knight's

15    claim for tortious discharge in violation of public policy, which was filed nearly four years

16    following his termination, is time-barred.

17

iii)    **Knight's claims for defamation and trade libel are time-barred.**

18

19    Knight appeared to premise his defamation and trade libel claims on his allegations that

20    Merrill Lynch made "derogatory statements…on claimant's U-5" or was "telling his clients that

21    he retired from the securities industry."  See Ex. 2 to Tsipras Decl.  Neither of these allegations

22    could support Knight's claims.

23    A cause of action for defamation accrues at the time the defamatory statement is published.

24    Shively v. Bozanich, 80 P.3d 676, 686 (Cal. 2003).  A publication occurs when a defamatory

25    statement is communicated to a person other than the person being defamed.  Id.  With respect to

26    written materials, publication occurs, and the cause of action for defamation accrues, when the

27    materials are first generally distributed to the public.  See, e.g., McGuiness v. Motor Trend

28    Magazine, 129 Cal. App. 3d 59, 61 (Cal. Ct. App. 1982).  An action for libel or slander must be

1    commenced within one year of the alleged conduct.  CAL. CODE CIV. PROC. § 340.

2         Knight's U-5 was filed on August 23, 2002 – within 30 days of his termination and in

3    accordance with securities industry regulations.  Therefore, Knight's defamation or trade libel

4    claims accrued on August 23, 2002 and Knight was required to file them by August 23, 2003.

5    Because Knight did not file these claims until July 2006, they are time-barred.

6         With respect to Knight's allegation that Merrill Lynch told its customers that he had

7    retired, Knight offered absolutely no specifics.  That fact, alone, warranted dismissal of the claim.

8    See, e.g., Keiser v. Lake County Superior Court, No. C05-02310MJJ, 2005 U.S. Dist. LEXIS

9    40378, at *45 (N.D.Cal. Dec. 12, 2005) (dismissing plaintiff's defamation claim because it failed

10   to meet the minimal notice-pleading requirement in that plaintiff did not allege which of the

11   defendants made the defamatory statements, when the statements were made, the form of the

12   statements, or to whom defendants made the statements).

13        Although Knight did not allege when the defamatory statements were made, he alleged

14   that they were made in an effort to "hasten his departure."  See Ex. 2 to Tsipras Decl.  Knight's

15   "departure" occurred on July 26, 2002.  Therefore, Merrill Lynch and the panel were left to

16   conclude that the alleged defamatory statements were made on or around July 26, 2002.

17   Accordingly, Knight would have had to bring his defamation or trade libel claims by July 26,

18   2003.  Because Knight did not file his arbitration action until July 2006, his claims are time-

19   barred.

20                    **iv)    Knight's claim for intentional infliction of emotional**
                              **distress is time-barred.**
21

22        Knight claimed that, by terminating him, Merrill Lynch intentionally inflicted emotional

23   distress upon him.  See Ex. 2 to Tsipras Decl.  Knight's cause of action for intentional infliction of

24   emotional distress accrued on July 26, 2002, the date on which he was terminated.  See Henein v.

25   Saudi Arabian Parsons Ltd., 818 F.2d 1508, 1515 (9th Cir. 1987) (holding that a cause of action

26   for intentional infliction of emotional distress accrues at the time the defendant "is alleged to have

27   done the acts constituting intentional infliction of emotional distress").

28        The statute of limitations period for claims based on emotional distress is one year.  See

1  Burton v. New United Motor Mfg., No. 03-16287, 2005 U.S. App. LEXIS 5352, *3 (9th Cir. Feb.

2  17, 2005); see also Cantu v. Resolution Trust Corp., 4 Cal. App. 4th 857, 889 (Cal. Ct. App. 1992)

3  (applying one-year statute of limitations to intentional infliction of emotional distress claim).[17]

4      Knight's claim accrued on July 26, 2002, the date of his termination, and, therefore, had to

5  be filed by July 26, 2003.  Knight's claim for intentional infliction of emotional distress – filed

6  four years after his termination – is time-barred.

7              **v)    Knight's claim for intentional interference with**
                      **prospective economic advantage is time-barred.**
8

9      Knight also claimed that, based upon its alleged wrongful termination of his employment

10  and its alleged defamation of him (time-barred causes of action discussed above), Merrill Lynch

11  intentionally interfered with his prospective economic advantage.  See Ex. 2 to Tsipras Decl.

12  Such a claim is barred if not filed within two years.  See High Country Linens v. Block, No. C 01-

13  02180, 2002 U.S. Dist. LEXIS 16043, at *6 n.1 (N.D.Cal. 2002) ("Plaintiff's claim of interference

14  with prospective economic advantage is also time-barred by the two-year statute of limitations

15  established by CAL. CIV. PROC. CODE § 339"); Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.,

16  909 F. Supp. 1353, 1361 (C.D. Cal. 1995) (interpreting California Civil Procedure Code section

17  339 as "providing that [a] claim based on obligation not founded on instrument of writing, such as

18  interference with prospective advantage, must be brought within two years.").  Knight filed his

19  cause of action for intentional interference with prospective economic advantage nearly four years

20  after the alleged interference.  Accordingly, his claim is time-barred.

21      The panel applied this law in rendering its *Award*.  See Ex. 1 to Tsipras Decl. at 3.  Even if

22  the Panel made an error in applying the law – which it did not – it definitely did not ignore the law

23  and, therefore, cannot be guilty of manifestly disregarding the law or exceeding its authority.  See

24  Carter, 374 F.3d at 838.  Accordingly, Merrill Lynch respectfully requests that Knight's *Petition*

25  be denied and the *Award* be confirmed.

26

27      [17]  Even if the panel determined that Knight's claim of intentional infliction of emotional
    distress is a tort action, which carries a statute of limitations of two years, Knight's claim still is
28  time-barred.  See CAL. CIV. PROC. CODE § 335.1 ("Within two years: 1. An action for assault,
    battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of
    another.").

1  **IV.    THE *AWARD* SHOULD BE CONFIRMED.**

2          Unless a specific ground exists for vacating an award, the award must be confirmed.  9

3  U.S.C. § 9.  As set forth above, in this case, the arbitration panel acted at all times in accordance

4  with the authority conferred by the NASD Code and within California law.  Because no grounds

5  exist for vacating the arbitration award, the *Award* should be confirmed.

6  **V.    CONCLUSION**

7          After considering the pleadings and the positions of the parties, the arbitration panel, in

8  accordance with the NASD Code, applied California law and dismissed Knight's claims.

9  Knight's *Petition* simply is a statement of displeasure with that result.  Such displeasure,

10  however, does not override a national policy favoring arbitrations and California's policy against

11  judicial review of arbitration awards.  Accordingly, Merrill Lynch respectfully requests that the

12  Court deny Knight's *Petition* and confirm the *Award*.

13

14  Dated:  July 27, 2007               RUBIN, FORTUNATO & HARBISON P.C.

15

16                              By:    /s/ Patricia Bailey Tsipras
                                       Michael J. Fortunato, Esquire
17                                     Patricia Bailey Tsipras, Esquire

18                                     Attorneys for Respondent
19                                     Merrill Lynch, Pierce, Fenner & Smith Incorporated

20

21

22

23

24

25

26

27

28