RUBIN, FORTUNATO & HARBISON P.C.
MICHAEL J. FORTUNATO (Pa. Bar No. 58917) (Admitted *pro hac vice*)
PATRICIA BAILEY TSIPRAS (Pa. Bar. No. 85677) (Admitted *pro hac vice*)
10 South Leopard Road
Paoli, PA 19301
Telephone:      (610) 408-2000
Facsimile:      (610) 854-4301
E-mail:        ptsipras@rubinfortunato.com

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone:      (916) 553-4000
Facsimile:      (916) 553-4011
E-mail:        kcm@mgslaw.com

Attorneys for Respondent
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT J. KNIGHT,<br><br>                    Petitioner,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INCORPORATED,<br><br>                    Respondent. | CASE NO:  CV 07-02753 SC<br><br>Date:  September 7, 2007<br>Time:  10:00 a.m.<br><br>**DECLARATION OF PATRICIA BAILEY TSIPRAS IN SUPPORT OF MERRILL LYNCH'S (1) OPPOSITION TO KNIGHT'S PETITION AND APPLICATION TO VACATE AND (2) MOTION TO CONFIRM ARBITRATION AWARD** |

I, Patricia Bailey Tsipras, declare as follows:

1.    I am an Associate with the law firm of Rubin, Fortunato & Harbison P.C., attorneys of record for Respondent Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). I am licensed to practice before the courts of the Commonwealth of Pennsylvania and before the courts of the Eastern District of Pennsylvania. I have been admitted *pro hac vice* in this action. I was counsel for Merrill Lynch in the underlying National Association of Securities Dealers ("NASD") arbitration.

2.    If called as a witness, I could and would competently testify to the facts set forth below as I know each to be true based upon my own personal knowledge or upon my review of the records and files maintained by Rubin, Fortunato & Harbison, P.C. in the regular course of the firm's representation of Merrill Lynch in this matter.

3.    Petitioner Robert J. Knight ("Knight") petitions this Court to vacate an NASD arbitration *Award* rendered in May 2007 in favor of Merrill Lynch. A true and correct copy of the *Award* is attached as Exhibit 1.

4.    On or about July 20, 2006, Knight filed a *Statement of Claim* in the NASD against Merrill Lynch (the sole Respondent in this action), Patricia Williams, and Scott Ralston (collectively referred to as "Merrill Lynch"). A true and correct copy of the *Statement of Claim* is attached as Exhibit 2. Knight was required to arbitrate his dispute because, as a condition of his employment in the securities industry, he signed a U-4 agreement.

5.    Knight asserted claims against Merrill Lynch for (i) discharge in breach of implied contract, including breach of the covenant of good faith and fair dealing; (ii) tortious discharge in violation of public policy; (iii) defamation and trade libel; (iv) intentional infliction of emotional distress; and (v) intentional interference with prospective economic advantage. See Exhibit 2.

6.    On October 2, 2006, Merrill Lynch filed an *Answer with Affirmative Defenses* to Knight's *Statement of Claim*. A true and correct copy of the *Answer* is attached as Exhibit 3.

7.    On October 25, 2006, Merrill Lynch filed a *Motion to Dismiss*. A true and correct copy of the *Motion to Dismiss* is attached as Exhibit 4.

8.    Also on October 25, 2006, Merrill Lynch filed a *Motion to Stay Discovery Pending*

Declaration of Patricia Bailey Tsipras in Support of Merrill Lynch's (1) Opposition to Petition to Vacate Arbitration Award and (2) Motion to Confirm – CV 07-02753 SC

*Decision on Motion to Dismiss.*

9.      On December 4, 2006, the parties participated in an initial pre-hearing conference with the arbitration panel.  During that conference, among other issues, the panel set a briefing and hearing schedule on Merrill Lynch's *Motion to Dismiss.*

10.     Per that schedule, Knight filed an *Opposition to Respondent's Motion to Dismiss* on December 18, 2006.  A true and correct copy of the *Opposition* is attached as Exhibit 5.

11.     Merrill Lynch filed a *Reply in Support of Its Motion to Dismiss* on December 29, 2006.  A true and correct copy of the *Reply* is attached as Exhibit 6.

12.     Neither Merrill Lynch nor Knight submitted a witness and exhibit list in preparation for the hearing on Merrill Lynch's *Motion to Dismiss.*

13.     On January 15, 2007, the panel conducted a hearing on Merrill Lynch's *Motion to Dismiss.*  The full arbitration panel was present for the hearing, as was counsel for the parties.  At the beginning of the hearing, the chairperson of the arbitration panel listed the pleadings that the panel had received and reviewed in preparation for the hearing.  He also outlined the manner in which the hearing would proceed, including, but not limited to, whether the panel would hear first from Knight or Merrill Lynch and whether the panel wished to hear argument on a specific issue.  During the hearing, the panel entertained oral argument from, and asked several questions of, both parties.  At the conclusion of the hearing, the chairperson instructed the parties to sign off of the conference call so the panel could begin its deliberations.  The chairperson also informed the parties that they would receive the panel's Order in writing from the NASD.

