# EXHIBIT 5

Law Offices of

# Timothy A. Canning

Two Commercial Blvd., Suite 203
Novato, CA 94949

Telephone: (415) 382-7899
Facsimile: (415) 382-9421
Website:  www.tclaws.com
Email:  tc@tclaws.com

December 18, 2006

*Via facsimile (original) and overnight (3 copies)*

Fax: 301-527-4766
Panel of Arbitrators
c/o Derek Sorrells
NASD Dispute Resolution
300 S. Grand Avenue, Suite 900
Los Angeles, CA 90071

cc:  *via facsimile (1 copy) and overnight (1 copy)*

Fax: (601) 408-9050
Michael Fortunato
Patricia Bailey Tsipras
Rubin, Fortunato, Harbison
MCS Building, Suite 202
10 S. Leopard Rd
Paoli, PA 19301

Re:    Robert Knight  v Merrill Lynch, NASD Case No. 06-03430
       Claimant's Opposition to Respondents' Motion to Dismiss

Dear Panel:

Respondents' motion to dismiss should be denied, for the following reasons:

(1) NASD rules do not permit arbitrators to decide a claim without a hearing, unless all parties agree to it;

(2) the limitations periods on which respondents rely do not apply in contractual arbitration, but only in court actions;  and

(3) as respondents know, the essence of this claim derives from an obligation in writing (i.e., a written employment agreement); hence, the applicable time period is **four years** from the date of termination; and respondents agree that this action was filed within four years of the date of termination.

Respondents have endeavored to keep the existence of the written employment agreement hidden from the panel, and from claimants' representatives.  Respondents do not mention  the written employment agreement in their answer, nor do they discuss it in connection with their motion to dismiss.  Respondents refused to provide any documents or substantive responses to claimant; the reason why is now obvious – such discovery would defeat their motion to dismiss.

December 18, 2006
Page 2

Law Offices of
Timothy A. Canning

_____

**(1) NASD Rules  Prohibit Dismissal Without Hearing**

NASD rules specifically prohibit arbitrators from deciding public customer arbitration cases based only on the pleadings and documentary evidence – which is exactly what respondents request here -- unless all parties agree to such a procedure.  Claimant has not and does not agree to that procedure; hence NASD Rule 10303(a) specifically bars respondents' substantive motion.

Rule 10303(a) prohibits this panel from deciding claimant's case solely on the pleadings and documentary evidence.  To quote the rule verbatim:

> Any dispute, claim or controversy, except as provided by Rule 10203 (simplified industry arbitration) or Rule 10302 (Simplified arbitration) **shall require a hearing** unless the parties waive such hearing in writing and request that the matter be resolved solely on the pleadings and documentary evidence.

NASD Code of Arbitration Rule 10303 (a) (emphasis added).

Rule 10303 (a) is not ambiguous. Since only the "pleadings" have been presented to the panel, this panel cannot yet decide this claim. This panel would be acting in contravention  of NASD arbitration rules if it were to grant respondents' motion to dismiss.

Other rules in the NASD Code support claimant's right to a hearing.  Rule 10305 only authorizes the panel to dismiss an action *without prejudice,* and thereby refer the parties to their judicial remedies – in other words, send this matter to court.  That rule does not, however, permit a dismissal with prejudice by way of dispositive motion – which is what respondents now seek. Respondents have not requested that this matter be sent into court or to another arbitration forum.

The Code of Arbitration Procedure simply does not allow dispositive motions of this sort to be determined by arbitrators without the benefit of a full and complete evidentiary hearing.  It is only after discovery is completed and after testimony is taken that arbitrators have the facts necessary to make informed and fair decision(s) regarding respondents' culpability.

The unfairness of an evidence-based dispositive motion in arbitration is that there are no rules or standards by which such motions should be resolved.   Should the standard be that respondents have to prove that claimant has failed to state a claim upon which relief should be granted (the standard for demurrers in state court)?  Or should the burden be on respondents to show that there are no triable issues of material fact? Or is the burden on claimant to prove his case now, by a preponderance of the evidence, without the benefit of any testimony?  The NASD Code offers no guidance whatsoever on just what claimant needs to do to oppose such a dispositive motion, nor does it offer any guidance whatsoever on what standards the panel should apply in deciding it.

California law also does not support respondents' motion to dismiss.  There are only two published California case involving pre hearing motions in arbitration:  *Reed v. Mutual Service*

December 18, 2006
Page 3

---

*Corp.* (2003) 106 Cal.App.4th 1359. and *Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096. However, neither case authorizes substantive motions to dismiss in NASD arbitrations; and respondents have not cited one single California statutory or case law to support their claim that claimant is not entitled to a hearing here.

In *Reed*, the court addressed an **eligibility** motion -- i.e. whether an arbitration claim was eligible to be heard in NASD arbitration under the NASD's "six year rule". Here, in contrast, respondents do not contend that this case is ineligible for arbitration -- for clearly it is eligible (i.e., filed within 6 years).

*Schlessinger* also does not support respondents motion. First, that case involved a contractual arbitration conducted under AAA arbitration rules, a different set of rules than the NASD arbitration rules.

Further, the parties in *Schlessinger* had an opportunity to take **extensive discovery**, including depositions. In fact, the parties in *Schlessinger* had agreed that California's Civil Discovery Act would apply in their arbitration, which includes interrogatories, request for admissions, and other forms of discovery that require sworn responses, and which can be used as evidence. *Schlessinger*, at 1101, fn 2. The *Schlessinger* court expressly limited its holding, stating:

> [W]e caution that our holding should **not** be taken as an endorsement of motions for summary judgment or summary adjudication in the arbitration context. . . . Finally, **especially where the arbitration lacks an explicit procedure for dispositive motions, courts must ensure that the party opposing such a motion is afforded a fair opportunity to present its position.**

*Schlessinger*, 40 Cal.App.4th at 1111-12 (citations omitted, emphasis added).

In contrast to the facts of *Schlessinger*, claimant here has not had a fair opportunity to present his position. Claimant has not had the opportunity to depose or cross-examine any witnesses under oath. Neither party has had the same type of discovery rights permitted under California's Discovery Act, and to which the parties in *Schlessinger* had access.

In fact, here respondents have **blocked** claimant's efforts to obtain discovery, by refusing to produce **any** documents, and refusing to produce **any** information -- including information surrounding the written employment agreement between the parties.

And, in further contrast to the AAA rules construed in *Schlessinger*, the NASD Code of Arbitration Procedure has **no explicit procedure** for dispositive motions.

The *Schlessinger* court broadly interpreted the arbitrators' obligation "to hear evidence" under the California Arbitration Act (Code Civ. Proc. § 1286.2), but then noted that the statute permits parties to adopt a different procedure. *Schlessinger*, 40 Cal.App.4th at 1106.

Law Offices of
Timothy A. Canning

December 18, 2006
Page 4

---

Here, the parties have adopted a **_different procedure_**: all parties agreed (when signing the Uniform Submission Agreement) that a hearing would be required (NASD Rule 10303), with the "hearing" consisting of: parties and their counsel present (NASD Rule 10317); pre hearing exchange of documents and witnesses (Rule 10321 (e)); sworn testimony (Rule 10327); and a verbatim transcript of the proceedings (NASD rule 10326).

To put it simply, respondents want all the benefits of litigation, with none of the procedures that would ensure that each party obtained a fair hearing.

## 2) The Time Limitations Found in the Code of Civil Procedure Do Not Apply In Arbitrations Held in California

In support of their motion, respondents rely solely on statute of limitations found in Part 2, Title 2 of the California Code of Civil Procedure. (Part 2, Title 2 encompasses sections 312 through 366.3; respondents rely on sections 335.1, 339, and 340 in their motion).

Part 2, Title 2 applies only to civil actions; in fact, Part 2 is titled, "Of Civil Actions" and Title 2 is titled, "Of The Time of Commencing Civil Actions". Section 312 – which immediately precedes the statutes of limitations cited by respondents – is expressly limited in application to civil actions only. That section states:

> **Civil actions**, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute.

Code Civ. Proc. § 312 (emphasis added).

This contractual arbitration is not a civil action, as that term is defined by statute. Section 22 of the Code of Civil Procedure defines an **action** as a

> **proceeding in a court of justice** by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.

Code Civ. Proc.§ 22 (emphasis added).

Claimant does not contend that there are no time bars to arbitration claims. The six year eligibility rule (NASD rule 10304), as well as other time periods that are not limited to proceedings in a court of justice, may be applicable in particular cases. Further, the doctrine of laches (unreasonable delay in bringing a claim plus prejudice to the respondents as a result of the delay) may also be a time-bar to claims filed in arbitration.

However, respondents have not raised those other potential time bars in their motion.

December 18, 2006
Page 5

Instead, respondents rely solely on the statutes of limitations in the Code of Civil Procedure, which apply only to proceedings in a court of justice.

### 3) The Applicable Statutes of Limitation Has Not Run

But even if the statute of limitations found in Part 2, Title 2 of the Code of Civil Procedure applied to this contractual arbitration, this action was still timely filed, **for it is founded upon an instrument in writing -- a written employment agreement.** The applicable statute of limitation here is therefore **four years.** Respondents admit -- as they must -- that this action was filed within four years of the date of the wrongful termination. Hence, this claim was timely filed.

In making their motion, respondents conceal from this panel a crucial fact: the employment agreement between claimant and respondents was in writing. That fact is key -- and fatal to respondents' motion -- because California law provides a four-year time period for actions having its source in a written instrument. Here, there is a written employment agreement between respondents and claimant.

California's Code of Civil Procedure section 337(1). provides for a 4-year period for bringing an "action upon any contract, obligation or liability founded upon an instrument in writing." (emphasis added). This four year period runs from the date of the alleged breach.

The four-year limitation period for an action on a written contract (Code Civ. Proc. § 337(1)), applies not only to the breach of an express obligation under a written contract, but also to breach of an *implied* promise arising out of the contract. *Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528, 532; *Bruckman v. Parliament Escrow Corp.* (1987) 190 Cal.App.3d 1051, 1058; and see 3 Witkin, Cal. Procedure, Actions (4th ed. 1997) §§ 475, 476 p 599 - 600.

This same four year period also applies to claims of negligent performance of any obligation that arises out of this written instrument.  See *Bruckman v Parliament Escrow Corp.*, *supra*, 190 Cal.App.3d 1051, 1057-1058.

Or, to put it another way, claimant's claim here is not a tort-based negligence (ie, an obligation imposed by law, such as the obligation to drive safely), but a contract-based negligence (ie, an obligation created by contract).  Hence, claimant's claim for negligent performance of respondents' obligations founded upon an instrument in writing are also subject to a four-year time period.

Respondents know, of course, that Merrill had a written employment agreement with claimant, as they have undoubtedly reviewed his entire employment file by this stage of the proceedings. Their motion dishonestly ignores the written agreement, and attempts to characterize the relationship between the parties as something other than it was, and the claim for something other than it is.

Law Offices of
Timothy A. Canning

December 18, 2006
Page 6

At best, respondents' motion is an attempt to re-write the claim to fit into respondents' ideas of what the statutes of limitations should be. If the panel feels that statutes of limitations should be applied, a point claimant does not in any way concede, then at least the panel should apply the time periods that apply to the actual facts of this matter; and the actual fact is there is a written employment agreement between the parties.

