TIMOTHY A. CANNING,   Cal. State Bar No. 148336
Law Offices of Timothy A. Canning
1125 16th St., Suite 204
PO Box 4201
Arcata, CA 95518
(707) 822-1620;  Fax: (707) 760-3523
tc@tclaws.com

Attorney for Petitioner Robert J. Knight

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In the matter of the arbitration between | |
| | Case No. CV 07-02753 |
| ROBERT J. KNIGHT, | |
| | PETITIONER KNIGHT'S OPPOSITION |
| Petitioner | TO RESPONDENT MERRILL |
| and | LYNCH'S MOTION TO CONFIRM |
| | ARBITRATION AWARD |
| MERRILL LYNCH, PIERCE, FENNER & | |
| SMITH, INC. | Date:  September 7, 2007 |
| | Time:  10:00 am |
| Respondent | Courtroom:     1 |

1

# TABLE OF CONTENTS

2

TABLE OF AUTHORITIES .................................................................... iii

3

STATEMENT OF ISSUES ................................................................. 1

4

5

SUMMARY OF RELEVANT FACTS ................................................... 1

6

ARGUMENT .................................................................................... 3

7

I       JURISDICTION AND VENUE IS PROPER IN THIS COURT .............. 3

8

II.     AS THE ARBITRATORS MANIFESTLY DISREGARDED THE
9          LAW BY NOT  APPLYING CALIFORNIA'S FOUR YEAR STATUTE
          OF  LIMITATIONS, THE AWARD SHOULD BE VACATED .............. 4

10

11

      A.     The Arbitrators Knew That California Law Clearly And
12               Explicitly Provided For A Four Year Limitations Period............... 5

13

      B.     The Arbitrators Manifestly Disregarded The Foregoing Law ........ 5

14

      C.     Merrill Lynch's Citations are Inapposite ........................................ 6

15

16

III     THE PARTICULAR STATUTE OF LIMITATIONS ON WHICH THE
         ARBITRATORS RELIED DOES NOT APPLY TO ARBITRATIONS... 8

17

      A.     The Arbitrators Knew That The Statutes of Limitations In
18               California's Code of Civil Procedure Apply Only In Court........... 8

19

      B.     The Arbitrators Manifestly Disregarded That Law ........................ 9

20

IV     THE UNDERLYING AWARD SHOULD BE VACATED BECAUSE
21         PETITIONER DID NOT HAVE A HEARING ON HIS CLAIM, AS THE
22         TERM "HEARING" IS DEFINED BY SEC-APPROVED NASD RULES .. 11

23

      A.     Arbitrators Must Follow The Procedures To Which The Parties
               Agreed In Deciding Disputes........................................................ 11

24

      B.     A Hearing Under NASD Rules Was Not Held .............................. 13

25

26

      C.     The Cases Cited By Respondent Are Inapposite ............................ 14

27

CONCLUSION........................................................................................ 17

28

1

**TABLE OF AUTHORITIES**

2

| Cases | Page |
|---|---|
| *Abedi v. Schlossman,* 44 Fed.Appx. 96 (9th Cir. 2002)………………………………… | 7 |
| *Allen v. RBC Dain Rauscher, Inc.,* 2006 WL 1303119 (W.D.Wash 2006)…………… | 16 |
| *Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528, 532………………………… | 5, 6 |
| *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 709 (7th Cir.1994)…………… | 12 |
| *Barkhorn v. Adlib Associates, Inc.*, 345 F.2d 173 (9th Cir. 1965)……………………… | 4 |
| *Bruckman v. Parliament Escrow Corp.* (1987) 190 Cal.App.3d 1051, 1058…………… | 5, 6 |
| *Burton v. New United Motor Mfg.,* 127 Fed.Appx. 283 (9th Cir. 2005)………………… | 7 |
| *Carter v. Health Net of Cal., Inc.,*<br>374 F.3d 830 (9th Cir. 2004)................................................................... | 4 |
| *Cartwright v. Roxbury Capital Management, LLC,*<br>2007 U.S. Dist. LEXIS 32656 (M.D.Fla. 2007)...................................... | 16 |
| *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*<br>529 US 193, 195, 120 S.Ct. 1331, 1334 (2000) ………………………………… | 4 |
| *Davis v. Skarnulis*, 827 F. Supp. 1305 (E.D. Mich. 1993)....................................... | 7 |
| *Fortier v. Morgan Stanley DW, Inc.,* 2006 US Dist. Lexis 79027 (N.D.Cal. 2006)…….. | 15 |
| *Goldman, Sachs & Co. v. Patel,* 1999 N.Y. Misc. LEXIS 681 …………………………… | 16 |
| *Grosso v. Salomon Smith Barney, Inc.,*<br>2003 U.S. Dist. LEXIS 20208 (E.D.Pa. Oct. 24, 2003),<br>aff'd, 115 Fed. Appx. 600 (3rd Cir. 2004)............................................................. | 16 |
| *Henein v. Saudi Arabian Parsons Ltd.,* 818 F.2d 1508 (9th Cir. 1987)............................ | 7. |
| *High Country Linens v. Block,* 2002 W.L. 1998272 (N.D.Cal. 2002)………………… | 7 |
| *Keiser v. Lake County Superior Court,* 2005 WL 3370006 (N.D.Cal. 2005)…………… | 7 |
| *Kourtis v. Cameron,* 419 F.3d 989 (9th Cir. 2005)............................................................ | 7 |
| *Krupnick v. Duke Energy Morro Bay, LLC*, 115 Cal. App. 4th 1026 (2004).................... | 7 |