14.     Following the hearing, the panel issued an *Order.*  A true and correct copy of the *Order* is attached as Exhibit 7.  Per the *Order*, the panel deferred ruling on Merrill Lynch's *Motion to Dismiss* and allowed limited discovery of all "writings" between Merrill Lynch and Knight.  That discovery was to be completed by March 12, 2007, with any further briefing in support of, or in opposition to, the *Motion to Dismiss* to be filed by March 23, 2007.  The panel also permitted Knight to amend his *Statement of Claim* to assert "discharge in breach of a written contract."

15.     On March 7, 2007, the parties exchanged discovery as ordered.

16.     No discovery disputes arose.

Declaration of Patricia Bailey Tsipras in Support of Merrill Lynch's (1) Opposition to Petition to Vacate Arbitration Award and (2) Motion to Confirm – CV 07-02753 SC

17.    On March 23, 2007, Merrill Lynch filed a *Supplemental Brief in Support of Its Motion to Dismiss*.  A true and correct copy of the *Supplemental Brief* is attached as Exhibit 8.

18.    Also on March 23, 2007, Knight filed his *Amended Statement of Claim*.  A true and correct copy of the *Amended Statement of Claim* is attached as Exhibit 9.

19.    On April 2, 2007, Merrill Lynch filed an *Answer and Affirmative Defenses to Knight's Amended Statement of Claim*.  A true and correct copy of the *Answer* to Knight's *Amended Statement of Claim* is attached as Exhibit 10.

20.    Neither Merrill Lynch nor Knight submitted a witness and exhibit list in preparation for the second hearing on Merrill Lynch's *Motion to Dismiss*.

21.    On May 10, 2007, the panel held a second hearing to entertain oral argument on Merrill Lynch's *Motion to Dismiss*.  Again, the full panel and counsel for both parties participated.  Again, at the beginning of the hearing, the chairperson of the arbitration panel listed the pleadings that the panel had received and reviewed in preparation for the hearing.  And again, he also outlined the manner in which the hearing would proceed.  The panel then entertained further oral argument.  At the conclusion of the hearing, the chairperson instructed the parties to sign off of the conference call and informed them that they would receive the panel's Order in writing from the NASD.

22.    On May 18, 2007, the NASD served upon the parties the panel's *Award*.  <u>See</u> Exhibit 1.

23.    On May 25, 2007, Knight filed a *Petition and Application to Vacate Arbitration Award* ("*Petition*").

24.    Knight did not raise his current objection regarding the NASD script at any time before he filed his *Petition*.

25.    Knight did not raise his current objection regarding the NASD's failure to record the hearings at any time before he filed his *Petition*.

26.    Knight did not raise his current objection regarding the exchange of witness and exhibit lists at any time before he filed his *Petition*.

27.    Knight never sought to take depositions or documents from non-parties in the

-4-

arbitration proceeding.

28.     Knight never argued that his testimony would shed any light on the issues pending before the arbitration panel.

29.     True and correct copies of the relevant NASD Code of Arbitration Procedure rules are attached as Exhibit 11.

30.     True and correct copies of the relevant provisions of *The Arbitrator's Manual* are attached as Exhibit 12.

31.     True and correct copies of the relevant provisions of the *NASD Panel Course Preparation Guide*, which were submitted by respondents/prevailing parties in opposition to petitioner's motion to vacate the arbitration award in <u>Allen v. RBC Dain Rauscher, Inc.</u>, No. C06-05163 RJB, 2006 U.S. Dist. LEXIS 27974 (W.D. Wash. May 9, 2006), are attached as Exhibit 13.

32.     A true and correct copy of Knight's *Financial Consultant Employment Agreement and Restrictive Covenants* is attached as Exhibit 14.

33.     True and correct copies of the relevant provisions of a Merrill Lynch employment manual are attached as Exhibit 15.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 27, 2007 in Paoli, Pennsylvania.


/s/ Patricia Bailey Tsipras
PATRICIA BAILEY TSIPRAS

Declaration of Patricia Bailey Tsipras in Support of Merrill Lynch's (1) Opposition to Petition to Vacate Arbitration Award and (2) Motion to Confirm – CV 07-02753 SC