## Conclusion

Respondents demand that this panel make a final decision in this matter without hearing any evidence. NASD arbitration rules do not allow dispositive motions of this sort without benefit of a full and complete evidentiary hearing. It is only after discovery is completed and after testimony is taken that arbitrators have the facts necessary to make informed and fair decision(s). That is what every party expects when they come to NASD arbitration. Claimant is entitled to an evidentiary hearing on his claim, not just a hearing limited to pleadings and documentary evidence. If for no other reason than this, respondents' motion should be denied.

But there are other reasons to deny respondents' motion. Even assuming that the limitations period found in the Code of Civil Procedure applies to this arbitration, the applicable period is four years (for breaches of obligations founded upon an instrument in writing). That four-year period begins to run no sooner than when claimant was terminated – which respondents admit was on July 26, 2002.

As this action was filed on July 20, 2006 – within four years – it was timely filed. Respondents motion should therefore be denied.

Respectfully submitted,

Timothy A. Canning

# EXHIBIT 6

NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

-----------------------------------------------------------x

In the Matter of the Arbitration    :
  Between                       :

                              :

ROBERT KNIGHT,              :     NASD No. 06-03430

                              :

           Claimant,         :

                              :

  -against-                 :

                              :     RESPONDENTS' REPLY IN

MERRILL LYNCH, PIERCE, FENNER &   :     SUPPORT OF THEIR MOTION

SMITH INCORPORATED,        :     TO DISMISS

PATRICIA WILLIAMS, and       :

GEORGE SCOTT RALSTON,      :

                              :

          Respondents.     :

-----------------------------------------------------------x

      Respondents Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"),

Patricia Williams, and George Scott Ralston, by and through their counsel, Rubin, Fortunato &

Harbison P.C., respectfully submit this reply in support of their motion to dismiss with prejudice

the claims filed by Claimant Robert Knight ("Knight") in this arbitration because they are barred

by the applicable statutes of limitations.

## I.    INTRODUCTION

      Each and every one of Knight's causes of action are time-barred – not by days or months,

but by years. Knight attempts to avoid this reality by making frivolous arguments that have no

legal support for the sole purpose of unnecessarily delaying the appropriate resolution of this

case (i.e. summary dismissal) and/or needlessly increasing the cost of this arbitration. As

discussed more fully below, Knight's arguments should be rejected in their entirety and

Respondents' *Motion to Dismiss* should be granted.

## II.    LEGAL REASONING

### A.    The Panel Is Empowered to Grant Respondents' *Motion to Dismiss*.

This Panel is empowered to grant a dispositive motion without a full evidentiary hearing.[1] Knight's reliance on NASD Code of Arbitration Procedure section 10303(a) to argue otherwise is flawed.[2] The parties *will* participate in a hearing before the Panel renders a decision on Respondents' motion to dismiss – i.e. the pre-hearing conference scheduled for January 15, 2007 to entertain oral argument – and, therefore, the "hearing requirement" of section 10303(a) will be satisfied.

Worse, Knight has (mis)represented to this Panel that "there are only two published California cases involving pre hearing motions in arbitration." See Knight's *Opposition* at 2. That statement is false. The United States District Court for the Northern District of California just decided a case that fully supports Respondents' position. See Fortier v. Morgan Stanley DW, Inc., et al, No. C-06-3715 SC, 2006 U.S. Dist. LEXIS 79027 (N.D.Cal. October 23, 2006) (attached hereto as Exhibit A). In Fortier, the federal court upheld an NASD arbitration panel's award, which granted a dispositive motion prior to a full evidentiary hearing on the underlying causes of action. Id. Knight's failure to mention this case is astonishing because his own counsel – Timothy Canning, Esquire – was lead counsel for the losing party in that case.

Specifically, the plaintiff in Fortier petitioned to vacate an arbitration award granting, with prejudice, defendants' motion to dismiss based on the statute of limitations. Id. at *2. Prior to rendering its decision, the panel considered the parties' briefs on the issue, as well as oral argument. Id. at *10. Nevertheless, the plaintiff in Fortier asserted that the panel exceeded its

---

[1] See Section II of Respondents' *Motion to Dismiss*.
[2] Knight also alleges that NASD rules prohibit summary dismissal in "public customer arbitration cases." See Knight's *Opposition* at 2. This case is not a "public customer arbitration case." It is a claim brought by an associated person against a member firm.

powers by failing to conduct a full evidentiary hearing and by dismissing the claims with prejudice. Id. at *9. In denying plaintiff's petition to vacate, the court considered section 10303(a) of the NASD Code of Arbitration Procedure. Id. at *10. It also considered section 10324, which states that "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code...", as well as the United States Supreme Court's decision in Howsam v. Dean Witter Reynolds, Inc., where the Court encouraged deference to the arbitrators' interpretation of procedural rules. Id. at *11 (citing 537 U.S. 79 (2002)). Against this backdrop, the court held that the hearings and procedures that the panel employed to decide plaintiff's claims were sufficient. Fortier, 2006 U.S. Dist. LEXIS 79027, at *11.

The Fortier court also addressed, and disposed of, Knight's other argument – that this Panel only may dismiss a claim "without prejudice." See Knight's Opposition at 2. The court held that section 10305 of the NASD Code allows a panel to dismiss a case with or without prejudice based upon its evaluation of the case and the parties' behavior. Fortier, 2006 U.S. Dist. LEXIS 79027, at *11. Therefore, the court ruled that the NASD arbitration panel did not exceed its powers when it dismissed plaintiff's claims with prejudice. Id. at *12.

Another court also recently addressed the interpretation of NASD Code of Arbitration Procedure section 10303(a). See Allen v. RBC Dain Rauscher, Inc, No. C06-05163 RJB, 2006 U.S. Dist. LEXIS 27974 (W.D. Wash. May 9, 2006) (attached hereto as Exhibit B). In Allen, the petitioners moved to vacate an NASD arbitration award after the panel granted respondents' motion to dismiss on statute of limitations grounds. Id. at *5. Citing section 10303(a), the petitioners argued that the panel exceeded its authority by dismissing their claim without first holding an evidentiary hearing. Id. at *11. The court denied the petitioners' motion to vacate, finding that, prior to rendering a decision on respondents' motion to dismiss, the panel

3

considered the parties' briefs and held a telephonic pre-hearing conference during which they heard oral argument. Id. at *11-12. This pre-hearing conference satisfied the "hearing" requirement of section 10303(a). Id.

In accordance with this case law, a full evidentiary hearing is not necessary in this matter – or any NASD arbitration matter. This Panel has set a briefing schedule on Respondents' *Motion to Dismiss* and has scheduled a pre-hearing conference for January 15, 2007 to hear oral argument on that motion. See Initial Pre-Hearing Conference Scheduling Order at ¶ 5 (attached hereto as Exhibit C). The pre-hearing conference on January 15 will satisfy the "hearing" requirement of section 10303(a).

Accordingly, Respondents respectfully request that this Panel grant their *Motion to Dismiss.*

**B.    The Rules Governing NASD Arbitrations Expressly Contemplate the Application of State and Federal Statutes of Limitations.**

Knight next claims that the time limitations delineated in the California Code of Civil Procedure do not apply to this arbitration. See Knight's *Opposition* at 4. He contends that NASD Code of Arbitration Procedure section 10304, and possibly the doctrine of laches, are the only time bars to arbitration claims. Id. However, the rules governing NASD arbitration expressly contemplate the application of state and federal statutes of limitations. For example, section 10304 itself contemplates their application. Section 10304 states, in pertinent part:

10304. TIME LIMITATION UPON SUBMISSION

(a) No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy...

(c) *This Rule shall not extend applicable statutes of limitations....*

4

NASD Code of Arbitration Procedure § 10304 (emphasis added).

Furthermore, the *NASD Panel Course Preparation Guide* provides for the disposition of cases on statute of limitations grounds and specifically distinguishes statutes of limitations from the section 10304 eligibility rule:

> Although arbitration is an informal process, any party may file a *dispositive motion* – that is, a motion to dismiss all or part of a claim – prior to hearing. The most common arguments for dismissing a claim are: Eligibility; Statutes of limitations; and Appropriateness of the forum…
>
> *Although the six-year eligibility standard resembles a statute of limitations, the standard is separate from any state and federal limitation periods for filing a claim…*
>
> Even when a claim is filed within the six-year eligibility period provided in the Code, federal or state law may still preclude a monetary award for events in that same period of time, or a shorter period.
>
> This time limit – or statute of limitations – depends on the type of allegations and the applicable jurisdiction.
>
> The statute of limitations refers to a prescribed time limit after which a cause of action or claim may not be brought. If the arbitration is brought after the statute of limitations has run and the time period cannot be tolled (extended), <u>the claim should be dismissed with prejudice</u>.

See 2005, *NASD Panel Course Preparation Guide*, pages 70-72 (attached hereto as Exhibit D) (italics in original; underlining added).[3]

*The Arbitrator's Manual* supports Respondents' position as well. Included in its discussion of pre-hearing motions, *The Arbitrator's Manual* provides:

---

[3] These documents were submitted by respondents/prevailing parties in opposition to petitioner's motion to vacate arbitration award in <u>Allen</u>, 2006 U.S. Dist. LEXIS 27974, at *1.

**Motions to Dismiss Because of the Passage of Time**
The Uniform Code contains an eligibility provision, which states
that no dispute, claim, or controversy can be submitted to
arbitration if six (6) years have elapsed from the occurrence or
event giving rise to the claim. This time period may be extended
by court proceedings. *The arbitrators should also be aware that a
statute of limitations may preclude the awarding of damages even
though the claim is eligible for submission to arbitration.*

<u>See</u> *The Arbitrator's Manual*, May 2005, at 7-8 (attached hereto as Exhibit E).

Courts also have held that federal and state statutes of limitations apply to arbitration

actions. <u>See, e.g.</u>, <u>Dean Witter Reynolds, Inc. v. McCoy</u>, 853 F. Supp. 1023, 1031-32 (E.D.

Tenn. 1994), <u>aff'd</u>, 70 F. 3d 1271 (6th Cir. 1995) ("Although a claim may be eligible for

arbitration under the first sentence of Section 15 [predecessor to § 10304] where it has been

brought within the six-year eligibility time limit, the claim may ultimately be dismissed by the

arbitrators as being time-barred by the applicable state or federal statute of limitations."); <u>David

v. Skarnulis</u>, 827 F. Supp. 1305, 1308 (E.D. Mich. 1993) ("language of [§ 10304] does not

deprive arbitrators of jurisdiction to determine the applicability of state and federal statutes of

limitations).

Pursuant to the foregoing authority, Knight is wrong and the California statutes of

limitations clearly apply to his claims. Accordingly, Respondents respectfully request that this

Panel grant their *Motion to Dismiss.*

**C.    <u>All of Knight's Claims Are Time-Barred.</u>**

Lastly, Knight claims that, even if the California statutes of limitations apply, his claims

are timely because they allegedly are based on a *written* contract.[4] This argument is specious

---

[4] As this Panel may recall, during the initial pre-hearing conference, Knight stated that Respondents' pending
motions should be denied because he "discovered" his claims within the applicable limitations period. Knight did
not assert – as he now attempts to assert – that his claims were based upon a written contract. Recognizing that his
"discovery" argument is unsupported by law or fact, Knight has abandoned that argument in his opposition papers in
favor of this equally unsupported position.

because Knight did not even assert a claim for breach of contract. Instead, he alleges that his termination occurred in breach of an *implied* contract, and, as set forth in section IV(A) of Respondents' *Motion to Dismiss*, that claim accrued on the date of Knight's termination – July 26, 2002 – and carries a two-year statute of limitations, which expired on July 26, 2004.