1

**TABLE OF AUTHORITIES (con't)**

2

3

*Lamke v. Sunstate Equipment Co., LLC,* 387 F. Supp. 2d 1044 (N.D. Cal. 2004)............. 7

4

*Lewiston Firefighters Assoc. v. City of Lewiston*, 354 A.2d 154 (Me. 1976)…………… 10

5

*Mayo v. Dean Witter Reynolds, Inc.,* 258 F.Supp.2d 1097(N.D.Cal.,2003)
    *opinion amended at* 260 F.Supp.2d 979 (N.D.Cal. 2003)…………………….. 11

6

*McGuiness v. Motor Trend Magazine*, 129 Cal. App. 3d 59 (1982)……………………. 7

7

*NCR Corp. v. CBS Liquor Control dba Acme Cash Register,*
    847 F. Supp. 168 (S.D. Ohio 1993)…………………………………………… 10

8

9

*Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*
    431 F.3d 1320 (11th Cir. 2005).  ……………………………………….. 4

10

11

*Peggy Rose Revocable Trust v. Eppich*, 640 N.W.2d 601, 608 (Minn. 2002)…………… 10

12

*Perna v. Barbieri,* 1998 U.S. Dist. LEXIS 5365 (E.D.Pa. Apr. 16, 1998),
    aff'd, 176 F.3d 472 (3rd Cir. 1999).......................................................................... 16

13

14

*Prudential Securities, Inc. v. John B. Dalton,* 929 F.Supp. 1411 (N.D. Okla. 1996)…… 14

15

*Randell v. Levi Strauss & Co.,* 2006 WL 1310464 (ND Cal. 2006)………………….. 7

16

*Romano v. Rockwell Int'l, Inc.*, 926 P.2d 1114 (Cal. 1996).......................................... 7

17

*Sheldon v. Vermonty,* 269 F.3d 1202 (10th Cir. 2001).................................................... 14

18

*Shively v. Bozanich,* 80 P.3d 676 (Cal. 2003).................................................................. 7

19

20

*Skidmore, Owings, & Merrill v. Connecticut General Life Ins. Co.*,
    25 Conn.Sup. 76, 197 A.2d 83 (1963)…………………………………………… 10

21

22

*Son Shipping v. DeFosse & Tanghe*, 199 F.2d 687 (2d Cir. 1952)…………………….. 10

23

*Stutz Motor Car  v. Reebok Int'l, Ltd.,* 909 F. Supp. 1353 (C.D. Cal. 1995)………….. 7

24

*The Edward Mellon Trust v. UBS PaineWebber, Inc.*,
    2006 U.S. Dist. LEXIS 80922 (W.D.Pa. Nov. 6, 2006).. ……………………… 16

25

26

*Tomlinson v. Qualcomm, Inc.,* 97 Cal. App. 4th 934 118 Cal. Rptr. 2d 822 (2002). …... 7

27

*Vento v. Quick & Reilly, Inc.,* 2005 U.S. App. LEXIS 6986 (10th Cir. 2005)………….. 16

28

Knight's Opposition to Merrill Lynch's Motion to Confirm Arbitration Award    CV 07-02753 SC

1

2

**TABLE OF AUTHORITIES (con't)**

*Statutes*

3

9 U.S.C. § 9..........................................................................................................................  4
9 U.S.C. § 10........................................................................................................................  4

28 U.S.C. § 1332…………………………………………………………………….. 3

CAL. CODE CIV. PROC. § 22…………………………………………………………..... 9
CAL. CODE CIV. PROC. § 337(1).........................................................................................  5, 6
CAL. CODE CIV. PROC. § 312.............................................................................................  8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF ISSUES**

Petitioner Robert J. Knight seeks to vacate an arbitration award entered in favor of his former employer, respondent Merrill Lynch. The underlying arbitration was to be conducted under the SEC-approved NASD Code of Arbitration Procedure. In response to petitioner's application, respondent Merrill Lynch has moved for confirmation of the arbitration award.

The key issues presented in this action are:

1. Whether the arbitrators manifestly disregarded the law by explicitly refusing to apply the four-year time period under California law for court actions arising out of obligations based on an instrument in writing, but instead applying a shorter time period;

2. Whether the arbitrators manifestly disregarded the law by explicitly applying statute of limitations in the arbitration that only apply in court actions; and

3. Whether the arbitrators manifestly disregarded the law and exceeded their authority by not holding a NASD hearing on petitioner's arbitration claim, as the term "hearing" is defined in the SEC-approved NASD Code of Arbitration Procedure.

A "yes" to any one of these three issues warrants vacatur of the arbitration award; as argued herein, all three issues stated above should be resolved affirmatively, and the arbitration award vacated.

**SUMMARY OF RELEVANT FACTS**

On July 20, 2006, petitioner Robert Knight commenced an arbitration proceeding with his former employer, Merrill Lynch, pursuant to the NASD Code of Arbitration Procedure. Mr. Knight sought damages from respondent for breach of a written employment contract, among other things, in connection with his termination of employment with Merrill Lynch.

On or about July 6, 2006, in response to petitioner's statement of claim and demand for arbitration, respondent submitted an answer to the statement of claim. Respondent also executed and submitted a Uniform Submission Agreement, by which respondent agreed that petitioners' dispute would be resolved in accordance with the Code. On or about October 25, 2006, respondent filed a self-styled "motion to dismiss" petitioner's arbitration and a motion to

1

1    stay discovery.