It is crystal clear that Knight is raising this alleged breach of contract claim now merely to survive Respondents' *Motion to Dismiss*. The Panel should view Knight's tactic for what it is – a failed attempt to create a non-existent cause of action to survive a statute of limitations attack. Accordingly, Respondents respectfully request that this Panel grant their *Motion to Dismiss*.

## III.    CONCLUSION

This Panel fully is empowered to grant this motion to dismiss without a full evidentiary hearing. Furthermore, the rules governing NASD arbitration expressly contemplate the application of state and federal statutes of limitations. Finally, Knight's claims are barred by the applicable California statutes of limitations. For all of these reasons and the reasons set forth in

Respondents' *Motion to Dismiss*, Respondents respectfully request that their *Motion to Dismiss* be granted.

Respectfully Submitted,

By: _____

Michael J. Fortunato
Patricia Bailey Tsipras
RUBIN, FORTUNATO & HARBISON P.C.
MCS Building, Suite 202
10 South Leopard Road
Paoli, PA  19301
(610) 408-2005
(610) 408-9050 (telecopy)

Attorneys for Respondents
Merrill Lynch, Pierce, Fenner & Smith Incorporated,
Patricia Williams, and George Scott Ralston

Dated:  December 29, 2006

## CERTIFICATE OF SERVICE

I, Patricia Bailey Tsipras, Esquire, do hereby certify that true and correct copies of

Respondents' Reply in Support of Their Motion to Dismiss were served via facsimile and

overnight mail as follows:

Timothy Canning, Esquire
Two Commercial Blvd.
Suite 203
Novato, California 94949

Counsel for Claimant

Derek L. Sorrells
Senior Case Administrator
NASD Dispute Resolution
Western Region
300 South Grand Avenue
Suite 900
Los Angeles, CA 90071

Patricia Bailey Tsipras

Dated:  December 29, 2006

9

# EXHIBIT A

*2006 U.S. Dist. LEXIS 79027, **

DUNCAN FORTIER and JASCAN INVESTMENTS, INC., a Canadian corporation,
Plaintiffs, v. MORGAN STANLEY DW, INC., a Delaware Corporation, ANTONY GORDON,
MARGARET BLACK, and WILLIAM LAPPAS, Defendants.

View the Full Docket from LexisNexis CourtLink for 3:06cv3715
No. C-06-3715 SC

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2006 U.S. Dist. LEXIS 79027

October 23, 2006, Decided
October 23, 2006, Filed

**CORE TERMS:** arbitrator, vacate, confirm, partiality, bias, impression, arbitration
award, arbitration, non-disclosure, failed to disclose, corruption, evident, vacatur,
arbitrators exceeded, comparatively, deferential, irrational, arbitrated, impartial,
manifest, vacated, waive, motion to dismiss, full hearing, time-barred, exceeded,
biased

**COUNSEL:** [*1] For Duncan Fortier, Jascan Investments, Inc, a Canadian
corporation, Petitioners: Timothy A. Canning, LEAD ATTORNEY, Law Offices of Timothy
A. Canning, Arcata, CA.

For Morgan Stanley DW, Inc., a Delaware Corporation, Margaret Black, William T.
Lappas, Respondents: Eric G. Wallis, LEAD ATTORNEY, Reed Smith Crosby Heafey
LLP, Oakland, CA; Boyd C. Sleeth, Reed Smith LLp, Oakland, Ca.

For Antony Gordan, Respondent: Judith T. Alvarado, LEAD ATTORNEY, Kern &
Gonzalez, Los Angeles, CA.

**JUDGES:** Samuel Conti, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Samuel Conti

**OPINION:** ORDER DENYING PLAINTIFFS' MOTION TO VACATE AND GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

## I. INTRODUCTION

Before the Court are opposing motions concerning NASD Arbitration Award No. 04-
00355 (the "Award"). Plaintiffs Duncan Fortier and Jascan Investments, Inc.
("Plaintiffs") move to vacate the Award. Defendants Morgan Stanley DW, Antony
Gordon, Margaret Black, and William Lappas ("Defendants" or "Morgan Stanley")
move to confirm the Award. For the reasons stated herein, the Court DENIES

Plaintiffs' Motion to Vacate and GRANTS Defendants' Motion to Confirm.

## II. BACKGROUND

The underlying dispute [*2] involves shares of an Internet startup which Plaintiffs deposited in a securities account with Morgan Stanley in early 2000. Plaintiffs contend that Defendants promised to deliver, but failed to implement, a hedging strategy to protect the value of the shares. When the stock market declined in the Spring of 2000, Plaintiffs' investment lost roughly half its original value. See Wallis Decl., Exh. 1. Nearly four years later, on January 20, 2004, Plaintiffs filed their Statement of Claim with the National Association of Securities Dealers ("NASD") alleging that Defendants committed fraud, negligence, breach of contract, and breach of fiduciary duty. See Mot. to Vacate, Exh. A. The arbitration process continued through the Winter of 2006 when arbitrators evaluated Plaintiffs' claims. See Opp'n to Mot. to Vacate, 2-5.

On March 16, 2006, the three-member NASD arbitration panel (the "Panel") signed and served the Award that dismissed Plaintiffs' claims as time-barred. See Mot. to Vacate, Exh. A. After a hearing on Defendants' motion to dismiss, the Panel granted the motion based on its finding that the applicable statute of limitations had run for each of Plaintiffs' legal [*3] claims. See id. at 3. On June 9, 2006, Plaintiffs filed their Petition and Application to Vacate the Award. See Mot. to Vacate. Plaintiffs alleged two general grounds for vacatur: (1) the Panel was biased and (2) the Panel exceeded its powers by failing to conduct a full hearing and dismissing the claims with prejudice. Id. at PP 24, 25, 28. Defendants opposed the motion and subsequently filed their Motion to Confirm, which Plaintiffs opposed. See Mot. to Confirm. In short, Defendants assert that Plaintiffs received a fair hearing and that their claims of arbitrator bias are unsubstantiated. See id.

## III. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), federal courts have limited powers to vacate arbitration awards. Judicial review of an arbitration award is "both limited and highly deferential." Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996). The FAA states that district courts may overturn an award under four conditions:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the [*4] arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

Under section 9 of the FAA, a district court must confirm the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. The Ninth Circuit has interpreted sections 9 and 10 narrowly, but has indicated that vacatur is appropriate under subsection 10(a)(4) when there has been a manifest disregard for law or the award is completely irrational. See Lapine Tech. Corp. v. Kyocera Corp., 130 F.3d 884, 888 (9th Cir. 1997) ("It is beyond peradventure that . . . a federal court may vacate or modify an arbitration award only if that award is 'completely irrational,' exhibits [*5] a 'manifest disregard of law,' or otherwise falls within one of the grounds set forth in 9 U.S.C. §§ 10 or 11."). Confirmation of an award is required even in the face of incorrect interpretations of law. "It is not even enough that the Panel may have failed to understand or apply the law." French v. Merrill Lynch, 784 F.2d 902, 906 (9th Cir. 1986).

## IV. ANALYSIS

### 1. Arbitrator Bias

The party challenging an arbitration award has the burden of showing partiality by establishing "specific facts which indicate improper motives on the part of the Board. The appearance of impropriety, standing alone, is insufficient." Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir. 1985). In this case, Plaintiffs bear the burden because they allege that each of the three arbitrators demonstrated bias by failing to disclose prior arbitration decisions. See Mot. to Vacate at PP 21-23.

In evaluating these claims, the FAA provides that the court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2) [*6] . In non-disclosure cases such as this, vacatur is appropriate where the arbitrator's failure to disclose information gives the impression of bias in favor of one party. See Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 150, 89 S. Ct. 337, 21 L. Ed. 2d 301 (1968) (holding that the reasonable impression of bias is sufficient to vacate an award pursuant to 9 U.S.C. § 10(a)(2)); Schmitz v. Zilveti, 20 F.3d 1043, 1047 (9th Cir. 1994) (stating that the standard for determining evident partiality in non-disclosure cases is whether there is a "reasonable impression of partiality"). This standard is used because "[t]he parties can choose their arbitrators intelligently only when facts showing potential partiality are disclosed." Id. Whether the Panel's actual decision is faulty is not necessarily relevant. Id.

Plaintiffs claim that arbitrator Stanford Hirata failed to disclose that he arbitrated another case involving Defendant Morgan Stanley. See Mot. to Vacate at P 21. This argument fails for two reasons. First, the information was disclosed to the parties in a letter from the NASD Senior Arbitration Administrator on July 15, 2005. [*7] See Wallis Decl., Exh. 11. The letter stated that the other Morgan Stanley case was scheduled for hearing in December 2005 and that Mr. Hirata believed it would not affect his ability to be impartial in this case. Id. Plaintiffs later acknowledged this fact in their Opposition to Defendants' Motion to Confirm. See Pls.' Opp'n to Mot. to Confirm, 12. Thus, from July 15, 2005 onward Plaintiffs were aware of the other case but chose not to challenge and disqualify Mr. Hirata under NASD Rule 10308(d). Plaintiffs' actual knowledge of the potential conflict waives their objection. See Fidelity

Federal Bank, FSB v. Durga Ma Corp., 386 F.3d 1306, 1313 (9th Cir. 2004). Second, Mr. Hirata's arbitration of another Morgan Stanley case does not create a reasonable impression of partiality. By arbitrating the prior case, Mr. Hirata did not acquire a relationship to the company that impugned his ability to be impartial in this case. See e.g., International Produce, Inc. v. A/S Rosshavet, 638 F.2d 548, 551-52 (2d Cir. 1981) (explaining that prior exposure to a party does not necessarily show bias). Thus, Plaintiffs have failed to show that Mr. Hirata **[*8]** was a biased arbitrator.

Plaintiffs also claim that arbitrator Kathryn Toronto failed to disclose the December 2005 arbitration of Taylor v. Banc of America Investment Services, NASD no. 04-08301. See Mot. to Vacate at P 22. Plaintiffs assert that non-disclosure of an award which granted a motion to dismiss in favor of the NASD firm demonstrates bias. Id. On the contrary, the Taylor award bears no relationship to this case: it involved different parties and different issues. Furthermore, NASD Rules did not require arbitrator Toronto to disclose her participation in the Taylor case because it did not create any potential conflict of interest. See NASD Code of Arbitration Procedure § 10312(a) (describing the direct personal and financial interests and relationships that mandate disclosure). Thus, Plaintiffs have failed to show that Ms. Toronto's non-disclosure demonstrates a reasonable impression of partiality.

Plaintiffs also claim that arbitrator Mario Barsotti failed to disclose that he had arbitrated cases for the Pacific Stock Exchange, specifically the 1995 case of Turney v. Prudential Securities, Pacific Stock Exchange no. 03173. See Mot. to **[*9]** Vacate at P 23. The Turney award was issued nearly ten years prior to the filing of Plaintiffs' case. Moreover, it did not involve any of the same issues or parties as the present case. As Justice White wrote, an arbitrator "cannot be expected to provide the parties with his complete and unexpurgated business biography." Commonwealth Coatings, 393 U.S. at 151 (White, J., concurring). The non-disclosure of an old and unrelated arbitration fails to create any reasonable impression of bias with respect to Arbitrator Barsotti.

Plaintiffs have failed to carry their burden under 9 U.S.C. § 10(a)(2) because they have been unable demonstrate any reasonable impression of bias on the part of any of the arbitrators. Further discovery on this issue is unnecessary as Plaintiffs have had ample opportunity to examine the arbitrators' prior rulings.