2            On or about November 3, 2006,  the NASD appointed  Thomas D. Reese,

3    Michael Garcia, and Linda H. Perry-Cabrera as arbitrators to hear and decide petitioner's

4    arbitration claim.    During a telephone conference call between respondent's counsel, the

5    arbitrators, and petitioner's counsel,  the arbitrators instructed petitioner to submit a response to

6    respondent's "motion to dismiss" on or before December 18, 2006.  The arbitrators also set

7    another telephone conference call for January 15, 2007, to discuss respondent's motions.

8            On December 18, 2006, petitioner submitted a written response to respondent's

9    motion, a copy of which is attached to the Petition and Application as Exhibit A.

10            In his written response,  petitioner clearly and unambiguously instructed the

11    arbitrators that:  1)  the Code  expressly prohibits substantive  motions to dismiss without an

12    evidentiary hearing;  2)  under the Code, petitioner was entitled to an evidentiary hearing,

13    including presenting witness testimony and examining documents; 3) that the statute of

14    limitations on which respondent relied (from the California Code of Civil Procedure) applied

15    only to actions, which are statutorily defined to mean civil court proceedings, and hence did not

16    apply to Exchange Act arbitrations;  and 4) that the  four year statute of limitations for actions

17    founded upon an instrument in writing applies not only to the breach of an express obligation

18    under a written contract, but also to breach of an implied promise arising out of the contract,

19    pursuant to  California Code of  Civil Procedure § 337(1).

20            Following the telephone conference on January 16, 2007, the arbitrators issued an

21    order on January 25, 2007, in which the arbitrators instructed petitioner to amend his statement

22    of claim to include a specific cause of action for breach of written contract.   On March 23, 2007,

23    petitioner submitted his amended statement of claim (a copy of which is attached as Exhibit B to

24    the Petition).

25            On or about March 23, 2007, respondent submitted a supplemental brief in

26    support of its motion to dismiss on statute of limitations grounds.   On or about April 2, 2007,

27    respondent submitted an answer to petitioner's amended claim.

28            On May 10, 2007,   pursuant to the arbitrators' request, the arbitrators held a

                                                2

telephone conference call with counsel for respondent and counsel for petitioner. The arbitrators did not read the script identified in paragraph 22 hereinabove.  No audio tape recording was made of the telephone conference call. No witnesses were sworn in.  Petitioner was not permitted to present testimony.

On or about May 18, 2007, the NASD served the arbitrators' award on petitioner and respondent.  The arbitrators dismissed all claims by petitioner, and provided a written explanation as to why the arbitrators ruled the way they did (a correct copy of the arbitration award is attached to the Petition as Exhibit C).

Petitioner commenced this action to vacate the arbitration award on May 25, 2007.  Respondent Merrill Lynch filed a motion to confirm the arbitration award, as well as a memorandum in opposition to petitioner's request to vacate the arbitration award.   As argued herein, Merrill Lynch's motion to confirm the award should be denied, the arbitration award should be vacated, and a hearing ordered before a new panel of NASD arbitrators. [1]

**I**

**JURISDICTION AND VENUE IS PROPER
IN THIS COURT**

Subject matter jurisdiction in this case is premised on diversity jurisdiction (28 U.S.C. §1332), in that there is complete diversity of  citizenship between the parties, and the amount in controversy is in excess of $75,000.  Petitioner alleges that he is a resident of California (Petition, ¶4);  that Merrill Lynch is incorporated in Delaware with a principal place of business in New York (Petition, ¶ 5); and that the amount in issue in the underlying arbitration was $10,000,000. Petition, ¶ 6.   For purposes of diversity jurisdiction over matters concerning contractual arbitration, the amount in controversy is measured by the amount of the claim submitted to arbitration where the plaintiff seeks to vacate the award and reopen the hearing (as plaintiff here requests). *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.* 431 F.3d 1320

---

[1] The NASD recently merged its arbitration and regulatory functions with the NYSE and is now known as FINRA.

Knight's Opposition to Merrill Lynch's Motion to Confirm Arbitration Award    CV 07-02753 SC

1  (11th Cir. 2005).

2    Merrill Lynch has not denied those facts alleged in the petition, though the time to

3  do so has expired (indeed, Merrill Lynch failed to file any answer to the petition, other than its

4  motion to confirm the arbitration award). Hence,  those facts should be deemed admitted and

5  undisputed, which in turn supports a finding of diversity jurisdiction.  Failure to respond to

6  allegations respecting existence of diversity jurisdiction stands as a conclusive admission of the

7  facts that support diversity jurisdiction. See  generally, *Barkhorn v. Adlib Associates, Inc.*, 345

8  F.2d 173 (9th Cir. 1965) (defendant failed to deny jurisdictional facts in complaint, but issue was

9  remanded for further factual inquiry where complaint did not allege corporate defendants'

10  principal place of business and defendant submitted affidavit showing that its principal place of

11  business was the same state as plaintiff was domiciled).

12    Venue is appropriate in this Court in that the arbitration hearing was set to be

13  heard  in San Francisco. See, e.g., Petition, Ex  C, p. 1 ( designating the hearing site as San

14  Francisco). An application or motion to vacate or confirm an arbitration award may be made to

15  the district court for the district within which the award was made.  9 U.S.C.  § § 9, 10; *Cortez*

16  *Byrd Chips, Inc. v. Bill Harbert Const. Co.* 529 US 193, 195, 120 S.Ct. 1331, 1334 (2000).

17  Merrill Lynch does not dispute that venue is proper here.

18
19          **II**

20    **AS THE ARBITRATORS MANIFESTLY DISREGARDED THE LAW BY NOT**
     **APPLYING CALIFORNIA'S FOUR YEAR STATUTE OF**
21        **LIMITATIONS, THE AWARD SHOULD BE VACATED**

22    An arbitration award should be vacated where the arbitrators manifestly

23  disregarded the law.  Manifest disregard of the law exists where a court must find both that (a)

24  the arbitrators *knew* of a governing legal principle yet refused to apply it or ignored it altogether,

25  and  the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the

26  case.  *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 838 (9th Cir. 2004) (holding that the

27  court lacked subject matter jurisdiction).