## 2. Arbitrator Powers

Under section 10 of the FAA, an award may be vacated if the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(4). Plaintiffs assert that the Panel exceeded its powers by failing to hold an appropriate hearing and by dismissing the case with prejudice. See **[*10]** Mot. to Vacate at P 25-28.

Contrary to Plaintiffs' assertions, the Panel held sufficient hearings. On February 24, 2006, both parties submitted Hearing Briefs in anticipation of the commencement of arbitration proceedings. See Wallis Decl., Exh. 14, 15. The hearing was then held in San Francisco on March 7 and March 8, 2006. See Wallis Decl. at P 16. At the outset, Defendants moved to dismiss the case asserting that the statute of limitations had expired. Id. Over the course of two days, the parties argued the motion, Plaintiff Fortier testified, Plaintiffs submitted an additional brief on the issue, and the matter was submitted for decision. Id. at P 17-28. Plaintiffs do not dispute that this hearing was held on the statute of limitations issue. Instead, they argue that the Panel should have also allowed a full hearing on their substantive claims. See Pls.' Opp'n to Mot. to Confirm at 16.

Under NASD regulations, any case requires a hearing unless the parties waive their right, though the components of a "hearing" are not specified. See **NASD** Code of Arbitration Procedure (**"NASD** Code") § **10303**(a). Section 10324 states that "arbitrators shall be empowered to **[*11]** interpret and determine the applicability of all provisions under this Code. . . ." The Supreme Court has stated that courts should defer to the arbitrators' interpretation of procedural rules because "NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002). Viewed in this deferential light, the hearings and procedures that the Panel employed to decide Plaintiffs' claims were sufficient.

Section 10305 of the NASD Code allows the Panel to dismiss a case with or without prejudice based on its evaluation of the case and the parties' behavior. In this case, the Panel determined that Plaintiffs' claims were time-barred and dismissed the case with prejudice. See Mot to Vacate, Exh. A at 3. The Ninth Circuit has held that procedural issues are "part of the bundle of issues committed to decision by the arbitrator." Sheet Metal Workers 420, 756 F.2d at 744; see also Toyota of Berkeley v. Auto. Salesmen's Union, Local 1095, 834 F.2d 751, 754 (9th Cir. 1987) ("[P]rocedural questions **[*12]** related to substantive issues that are arbitrable under the agreement are for the arbitrator to decide in the absence of a contrary provision."). When dismissing the case, the Panel interpreted the NASD Code of Arbitration Procedure and decided that a dismissal with prejudice was appropriate in light of the circumstances. The Panel's actions were within their broad procedural powers under the NASD Code. Thus, the Panel's decision to hold a hearing on Defendants' motion and dismiss the case with prejudice is not a basis for vacating the Award under section 10(a)(4) of the FAA.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Vacate the Arbitration Award is DENIED and Defendants' Motion to Confirm, the Arbitration Award is GRANTED. The Award is hereby CONFIRMED.

IT IS SO ORDERED.

Dated: October 23, 2006

Samuel Conti

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

2 of 2 DOCUMENTS

**BURRELL MARSH ALLEN and HELEN ALLEN, Petitioners, v. RBC DAIN RAUSCHER, INC. and ROBERT LANCE POSNER, Respondents.**

Case No. C06-5163 RJB

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

*2006 U.S. Dist. LEXIS 27974*

**May 9, 2006, Decided**
**May 9, 2006, Filed**

**CORE TERMS:** arbitration panel, arbitration, manifest, arbitration award, arbitrator, statute of limitations, irrational, pre-hearing, motion to vacate, vacate, Federal Arbitration Act, breach of contract, oral argument, six-year, statement of claim, vacating, investor, exceeded, motion to dismiss, misinterpretation, misinterpreted, issuing, interpreting, participated, prevails, arbitrary and capricious, breach of fiduciary duty, arbitration agreement, underlying contract, authority to award

**COUNSEL:** [*1] For Burrell Marsh Allen, Helen Allen, Plaintiffs: Ari Y Brown, BERGMAN & FROCKT, SEATTLE, WA.

For RBC Dain Rauscher Inc., Robert Lance Posner, Defendants: Julie K Thrall, LANE POWELL PC (SEA), SEATTLE, WA.

**JUDGES:** Robert J. Bryan, United States District Judge.

**OPINION BY:** Robert J. Bryan

**OPINION:**

**ORDER DENYING PETITIONERS' MOTION TO VACATE ARBITRATION AWARD**

This matter comes before the Court on Petitioners' Motion to Vacate Arbitration Award. Dkt. 2. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioners' motion to vacate arises from an arbitration award issued on December 29, 2005, through the National Association of Securities Dealers ("NASD"), in favor of Respondents RBC Dain Rauscher, Inc. ("Dain Rauscher") and Robert Posner. Dain Rauscher is one of the nation's largest securities broker-dealers, with its headquarters in Minneapolis, Minnesota, and branches in Washington State. Among other things, Dain Rauscher is in the business of offering financial advice to private investors regarding stocks, bonds, and similar investments. Mr. Posner was a licensed financial consultant [*2] (i.e., stock broker) working for Dain Rauscher during the period of time pertinent to this dispute. Petitioners Burrell Allen and Helen Allen had an investment account with Dain Rauscher between 1994 and 2002, during which time Mr. Posner provided financial guidance and advice to Mr. and Mrs. Allen as their financial consultant.

The NASD Dispute Resolution program frequently resolves disputes between investors and securities firms by assigning the claim to an arbitration panel. The panel, which usually consists of three members, reviews the evidence and statements by both parties before issuing a final binding decision. Panel members are not necessarily attorneys or former judges with a legal background, and the panel often includes at least one person with investment expertise, such as a former stock broker. The arbitration process is authorized by the underlying contract between an investor and the securities firm, which is usually signed by the investor when the account is opened. Moreover, because the arbitration panel's decision is usually binding on the parties under the terms and conditions of the contract, such decisions are seldom vacated in a court of law. Occasionally, [*3] a court may overturn the arbitration panel's decision when certain criteria are met, such as a manifest disregard of the law, as discussed in greater detail below.

The facts leading up to the NASD Arbitration Award in question can be briefly summarized as follows: Beginning in the late 1990s, Petitioners made several investments through their account at Dain Rauscher that ultimately declined in value. In April 2002, Petitioners transferred their account from Dain Rauscher to another

securities firm, and wrote a letter to Dain Rauscher's compliance department complaining about the losses and demanding their money back. On June 30, 2005, Petitioners filed a Statement of Claim with the NASD Dispute Resolution program, seeking arbitration of their claims. Dkt. 8 at 4. In their Statement of Claim, Petitioners asserted the following causes of action: (1) breach of fiduciary duty, (2) breach of contract, (3) violation of the federal Securities Exchange Act, (4) violation of the Washington Securities Act, (5) negligence, and (6) failure to supervise. *Id.* In their Statement of Claim, Petitioners alleged that their losses were due to Mr. Posner's failure to properly invest their assets, [*4] as well as inappropriate purchases of "B share" mutual funds. *Id.* B share mutual funds are commonly called "back-end"mutual funds because investors are charged a fee when they sell these funds, rather than when they purchase them. Petitioners sought $ 200,000 in compensatory damages, $ 600,000 in punitive damages, and attorney's fees. *Id.*

On August 25, 2005, Respondents Dain Rauscher and Mr. Posner filed a motion to dismiss with the NASD, arguing that Petitioners' claims were time-barred by the applicable statutes of limitations. Dkt. 1(8) at 2-11. Specifically, Respondents argued that each claim was untimely under Washington law, except for the breach of contract claim, which has a six-year statute of limitations pursuant to *RCW 4.16.040*. *Id.* Respondents further argued that the breach of contract claim should be dismissed as "vague and baseless," and as a "failed attempt to create a cause of action that will survive a statute of limitations attack." *Id.* at 3-4. On November 10, 2005, Petitioners filed a response in opposition to Respondents' motion to dismiss. Dkt. 8 at 5. On December 21, 2005, the arbitration panel and the parties participated [*5] in a telephonic pre-hearing conference during which the panel heard oral argument from the parties regarding the motion to dismiss. *Id.*

On December 29, 2005, the arbitration panel issued an Arbitration Award that states (1) Petitioners' claims are dismissed with prejudice, and (2) Petitioners are liable for $ 13,944.60 in attorney's fees and $ 905.61 in costs, pursuant to the Washington State Securities Act. *Id.* at 5-6. In the section of the Arbitration Award entitled "Other Issues Considered and Decided," the award also states: "After due deliberation, the Panel granted Respondents' motion on the grounds that [Petitioners'] claims are barred by applicable statutes of limitation." *Id.* at 5. No other reasons or explanations for the arbitration panel's decision are provided in the Arbitration Award. *Id.* at 4-10.

On March 28, 2006, Petitioners filed this motion to vacate the NASD Arbitration Award in federal court. Dkt. 2. In support of their motion, Petitioners argue that the award should be set aside for the following reasons: (1) the panel exceeded its authority because the arbitration code does not permit summary dismissal, (2) summary dismissal lacks discernable [*6] standards and is therefore arbitrary and capricious, (3) the panel dismissed the statement of claim in manifest disregard of the law by ignoring the applicable statutes of limitations, and (4) the panel awarded attorney's fees in manifest disregard of the law by citing the wrong statute as authority. Dkt. 2(1) at 4-12.

With regard to Petitioners' statute of limitations argument, Petitioners contend that the arbitration panel ignored their breach of contract claim, which has a six-year statute of limitations under *RCW 4.16.040*, and barred it as untimely along with the other claims, which have shorter statutes of limitations. A review of the record shows that several transactions, each pertinent to this dispute, occurred within six years of Petitioners' filing date with the NASD. Petitioners also contend that the arbitration panel similarly erred when they dismissed Petitioners' claims for breach of fiduciary duty and violation of NASD rules as barred by the applicable statutes of limitations. With regard to attorney's fees, Petitioners argue that the panel's award of attorney's fees and costs was made in error, because the statute cited in the Arbitration [*7] Award only permits attorney's fees when a plaintiff prevails in a securities law suit, and not when a defendant prevails in a securities law suit. *See RCW 21.20.430(1)* (Securities Act of Washington).

In their Response to the motion to vacate, Respondents advance several arguments in favor of the Arbitration Award, including (1) the arbitration panel found that the breach of contract claim was a veiled attempt at avoiding a statute of limitations problem, and therefore dismissed it on its merits, and (2) the panel may award attorney's fees without an authorizing statute, and therefore the award should stand regardless of whether the panel misinterpreted the statute in question. Dkt. 10 at 2; Dkt. 7(1) at 11-12.