28    Here, the undisputed evidence shows that the arbitrators manifestly disregarded

            4

1  the law  as to California's statutes of limitations,  as found in California's Code of Civil

2  Procedure.

3

4  **A.    The Arbitrators Knew That California Law  Clearly And
        Explicitly Provided For A Four Year Limitations Period**

5              California law is clear and unmistakable:  for obligations arising from an

6  instrument in writing, the time period for bring such an action in court is four years. California's

7  Code of Civil Procedure section 337(1)  provides for a 4-year period for bringing an "action

8  upon any contract, obligation or liability founded upon an instrument in writing." (emphasis

9  added).  This four year period runs from the date of the alleged breach.

10             This four-year limitation period for an action  founded upon an instrument in

11  writing  applies not only to the breach of an express obligation under a written contract, but also

12  to breach of an *implied* promise arising out of the contract or written instrument.  *Amen v.*

13  *Merced County Title Co.* (1962) 58 Cal.2d 528, 532; *Bruckman v. Parliament Escrow Corp.*

14  (1987) 190 Cal.App.3d 1051, 1058; and see 3 Witkin, Cal. Procedure,  <u>Actions</u> (4th ed. 1997) §§

15  475, 476 p 599 - 600.

16              This same four year period also applies to claims of negligent performance of

17  any obligation that arises out of this written instrument.  See *Bruckman v Parliament Escrow*

18  *Corp.*, *supra*,  190 Cal.App.3d 1051, 1057-1058.

19             The arbitrators knew that California law provided for four year limitation period

20  for Mr. Knight's claim arising out of an implied promise in the written instruments.  Petitioner

21  told the arbitrators exactly what the law is, and cited to the arbitrators the case authority

22  establishing those principals.

23

24  **B.  The Arbitrators Manifestly Disregarded The Foregoing Law**

25             In their award, however, the arbitrators clearly and unmistakably ignored the

26  foregoing  law on the applicable time period.  The arbitrators' disregard of the law is clear in this

27  case because, unlike many arbitration awards, the arbitrators here explained why they dismissed

28

5

1  Mr. Knight's arbitration claim.  The arbitrators stated in their award:

2

3          None of the writings submitted by Claimant in support of his claim expressly
           provides for a cause of action for breach of his employment agreement.  Mr.
4          Knight's claim rests on implicit provisions of his employment agreement and
           other documents;  **implicit agreements are not written agreements and not**
5          **within the scope of CCP 337.**

6  Award (attached to the petition as Ex. C, p. 3) (emphasis added).

7          The arbitrators' conclusion  that breaches of the  implicit provisions of his written

8  employment agreement were not subject to the four year statute of limitations was a clear and

9  unmistakable disregard of California's Code of Civil Procedure section 337.   California law

10 explicitly and clearly holds that the  applicable breach of implicit provisions of a written

11 agreement is a claim subject to the four year time period of section 337 (*Amen v. Merced*

12 *County Title Co.*, supra,  58 Cal.2d at 532; *Bruckman v. Parliament Escrow Corp.*, supra,

13 190 Cal.App.3d at 1058).   The arbitrators knew that law, yet ignored it and refused to

14 apply it.

15         Hence, on this ground alone, the arbitration award should be vacated.

16 **C. Merrill Lynch's Citations Are Inapposite**

17         In support of its motion to confirm the arbitration award, respondent Merrill

18 Lynch relies on  a slew of unpublished  orders and unpublished opinions from around the

19 country.  Citing to these unpublished decisions is prohibited by  Local Rule  3-4(e) and Ninth

20 Circuit Rule 36-3, unless respondent can show that these orders somehow establish a law of the

21 case, or can be used for issue preclusion or claim preclusion.

22         Local Rule  3-4(e) provides:

23         **(e) Prohibition of Citation to Uncertified Opinion or Order.** Any order or
           opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14
24         or pursuant to a similar rule of any other issuing court, may not be cited to this
           Court, either in written submissions or oral argument, except when relevant under
25         the doctrines of law of the case, *res judicata* or collateral estoppel.
26
27 Respondent has failed to make such a showing.

28         Even if  Merrill Lynch's  unpublished orders and unpublished decisions were

6

1   properly citable, however, they are not persuasive as to whether the arbitrators in this matter

2   manifestly disregarded the law by refusing to apply the four-year time period to Mr. Knight's

3   claims which even the arbitrators admit were implied from  written agreements.

4           For example,  *Abedi v Schlossman*,  44 Fed.Appx. 96 (9th Cir. 2002),  involved an

5   oral contract, not a written instrument.  (The court also expressly warned that its opinion here

6   was not to be cited,  a fact respondent ignores.).  Similarly, in *Burton v New United Motor Mfg*,

7   127 Fed. Appx. 283 (9th Cir. 2005),  there was no issue regarding the statute of limitations for a

8   written employment agreement in arbitration.    The same is true of the unreported (and

9   uncitable) opinions in *High Country Linens, Inc. v. Block,*  2002 WL 1998272 (N.D. Cal. 2002),

10  *Keiser v Lake County Superior Court*, 2005 WL 3370006 (N.D. Cal. 2005), and *Randell v Levi*

11  *Strauss & Co.* 2006 WL 1310464 (N.D. Cal. 2006)

12          Of the citable cases on which respondent relies,  none are persuasive on this issue.

13   For example, *Davis v. Sharnulis*, 857 F.Supp. 1305 (E.D. Mich. 1993), addresses  whether an

14  arbitration should be enjoined or not, prior to the arbitration hearing; the court specifically

15  invited the plaintiffs to file a petition to vacate on the same grounds after the arbitration hearing

16  was concluded.