## STANDARDS FOR VACATING OR MODIFYING AN ARBITRATION AWARD

The Federal Arbitration Act (FAA) gives the federal courts a very limited power to review arbitration awards. *See 9 U.S.C. § § 10-11*. The FAA provides that a federal court may vacate an arbitration award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption by the [*8] arbitrators; (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *See 9 U.S.C. § 10*;

*Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1133 (9th Cir. 2003).* The FAA also sets forth the grounds for modification of an arbitration award, which is permitted (1) where there was an evident material miscalculation of figures, or (2) where the arbitrators have awarded upon a matter not submitted to them. *See 9 U.S.C. § 11.*

Neither *Section 10 of the FAA*, which governs vacation of arbitration awards, nor *Section 11*, which governs modification, expressly provide the courts with the power to vacate or modify an arbitration award on the grounds that the arbitration panel disregarded the law. The Ninth Circuit is one of the circuits that recognize "manifest disregard of the law" as a basis for judicial intervention with an arbitration award. *See G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1105 (9th Cir. 2003);* [*9] *Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir. 1990).* In the Ninth Circuit, a federal court may vacate an arbitration award "*only* if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." *See Coutee v. Barington Capital Group, L.P., 336 F.3d at 1133* (emphasis in original) (quoting *G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d at 1105).* Manifest disregard of the facts is not an independent ground for vacatur in this circuit. *See Coutee v. Barington Capital Group, L.P., 336 F.3d at 1133.*

A federal court must confirm arbitration awards even when they are attributable to "erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, 784 F.2d. 902, 906 (9th Cir. 1986)* (quoting *American Postal Workers Union, AFL-CIO v. United States Postal Service, 682 F.2d 1280, 1285 (9th Cir. 1982), cert. denied, 459 U.S. 1200, 103 S. Ct. 1183, 75 L. Ed. 2d 431 (1983)).* "It is not even enough that the [Arbitration] Panel failed to understand or apply [*10] the law. . . An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of the law." *French v. Merrill Lynch, 784 F.2d. at 906* (citations and notes omitted).

## DISCUSSION

Petitioners' arguments for vacating the NASD Arbitration Award are as follows: (1) the panel exceeded its authority because the arbitration code does not permit summary dismissal, (2) summary dismissal lacks discernable standards and is therefore arbitrary and capricious, (3) the panel dismissed the statement of claim in manifest disregard of the law by ignoring the applicable statutes of limitations, and (4) the panel awarded attorney's fees in manifest disregard of the law by citing the wrong statute as authority. Dkt. 2(1) at 4-12. Each of these arguments will be discussed in turn.

## A. SUMMARY DISMISSAL AND THE NASD ARBITRATION PROCESS

Petitioners' argue that the NASD arbitration panel exceeded its authority by dismissing Petitioners' claims without first holding an evidentiary hearing. In support of their argument, Petitioners cite NASD Code of Arbitration Procedure § 10303(a), which states: "Any dispute, claim or controversy [*11] . . . shall require a hearing unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence." Petitioners' argument is without merit for two reasons. First, it appears that the parties actually participated in a hearing before a decision was rendered by the arbitration panel. Second, questions of summary dismissal, including when and how it should be rendered, are questions of procedure to be determined by the NASD arbitration panel.

The NASD Uniform Submission Agreement signed by all parties obligates them to conduct the arbitration in accordance with the NASD Code of Arbitration Procedure. The Code, which sets forth the ground rules of arbitration, contains no provisions expressly prohibiting summary dismissal. Moreover, the section of the Code cited by Petitioners, NASD Code of Arbitration Procedure § 10303(a), does not define or explain the term "hearing," which can be interpreted to mean several things. A careful review of the record shows that the arbitration panel held a telephonic "pre-hearing conference" on December 21, 2005, during which the panel *heard oral argument* from the parties regarding [*12] Respondents' Motion to Dismiss. Prior to this conference, both parties submitted several pleadings to the arbitration panel, including Petitioners' Statement of Claim and Respondents' Answer, as well as briefs regarding Respondents' Motion to Dismiss. It appears from the record that the arbitration panel members were well-briefed when they held their conference, at which time they heard oral argument from both parties, deliberated the merits of Respondents' motion, and dismissed all claims in this matter. In other words, the parties participated in a hearing before a decision was reached.

Petitioners are interpreting the NASD Code of Arbitration Procedure to preclude summary dismissal by focusing on the wording of Section 10303(a), and interpreting it to mean that the panel must hold a "hearing," rather than a "pre-hearing conference" in every situation before rendering a decision. However, it is the role of the arbitration panel, not the parties or the Court, to interpret and apply NASD procedural rules to arbitration. NASD Code of Arbitration Procedure § 10324 states that "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code [*13] . . ." Moreover, in *Howsam v. Dean Witter Reynolds, Inc., 537*

Case 3:07-cv-02753-SC    Document 14    Filed 07/27/2007    Page 28 of 58

Page 4
2006 U.S. Dist. LEXIS 27974, *

*U.S. 79, 85, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)*, the U.S. Supreme Court discussed its reasons for permitting NASD arbitrators to interpret NASD procedural rules:

> [T]he NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it. In the absence of any statement to the contrary in the arbitration agreement, it is reasonable to infer that the parties intended the agreement to reflect that understanding. And for the law to assume an expectation that aligns (1) decisionmaker with (2) comparative expertise will help better to secure a fair and expeditious resolution of the underlying controversy.

Because it is up to the arbitration panel to interpret the NASD Code of Arbitration Procedure and apply it to the proceedings, the Court declines to take a stance on whether a NASD arbitration panel should or should not allow summary dismissal as a general rule. Nor does the Court take a position on when or how such a decision should be made. Instead, the Court holds that these are procedural questions to be determined by the NASD arbitration panel. Absent [*14] a showing of separate and independent grounds for vacating or modifying an arbitration award under the Federal Arbitration Act, summary dismissal by a NASD arbitration panel is not grounds for vacating or modifying an award.

It should be noted that at least two other federal district courts have held that NASD arbitrators have authority to decide and grant a pre-hearing motion to dismiss, without first holding an evidentiary hearing or allowing discovery. *See Warren v. Tacher, 114 F. Supp. 2d 600, 602 (W.D. Ky. 2000); Griffin Industries, Inc. v. Petrojam Ltd., 58 F. Supp. 2d 212, 219-20 (S.D.N.Y. 1999)* (denying motion to vacate arbitration award based on pre-hearing dismissal of claims, and noting that "arbitrators are not compelled to conduct oral hearings in every case"). Moreover, at least two federal district courts have recognized the authority of NASD arbitrators to decide pre-hearing dismissals for failure to state a claim under the NASD Code of Arbitration Procedure. *See Prudential Securities, Inc. v. Dalton, 929 F. Supp. 1411, 1417 (N.D.Okla. 1996); Max Marx Color & Chemical Co. Employees' Profit Sharing Plan v. Barnes, 37 F. Supp. 2d 248, 250-51 (S.D.N.Y. 1999).* [*15]

It is apparent that Petitioners used the phrase "exceeded their authority" in their motion to vacate because the Federal Arbitration Act allows the Court to vacate an arbitration award when arbitrators have "exceeded their

powers." *See 9 U.S.C. § § 10(a)*. The U.S. Court of Appeals for the Ninth Circuit interpreted this portion of the FAA in the following manner:

> We have held that arbitrators "exceed their powers" in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law (internal citations and quotations omitted).

*See Kyocera Corp. v. Prudential-Bache T Services, Inc., 341 F.3d 987, 997 (2003).*

It is clear to the Court that the arbitration panel did not exceed its powers by interpreting the NASD Code of Arbitration Procedure to allow dismissal of Petitioners' claims during, or immediately following, the pre-hearing conference. In order to exceed its powers, pursuant to the terminology of the FAA, the arbitration panel would have had to issue a completely irrational award or exhibit a manifest disregard of the law, [*16] which has not occurred in this case.

**B. SUMMARY DISMISSAL IS NOT BY ITSELF ARBITRARY AND CAPRICIOUS; *FIFTH AMENDMENT* DUE PROCESS PROTECTIONS DO NOT APPLY TO PRIVATE ARBITRATION**

Petitioners argue at length that if the NASD Code of Arbitration Procedure can be interpreted to allow summary dismissal, then the entire process violates the *Fifth* and *Fourteenth Amendments of the U.S. Constitution* because no standards exist to protect a party from arbitrary and capricious dismissals of claims. Petitioners' argument is without merit.

First and foremost, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. at 83* (quoting *Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960))*. Once the parties have agreed to arbitrate a claim, they are obligated to do so pursuant to the terms of the arbitration provision and the rules of the arbitration organization incorporated by reference in the provision. Unless specified in the arbitration agreement, arbitrators are not required to explain or justify their [*17] decision.

Petitioners' argument that the NASD Code of Arbitration Procedure violates the *Due Process Clause of the Fifth and Fourteenth Amendment* fails because the arbi-

tration panel, which often consists of non-attorneys, is not the judiciary and is not bound to the same extent by federal or state statutes and common law when issuing a decision. Rather, the arbitration panel is bound to apply the rules and procedures *previously agreed upon* by the parties. And, in this case, these rules do not require a reasoned opinion, they do not preclude summary dismissal, and they do not require a record of the proceedings that can be reviewed by an "appellate" body. Simply stated, the parties agreed upon the rules ahead of time, the rules provide for a binding decision without a reasoned opinion, and that is what the parties received.

Second, a federal court in this circuit may vacate an arbitration award if the award is completely irrational, or exhibits a manifest disregard of the law, or otherwise falls within one of the grounds set forth in the Federal Arbitration Act. *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133 (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d at 1105). [*18] Parties to an arbitration are therefore not without due process in the court system. They are, however, bound to a large extent by the provisions in their contract and by the Federal Arbitration Act itself, which has been repeatedly upheld by the U.S. Supreme Court. The FAA specifically prevents the Court from reviewing an arbitration award on its merits, and only allows the Court to intervene under very limited circumstances, none of which exist in this case. Therefore, Petitioners have not been denied their due process rights, they have only been held to the terms of their contract, which can hardly be seen as unfair under the circumstances.

In sum, the *Fifth* and *Fourteenth Amendments of the U.S. Constitution* guarantee due process through the public court system, but not in private arbitration, which is governed by the terms of the arbitration agreement. To hold otherwise would prohibit parties from entering into contracts to arbitrate disputes on their own terms, which is one of the primary reasons that arbitration exists.

## C. STATUTE OF LIMITATIONS AND MANIFEST DISREGARD OF THE LAW

Petitioners argue that the NASD arbitration panel dismissed several of their claims as [*19] barred by the applicable statutes of limitations in manifest disregard of the law. In support of their argument, Petitioners cite the portion of the NASD Arbitration Award that states "After due deliberation, the Panel granted Respondents' motion on the grounds that [Petitioners'] claims are barred by applicable statutes of limitation." Dkt. 8 at 5. Petitioners argue that the panel erred in its decision because (1) Petitioners' claim for breach of contract has a six-year statute of limitations under both Washington and Minnesota law, (2) their claim for breach of fiduciary duty has a six-year statute of limitations under Minnesota law, and

(3) their claim alleging violation of NASD and NYSE "exchange rules" has a six-year statute of limitations under NASD Code of Arbitration Procedure § 10304. Petitioners' correctly point out that several of the disputed investments were purchased and/or sold within six years of Petitioners' filing date with the NASD. It should be noted that the underlying contract is governed by Minnesota law, and the parties have cited both Washington and Minnesota law in their briefs.

In the Ninth Circuit, a federal court may vacate an arbitration award " [*20] *only* if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133 (emphasis in original) (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d at 1105). A federal court must confirm arbitration awards even when they are attributable to "erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith*, 784 F.2d. at 906 (quoting *American Postal Workers Union, AFL-CIO v. United States Postal Service*, 682 F.2d at 1285 (9th Cir. 1982), cert. denied, 459 U.S. 1200, 103 S. Ct. 1183, 75 L. Ed. 2d 431 (1983)). "It is not even enough that the [Arbitration] Panel failed to understand or apply the law. . . An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of the law." *French v. Merrill Lynch*, 784 F.2d. at 906 (citations and notes omitted).