17          There was no arbitration issue, and no question involving the application of

18  California's four-year statute to claims   arising out of implicit provisions of a written agreement

19  in arbitration, in the other published cases on which respondent relies, such as *Henein v Saudia*

20  *Arabian Parsons*, 818 F.2d 1508 (9th Cir. 1987),  *Kourtis v. Cameron*, 419 F.3d 989 (9th Cir.

21  2005),  *Krupnick v Duke Energy Morro Bay*, 115 Cal.App.4[th] 1026, 9 Cal.Rptr.3d 767 (2004),

22  *Lamke v Sunstate Equipment Co.*, 387 F.Supp.2d 1044 (N.D.Cal. 2004), *McGuiness v Motor*

23  *Trend Magazine*, 129 Cal.App.3d 59, 180 Cal.Rptr. 784 (1982),  *Romano v Rockwell*

24  *International, Inc.*, 14 Cal.4[th] 479, 926 P.2d 1114 (1996),  *Shively v Bozanich*, 31 Cal.4[th] 1230,

25  80 P.3d 676 (2003),  *Stutz Motor Car v Reebok International,* 909 F.Supp. 1353 (C.D. Cal.

26  1995),  *Tomlinson v Qualcomm, Inc.* , 97 Cal.App.4[th] 934, 118 Cal.Rptr.2d 822 (2002),.

27          Though the list of authorities cited by respondent is certainly impressive if

28  measured by length, those authorities simply are not persuasive on the issue as to whether the

7

1     arbitrators manifestly disregarded the law in this case.

2

3                                   **III**

4            **THE PARTICULAR STATUTE OF LIMITATIONS**
             **ON WHICH THE ARBITRATORS RELIED**
5               **DOES NOT APPLY TO ARBITRATIONS**

6            The arbitrators also manifestly disregarded the law by applying the statute of

7     limitations found in California's Code of Civil Procedure, because those statutes of limitations

8     are expressly applicable only to actions in court.  As this was not an action in court, the

9     arbitrators manifestly disregard the law by dismissing petitioner's arbitration claim on the basis

10    of the Code of Civil Procedure's statutes of limitation.

11    **A.     The Arbitrators Knew That The Statutes of Limitations In**
              **California's Code of Civil Procedure Apply Only In Court**
12

13           The arbitrators knew the law.  The arbitrators knew that California's Code of

14    Civil Procedure defines "actions" as being proceedings in court only;  the arbitrators knew  that

15    the statutes of limitations found in California's Code of Civil Procedure applied only to actions.

16    The arbitrators therefore knew that those limitation periods did not apply in arbitration. Petit-

17    ioner made that very clear to the arbitrators, as reflect in petitioner's opposition to respondent's

18    motion to dismiss filed in the arbitration.  (Petition, Ex. A, p. 4).

19           In their motion to dismiss directed to the arbitrators, respondent Merrill Lynch

20    relied exclusively on statute of limitations contained in Part 2, Title 2 of  California's Code of

21    Civil Procedure (i.e., sections 312 through 366.3;  respondent relied on sections 335.1, 339, and

22    340 in its motion).(Respondent's Motion, Ex. 4.)

23           Part 2, Title 2 of California's Code of Civil Procedure applies only to civil

24    actions;  in fact, Part 2 is titled, "Of Civil Actions" and Title 2 is titled, "Of The Time of

25    Commencing Civil Actions".  Section 312  of that Title – which immediately precedes  the

26    statutes of limitations cited by respondent – is expressly limited in application  to **civil actions**

27    **only**.  That section states:

28           **Civil action**s, without exception, can only be commenced within the periods

                                         8

prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute.

Cal. Code Civ. Proc. § 312 (emphasis added).  Section 22 of the Code of Civil Procedure defines an **action** as a:

**proceeding in a court of justice** by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.

Cal. Code Civ. Proc.§ 22 (emphasis added).

Hence, the statute of limitations found in California's Code of Civil Procedure do not apply in arbitration.

Petitioner Knight does not contend that there are no time bars to arbitration claims (contrary to Merrill Lynch's implication).    The six year eligibility rule (NASD rule 10304), as well as other time periods that are not limited to proceedings in a court of justice,  may be applicable in particular cases. Further, the doctrine of laches (unreasonable delay in bringing a claim plus prejudice to the respondent  as a result of the delay) may also be a time-bar to claims filed in arbitration.

However, respondent  did not raise those other potential time bars with the arbitrators.  More importantly, the arbitrators clearly and explicitly did not rely on any other time bars, in dismissing petitioner's arbitration.  Instead, they relied exclusively on the time bars contained in respondent's motion, i.e., those found in California's Code of Civil Procedure.


**B.  The Arbitrators Manifestly Disregarded That Law**

It is manifest that the  arbitrators disregarded  that law.  In their award, the arbitrators clearly  and unambiguously explain  why they dismissed petitioner's arbitration claim:  because of the statute of limitations in California's Code of Civil Procedure.

As the arbitrators state, in their award:

NASD Code of Arbitration Procedure Rule 10304 expressly contemplates the applicability of California Statutes of Limitations. … California Code of Civil Procedure provides that an action upon any contract, obligation or liability founded upon an instrument in writing must be filed within four years.