First, it should be noted that the NASD Arbitration Award is ambiguous regarding how the arbitration panel's decision was reached. The award itself [*21] has several sections. Dkt. 8. The above language quoted by Petitioners regarding the statutes of limitations appears in a section titled "Other Issues Considered and Decided." *Id.* at 5. A separate section, titled "Award," simply states that "Claimants' claims are dismissed with prejudice," but does not mention anything regarding statutes of limitations. *Id.* No other reasons or explanations for the arbitration panel's decision are provided in the award. *Id.* at 4-10. A transcription of the pre-hearing conference does not exist (to the knowledge of the Court) and, to confuse the issue further, it is also unclear whether the panel applied Washington or Minnesota law. In short, the Court has no way of knowing how the arbitration panel's decision was made

The fact that the award states in one section that the claims were dismissed on statute of limitations grounds does not mean that *all* claims were dismissed *solely* on this basis. The separate section titled "Award" simply dismisses the claims outright without any mention of the statutes of limitation. Moreover, the record show that prior to issuing its decision, the panel held a conference, heard oral argument by both [*22] parties, and reviewed

the parties' pleadings (which discussed in detail the merits of each claim). Because the award is ambiguous, it is very possible that the arbitration panel dismissed some of the claims based on statutes of limitations grounds, and some of the claims on their merits. Indeed, the panel may have decided that several of the claims were baseless.

Arbitration awards are not judicial opinions, and arbitrators are not required to give their reasons unless so directed by the underlying contract. Simply stated, there is no evidence to suggest *manifest* disregard of the law when the laws are not cited and the reasoning for the decision is not clear. Manifest disregard of the law requires a showing that the arbitrator knew the law, knew he or she was required to apply the law, and deliberately chose to ignore it. *See e.g., DiRussa v. Dean Witter Reynolds, 121 F.3d 818 (2nd Cir. 1997); Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461 (11th Cir. 1997).* In this case, the record suggests that the panel *may* have misinterpreted the law when they applied the applicable statutes of limitations to some of the claims. However, it [*23] also suggests that they *may* have deliberated those claims on their merits prior to issuing the award, especially given the fact that oral argument was heard and several lengthy briefs were submitted by both parties. In sum, Petitioners have failed to show that the panel's decision constitutes a manifest disregard of the law, and Petitioners' motion to vacate should be denied.

## D. AWARD FOR ATTORNEY'S FEES AND MANIFEST DISREGARD OF THE LAW

Petitioners argue that the panel's award of attorneys fees and costs constitutes a manifest disregard of the law, because the panel cited the Securities Act of Washington (*RCW 21.20 et. seq.*) as authority for the award. The NASD Arbitration Award states that "Claimants are liable to and shall pay Respondents the sum of $ 13,944.60 in attorney's fees and $ 905.61 in costs, pursuant to the Washington State Securities Act." Dkt. 8 at 5. The Securities Act of Washington allows the *purchaser* of a security to recover attorney's fees and costs when he or she prevails in an action brought under the Act. *See RCW 21.20.430(1).* There is no provision in the Act that allows recovery of attorney's fees on behalf [*24] of the brokerage firm when they successfully defend against such a claim.

Respondents argue that the NASD Arbitration Panel is authorized to award attorney's fees under NASD Code of Arbitration Procedure § 10330, which indicates that arbitrators may award "damages and other relief." Respondents further argue that because the panel has the authority to award attorney's fees, it does not matter if the panel misinterpreted the Securities Act of Washington, and the award should therefore stand.

First, the Court agrees with Respondents that the NASD arbitration panel is authorized to award attorney's fees under NASD Code of Arbitration Procedure § 10330. The U.S. Supreme Court has held that this section of the NASD Code of Arbitration Procedure "strongly implies" that an arbitration panel has the authority to award punitive damages, despite the fact that the state law in that case prohibited punitive damages. *See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 60-61, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995).* Given the *Mastrobuono* decision, it follows that a NASD arbitration panel has the authority to award attorney's fees and costs.

Second, the Court concludes that the Securities Act of [*25] Washington does not expressly authorize a brokerage firm to recover attorney's fees when the firm successfully defends against such a claim. However, as already discussed, a federal court in this circuit may vacate an arbitration award *"only* if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." *See Coutee v. Barington Capital Group, L.P., 336 F.3d at 1133* (emphasis in original) (quoting *G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d at 1105*).

It appears that the arbitrators in this case may have misinterpreted the Securities Act of Washington (only one of the three panel members appears to be a lawyer). This misinterpretation does not, however, rise to a level of exhibiting a manifest disregard of the law, nor is such an interpretation of the Securities Act of Washington completely irrational, nor does it fall within one of the grounds expressly set forth in the FAA. Moreover, because the arbitration panel is authorized to award attorney's fees and costs under NASD Code of Arbitration Procedure § 10330, any such misinterpretation is not grounds for vacating [*26] the award.

## E. RESPONDENTS' REQUEST FOR ATTORNEY'S FEES

Respondents request an order awarding attorney's fees and costs in this matter, alleging that Petitioners' motion to vacate undermines the purpose and spirit behind the Federal Arbitration Act, which encourages and upholds binding arbitration. However, Respondents have not provided any authority in the Ninth Circuit or the State of Washington to support such an award, and the Court declines to make such an award at this time.

## ORDER

Therefore, it is hereby

**ORDERED** that Petitioners' Motion to Vacate Arbitration Award (Dkt. 2) is **DENIED** with prejudice, and that this case is **DISMISSED** with prejudice.

2006 U.S. Dist. LEXIS 27974, *

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of May, 2006.

Robert J. Bryan

United States District Judge

# EXHIBIT C

**INITIAL PRE-HEARING CONFERENCE**
Scheduling Order

RECEIVED
DEC 18 2006

**NASD DISPUTE RESOLUTION**

INITIAL PRE-HEARING CONFERENCE
SCHEDULING ORDER IN THE MATTER OF:

CLAIMANT(S): _Robert Knight_

RESPONDENT(S): _Merrill Lynch et al; Patricia Williams; George Rule_

CASE #: _06-03430_

An initial Pre-hearing telephonic conference was held in the above captioned matter on
_12/4/06_ (month/date/year). Participating in the hearing were: [list the attending individuals]

Chairperson: _Thomas D Rees_

Panelist: _Linda M. Perry-Cabrera_

Panelist: _Michael Garcia_

Claimant's Representative: _Irwin Stein_

#1 Respondent's Representative: _Patricia Bailey Tsipras_

#2 Respondent's Representative: _____

NASD Dispute Resolution Staff: _____

The following was agreed upon during the conference and is now entered as the Initial Pre-hearing Conference Scheduling Order:

1. The parties accepted the panel's composition. (If not, please explain.)

_____

_____

2. The first scheduled hearing session in this matter will begin at: _9:30 AM_ (time) on _Aug 13, 2007_ (month/date/year). The following dates have also been reserved for this hearing: _Aug 14, 15, 16, & 17, 2007_

_____

_____

3. Discovery cut off date (last day to serve discovery requests) _____

_____

_____

Responses to Discovery requests due _____

_____

_____

4. The Chairperson and parties have ~~tentatively~~ reserved _JANUARY 15, 2007_
_____ (month/day/year) at _10:00 AM_ (time) for a Pre-
_(PST)_
hearing date to resolve discovery matters _____

_____

_____

Discovery Motions due (please specify date): _____

_____

Opposition due (please specify date): _____

_____

Reply Brief, if permitted, due (please specify date): _____
(please allow NASD at least one week to forward the pleadings to the Panel prior to any
conference call)

Method of Delivery (for cases involving Direct Communication): _____

_____

5. The arbitrators and parties have ~~tentatively~~ reserved _JAN 15 2007_ (month/day/year)
at _10:00 AM_ (time) for a Pre-hearing date to resolve _Respondents'_
_(PST)_
_MOTIONS TO DISMISS, AND to STAY Discovery pending_
_RESOLUTION OF DISMISS MOTION_

Motions due (Please specify date): _MOTIONS have been served_
_ON Claimant's counsel_

_____

Opposition due (Please specify date): _Dec 18, 2006_

_____

Reply Brief, if permitted, due (please specify date):
_12/29/2006._
_All PAPERS, HEaring, opposition & Reply are to be_
_served on the NASD by January 2, 2007_

(please allow NASD at least one week to forward the pleadings to the Panel prior to any conference call)

Method of Delivery (for cases involving Direct Communication): _____

6. If Pre-hearing briefs are filed, to be they must be filed by: July 30, 2007

7. Communication between parties and arbitrators. (Check one).

☐ All named parties and all arbitrators have agreed to proceed under the voluntary direct communication provisions of Rule 10334 of the *NASD Code of Arbitration Procedure (Code)*. All parties agree that their counsel will alert all other parties, all arbitrators, and the NASD Dispute Resolution case administrator of any changes in representation. If counsel no longer represents a party, this Paragraph will become inoperative and all parties shall cease direct communication with the arbitrators and direct all communication to the assigned NASD Dispute Resolution case administrator, with the appropriate number of copies for distribution to the arbitrators.

a) All parties shall send only the following correspondence directly to the arbitrators (e.g., motions, responses, replies, sur-replies, briefs, etc.):

_____
_____
_____
_____
_____

b) Parties shall use the following method of transmission when communicating directly with the arbitrators (e.g., electronic mail, facsimile, overnight courier, U.S. mail):

_____

If the parties and arbitrators agree to communicate by fax, parties must transmit documents that exceed 15 pages to NASD Dispute Resolution by overnight courier or U.S. mail.

c) Below is a list of the electronic mail addresses, fax numbers, or mailing addresses of all named parties and all arbitrators:

_____
_____
_____
_____
_____

d) All faxes and electronic mail messages should include the confidentiality language previously provided to the parties by NASD Dispute Resolution.

☒ Parties and arbitrators <u>do not</u> agree to voluntary direct communication between the parties and arbitrators. Parties should not communicate with any member of the panel except in the presence of all parties or representatives. All correspondence and pleadings must be sent to the NASD Dispute Resolution staff for distribution to the panel, and such correspondence or pleadings should be sent to all parties in the same manner and at the same time it is sent to NASD Dispute Resolution.

8. Other rulings (e.g., extra fees to be deposited): _____

_____

_____

9. If the parties settle this matter with no further hearings:

a)      The cost of this IPHC will be borne as follows

_____50_____% to Claimant(s), jointly and severally
_____50_____% to Respondent(s) _____, jointly and severally
_____% assessed to _____
_____% assessed to _____
_____% assessed to _____

NOTE: Pursuant to Rule 10306 of the *NASD Code of Arbitration Procedure*, effective November 19, 2001, outstanding forum fees that have not yet been resolved or assessed by the panel, the parties, or another Rule will be divided equally among the parties.

This Order will remain in effect unless amended by the arbitration panel. However, paragraph 6 may be canceled by a party, an arbitrator, or as provided in the paragraph.

Dated: December 4, 2006

_____
Chairperson
On behalf of the arbitration panel

# EXHIBIT D

Case 3:06-cv-051f 3JB Document 8 Filed 04/17/2c Page 16 of 18
Case 3:07-cv-02753-SC Document 14 Filed 07/27/2007 Page 38 of 58
Lesson 3: Deliberate on Specific Motions

# Rule on Dispositive Motions

Many of these motions may require examination of the facts. Consequently, the panel may defer ruling on any dispositive motion until the panel makes a determination of the relevant facts.