9

1    Award (attached to the petition as Ex. C, p. 3).

2     Where arbitrators do not explain their awards, it can be difficult to determine

3    whether the arbitrators manifestly disregarded the law.  Here, however,  in light of the

4    arbitrators' written explanation of their award in conjunction with the arguments made by

5    respondent to the arbitrators in support of its motion – relying solely on California's Code of

6    Civil Procedure statute of limitations – the arbitrators' disregard of clear, established law is

7    manifest.

8     Statute of limitations which,  by their own terms, apply only to actions in court

9    have been held to be inapplicable in arbitrations.  For example,  in *Skidmore, Owings, & Merrill*

10   *v. Connecticut General Life Ins. Co.*, 25 Conn.Sup. 76, 197 A.2d 83 (1963), the court discussed

11   whether an arbitration proceeding was an action for the purposes of the Statute of Limitations.

12   The court opined that arbitration proceedings do not occur in court, indeed that their very

13   purpose is 'to avoid the formalities, the delay, the expense and vexation of ordinary litigation. It

14   further noted that these proceedings are not governed by  rules of procedure applicable in court.

15   Finally, the court concluded that an arbitration proceeding is not an action within the meaning of

16   that word as used in the Statute of Limitations. *Id.*

17    Other courts have reached the same conclusion.  See, e.g., *Son Shipping v.*

18   *DeFosse & Tanghe*, 199 F.2d 687 (2d Cir. 1952) (holding that an arbitration is not within the

19   term "suit" as used in the statute of limitations); *NCR Corp. v. CBS Liquor Control dba Acme*

20   *Cash Register,* 847 F. Supp. 168 (S.D. Ohio 1993) (the effect of a statute of limitations is to bar

21   an action at law, not arbitration);  *Peggy Rose Revocable Trust v. Eppich*, 640 N.W.2d 601, 608

22   (Minn. 2002) (arbitration "is not the bringing of an action under any of our statutes of

23   limitation"),  and *Lewiston Firefighters Assoc. v. City of Lewiston*, 354 A.2d 154 (Me. 1976)

24   (arbitration is not an action at law, and the statute of limitations was  not an automatic bar).

25    In light of the plain language of California's Code of Civil Procedure and the

26   statute of limitations contained therein, those particular limitations do not apply in arbitration,

27   but only in court actions.  The arbitrators manifestly disregarded that law in dismissing Mr.

28   Knight's arbitration.  The award should therefore be vacated.

1

2                                        **IV**

3

4              **THE UNDERLYING AWARD SHOULD BE VACATED BECAUSE
               PETITIONER DID NOT HAVE A HEARING ON HIS
5              CLAIM,  AS THE TERM "HEARING" IS DEFINED
               BY SEC-APPROVED NASD RULES.**

6              The arbitrators also manifestly disregarded the law and exceeded their authority

7   by not allowing Mr. Knight to have  a hearing on his claim against Merrill Lynch,  as the term

8   "hearing" is defined by SEC-approved NASD rules.  On this ground alone, the arbitration award

9   should be vacated.

10             Mr. Knight does not contend that he was not "heard" as that term is used in due

11  process jurisprudence or administrative law.  Instead, Mr. Knight did not have the hearing

12  required by his arbitration agreement with Merrill Lynch – an agreement which incorporated the

13  SEC-approved NASD Code of Arbitration Procedure.

14

15  **A.     Arbitrators Must Follow The Procedures
            To Which The Parties Agreed In Deciding Disputes**

16

17             Parties to an arbitration agreement are free to specify not just  what issues will be

18  arbitrated, but also how those issues will be decided (provided it is not procedurally and

19  substantive unconscionable).  For example,  in *Mayo v. Dean Witter Reynolds, Inc.,* 258

20  F.Supp.2d 1097, 1105  (N.D.Cal.,2003), *opinion  amended at*  260 F.Supp.2d 979 (N.D.Cal.

21  2003), , the court concluded that  an investor was obligated to arbitrate his dispute in accordance

22  with the procedures specified in the New York Stock Exchange arbitration rules (which are

23  similar to the NASD arbitration rules and which are also approved by the SEC).   The court

24  stated: "'An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of

25  forum-selection clause that posits not only the situs of suit but also the procedure to be used in

26  resolving the dispute.' "  *Id.* (quoting  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S.Ct.

27  2449, 41 L.Ed.2d 270 (1974).)  See generally,  *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28

28  F.3d 704, 709 (7th Cir.1994) (explaining that the parties could have limited the arbitrator's power

                                            11

to award punitive damages because "parties can stipulate to whatever procedures they want to govern the arbitration of their disputes").

Provided that there is equal bargaining power between the parties when they enter into the arbitration agreement, the parties are free to establish their own procedures for what is to be arbitrated, and how the arbitration is to take place.

Arbitrators cannot ignore limits the parties place on their authority.  Just as arbitrators cannot ignore limits on which issues had been submitted by the parties for the arbitrators to decide, arbitrators also cannot ignore limits on how they are to decide those issues.  For example, if the parties agree that three arbitrators will decide the dispute by majority vote, then those three arbitrators cannot abdicate the decision making to just one of the arbitrators.  If the parties agree that their dispute will be decided by the arbitrators after an evidentiary hearing, the arbitrators cannot decide the dispute by playing a game of checkers.

Here, by incorporating the NASD Code of Arbitration Procedure, the parties agreed to the procedures the arbitrators were to follow in deciding this dispute.  Those procedural restrictions on the arbitrators are contained in the SEC-approved NASD Code of Arbitration Procedure.

NASD Rule 10303, which is incorporated in the arbitration agreement, provides:

> Any dispute, claim or controversy except as provided in Rule 10203 (Simplified Industry Arbitration) or Rule 10302 (Simplified Arbitration), **shall require a hearing** unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence.