Although arbitration is an informal process, any party may file a *dispositive motion*—that is, a motion to dismiss all or part of a claim—prior to hearing. The most common arguments for dismissing a claim are:

- ✗ Eligibility.
- ✗ Statutes of limitations.
- ✗ Appropriateness of the forum.

We'll review each of these motions separately, beginning with cases eligible for arbitration.

## Eligibility

Generally, a respondent might ask the arbitrators to dismiss a case because of eligibility under Rule 10304 of the Code. Rule 10304 states that no dispute, claim, or controversy shall be eligible for submission to arbitration where six years have elapsed from the occurrence or event giving rise to the dispute.

*Although the six-year eligibility standard resembles a statute of limitations, the standard is separate from any state and federal limitation periods for filing a claim. We will discuss statute of limitations issues shortly.*

"Without prejudice" means that the dismissal does not prohibit the party from seeking another existing legal remedy.

If, in the panel's review of the facts, you conclude a claim was filed after the six-year eligibility cut-off, dismiss the claim without prejudice and refer the parties to their legal remedies. Before you dismiss a claim, however, carefully consider each party's arguments.

If there is a genuine question as to eligibility, ask the parties to brief the issue. You might find that there is a continuing occurrence or event giving rise to the dispute. For example, although a customer purchased stock 10 years ago, you might find that there are allegations of ongoing fraud starting with the purchase, but continuing to date within six years of the date the claim was filed. You may or may not decide to hear this case based on the arguments of the parties.

The panel should review Rule 10304, the pleadings, motions, and responses. If your authority to judge the case is unclear, ask the parties to brief the issue further.

© 2005. NASD Panel Course Preparation Guide. Version 1.3

Case 3:06-cv-0516-3JB    Document 8  14 Filed 04/17/26
Case 3:07-cv-02753-SC    Document 14 Filed 07/27/2007 Page 17 of 39 Page 39 of 58
Module 1: Prepare to Conduct a Fair and Impartial Hearing

Of course, once the panel has made its ruling, inform NASD
Dispute Resolution of your decision.

Page 17

Lesson 3: Deliberate on Specific Motions

## Statutes of Limitations

Even when a claim is filed within the six-year eligibility period provided in the Code, federal or state law may still preclude a monetary award for events in that same period of time, or a shorter period.

This time limit—or statute of limitations—depends on the type of allegations and the applicable jurisdiction.

Statutes of limitation can be tolled (extended) either by law or equity. For example, a statute of limitations may be extended if there's evidence of a continuing misrepresentation.

The statute of limitations refers to a prescribed time limit after which a cause of action or claim may not be brought. If the arbitration is brought after the statute of limitations has run and the time period cannot be tolled (extended), the claim should be dismissed with prejudice. Tolling, or the extension of the statute, could occur where you find fraudulent concealment.

Just as we saw with issues of eligibility, respondents may ask NASD Dispute Resolution in its answer to dismiss a case based on the relevant statute of limitations. NASD Dispute Resolution then informs the requesting party that because the motion is substantive and dispositive, it must be heard by the entire panel.

© 2005. NASD Panel Course Preparation Guide. Version 1.3

# EXHIBIT E



May 2005

# The Arbitrator's Manual

A publication of the Securities Industry Conference on Arbitration

7

neutrality, it must often take an active role in such cases. The panel may at times find it helpful to:

- explain the purpose of an opening statement,

- assist the party in maintaining proper focus during the hearing,

- remind the party that cross examination should consist of specific questions, or ensure that the party has had an opportunity to present all evidence.

All efforts to assist a party should be balanced against the need to remain impartial.

## Representation by Counsel

Parties need not be represented by an attorney in arbitration. They may choose to appear pro se (on their own) or be represented by a person who is not an attorney, such as a business associate, friend, or relative. The attorney-client privilege does not attach to communications between a party and a non-attorney representative. The Uniform Code grants parties the absolute right to representation by counsel at any stage of the proceeding. If a party decides during the course of a hearing that he or she wants to obtain legal representation, an adjournment should be granted to permit counsel to appear. Parties sometimes decide to change counsel during the course of a proceeding. Generally, the arbitrators should permit such changes.

## Prehearing Motions

Although arbitration is an informal process, a variety of matters may be the subject of prehearing motions, such as the appropriateness of arbitration, hearing locale, and postponements.

8

## Motions Regarding the Appropriateness of Arbitration

Any party may challenge the appropriateness of arbitration. A party may request that the arbitrators dismiss the arbitration and refer the parties to their remedies at law. One type of case that may be appropriate for such a dismissal is a case in which claims are asserted against parties who have not agreed to arbitrate. Since such parties may not agree to participate in arbitration, a referral to legal remedies may avoid multiple proceedings and ultimately conserve legal resources.

## Motions to Dismiss Because of the Passage of Time

The Uniform Code contains an eligibility provision, which states that no dispute, claim, or controversy can be submitted to arbitration if six (6) years have elapsed from the occurrence or event giving rise to the claim. This time period may be extended by court proceedings. The arbitrators should also be aware that a statute of limitations may preclude the awarding of damages even though the claim is eligible for submission to arbitration.

## Motions to Sever or Consolidate Claims or Parties

The Uniform Code provides that the Director may determine preliminarily whether to join, consolidate, or sever various arbitration matters. All final determinations with respect to joinder, consolidation, or severance are made by the arbitration panel. When deciding such motions, arbitrators should consider commonality of time, parties, transactions, issues, or prejudice to any party. Each motion should be decided on its own merits.

The Uniform Code provides that persons may join in one action as claimants if they assert any right to relief jointly, severally, or arising out of the

# EXHIBIT 7

**NASD Dispute Resolution**                    JAN 1 8 2007

## ORDER

Case Number: 06-03430

Case Name: Robert Knight v. Merrill Lynch, etc, Patricia Williams and George Scott Ralston

Issues Addressed: (ie., name of motion or request, by which party)

Respondents' Motion to Dismiss with Prejudice Knight claim and Respondents' Motion to Stay Discovery.

Pre-Hearing Conference Held?:          (Yes)          No          (circle one)

Date/Time: January 15, 2007 @ 10:00 AM - PST.

Participating in the conference were:

Chairperson: Thomas D. Reese

Panelist: Linda Perry-Cabreen

Panelist: Michael Garcin

Claimant's Representative: Timothy Canning & Richard Sachs

#1 Respondent's Representative: Patricia Bailey Tsurns

#2 Respondent's Representative: Michael J. Fortunato

NASD Dispute Resolution Staff: _____

Decided by:    Chairperson    (Panel)    (circle one)

Rulings[1]:

After considering the pleadings submitted by the parties (and oral arguments, if pre-hearing conference held), the Panel/Chairperson rules as follows:

1.    See Attached

---

[1] If more space is needed, add additional pages.

2. _____

_____

_____

3. _____

_____

_____

If the parties settle this matter prior to the hearing, the forum fees for this pre-hearing conference (or discovery-related motion decided without a pre-hearing conference) are assessed as follows:

_50_ % to Claimant(s), jointly and severally
_50_ % to Respondent(s), jointly and severally
____ % assessed to _____
____ % assessed to _____
____ % assessed to _____
____ % assessed to _____

X _Thomas D Rees_                Date: _1/15/07_____
Chairperson,
On behalf of the Arbitration Panel

January 15, 2007

**RULING OF THE PANEL:**

1. Respondents' Motion to Dismiss with Prejudice is continued to the week of April 2, 2007 or the week of April 16, 2007 for a further telephonic hearing before the Panel. Counsel is to advise the NASD when during those weeks they are available and the NASD shall, after consulting the Panel and Counsel, set up a conference call accordingly.

2. Limited Discovery shall be exchanged between the parties of all writings between Claimant and Respondents' during the period of July 1992 and July 2003. The cost of copying and shipping said documents shall be borne by the receiving party. This exchange of writings shall occur and be completed by March 12, 2007. Any written evidence or further written argument in support or in opposition to Respondents' Motion shall be filed with the NASD by March 23, 2007 to be forwarded to the Panel several days before the date of the continued Hearing.

3. Claimant is permitted to amend his claim to assert discharge in breach of a written contract.

4. The Scheduling Order dated December 4, 2006 is amended such that the first scheduled hearing session will begin at 9:30 AM  (PST) on August 20, 2007 and the dates of August 21, 22, 23, & 24 have also been reserved for this hearing.  This schedule change is subject to the impossibility of any of the named parties to attend sometime during the week of August 20, 2007.  It is understood that Counsel and the Panel are available all of that week.

# EXHIBIT 8

NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

-----------------------------------------------------------------x

| | |
|---|---|
| In the Matter of the Arbitration<br>   Between | : |
| | : |
| ROBERT KNIGHT, | :     NASD No. 06-03430 |
| | : |
|                  Claimant, | : |
| | : |
|  -against- | : |
| | :     RESPONDENTS' |
| MERRILL LYNCH, PIERCE, FENNER & | :     SUPPLEMENTAL BRIEF IN |
| SMITH INCORPORATED, | :     SUPPORT OF THEIR MOTION |
| PATRICIA WILLIAMS, and | :     TO DISMISS |
| GEORGE SCOTT RALSTON, | : |
| | : |
|              Respondents. | : |

-----------------------------------------------------------------x

Respondents Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"),

Patricia Williams, and George Scott Ralston, by and through their counsel, Rubin, Fortunato &

Harbison P.C., respectfully submit this supplemental brief, per the deadline set forth in the

Panel's Order dated January 15, 2007, in further support of their motion to dismiss with

prejudice the claims filed by Claimant Robert Knight ("Knight") in this arbitration.

## I.    INTRODUCTION

Because all of Knight's claims are barred by the applicable statutes of limitations,

Respondents filed a *Motion to Dismiss.* In opposition, Knight asserted (for the first time, and

without specifying the nature of any such claim) that he has a breach of contract claim, and that

because his employment is evidenced by a writing, the Panel should apply a four-year statute of

limitations to all of his claims. To rule on this issue, the Panel ordered the parties to exchange all

writings between them, invited Knight to amend his claim to assert "discharge in breach of a written contract,"[1] and invited the parties to submit additional briefing.

The parties have exchanged all writings between them.  Respondents now submit this supplemental brief in further support of their *Motion to Dismiss* because Knight's post-employment restrictive covenant agreement (as well as his employment application) confirms that he was an employee at-will who could be terminated at any time for any reason – or for no reason at all.  This fact alone precludes, as a matter of law, any breach of contract claim (express or implied), as well as Knight's claim for breach of the covenant of good faith and fair dealing.

Moreover, the four-year limitations period applies only to claims that are derived either expressly or implicitly from the <u>written</u> obligations of a contract.  There simply is no written obligation contained in any document exchanged between the parties that limits in any way the circumstances under which Knight could be terminated.  As such, his claims are not subject to the extended limitations period, and Respondents' *Motion to Dismiss* should be granted in its entirety.

## II.    LEGAL REASONING

### A.    Knight's Employment Agreement, Which Expressly States That He Is an Employee At-Will, Bars, as a Matter of Law, Any Breach of Contract Claim (Express or Implied), Including Breach of the Covenant of Good Faith and Fair Dealing.

#### 1.    Knight's at-will employment status bars his breach of contract claim.

The parties' document exchange establishes, as a matter of law, that Knight has no breach of contract claim, express or implied, including breach of the covenant of good faith and fair dealing.

---

[1] As of the filing of this supplemental brief, Knight has not amended his *Statement of Claim* to assert breach of an express contract.