NASD Rule 10303 (emphasis added).

Over petitioner's objection, the arbitrators did not hold a hearing, but instead resolved the matter solely upon the pleadings and documentary evidence.

Respondent's interpretation of the NASD rules – that arbitrators can dismiss arbitration proceedings without a hearing --  renders this particular rule surplusage.  If NASD arbitrators can dismiss a claim based solely on pleadings, motion papers, and documentary evidence attached to those papers even where one party objects to the arbitrators doing so, then the phrase in this rule,  "shall require a hearing",  is illusionary and  superfluous.

12

1    This SEC-approved rule means exactly what it says.  A hearing – not a prehearing

2    telephone conference call, but a hearing -- is required unless the parties agree otherwise.

3    **B. A Hearing Under NASD Rules Was Not Held**

4    The arbitrators did not hold a hearing on Mr. Knight's claim, as the term

5    "hearing" is used in the NASD Code.  Instead, the arbitrators decided Mr. Knight's claim based

6    solely on the pleadings, respondent's  motion, and arguments of counsel.

7    The prehearing conference call was not a hearing, as that term  is used in the

8    NASD Code.   No witnesses were sworn.  No documents were admitted into evidence.  No party

9    was given the opportunity to cross-examine other parties or witnesses.

10    The NASD Code specifies that a hearing is more than just a telephone conference

11    call between the arbitrators and counsel.   NASD rules  provide that "all parties and their counsel

12    shall be entitled to attend all hearings."  NASD Rule 10317.   The parties themselves were not

13    present at the telephone conference, only their counsel.  Had this been a hearing as required by

14    the Code, the parties would also have been present.

15    Further, the NASD Code  requires that a verbatim record be made of all hearings,

16    whereas there is no similar requirement for prehearing conferences.  If the telephone conference

17    here was in fact a hearing, the arbitrators were required to make a verbatim record of the

18    proceedings, whether by a stenographic reporter or by a tape recording.  NASD Rule 10326(a).

19    Here, there was no verbatim record made of the telephone conference.

20    The NASD Code requires witnesses to testify under oath. NASD Rule 10327.  No

21    witnesses were sworn in by the arbitrators.

22    Prior to an NASD hearing, the parties are required to identify witnesses and

23    exchange documents they intend to introduce as evidence.  NASD Rule  10321(c).  No such

24    exchange occurred here.

25    That the telephone conference with counsel was not a hearing is further reflected

26    in the fact that the arbitrators did not read the NASD-approved script for a hearing.  The NASD

27    provides a script for its arbitrators to use when opening a hearing.   Here, the arbitrators did not

28    read that script during the telephone conference.

13

1          Under the NASD Code's definition of a "hearing", no hearing was held here.

2          Mr. Knight is not claiming that the award should be set aside because there was

3  no verbatim record kept, or because there were no witnesses sworn.  Instead, the verbatim

4  recording,  witnesses, exchange of witness names and documents, are all indicia of an NASD

5  hearing.  All of those indicia are completely absent here,  which in turn compels the conclusion

6  that there was no NASD hearing held here, contrary to the requirements of the SEC-approved

7  NASD Code.

8          Petitioner clearly and unambiguously instructed  the arbitrators about his right to

9  a hearing,  and that the arbitrators were not empowered to dismiss his arbitration claim on

10  motion only, under SEC-approved NASD Code.    The arbitrators, however, manifestly

11  disregarded that right and exceeded their authority under the parties' arbitration agreement when

12  the panel granted respondent's motion to dismiss.

13  **C. The Cases Cited By Respondent Are Inapposite**

14          The only published and citable case on which respondent relies does not compel a

15  contrary conclusion.  In *Sheldon v Vermonty*, 269 F.3d 1202 (10th Cir. 2001), the court relied on

16  a provision in the NASD code that clearly is inapplicable here. NASD Rule 10214 – on which

17  the *Sheldon* court relies – applies only to statutory employment discrimination claims brought in

18  NASD arbitration.   See NASD rule 10210. As  Mr. Knight's  arbitration was not a statutory

19  employment discrimination claim,  NASD rule 10214 does not apply here.  *Sheldon* is therefore

20  inapposite.

21          Further, the *Sheldon* court apparently did not consider NASD rule 10305.  Rule

22  10305 specifically limits the circumstances under which arbitrators may dismiss a case (as

23  opposed to ruling on the merits).

24          In contrast, in *Prudential Securities, Inc. v. John B. Dalton,* 929 F.Supp. 1411

25  (N.D. Okla. 1996), a federal district court vacated an arbitration award that granted a motion to

26  dismiss.  The court found the arbitration panel "guilty of misconduct in refusing to hear evidence

27  pertinent and material to the controversy."  The Dalton court went on to explain its position as

28  follows:

14

1

2    The issue before the Court at this time is not who is ultimately
     going to prevail.  The issue is whether or not claimant Dalton
3    was granted a fair hearing under the Arbitration Code to offer
     evidence in support of his factual claims. As previously stated,
4    the Court concludes [that] by sustaining the motion to dismiss
     of Prudential the arbitration panel improperly denied claimant
5    the right to a fundamentally fair hearing.

6

7    *Id.* at 1418 (vacating NASD arbitration award and remanded to a new NASD arbitration panel).

8    See generally *Nearly v. The Prudential Insurance Company of America*, 63 F.Supp.2d 208, 210

9    (Dacono. 1999) (arbitrators' grant of summary judgment in favor of Prudential was in manifest

10   disregard of the law).