The only contract produced (and the only contract that exists) is the "Financial Consultant Employment Agreement and Restrictive Covenants," a copy of which is attached hereto as Exhibit "A." This "restrictive covenant employment agreement" sets forth Knight's *post*-employment obligations, and expressly states that Knight's employment is at-will. The agreement *conspicuously* provides:

> NOTHING HEREIN IS A PROMISE OF EMPLOYMENT FOR A FIXED TERM. MERRILL LYNCH MAY TERMINATE MY EMPLOYMENT FOR ANY REASON OR FOR NO REASON, JUST AS I MAY RESIGN AT ANY TIME.

Exhibit "A" ¶ 7. This language appears in all capital letters on the very page that Knight signed. By signing the agreement, Knight acknowledged that he had read and reviewed it in its entirety, had been given an opportunity to ask questions about it, had been given an opportunity to consult with an attorney, and fully understood the terms of the agreement. Id. ¶ 8.

Knight's employment-at-will status also was made clear to him even before he commenced employment with Merrill Lynch. His Employment Application provides, in relevant part, and in bold:

> **My employment and compensation can be terminated *with or without cause*, and with or without notice, *at any time*, at the option of either Merrill Lynch or myself.**

See Knight Employment Application, p. 1 (attached hereto as Exhibit "B") (italics added).

Even if the parties had not expressly agreed that Knight's employment was at-will, California law presumes employment is at-will unless the parties have expressly agreed otherwise. Cal. Labor Code Section 2922 ("an employment, having no specified term, may be terminated at the will of either party...."). This presumption of at-will status can be overcome only where evidence exists that the parties agreed that the employer's power to terminate would be limited in some way, e.g., by a requirement that termination be based only on "good cause." Foley v. Interactive Data Corp., 765 P.2d 373, 385 (Cal. 1988) (citations omitted).

3

However, where, as here, an express, written at-will employment contract signed by the employee exists, the at-will presumption cannot be overcome. Indeed, the California Supreme Court began its analysis in <u>Foley</u> by noting that it cannot ignore the fundamental principle of freedom of contract: "employer and employee are free to agree to a contract terminable at will.... Their agreement will be enforced so long as it does not violate legal strictures external to the contract...." <u>Id.</u> at 384. Thus, when, as here, an employee expressly agrees to employment at-will, implied contract claims are barred as a matter of law. <u>Randell v. Levi Stauss & Co.</u>, No. C 05-1047 CW, 2006 U.S. Dist. LEXIS 32177 (N.D. Cal. May 12, 2006); <u>Dore v. Arnold Worldwide, Inc.</u>, 39 Cal. 4th 384, 46 Cal. Rptr. 3d 668 (Cal. 2006); <u>Tomlinson v. Qualcomm, Inc.</u>, 97 Cal. App. 4th 934, 118 Cal. Rptr.2d 822 (2002); <u>Camp v. Jeffer, Mangels, Butler & Marmaro</u>, 35 Cal. App. 4th 620, 41 Cal. Rptr.2d 329 (1995); <u>Slivinsky v. Watkins-Johnson Co.</u> 221 Cal. App. 3d 799, 270 Cal. Rptr. 585 (1990).

In <u>Tomlinson</u>, plaintiff had signed both an employment application warning that she would be hired at-will, and an employment agreement, confirming her at-will status. In affirming the dismissal of her breach of implied contract claim, the Court of Appeals reasoned as follows:

> Even assuming the statements cited by Tomlinson contradicted the express agreement by guaranteeing her continued employment . . ., under well-established case law, '[t]here cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results. [Citation.] The express term is controlling even if it is not contained in an integrated employment contract. [Citation.] Thus, the . . . express at-will agreement precluded the existence of an implied contract requiring good cause for termination.'

<u>Tomlinson</u>, 118 Cal. Rptr.2d at 830 (<u>quoting</u> <u>Camp</u>, 35 Cal. App. 4th at 630). This logic applies with equal force here. Knight was expressly warned when he applied for employment with Merrill Lynch that his employment would be at-will. His at-will status later was confirmed in

4

his written, signed employment agreement. He cannot now claim that an implied agreement

stating otherwise exists. Such an allegation flies in the face of fundamental contractual

principles, and, therefore, is barred.

### 2.    Knight's at-will employment status bars his claim for breach of the covenant of good faith and fair dealing.

For similar reasons, Knight's claim for breach of the duty of good faith and fair dealing is

also barred. In <u>Guz v. Bechtel National, Inc.</u>, the California Supreme Court held that the implied

covenant cannot impose substantive terms and conditions beyond those to which the parties

contractually agreed, and thus an employee at-will cannot sustain a cause of action for breach of

the duty of good faith and fair dealing. 8 P.3d 1089, 1110-1111 (Cal. 2000). The court reasoned

as follows:

> Labor Code section 2922 established the presumption that an employer may
> terminate its employees at will, for any or no reason. A fotiori, the employer may
> act peremptorily, arbitrarily, or inconsistently, without providing specific
> protections such as prior warning, fair procedures, objective evaluation, or
> preferential reassignment. Because the employment relation is "fundamentally
> contractual" [citing <u>Foley</u>], limitations on these employer prerogatives are a
> matter of the parties' specific agreement, express or implied in fact. ***The mere
> existence of an employment relationship affords no expectation, protectible by
> law, that employment will continue, or will end only on certain conditions,
> unless the parties have actually adopted such terms. Thus if the employer's
> termination decisions, however arbitrary, do not breach such a substantive
> contract provision, they are not precluded by the covenant.***

<u>Id.</u> at 110 (emphasis added). Here, the parties' express agreement that Knight's employment was

at-will, and the lack of any substantive contract provision to the contrary, precludes an implied

covenant claim. The Court in <u>Guz</u> further explained that just as the implied covenant cannot be

read to impose a duty, for example, to terminate only for good cause, "the employee cannot

complain about a deprivation of the benefits of continued employment, for the agreement never

provided for a continuation of its benefits in the first instance." <u>Id.</u> at 1110 (quoting <u>Hejmadi v.</u>

AMFAC, Inc., 202 Cal. App. 3d 525, 547, 249 Cal. Rptr. 5 (1988)). It then disapproved any

prior case law that suggested that the implied covenant imposes limits on an employer's

termination rights beyond those either expressed or implied in fact in the employment contract

itself. Id. at 1111.[2]

Because Knight's implied covenant claim seeks to impose duties beyond (and in fact

contrary to) those to which the parties' expressly agreed, his claim is barred as a matter of law.

**B.      Knight's Claims Are Not Founded Upon an "Instrument in Writing," and Therefore Are Not Subject to a Four-Year Limitations Period.**

Knight seeks to bootstrap all of his untimely claims by asserting that they are based upon

a written employment agreement.[3] However, the existence of a writing does not ipso facto

extend the limitations period. The four-year statute of limitations applies only to causes of action

that arise from the breach of the express or implied terms of a written contract. Amen v. Merced

County Title Co., 375 P.2d 33, 35 (Cal. 1962). The mere existence of a written instrument does

not invoke the four-year statute, but rather the existence of a written instrument upon which

liability is founded. Id. at 35.

In Amen, plaintiff, the purchaser of a tavern, sued the escrow holder for the breach of

implied obligations that arose out of a written unsigned agreement. The Supreme Court of

California held that the lower court erred in holding that the two-year limitations period for

---

[2] The court specifically rejected the following holdings, among others, to the extent that they contradicted an express at-will agreement: (1) the covenant was breached where employer refused to follow its own policies and practices (citing Rulon-Miller v. Int'l Business Machines, Corp., 208 Cal. Rptr. 524 (Cal. App. 1984)); (2) that the covenant required that "like cases be treated alike" (citing Rulon-Miller); (3) that long service plus violation of employer policies may establish breach of the covenant (citing Gray v. Superior Court, 226 Cal. Rptr. 570 (Cal. App. 1986)); (4) that the covenant was violated where an employer engaged in bad faith actions, extraneous to the contract, to frustrate benefits of employment (citing Khanna v. Microdata Corp., 215 Cal. Rptr. 860 (Cal. App. 1985)); and (5) that termination after long service, in violation of employer policies, may breach implied covenant to refrain from arbitrary treatment (citing Pugh v. See's Candies, Inc., 171 Cal. Rptr. 917 (Cal. App. 1981)). Guz, 8 P.3d at 110-111.

[3] "An action upon any contract, obligation or liability founded upon an instrument in writing" is subject to a four-year statute of limitations. CAL. CIV. PROC. CODE § 337.

breach of oral contract claims applied, because the escrow holder had a duty to comply with the express and implied terms of the agreement (which was in writing), and the agreement did not need to be signed, so long as it was accepted orally or by an act other than signing. Id. See also Bruckman v. Parliament Escrow Corp., 235 Cal. Rptr. 813 (Cal. App. 1987) (similarly holding that plaintiff's claim for negligent performance in failing to comply with the terms of a written escrow agreement is founded upon a writing and subject to the four-year limitations period).

In his brief in opposition to Respondents' *Motion to Dismiss*, Knight relies on both Amen and Bruckman for the proposition that the four-year limitations period applies to all of his claims, even his tort-based claims, because, he asserts, his claims relate to obligations created by contract. His failure (and inability) to identify a single written contractual obligation that has been breached is dispositive of this issue. As discussed above, Knight's "Financial Consultant Employment Agreement and Restrictive Covenants" – the only contract between the parties – expressly provides Merrill Lynch with the right to terminate him at any time, for any reason, with or without cause.

A longer period of limitations applies to actions on written contracts because the writing is clear evidence in permanent form of the terms of the agreement. Amen, 375 P.2d at 35 (citation omitted). Here, the only clear evidence establishes unequivocally that Knight was an employee at-will. There is no written evidence (clear or otherwise) to the contrary. As such, no basis exists to apply an extended limitations period to any of Knight's claims, all of which are time barred. See Respondents' *Motion to Dismiss*.[4]

---

[4] Only Knight's claims for breach of implied contract or covenant of good faith and fair dealing can even arguably relate to a "written instrument." The remainder of his claims do not (and cannot) relate in any way to a contractual relationship, and therefore are not even susceptible to an extended limitations period.

## III.    CONCLUSION

Knight failed to assert any of his causes of action in a timely manner.  For the reasons stated above, his efforts to bootstrap these untimely claims by asserting that they are based upon a written employment agreement should be rejected because Knight was employed at-will. Accordingly, Respondents respectfully request that the Panel grant their motion to dismiss.


Respectfully Submitted,

By: _Patricia Bailey Tsipras_

Michael J. Fortunato
Patricia Bailey Tsipras
RUBIN, FORTUNATO & HARBISON P.C.
MCS Building, Suite 202
10 South Leopard Road
Paoli, PA  19301
(610) 408-2005
(610) 408-9050 (telecopy)

Attorneys for Respondents
Merrill Lynch, Pierce, Fenner & Smith Incorporated,
Patricia Williams, and George Scott Ralston

Dated:  March 23, 2006

## **CERTIFICATE OF SERVICE**

I, Patricia Bailey Tsipras, Esquire, do hereby certify that true and correct copies of

Respondents' Supplemental Brief in Support of Their Motion to Dismiss were served via

overnight mail as follows:

> Timothy Canning, Esquire
> Two Commercial Blvd.
> Suite 203
> Novato, California 94949
>
> Counsel for Claimant
>
>
> Derek L. Sorrells
> Senior Case Administrator
> NASD Dispute Resolution
> Western Region
> 300 South Grand Avenue
> Suite 900
> Los Angeles, CA 90071

Patricia Bailey Tsipras

Dated:  March 23, 2007

9