11          In their motion to confirm, respondent relies heavily  on this Court's unpublished

12   decision in *Fortier v. Morgan Stanley*,   U.S.Dist. Lexis 79027 (N.D. Cal. 2006) (another pre-

13   2007 unpublished order and opinion).  As is the case with the other unpublished orders cited by

14   respondent, respondent again fails to offer any evidence or argument as to why the *Fortier* order

15    should apply  here under the doctrines  of  law of the case, issue preclusion, or claim preclusion.

16          But even if the *Fortier* opinion was properly cited, it too is inapposite.

17   Respondent admits that in the arbitration underlying the *Fortier* case,  a hearing under the NASD

18   rules was in fact commenced, the claimant/petitioner was in fact sworn in, and

19   claimant/petitioner was in fact permitted to testify – none of which occurred in the prehearing

20   conference call in Mr. Knight's arbitration.

21           Further, in *Fortier*, all parties engaged in the prehearing exchange of witnesses

22   and documents,  there was a verbatim transcript of the proceedings, and the arbitrators read into

23   the record the opening script required by the NASD.  In Mr. Knight's arbitration, in contrast,

24   there was no prehearing exchange of witnesses and documents, there was no verbatim transcript

25   of the proceedings, and the arbitrators did not read the opening script required for hearings.

26          Because of these factual differences, the court's conclusion in  *Fortier* that a

27   hearing did take place does not mean, however, that a hearing was held in Mr. Knight's

28   arbitration.

15

1     Similarly uncitable as well as inapposite is the order in *Allen v. RBC Dain*

2 *Rauscher, Inc.* 2006 WL 1303119 (W.D.Wash. 2006) (cited by respondent on page 8 of its

3 motion).  There, the court observed  that the parties had not provided an explanation as to what

4 constitutes a hearing – which stands in stark contrast to the situation here, where Mr. Knight has

5 presented exactly what constitutes a hearing under the NASD Code.

6     Similarly, the courts in the unpublished orders in *Goldman Sachs v Patel*, 1999

7 NY Misc. Lexis 681 (from New York state court) and *Vento v Quick & Reilly* 2005 U.S.App.

8 Lexis 6986 (10th Cir.  2005),  failed to reconcile the requirement of a hearing with the prohibition

9 on deciding claims based only on pleadings and documentary evidence contained in NASD rule

10 10305.   Even if they were citable, those orders are simply not persuasive.

11     Respondent's reliance on the unpublished orders in  *Cartwright v. Roxbury*

12 *Capital Management, LLC*,  2007 WL 1303033 (M.D.Fla., 2007), *Edward Mellon Trust v. UBS*

13 *Painewebber, Inc.* 2006 WL 3227826; *Grosso v. Salomon Smith Barney*, 2003 WL 22657305,

14 and *Pena v. Barbieri*  1998 W.L. 181818 (E.D. Pa. 1998) is similarly misplaced, as they are not

15 persuasive on the issue as to whether a hearing was held in Mr. Knight's arbitration that

16 comported with the requirements of the NASD Code.  For example, Mr. Knight does not contend

17 that the arbitration award should be set aside only because there was no verbatim transcript of

18 the proceedings.  Instead, the lack of a verbatim transcript is only one of several indicia of what

19 constitutes a hearing under the NASD Code.

20     As to witness lists and document exchange, the parties' behavior (as described by

21 respondent's counsel at page 14 of respondent's motion to confirm) demonstrates that neither

22 side thought that the prehearing telephone call with the arbitrators was a hearing.  Merrill

23 Lynch's failure to engage in an exchanged of witnesses reveals that it did not believe that the

24 telephone conference constituted a hearing.

25     Finally, respondent's reliance on The Arbitrators Manual section on eligibility is

26 also misplaced (respondent's motion, p. 17).  Simply because arbitrators can rule on whether a

27 claim is eligible under NASD rules (which provides that a claim has to be filed in arbitration

28 within six years)  does not mean that the arbitrators can dismiss without a hearing a claim that

16

1    purportedly does not comply with California's Code of Civil Procedure.  The two questions are

2    obviously not linked.

3            In sum, Mr. Knight did not have a hearing to which is entitled and to which the

4    parties agreed he would have, pursuant to the NASD Code.   Dismissing his claim after a

5    prehearing telephone conference call and based on the pleadings, documentary evidence and

6    argument of counsel is not allowed under the NASD Code.  By doing so, the arbitrators

7    manifestly disregarded the law, as well as acted in excess of their authority.

8                                 **CONCLUSION**

9            As demonstrated above, there are three separate grounds for vacating the

10    arbitration award, and thereby denying Merrill Lynch's motion to confirm the award.

11            First, the arbitrators manifestly disregarded the law by explicitly refusing to

12    apply the four-year time period under California law for court actions arising out of obligations

13    based on an instrument in writing, but instead applying a shorter time period.

14            Second,  the arbitrators manifestly disregarded the law by explicitly applying

15    statute of limitations in the arbitration that apply only in court actions.

16            Third,  the arbitrators manifestly disregarded the law and exceeded their authority

17    by not holding a NASD hearing on petitioner's arbitration claim, as the term "hearing" is defined

18    in the SEC-approved NASD Code of Arbitration Procedure.

19            The award should therefore be vacated and Merrill Lynch's motion denied,  and a

20    new hearing on Mr. Knight's claim be ordered before a new panel of NASD arbitrators.

21                          Respectfully submitted,
22                          Law Offices of Timothy A. Canning

23

24    Dated:  August 17, 2007              By:_____/s/_____
25                                         Timothy A. Canning
                                           Attorney for Petitioner Robert Knight
26

27

28

                                      17