1  TIMOTHY A. CANNING,   Cal. State Bar No. 148336
2  Law Offices of Timothy A. Canning
   1125 16th St., Suite 204
3  PO Box 4201
   Arcata, CA 95518
4  (707) 822-1620;  Fax: (707) 760-3523
   tc@tclaws.com
5
6  Attorney for Petitioner Robert J. Knight
7
8             IN THE UNITED STATES DISTRICT COURT
9
10        FOR THE NORTHERN DISTRICT OF CALIFORNIA
11              SAN FRANCISCO DIVISION

12  In the matter of the arbitration between      |    Case No. CV 07-02753
                                                  |
13  ROBERT J. KNIGHT,                             |    PETITIONER KNIGHT'S REQUEST
                                                  |    FOR JUDICIAL NOTICE IN SUPPORT
14                 Petitioner                     |    OF PETITION TO VACATE
                                                  |    ARBITRATION AWARD AND IN
15  and                                           |    OPPOSITION TO MOTION TO
                                                  |    CONFIRM ARBITRATION AWARD
16  MERRILL LYNCH, PIERCE, FENNER &               |
17  SMITH, INC.                                   |    Date:  September 7, 2007
                                                  |    Time:  10:00 am
18                 Respondent                     |    Courtroom:    1
19  _____/
20
21              Petitioner Robert J. Knight, by and through its attorney, hereby requests the Court

22  to take judicial notice pursuant to Federal Rule of Evidence 201 of the following:

23              1.  The NASD Code of Arbitration Procedure, as was in effect prior to April 16,

24  2007 and which governed the arbitration which is the subject of this action, a true and correct

25  copy of which is attached hereto as Exhibit A;

26              2.  Excerpts from The NASD Dispute Resolution Arbitrator's Reference Guide,

27  National Edition, dated March 6, 2006,  pages 1 through 5 and 44 through 68,   true and correct

28  copies of which are attached hereto as Exhibit B.

                                                                              -- 1 --

1    The material for which judicial notice is requested is relevant to this proceeding,

2  in that both parties have referred to this material in their respective memoranda of points and

3  authorities.   This material is not subject to reasonable dispute and is capable of accurate and

4  ready determination by reference to the NASD's  website (now known as FINRA), from which

5  the attached publications were obtained (http://www.finra.org/ArbitrationMediation/index.htm) ,

6  a source whose accuracy cannot be reasonably questioned.

7                                      Respectfully Submitted,

8

9                                      Law Offices of Timothy A. Canning

10

11

12  Dated:   August  24, 2007              By:_____/S/_____

13                                          Timothy A. Canning
                                           Attorney for Petitioner Robert J. Knight

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## NASD Code of Arbitration

- 10100. Administrative Provisions
  - IM-10100. Failure to Act Under Provisions of Code of Arbitration Procedure
  - 10101. Matters Eligible for Submission
  - 10102. National Arbitration and Mediation Committee
  - 10103. Director of Arbitration
  - 10104. Composition and Appointment of Panels
  - 10105. Non-Waiver of Association Objects and Purposes
  - 10106. Legal Proceedings
- 10200. Industry and Clearing Controversies
  - 10201. Required Submission
  - 10202. Composition of Panels
  - 10203. Simplified Industry Arbitration
  - 10204. Applicability of Uniform Code
  - 10205. Schedule of Fees for Industry and Clearing Controversies
  - 10210. Statutory Employment Discrimination Claims
- 10300. Uniform Code of Arbitration
  - 10301. Required Submission
  - 10302. Simplified Arbitration
  - 10303. Hearing Requirements — Waiver of Hearing
  - 10304. Time Limitation Upon Submission
  - 10305. Dismissal of Proceedings
  - 10306. Settlements
  - 10307. Tolling of Time Limitation(s) for the Institution of Legal Proceedings and Extension of Time Limitation(s) for Submission to Arbitration
  - 10308. Selection of Arbitrators
  - 10309. Composition of Panels
  - 10310. Notice of Selection of Arbitrators
  - 10311. Peremptory Challenge
  - 10312. Disclosures Required of Arbitrators and Director's Authority to Disqualify
  - 10313. Disqualification or Other Disability of Arbitrators
  - 10314. Initiation of Proceedings
  - 10315. Determination of Hearing Location
  - 10316. Representation by Counsel
  - 10317. Attendance at Hearings
  - 10318. Failure to Appear
  - 10319. Adjournments
  - 10320. Acknowledgement of Pleadings
  - 10321. General Provisions Governing Pre-Hearing Proceedings
  - 10322. Subpoenas and Power to Direct Appearances
  - 10323. Evidence
  - 10324. Interpretation of Provisions of Code and Enforcement of Arbitrator Rulings
  - 10325. Determination of Arbitrators
  - 10326. Record of Proceedings
  - 10327. Oaths of the Arbitrators and Witnesses
  - 10328. Amendments
  - 10329. Reopening of Hearings
  - 10330. Awards
  - 10331. Incorporation by Reference
  - 10332. Schedule of Fees for Customer Disputes
  - 10333. Member Surcharge and Process Fees

- 10334. Direct Communication Between Parties and Arbitrators
- 10335. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief

- 10400. NASD Code of Mediation Procedure
  - 10401. Definitions.
  - 10402. Applicability of Code
  - 10403. National Arbitration and Mediation Committee
  - 10404. Director of Mediation
  - 10405. Mediation Under the Code
  - 10406. Effect of Mediation on Arbitration Proceedings
  - 10407. Mediator Selection
  - 10408. Limitation on Liability
  - 10409. Mediation Ground Rules
  - 10410. Mediation Fees

## 10000. Code of Arbitration Procedure
### 10100. Administrative Provisions
#### IM-10100. Failure to Act Under Provisions of Code of Arbitration Procedure

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the NASD Code of Arbitration Procedure as required by that Code;

(b) fail to comply with any injunctive order issued pursuant to Rule 10335;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the NASD Code of Arbitration Procedure;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the procedures specified by the National Association of Securities Dealers, Inc., the New York, American, Boston, Cincinnati, Chicago, or Philadelphia Stock Exchanges, the Pacific Exchange, Inc., the Chicago Board Options Exchange, the Municipal Securities Rulemaking Board, or pursuant to the rules applicable to the arbitration of disputes before the American Arbitration Association or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by the National Association of Securities Dealers, Inc.

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

Action by members requiring associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure shall constitute conduct that is inconsistent with just and equitable principles of trade and a violation of Rule 2110.

Amended by SR-NASD-2005-070 eff. June 13, 2005.
Amended by SR-NASD-2004-126 eff. September 30, 2004 (extending the effectiveness of paragraph (f) to March 31, 2005).
Amended by SR-NASD-2004-40 eff. March 31, 2004.
Amended by SR-NASD-2003-153 eff. Oct. 6, 2003.
Amended by SR-NASD-2003-106 eff. July 14, 2003.
Amended by SR-NASD-2003-64 eff. March 31, 2003.
Amended by SR-NASD-2002-126 eff. September 30, 2002.
Amended by SR-NASD-99-19 eff. May 17, 1999.
Amended by SR-NASD-93-38 eff. Jan. 3, 1996.
Amended by SR-NASD-95-20 eff. Oct. 2, 1995.
Amended by SR-NASD-90-62 eff. May 7, 1991.
Amended by SR-NASD-90-03 eff. June 18, 1990.
Amended July 1, 1987.
Adopted eff. May 1, 1973.

**Selected Notices to Members:** 95-76, 02-68.

## 10101. Matters Eligible for Submission

This Code of Arbitration Procedure is prescribed and adopted pursuant to Article VII, Section 1(a)(iv) of the By-Laws of the Association for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member, with the exception of disputes involving the insurance business of any member which is also an insurance company:

      (a) between or among members;

      (b) between or among members and associated persons;

      (c) between or among members or associated persons and public customers, or others; and

      (d) between or among members, registered clearing agencies with which the Association has entered into an agreement to utilize the Association's arbitration facilities and procedures, and participants, pledgees, or other persons using the facilities of a registered clearing agency, as these terms are defined under the rules of such a registered clearing agency.

Amended by SR-NASD-98-86 eff. Nov. 19, 1998.
Amended eff. May 7, 1991 and Oct. 1, 1993.

**Selected Notice to Members:** 93-64.

## 10102. National Arbitration and Mediation Committee

(a) The NASD Dispute Resolution Board of Directors, following the annual election of its members by the NASD Board of Governors, shall appoint a National Arbitration and Mediation Committee of such size and composition, including representation from the public at large, as it shall deem appropriate and in the public interest. The Chairman of the Committee shall be named by the Chairman of the NASD Dispute Resolution Board. The said Committee shall establish and maintain rosters of neutrals composed of persons from within and without the securities industry.

      (b) The Committee shall have the authority to recommend to the NASD Dispute Resolution Board appropriate Rules, regulations, and procedures to govern the conduct of all arbitration matters, mediation, and other dispute resolution, mediation, and other dispute resolution before the Association. All Rules, regulations, and procedures and amendments thereto presented by the Committee must be by a majority vote of all the members of the said Committee. It also shall have such other power and authority as is necessary to effectuate the purposes of this Code.

(c) The Committee shall meet at least once each year and at such other times as are deemed necessary by the Committee.

---

Amended by SR-NASD-99-21 eff. July 9, 2000.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-94-77 eff. Feb. 8, 1995.

**Selected Notices to Members:** 98-90.

---

## 10103. Director of Arbitration

The Board of Governors of the Association shall appoint a Director of Arbitration (Director) who shall be charged with the performance of all administrative duties and functions in connection with matters submitted for arbitration pursuant to this Code. The Director shall be directly responsible to the National Arbitration and Mediation Committee and shall report to it at periodic intervals established by the Committee and at such other times as called upon by the Committee to do so. The duties and functions of the Director may be delegated by the Director, as appropriate. In the event of the incapacitation, resignation, removal, or other permanent or indefinite inability of the Director to perform the duties and responsibilities of the Director, the President or an Executive Vice President of the Association may appoint an interim Director.

---

Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-94-77 eff. Feb. 8, 1995.

**Selected Notices to Members:** 98-90.

---

## 10104. Composition and Appointment of Panels

Except as otherwise specifically provided in Rule 10308, the Director shall compose and appoint panels of arbitrators from the existing pool of arbitrators of the Association to conduct the arbitration of any matter which shall be eligible for submission under this Code.

---

Amended by SR-NASD-98-48 eff. Nov. 17, 1998.

**Selected Notices to Members:** 98-90.

---

■

## IM-10104. Arbitrators' Honorarium

(a)  All persons selected to serve as arbitrators pursuant to the Association's Code of Arbitration Procedure shall be paid an honorarium for each hearing session (including a prehearing conference) in which they participate.

(b)  The honorarium shall be $200 for each hearing session and $75 per day additional honorarium to the chairperson of the panel. The honorarium for a case not requiring a hearing shall be $125.

(c)  The honorarium for travel to a canceled hearing session shall be $50. If a hearing session other than a prehearing conference is adjourned pursuant to Rule 10319(d), each arbitrator shall receive an additional honorarium of $100.

(d)  The Director may authorize a higher or additional honorarium for the use of a foreign hearing location.

(e) Payment for Deciding Discovery-Related Motions Without a Hearing Session

(1) NASD will pay each arbitrator an honorarium of $200 to decide a discovery-related motion without a hearing session. This paragraph does not apply to cases administered under Rules 10203 and 10302.

(2) For purposes of paragraph (e)(1), a discovery-related motion and any replies or other correspondence relating to the motion shall be considered to be a single motion.

(3) The panel will allocate the cost of the honoraria under paragraph (e)(1) to the parties pursuant to Rules 10205(c) and 10332(c).

(f)  Payment for Deciding Contested Subpoena Requests Without a Hearing Session

(1) The honorarium for deciding one or more contested motions requesting the issuance of a subpoena without a hearing session shall be $200.  The honorarium shall be paid on a per case basis to each arbitrator who decides the contested motion(s).  The parties shall not be assessed more than $600 in fees under this paragraph in any arbitration proceeding.  The honorarium shall not be paid for cases administered under Rules 10203 and 10302.

(2) For purposes of paragraph (f)(1), a contested motion requesting the issuance of a subpoena shall include a motion requesting the issuance of a subpoena, the draft subpoena, a written objection from the party opposing the issuance of the subpoena, and any other documents supporting a party's position.

(3) The panel will allocate the cost of the honorarium under paragraph (f)(1) to the parties pursuant to Rules 10205(c) and 10332(c).

---

Amended by SR-NASD-2006-101 eff. April 2, 2007.
Amended by SR-NASD-2005-052 eff. Sept. 26, 2005.
Amended by SR-NASD-2004-042 eff. June 6, 2005.
Amended by SR-NASD-2003-164 eff. Aug. 16, 2004.
Amended by SR-NASD-99-23 eff. March 18, 1999.
Amended by SR-NASD-97-79 eff. March 18, 1999.
Amended eff. May 30, 1980; Feb. 8, 1982; Jan. 14, 1987.
Adopted eff. June 14, 1977.

**Selected Notice to Members:** 99-23, 04-53, 05-35, 05-55.

---

## 10105. Non-Waiver of Association Objects and Purposes

The submission of any matter to arbitration under this Code shall in no way limit or preclude any right, action or determination by the Association which it would otherwise be authorized to adopt, administer or enforce. If any matter comes to the attention of an arbitrator during and in connection with the arbitrator's participation in a proceeding, either from the record of the proceeding or from material or communications related to the proceeding, that the arbitrator has reason to believe may constitute a violation of the Association's Rules or the federal securities laws, the arbitrator may initiate a referral of the matter to the Association for disciplinary investigation; provided, however, that any such referral should only be initiated by an arbitrator after the matter before him has been settled or otherwise disposed of, or after an award finally disposing of the matter has been rendered pursuant to Rule 10330 of the Code.

---

Amended by SR-NASD-93-75 eff. Aug. 15, 1994.

---

## 10106. Legal Proceedings

No party shall, during the arbitration of any matter, prosecute or commence any suit, action, or proceeding against any other party touching upon any of the matters referred to arbitration pursuant to this Code.

---

**Selected Notices to Members:** 84-71, 94-61.

---

## 10200. Industry and Clearing Controversies
## 10201. Required Submission

(a) Except as provided in paragraph (b) or Rule 10216, a dispute, claim, or controversy eligible for submission under the Rule 10100 Series between or among members and/or associated persons,

and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), or arising out of the employment or termination of employment of such associated person(s) with such member, shall be arbitrated under this Code, at the instance of:

(1) a member against another member;

(2) a member against a person associated with a member or a person associated with a member against a member; and

(3) a person associated with a member against a person associated with a member.

(b) A claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute is not required to be arbitrated. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose.

(c) Any dispute, claim or controversy involving an act or failure to act by a clearing member; a registered clearing agency; or participants, pledgees, or other persons using the facilities of a registered clearing agency, under the rules of any registered clearing agency with which the Association has entered into an agreement to utilize the Association's arbitration facilities and procedures shall be arbitrated in accordance with such agreement and the rules of such registered clearing agency.

---

Amended by SR-NASD-99-08 eff. Jan. 18, 2000.
Amended by SR-NASD-97-77 eff. Jan. 1, 1999.
Amended eff. Oct. 1, 1993.

**Selected Notice to Members:** 99-96, 98-56.

---

## 10202. Composition of Panels

(a) In disputes subject to arbitration that arise out of the employment or termination of employment of an associated person, and that relate exclusively to disputes involving employment contracts, promissory notes or receipt of commissions, the panel of arbitrators shall be appointed as provided by paragraph (b)(1) or (2) or Rule 10203, whichever is applicable. In all other disputes arising out of the employment or termination of employment of an associated person, the panel of arbitrators shall be appointed as provided by Rule 10212, 10302 or 10308, whichever is applicable.

**(b)(1) Composition of Arbitration Panel**

**(A) Claims of $50,000 or Less**

If the amount of a claim is $50,000 or less, the Director shall appoint an arbitration panel composed of one non-public arbitrator, unless the parties agree to the appointment of a public arbitrator.

(i) If the amount of a claim is $25,000 or less and an arbitrator appointed to the case requests that a panel of three arbitrators be appointed, the Director shall appoint an arbitration panel composed of three non-public arbitrators, unless the parties agree to a different panel composition.

(ii) If the amount of a claim is greater than $25,000 and not more than $50,000 and a party in its initial filing or an arbitrator appointed to the case requests that a panel of three arbitrators be appointed, the Director shall appoint an arbitration panel composed of three non-public arbitrators, unless the parties agree to a different panel composition.

**(B) Claims of More than $50,000**

If the amount of a claim is more than $50,000, the Director shall appoint an arbitration panel composed of three non-public arbitrators, unless the parties agree to a different panel composition.

(2) Except as otherwise provided in paragraph (a), in all arbitration matters between or among members and/or persons associated with members and where the amount in controversy exceeds $50,000, exclusive of attendant costs and interest, a panel shall consist of three arbitrators, all of whom shall be non-public arbitrators.

(c) In proceedings relating to injunctions under Rule 10335, the provisions of Rule 10335 shall supersede the provisions of this Rule.

(d) Except as otherwise provided in this Rule or Rule 10203, the provisions of Rule 10308 shall apply to intra-industry disputes.

---

Amended by SR-NASD-99-08 eff. Jan. 18, 2000.
Amended by SR-NASD-98-64 eff. Nov. 17, 1998.
Amended by SR-NASD-97-22 eff. Nov. 17, 1998.
Amended eff. May 10, 1989 and Oct. 1, 1993.

**Selected Notices to Members:** 93-64; 98-90; 99-96.

---

## 10203. Simplified Industry Arbitration

(a) Any dispute, claim, or controversy arising between or among members or associated persons submitted to arbitration under this Code involving a dollar amount not exceeding $25,000, exclusive of attendant costs and interest, shall be resolved by an arbitration panel constituted pursuant to the provisions of subparagraph (1) hereof solely upon the pleadings and documentary evidence filed by the parties, unless one of the parties to the proceeding files with the Office of the Director of Arbitration within ten (10) business days following the filing of the last pleading a request for a hearing of the matter.

(1) In any proceeding pursuant to this Rule, an arbitration panel shall consist of a single non-public arbitrator.

(2) Notwithstanding the provisions of this Rule, any member of an arbitration panel constituted pursuant to this Rule shall be authorized to request the submission of further documentary evidence in a proceeding and any such panel may by majority vote call and conduct a hearing if such is deemed to be necessary.

(b) All awards rendered in proceedings pursuant to paragraph (a) hereof shall be made within thirty (30) business days from the date the arbitrators review all of the written statements, documents and other evidentiary material filed by the parties and have declared the matter closed.

---

Amended by SR-NASD-98-64 eff. Nov. 17, 1998.
Amended by SR-NASD-97-22 eff. Nov. 17, 1998.
Amended eff. May 10, 1989.

**Selected Notice to Members:** 98-90.

---

## 10204. Applicability of Uniform Code

Except as otherwise provided in the Rule 10200 Series, the Rules and procedures applicable to arbitrations concerning industry and clearing controversies shall be those set forth hereinafter under the Rule 10300 Series.

## 10205. Schedule of Fees for Industry and Clearing Controversies

(a) At the time of filing a Claim, Counterclaim, Third-Party Claim, or Cross-Claim in an industry or clearing controversy which is required to be submitted to arbitration before the Association as set forth in Rule 10201, above, a party who is a member shall pay a non-refundable filing fee and shall remit a hearing session deposit to the Association in the amounts stated in paragraph (k) unless such fee or deposit is specifically waived by the Director of Arbitration. A party who is an associated person shall pay a non-refundable filing fee and shall pay a hearing session deposit in the amounts specified for customer claimants in Rule 10332. If the associated person is a joint claimant with a member, the member shall pay a non-refundable filing fee and shall pay a hearing session deposit in the amounts specified in paragraph (k) of this Rule. Where multiple hearing sessions are required, the arbitrator(s) may require any of the parties to make additional hearing deposits for each additional hearing session. In no event shall the amount deposited by all parties per hearing session exceed the amount of the largest initial hearing deposit made by any party under paragraph (k) below.

(b) A hearing session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with an arbitrator, which lasts four (4) hours or less. The forum fee for a pre-hearing conference with an arbitrator shall be the amount set forth in paragraph (k) below as a hearing session deposit for a hearing with a single arbitrator.

(c) The arbitrators, in their award, shall determine the amount chargeable to the parties as forum fees and shall determine who shall pay such forum fees. Forum fees chargeable to the parties shall be assessed on a per hearing session basis and the aggregate for each hearing session may equal but shall not exceed the amount of the largest initial hearing deposit deposited by any party, except in a case where claims have been joined subsequent to filing in which case hearing session fees shall be computed as provided in paragraph (d). The arbitrator(s) may determine in the award that a party shall reimburse to another party any non-refundable filing fee it has paid. Amounts deposited by a party shall be applied against forum fees, if any. In addition to forum fees, the arbitrator(s) may determine in the award the amount of costs incurred pursuant to Rules 10319, 10321, 10322, and 10326 and, unless applicable law directs otherwise, other costs and expenses of the parties and arbitrator(s) which are within the scope of the agreement of the parties. The arbitrator(s) shall determine by whom such costs shall be borne. If the hearing session fees are not assessed against a party who had made a hearing deposit, the hearing deposit will be refunded unless the arbitrators determine otherwise.

(d) For claims filed separately which are subsequently joined or consolidated under Rule 10314(d) of this Code, the hearing deposit and forum fees assessable per hearing session after joinder or consolidation shall be based on the cumulative amount in dispute. The arbitrator(s) shall determine by whom such fees shall be borne.

(e) If the dispute, claim, or controversy does not involve, disclose, or specify a money claim, the non-refundable filing fee assessed on a party who is a member shall be $500. If the dispute, claim, or controversy does not involve, disclose, or specify a money claim, the hearing session deposit to be remitted by a party shall be $1000. These amounts may be adjusted by the Director of Arbitration or the panel of arbitrators may require the maximum amount specified in the schedule.

(f) The Association shall retain the total initial amount deposited as hearing session deposits by all the parties in any matter submitted and settled and withdrawn within eight business days of the first scheduled hearing session other than a pre-hearing conference.

(g) Any matter submitted and thereafter settled or withdrawn subsequent to the commencement of the first hearing session, including a pre-hearing conference with an arbitrator, shall be subject to an assessment of forum fees and costs incurred pursuant to Rules 10319, 10321, 10322, and 10326 based on hearing sessions held and scheduled within eight business days after the Association receives notice that the matter has been settled or withdrawn. The arbitrator(s) shall determine by whom such fees and costs shall be borne.

(h) In each industry or clearing controversy which is required to be submitted to arbitration before the Association as set forth in Rule 10201, above, where interim injunctive relief is requested or where a court has issued a temporary injunction and a party requests expedited

proceedings, a total non-refundable surcharge of $2,500 shall be paid by the party or parties requesting the expedited proceedings as provided in Rule 10335. For purposes of this Rule, where expedited proceedings are mandated by Rule 10335(g), the party that sought and was granted injunctive relief by a court shall be deemed a party requesting expedited proceedings. These surcharge fees shall be in addition to all other non-refundable filing fees, hearing deposits, or costs which may be required. The arbitrator may determine that a party shall reimburse another party for any non-refundable surcharge it has paid.

(i) Reserved

(j) Reserved

(k) Schedule of Fees

| Schedule of Fees | | | | |
|---|---|---|---|---|
| | | | Hearing Session Deposit | |
| Amount in Dispute (Exclusive of Interest and Expenses) | Claim Filing Fee | Deposit for Cases to be Decided on the Paper Record | One Arbitrator[1] | Three Arbitrators[2] |
| $.01–$1,000 | $ 200 | $ 25 | $ 25 | NA |
| $1,000.01–$2,500 | $ 300 | $ 50 | $ 50 | NA |
| $2,500.01–$5,000 | $ 400 | $ 125 | $ 125 | NA |
| $5,000.01–$10,000 | $ 500 | $ 250 | $ 250 | NA |
| $10,000.01–$25,000 | $ 750 | $ 300 | $ 450 | NA |
| $25,000.01–$30,000 | $1,000 | NA | $ 450 | $ 600 |
| $30,000.01–$50,000 | $1,000 | NA | $ 450 | $ 600 |
| $50,000.01–$100,000 | $1,000 | NA | $ 450 [3] | $ 750 |
| $100,000.01–$500,000 | $1,000 | NA | $ 450 [4] | $1,125 |
| $500.000.01–$1,000,000 | $1,250 | NA | $ 450 [4] | $1,200 |
| $1,000,000.01–$5,000,000 | $2,000 | NA | $ 450 [4] | $1,200 |
| $5,000,000.01–$10,000,000.00 | $2,500 | NA | $ 450 [4] | $1,200 |
| Over $10,000,000 | $5,000 | NA | $ 450 [4] | $1,200 |

[1] The dispute is resolved by one arbitrator per hearing session, including pre-hearing conferences.

[2] The dispute is resolved by three arbitrators per hearing session.

[3] Fee applies only to pre-hearing conferences with a single arbitrator and to disputes resolved by one arbitrator per hearing session under the Rule 10210 Series.

[4] Fee applies only to pre-hearing conferences with a single arbitrator.

Amended by SR-NASD-2000-65 eff. Dec. 30, 2000.
Amended by SR-NASD-2000-11 eff. Nov. 1, 2000.
Amended by SR-NASD-99-23 eff. March 18, 1999.
Amended by SR-NASD-97-79 eff. March 18, 1999.

Amended by SR-NASD-95-25 eff. Aug. 1, 1995.
Amended by SR-NASD-94-10 eff. May 2, 1995.
Amended by SR-NASD-94-75 eff. Jan. 1, 1995.
Amended by SR-NASD-90-03 eff. June 18, 1990.
Added eff. May 10, 1989.

**Selected Notices to Members:** 99-23; 99-96.

## 10210. Statutory Employment Discrimination Claims

The Rule 10210 Series shall apply only to disputes that include a claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute. The Rule 10210 Series shall supersede any inconsistent Rules contained in this Code.

Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.

**Selected Notice to Members:** 99-96.

▪ ## 10211. Special Arbitrator Qualifications for Employment Discrimination Disputes

**(a) Minimum Qualifications for All Arbitrators**

Only arbitrators classified as public arbitrators as provided in Rule 10308 shall be selected to consider disputes involving a claim of employment discrimination, including a sexual harassment claim, in violation of a statute.

**(b) Single Arbitrators or Chairs of Three-Person Panels**

(1) Arbitrators who are selected to serve as single arbitrators or as chairs of three-person panels should have the following additional qualifications:

(A) law degree (Juris Doctor or equivalent);

(B) membership in the Bar of any jurisdiction;

(C) substantial familiarity with employment law; and

(D) ten or more years of legal experience, of which at least five years must be in either:

(i) law practice;

(ii) law school teaching;

(iii) government enforcement of equal employment opportunity statutes;

(iv) experience as a judge, arbitrator, or mediator; or

(v) experience as an equal employment opportunity officer or in-house counsel of a corporation.

(2) In addition, a chair or single arbitrator with the above experience may not have represented primarily the views of employers or of employees within the last five years. For purposes of this Rule, the term "primarily" shall be interpreted to mean 50% or more of the arbitrator's business or professional activities within the last five years.

**(c) Waiver of Special Qualifications**

If all parties agree, after a dispute arises, they may waive any of the qualifications set forth in paragraph (a) or (b) above.

> Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.
>
> **Selected Notice to Members:** 99-96.

# 10212. Composition of Panels

For disputes involving a claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute:

(a) Each panel shall consist of either a single public arbitrator or three public arbitrators qualified under Rule 10211, unless the parties agree to a different panel composition.

(b) A single arbitrator shall be appointed to hear claims for $100,000 or less.

(c) A panel of three arbitrators shall be appointed to hear claims for more than $100,000, unless the parties agree to have their case determined by a single arbitrator.

> Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.
>
> **Selected Notice to Members:** 99-96.

# 10213. Discovery

(a) Necessary pre-hearing depositions consistent with the expedited nature of arbitration shall be available.

(b) The provisions of Rule 10321 shall apply to proceedings under this Rule 10210 Series.

> Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.
>
> **Selected Notice to Members:** 99-96.

# 10214. Awards

The arbitrator(s) shall be empowered to award any relief that would be available in court under the law. The arbitrator(s) shall issue an award setting forth a summary of the issues, including the type(s) of dispute(s), the damages or other relief requested and awarded, a statement of any other issues resolved, and a statement regarding the disposition of any statutory claim(s).

> Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.
>
> **Selected Notice to Members:** 99-96.

# 10215. Attorneys' Fees

The arbitrator(s) shall have the authority to provide for reasonable attorneys' fee reimbursement, in whole or in part, as part of the remedy in accordance with applicable law.

> Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.
>
> **Selected Notice to Members:** 99-96.

- ### 10216. Coordination of Claims Filed in Court and in Arbitration

**(a) Option to Combine Related Claims in Court**

(1)(A) If a current or former associated person of a member files a statutory discrimination claim in court against a member or its associated persons, and asserts related claims in arbitration at the Association against some or all of the same parties, a respondent who is named in both proceedings shall have the option to move to compel the claimant to bring the related arbitration claims in the same court proceeding in which the statutory discrimination claim is pending, to the full extent to which the court will accept jurisdiction over the related claims.

(B) The respondent shall notify the claimant in writing, before the time to answer under Rule 10314 has expired, that it is exercising this option and shall file a copy of such notification with the Director. If the respondent files an answer without having exercised this option, it shall have waived its right to move to compel the claimant to assert related claims in court, except as provided in paragraph (b).

(2)(A) If a member or current or former associated person of a member ("party") has a pending claim in arbitration against a current or former associated person of a member and the current or former associated person thereafter asserts a related statutory employment discrimination claim in court against the party, the party shall have the option to assert its pending arbitration claims and any counterclaims in court.

(B) The party shall notify the current or former associated person in writing, before filing an answer to the complaint in court, that it is exercising this option and shall file a copy of such notification with the Director. If the party files an answer in court without having exercised this option, it shall have waived its right to assert the pending arbitration claim in court.

(C) The party may not exercise this option after the first hearing has begun on the arbitration claim.

**(b) Option Extended When Claim is Amended**

(1) If the claimant files an amended Statement of Claim adding new claims not asserted in the original Statement of Claim, a respondent named in the amended Statement of Claim shall have the right to move to compel the claimant to assert all related claims in the same court proceeding in which the statutory discrimination claim is pending, to the full extent that the court will accept jurisdiction over the related claims, even if those related claims were asserted in the original Statement of Claim.

(2) The respondent shall notify the claimant in writing, before the time to answer the amended Statement of Claim under Rule 10314 has expired, that it is exercising this option and shall file a copy of such notification with the Director. If the respondent files an answer to the amended Statement of Claim without having exercised this option, it shall have waived its right to move to compel the claimant to assert related claims in court.

**(c) Requirement to Combine All Related Claims**

If a party elects to require a current or former associated person to assert all related claims in court, the party shall assert in the same court proceeding all related claims that it has against the associated person to the full extent to which the court will accept jurisdiction over the related claims.

### (d) Right of Respondent to Remain in Arbitration

(1) If there are multiple respondents and a respondent has exercised an option under paragraph (a) or (b), but another respondent wishes to have the claims against it remain in arbitration, then any remaining party may apply for a stay of the arbitration proceeding.

(2) The arbitration shall be stayed unless the arbitration panel determines that the stay will result in substantial prejudice to one or more of the parties. If a panel has not been appointed, the Director shall appoint a single arbitrator to consider the application for a stay. Such single arbitrator shall be selected using the Neutral List Selection System (as defined in Rule 10308) and is not required to have the special employment arbitrator qualifications described in Rule 10211.

### (e) Pre-Filing Certification

(1) Prior to or concurrently with filing a Statement of Claim, a claimant may file with the Director a certification that it had communicated unsuccessfully with the respondent concerning the consolidation of all claims in court prior to filing a Statement of Claim, in an effort to save the expense of arbitration fees. A copy of such certification shall be sent to the respondent at the same time and in the same manner as the filing with the Director.

(2) If, after a certification has been filed, all the respondents later exercise the option to consolidate all claims in court, the Director will return the claimant's filing fee and any hearing session deposits for hearings that have not been held, but will retain the member surcharge and any accrued member process fees. If there are any remaining respondents, the filing fee and any hearing deposits will be adjusted to correspond to the claims against the remaining respondents.

### (f) Motion to Compel Arbitration

If a member or a current or former associated person of a member files in court a claim against a member or a current or former associated person of a member that includes matters that are subject to mandatory arbitration, either by the rules of the Association or by private agreement, the defending party may move to compel arbitration of the claims that are subject to mandatory arbitration.

### (g) Definitions

For purposes of this Rule:

(1) The term "related claim" shall mean any claim that arises out of the employment or termination of employment of an associated person.

(2) The term "statutory discrimination claim" means a claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute.

---

Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.

**Selected Notice to Members:** 99-96.

---

### ▪  10217. Fees

(a) For any claim of statutory employment discrimination submitted to arbitration that is subject to a predispute arbitration agreement, a party who is a current or former associated person shall pay a non-refundable filing fee according to the schedule of fees set forth in Rule 10332, provided that:

(1) In no event shall such a person pay more than $200 for a filing fee;

(2) A member that is a party to such an arbitration proceeding under this rule shall pay the remainder of all applicable arbitration fees set forth in Rule 10332; and

(3) No party shall be required to remit a hearing session deposit.

(b) The arbitration fees described in paragraph (a)(2) are not subject to allocation in the award. The panel, however, may assess to a party who is a current or former associated person those costs incurred under Rules 10319, 10321, 10322, and 10326.

Adopted by SR-NASD-2005-046 eff. Jan. 17, 2006.

## 10300. Uniform Code of Arbitration
## 10301. Required Submission

(a) Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. A claim involving a member in the following categories shall be ineligible for submission to arbitration under the Code unless the customer agrees in writing to arbitrate the claim after it has arisen:

1. A member whose membership is terminated, suspended, canceled, or revoked;

2. A member that has been expelled from the NASD; or

3. A member that is otherwise defunct.

(b) Under this Code, the Director of Arbitration, upon approval of the Executive Committee of the National Arbitration and Mediation Committee, or the National Arbitration and Mediation Committee, shall have the right to decline the use of its arbitration facilities in any dispute, claim, or controversy, where, having due regard for the purposes of the Association and the intent of this Code, such dispute, claim, or controversy is not a proper subject matter for arbitration.

(c) Claims which arise out of transactions in a readily identifiable market may, with the consent of the Claimant, be referred to the arbitration forum for that market by the Association.

(d) Class Action Claims

(1) A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association.

(2) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to an arbitral forum not sponsored by a self-regulatory organization for classwide arbitration. However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to

the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

(3) No member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action unless and until: (A) the class certification is denied; (B) the class is decertified; (C) the customer, other member or person associated with a member is excluded from the class by the court; or (D) the customer, other member or person associated with a member elects not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

(4) No member or associated person shall be deemed to have waived any of its rights under this Code or under any agreement to arbitrate to which it is party except to the extent stated in this paragraph.

Amended by SR-NASD-2001-08 eff. June 11, 2001.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-93-65 eff. Apr. 20, 1994.
Amended by SR-NASD-92-28 eff. Oct. 28, 1992.
Amended by SR-NASD-91-49 eff. Jan. 2, 1992.

**Selected Notices to Members:** 84-51, 92-65, 01-29.

## 10302. Simplified Arbitration

(a) Any dispute, claim, or controversy arising between a public customer(s) and an associated person or a member subject to arbitration under this Code involving a dollar amount not exceeding $25,000, exclusive of attendant costs and interest, shall be arbitrated as hereinafter provided.

(b) The Claimant shall file with the Director of Arbitration an executed Submission Agreement and a copy of the Statement of Claim of the controversy in dispute and the required deposit, together with documents in support of the Claim. Sufficient additional copies of the Submission Agreement and the Statement of Claim and supporting documents shall be provided to the Director of Arbitration for each party and the arbitrator. The Statement of Claim shall specify the relevant facts, the remedies sought and whether a hearing is demanded.

(c) The Claimant shall pay a non-refundable filing fee and shall remit a hearing session deposit as specified in Rule 10332 of this Code upon the filing of the Submission Agreement. The final disposition of the fee or deposit shall be determined by the arbitrator.

(d) The Director of Arbitration shall endeavor to serve promptly by mail or otherwise on the Respondent(s) one (1) copy of the Submission Agreement and one (1) copy of the Statement of Claim. Within twenty (20) calendar days from receipt of the Statement of Claim, Respondent(s) shall serve each party with an executed Submission Agreement and a copy of Respondent's Answer. Respondent's executed Submission Agreement and Answer shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s) along with any deposit required under the schedule of fees for customer disputes. The Answer shall designate all available defenses to the Claim and may set forth any related Counterclaim and/or related Third-Party Claim the Respondent(s) may have against the Claimant or any other person. If the Respondent(s) has interposed a Third-Party Claim, the Respondent(s) shall serve the Third-Party Respondent with an executed Submission Agreement, a copy of the Respondent's Answer containing the Third-Party Claim, and a copy of the original Claim filed by the Claimant. The Third-Party Respondent shall respond in the manner herein provided for response to the Claim. If the Respondent(s) files a related Counterclaim exceeding $25,000 exclusive of attendant costs and interest, the arbitrator may refer the Claim, Counterclaim and/or Third-Party Claim, if any, to a panel of three (3) arbitrators in accordance with Rule 10308 or, he may dismiss the Counterclaim and/or Third-Party Claim without prejudice to the Counterclaimant(s) and/or Third-Party Claimant(s) pursuing the Counterclaim and/or Third Party Claim in a separate proceeding. The costs to the Claimant under either proceeding shall in no event exceed the total amount specified in Rule 10332.

(e) All parties shall serve on all other parties and the Director of Arbitration, with sufficient additional copies for the arbitrator(s), a copy of the Answer, Counterclaim, Third-Party Claim, Amended Claim, or other responsive pleading, if any. The Claimant, if a Counterclaim is asserted against him, shall within ten (10) calendar days either (1) serve on each party and on the Director of Arbitration, with sufficient additional copies for the arbitrator(s), a Reply to any Counterclaim or, (2) if the amount of the Counterclaim exceeds the Claim, shall have the right to file a statement withdrawing the Claim. If the Claimant withdraws the Claim, the proceedings shall be discontinued without prejudice to the rights of the parties.

(f) The dispute, claim or controversy shall be submitted to a single public arbitrator knowledgeable in the securities industry appointed by the Director of Arbitration. Unless the public customer demands or consents to a hearing, or the arbitrator calls a hearing, the arbitrator shall decide the dispute, claim or controversy solely upon the pleadings and evidence filed by the parties. If a hearing is necessary, such hearing shall be held as soon as practicable at a locale selected by the Director of Arbitration.

(g) The Director of Arbitration may grant extensions of time to file any pleading upon a showing of good cause.

(h)(1) The arbitrator shall be authorized to require the submission of further documentary evidence as he, in his sole discretion, deems advisable.

(2) If a hearing is demanded or consented to in accordance with paragraph (f), the General Provisions Governing Pre-Hearing Proceedings under Rule 10321 shall apply.

(3) If no hearing is demanded or consented to, all requests for document production shall be submitted in writing to the Director of Arbitration within ten (10) business days of notification of the identity of the arbitrator selected to decide the case. The requesting party shall serve simultaneously its request for document production on all parties. Any response or objections to the requested document production shall be served on all parties and filed with the Director of Arbitration within five (5) business days of receipt of the requests for production. The appointed arbitrator shall resolve all requests under this Rule on the papers submitted.

(i) Upon the request of the arbitrator, the Director of Arbitration shall appoint two (2) additional arbitrators to the panel which shall decide the matter in controversy.

(j) In any case where there is more than one (1) arbitrator, the majority shall be public arbitrators.

(k) In his discretion, the arbitrator may, at the request of any party, permit such party to submit additional documentation relating to the pleadings.

(l) Except as otherwise provided herein, the general arbitration rules of the Association shall be applicable to proceedings instituted under this Rule.

---

Amended by SR-NASD-97-22 eff. Nov. 17, 1998.
Amended eff. Oct. 1, 1984; Apr. 1, 1988; May 10, 1989; June 1, 1990; Apr. 26, 1991; Jan. 8, 1992; Sept. 8, 1992.

**Selected Notice to Members:** 98-90.

---

▪ ## IM-10302. Related Counterclaim

As used in Rule 10302, the term "related Counterclaim" shall mean any Counterclaim related to a customer's accounts with a member.

## 10303. Hearing Requirements — Waiver of Hearing

(a) Any dispute, claim or controversy except as provided in Rule 10203 (Simplified Industry Arbitration) or Rule 10302 (Simplified Arbitration), shall require a hearing unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence.

(b) Notwithstanding a written waiver of a hearing by the parties, a majority of the arbitrators may call for and conduct a hearing. In addition, any arbitrator may request the submission of further evidence.

## 10304. Time Limitation Upon Submission

(a) No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. The panel will resolve any questions regarding the eligibility of a claim under this Rule.

(b) Dismissal of a claim under this Rule does not prohibit a party from pursuing the claim in court. By requesting dismissal of a claim under this Rule, the requesting party agrees that if the panel dismisses a claim under the Rule, the party that filed the dismissed claim may withdraw any remaining related claims without prejudice and may pursue all of the claims in court.

(c) This Rule shall not extend applicable statutes of limitations; nor shall the six-year time limit on the submission of claims apply to any claim that is directed to arbitration by a court of competent jurisdiction upon request of a member or associated person.

Amended by SR-NASD-2003-101 eff. May 1, 2005.
Amended eff. Oct. 1, 1984.

**Selected Notice to Members:** 05-10.

## 10305. Dismissal of Proceedings

(a) At any time during the course of an arbitration, the arbitrators may either upon their own initiative or at the request of a party, dismiss the proceeding and refer the parties to their judicial remedies, or to any dispute resolution forum agreed to by the parties, without prejudice to any claims or defenses available to any party.

(b) The arbitrators may dismiss a claim, defense, or proceeding with prejudice as a sanction for willful and intentional material failure to comply with an order of the arbitrator(s) if lesser sanctions have proven ineffective.

(c) The arbitrators shall at the joint request of all the parties dismiss the proceedings.

Amended by SR-NASD-97-34 eff. Aug. 6, 1997; SEC Rel. No. 34-38907 (8/14/97).

## 10306. Settlements

(a) Parties to an arbitration may agree to settle their dispute at any time.

(b) If the parties agree to settle their dispute, they will remain responsible for payment of fees incurred, including fees for previously scheduled hearing sessions and fees incurred as a result of adjournments, pursuant to Rule 10319.

(c) The terms of a settlement agreement do not need to be disclosed to the Association. However, if the parties fail to agree on the allocation of outstanding fees, the fees shall be divided equally among all parties.

Amended by SR-NASD-2003-164 eff. Aug. 16, 2004.
Amended by SR-NASD-2001-21 eff. Nov. 19, 2001.

**Selected Notices to Members:** 01-70, 04-53.

## 10307. Tolling of Time Limitation(s) for the Institution of Legal Proceedings and Extension of Time Limitation(s) for Submission to Arbitration

(a) Where permitted by applicable law, the time limitations which would otherwise run or accrue for the institution of legal proceedings shall be tolled where a duly executed Submission Agreement is filed by the Claimant(s). The tolling shall continue for such period as the Association shall retain jurisdiction upon the matter submitted.

(b) The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such period as the court shall retain jurisdiction upon the matter submitted.

Amended eff. Oct. 1, 1984.

## 10308. Selection of Arbitrators

**(a) Definitions**

**(1) "day"**

For purposes of this Rule, the term "day" means calendar day.

**(2) "claimant"**

For purposes of this Rule, the term "claimant" means one or more persons who file a single claim.

**(3) "Neutral List Selection System"**

The term "Neutral List Selection System" means the software that maintains the roster of arbitrators and performs various functions relating to the selection of arbitrators.

**(4) "non-public arbitrator"**

The term "non-public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(A) is, or within the past 5 years, was:

(i) associated with, including registered through, a broker or a dealer (including a government securities broker or dealer or a municipal securities dealer);

(ii) registered under the Commodity Exchange Act;

(iii) a member of a commodities exchange or a registered futures association; or

(iv) associated with a person or firm registered under the Commodity Exchange Act;

(B) is retired from, or spent a substantial part of a career, engaging in any of the business activities listed in subparagraph (4)(A);

(C) is an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional work, in the last two years, to clients who are engaged in any of the business activities listed in subparagraph (4)(A); or

(D) is an employee of a bank or other financial institution and effects transactions in securities, including government or municipal securities, and commodities futures or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities.

**(5) "public arbitrator"**

(A) The term "public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(i) is not engaged in the conduct or activities described in paragraphs (a)(4)(A) through (D);

(ii) was not engaged in the conduct or activities described in paragraphs (a)(4)(A) through (D) for a total of 20 years or more;

(iii) is not an investment adviser;

(iv) is not an attorney, accountant, or other professional whose firm derived 10 percent or more of its annual revenue in the past 2 years from any persons or entities listed in paragraph (a)(4)(A);

(v) is not employed by, and is not the spouse or an immediate family member of a person who is employed by, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business;

(vi) is not a director or officer of, and is not the spouse or an immediate family member of a person who is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business; and

(vii) is not the spouse or an immediate family member of a person who is engaged in the conduct or activities described in paragraphs (a)(4)(A) through (D).

(B) For purposes of this Rule, the term "immediate family member" means:

(i) a person's parent, stepparent, child, or stepchild;

(ii) a member of a person's household;

(iii) an individual to whom a person provides financial support of more than 50 percent of the individual's annual income; or

(iv) a person who is claimed as a dependent for federal income tax purposes.

**(6) "respondent"**

For purposes of this Rule, the term "respondent" means one or more persons who individually or jointly file an answer to a complaint.

**(7) "send"**

For purposes of this Rule, the term "send" means to send by first class mail, facsimile, or any other method available and convenient to the parties and the Director.

**(b) Composition of Arbitration Panel; Preparation of Lists for Mailing to Parties**
**(1)** Composition of Arbitration Panel
(A) Claims of $50,000 or Less
If the amount of a claim is $50,000 or less, the Director shall appoint an arbitration panel composed of one public arbitrator, unless the parties agree to the appointment of a non-public arbitrator.

(i) If the amount of a claim is $25,000 or less and an arbitrator appointed to the case requests that a panel of three arbitrators be appointed, the Director shall appoint an arbitration panel composed of one non-public arbitrator and two public arbitrators, unless the parties agree to a different panel composition.

(ii) If the amount of a claim is greater than $25,000 and not more than $50,000 and a party in its initial filing or an arbitrator appointed to the case requests that a panel of three arbitrators be appointed, the Director shall appoint an arbitration panel composed of one non-public arbitrator and two public arbitrators, unless the parties agree to a different panel composition.

(B) Claims of More Than $50,000
If the amount of a claim is more than $50,000, the Director shall appoint an arbitration panel composed of one non-public arbitrator and two public arbitrators, unless the parties agree to a different panel composition.

**(2) One List for Panel of One Arbitrator**
If one arbitrator will serve as the arbitration panel, the Director shall send to the parties one list of public arbitrators, unless the parties agree otherwise.

**(3) Two Lists for Panel of Three Arbitrators**
If three arbitrators will serve as the arbitration panel, the Director shall send two lists to the parties, one with the names of public arbitrators and one with the names of non-public arbitrators. The lists shall contain numbers of public and non-public arbitrators, in a ratio of approximately two to one, respectively, to the extent possible, based on the roster of available arbitrators.

**(4) Preparation of Lists**
(A) Except as provided in subparagraph (B) below, the Neutral List Selection System shall generate the lists of public and non-public arbitrators on a rotating basis within a designated geographic hearing site and shall exclude arbitrators based upon conflicts of interest identified within the Neutral List Selection System database.

(B) If a party requests that the lists include arbitrators with expertise classified in the Neutral List Selection System, the lists may include some arbitrators having the designated expertise.

**(5) Sending of Lists to Parties**
The Director shall send the lists of arbitrators to all parties at the same time approximately 30 days after the last answer is due.

**(6) Information About Arbitrators**
The Director shall send to the parties employment history for each listed arbitrator for the past 10 years and other background information. If a party requests additional information about an arbitrator, the Director shall send such request to the arbitrator, and shall send the arbitrator's response to all parties at the same time. When a party requests additional information, the Director may, but is not required to, toll the time for the parties to return the ranked lists under paragraph (c)(2).

**(c) Striking, Ranking, and Appointing Arbitrators on Lists**
**(1) Striking and Ranking Arbitrators**
(A) Striking An Arbitrator
A party may strike one or more of the arbitrators from each list for any reason.

(B) Ranking — Panel of One Arbitrator
Each party shall rank all of the arbitrators remaining on the list by assigning each arbitrator a different, sequential, numerical ranking, with a "1" rank indicating the party's first choice, a "2" indicating the party's second choice, and so on.

(C) Ranking — Panel of Three Arbitrators
Each party shall rank all of the public arbitrators remaining on the list by assigning each arbitrator a different, sequential, numerical ranking, with a "1" rank indicating the party's first choice, a "2" indicating the party's second choice, and so on. Each party separately shall rank all of the non-public arbitrators remaining on the list, using the same procedure.

**(2) Period for Ranking Arbitrators; Failure to Timely Strike and Rank**
A party must return to the Director the list or lists with the rankings not later than 20 days after the Director sent the lists to the parties, unless the Director has extended the period. If a party does not timely

return the list or lists, the Director shall treat the party as having retained all the arbitrators on the list or lists and as having no preferences.

**(3) Process of Consolidating Parties' Rankings**

The Director shall prepare one or two consolidated lists of arbitrators, as appropriate under paragraph (b)(2) or (b)(3), based upon the parties' numerical rankings. The arbitrators shall be ranked by adding the rankings of all claimants together and all respondents together, including third-party respondents, to produce separate consolidated rankings of the claimants and the respondents. The Director shall then rank the arbitrators by adding the consolidated rankings of the claimants, the respondents, including third-party respondents, and any other party together, to produce a single consolidated ranking number, excluding arbitrators who were stricken by any party.

**(4) Appointment of Arbitrators**

(A) Appointment of Listed Arbitrators

The Director shall appoint arbitrators to serve on the arbitration panel based on the order of rankings on the consolidated list or lists, subject to availability and disqualification.

(B) Discretion to Appoint Arbitrators Not on List

If the number of arbitrators available to serve from the consolidated list is not sufficient to fill a panel, the Director shall appoint one or more arbitrators to complete the arbitration panel. Unless the parties agree otherwise, the Director may not appoint a non-public arbitrator under paragraphs (a)(4)(B) or (a)(4)(C). The Director shall provide the parties information about the arbitrator as provided in paragraph (b)(6), and the parties shall have the right to object to the arbitrator as provided in paragraph (d)(1).

**(5) Selecting a Chairperson for the Panel**

The parties shall have 7 days from the date the Director sends notice of the names of the arbitrators to select a chairperson. If the parties notify Dispute Resolution staff prior to the expiration of the original deadline that they need more time in which to reach an agreement, Dispute Resolution staff will extend the time to select a chairperson for an additional 8 days. If the parties cannot agree within the allotted time, the Director shall appoint a chairperson from the panel as follows:

(A) The Director shall appoint as the chairperson the public arbitrator who is the most highly ranked by the parties as long as the person is not an attorney, accountant, or other professional who has devoted 50% or more of his or her professional or business activities, within the last two years, to representing or advising public customers in matters relating to disputed securities or commodities transactions or similar matters.

(B) If the most highly ranked public arbitrator is subject to the exclusion set forth in subparagraph (A), the Director shall appoint as the chairperson the other public arbitrator, as long as the person also is not subject to the exclusion set forth in subparagraph (A).

(C) If both public arbitrators are subject to the exclusion set forth in subparagraph (A), the Director shall appoint as the chairperson the public arbitrator who is the most highly ranked by the parties.

**(6) Additional Parties**

If a party is added to an arbitration proceeding before the Director has consolidated the other parties' rankings, the Director shall send to that party the list or lists of arbitrators and permit the party to strike and rank the arbitrators. The party must return to the Director the list or lists with numerical rankings not later than 20 days after the Director sent the lists to the party. The Director shall then consolidate the rankings as specified in this paragraph (c).

**(d) Disqualification and Removal of Arbitrator Due to Conflict of Interest or Bias**

**(1) Disqualification By Director**

After the appointment of an arbitrator and prior to the commencement of the earlier of (A) the first pre-hearing conference or (B) the first hearing, if the Director or a party objects to the continued service of the arbitrator, the Director shall determine if the arbitrator should be disqualified. If the Director sends a notice to the parties that the arbitrator shall be disqualified, the arbitrator will be disqualified unless the parties unanimously agree otherwise in writing and notify the Director not later than 15 days after the Director sent the notice.

**(2) Removal by Director**

After the commencement of the earlier of (A) the first pre-hearing conference or (B) the first hearing, the Director may remove an arbitrator from an arbitration panel based on information that is required to be disclosed pursuant to Rule 10312 and that was not previously disclosed.

**(3) Standards for Deciding Challenges for Cause**

The Director will grant a party's request to disqualify an arbitrator if it is reasonable to infer, based on information known at the time of the request, that the arbitrator is biased, lacks impartiality, or has an interest in the outcome of the arbitration. The interest or bias must be direct, definite, and capable of reasonable demonstration, rather than remote or speculative.

**(4) Vacancies Created by Disqualification or Resignation**

Prior to the commencement of the earlier of (A) the first pre-hearing conference or (B) the first hearing, if an arbitrator appointed to an arbitration panel is disqualified or is otherwise unable or unwilling to

*Ex. A, p. 21 of 42*

serve, the Director shall appoint from the consolidated list of arbitrators the arbitrator who is the most highly ranked available arbitrator of the proper classification remaining on the list. If there are no available arbitrators of the proper classification on the consolidated list, the Director shall appoint an arbitrator of the proper classification subject to the limitation set forth in paragraph (c)(4)(B). The Director shall provide the parties information about the arbitrator as provided in paragraph (b)(6), and the parties shall have the right to object to the arbitrator as provided in paragraph (d)(1).

**(e) Discretionary Authority**

The Director may exercise discretionary authority and make any decision that is consistent with the purposes of this Rule and the Rule 10000 Series to facilitate the appointment of arbitration panels and the resolution of arbitration disputes.

**(f) Challenges by Customers**

In cases involving public customers, any close questions regarding arbitrator classification or challenges for cause brought by a customer will be resolved in favor of the customer.

---

Amended by SR-NASD-2006-136 eff. Jan. 15, 2007.
Amended by SR-NASD-2005-094 eff. Jan. 15, 2007.
Amended by SR-NASD-2004-164 eff. March 9, 2005 with a delayed operational date [Approval Order].
Amended by SR-NASD-2004-39 eff. Sept. 17, 2004.
Amended by SR-NASD-2003-95 eff. July 19, 2004.
Amended by SR-NASD-2004-87 eff. June 7, 2004.
Amended by SR-NASD-2000-34 eff. Feb. 12, 2001.
Amended by SR-NASD-98-64 eff. Nov. 17, 1998.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-97-22 eff. Nov. 17, 1998.
Amended eff. July 1, 1986; Apr. 1, 1988; May 10, 1989; Oct. 7, 1992.

**Selected Notice to Members:** 98-90; 01-13; 04-49; 04-61; 06-64.

---

## IM-10308. Arbitrators Who Also Serve as Mediators[1]

Mediation services performed by mediators who are also arbitrators shall not be included in the definition of "professional work" for purposes of Rule 10308(a)(4)(C), so long as the mediator is acting in the capacity of a mediator and is not representing a party in the mediation.

Mediation fees received by mediators who are also arbitrators shall not be included in the definition of "revenue" for purposes of Rule 10308(a)(5)(A)(iv), so long as the mediator is acting in the capacity of a mediator and is not representing a party in the mediation.

Arbitrators who also serve as mediators shall disclose that fact on their arbitrator disclosure forms.

---

[1] This IM will be renumbered as appropriate following Commission approval of the pending revisions of the Customer and Industry Codes, SR-NASD-2003-158 and SR-NASD-2004-011.

---

Adopted by SR-NASD-2005-007 eff. May 6, 2005.

**Selected Notices to Members:** 05-36.

---

## • 10309. Composition of Panels

Except as otherwise specifically provided in Rule 10308, the individuals who shall serve on a particular arbitration panel shall be determined by the Director. Except as otherwise specifically provided in Rule 10308, the Director may name the chairman of the panel.

---

Amended by SR-NASD-98-48 eff. Nov. 17, 1998.

**Selected Notice to Members:** 98-90.

---

## • 10310. Notice of Selection of Arbitrators

(a) The Director shall inform the parties of the arbitrators' names and employment histories for the past 10 years, as well as information disclosed pursuant to Rule 10312, at least 15 business days prior to the date fixed for the first hearing session. A party may make further inquiry of the Director concerning an arbitrator's background. In the event that, prior to the first hearing session, any arbitrator should become disqualified, resign, die, refuse or otherwise be unable to perform as an arbitrator, the Director shall appoint a replacement arbitrator to fill the vacancy on the panel. The Director shall inform the parties as soon as possible of the name and employment history of the replacement arbitrator for the past 10 years, as well as information disclosed pursuant to Rule 10312. A party may make further inquiry of the Director concerning the replacement arbitrator's background and within the time remaining prior to the first hearing session or the 10 day period provided under Rule 10311, whichever is shorter, may exercise its right to challenge the replacement arbitrator as provided in Rule 10311.

(b) This Rule shall not apply to arbitration proceedings that are subject to Rule 10308.

---

Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-97-34 eff. Aug. 6, 1997; SEC Rel. No. 34-38907 (8/14/97).
Amended eff. Sept. 19, 1988; May 10, 1989.

**Selected Notice to Members:** 98-90.

---

## • 10311. Peremptory Challenge

(a) In an arbitration proceeding, except as provided in Rule 10335, each party shall have the right to one peremptory challenge. In arbitrations where there are multiple Claimants, Respondents, and/or Third-Party Respondents, the Claimants shall have one peremptory challenge, the Respondents shall have one peremptory challenge, and the Third-Party Respondents shall have one peremptory challenge. The Director may in the interests of justice award additional peremptory challenges to any party to an arbitration proceeding. Unless extended by the Director, a party wishing to exercise a peremptory challenge must do so by notifying the Director in writing within 10 business days of notification of the identity of the person(s) named under Rule 10310 or Rule 10321(d) or (e), whichever comes first. There shall be unlimited challenges for cause.

(b) This Rule shall not apply to arbitration proceedings that are subject to Rule 10308.

---

Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-97-34 eff. Aug. 6, 1997; SEC Rel. No. 34-38907 (8/14/97).
Amended by SR-NASD-93-38 eff. Jan. 3, 1996.
Amended by SR-NASD-91-49 eff. Jan. 2, 1992.
Amended eff. Oct. 1, 1984.

**Selected Notice to Members:** 98-90.

---

## • 10312. Disclosures Required of Arbitrators and Director's Authority to Disqualify

(a) Each arbitrator shall be required to disclose to the Director of Arbitration any circumstances which might preclude such arbitrator from rendering an objective and impartial determination. Each arbitrator shall disclose:

(1) Any direct or indirect financial or personal interest in the outcome of the arbitration;

(2) Any existing or past financial, business, professional, family, social, or other relationships or circumstances that are likely to affect impartiality or might reasonably create an appearance of partiality or bias. Persons requested to serve as arbitrators must disclose any such relationships or circumstances that they have with any party or its counsel, or with any individual whom they have been told will be a witness. They must also disclose any such relationship or circumstances involving members of their families or their current employers, partners, or business associates.

(b) Persons who are requested to accept appointment as arbitrators must make a reasonable effort to inform themselves of any interests, relationships or circumstances described in paragraph (a) above.

(c) The obligation to disclose interests, relationships, or circumstances that might preclude an arbitrator from rendering an objective and impartial determination described in paragraph (a) is a continuing duty that requires a person who accepts appointment as an arbitrator to disclose, at any stage of the arbitration, any such interests, relationships, or circumstances that arise, or are recalled or discovered.

**(d) Removal by Director**

(1) The Director may remove an arbitrator based on information that is required to be disclosed pursuant to this Rule.

(2) After the commencement of the earlier of (A) the first pre-hearing conference or (B) the first hearing, the Director may remove an arbitrator based only on information not known to the parties when the arbitrator was selected. The Director's authority under this subparagraph (2) may be exercised only by the Director or the President of NASD Dispute Resolution.

(3) The Director will grant a party's request to disqualify an arbitrator if it is reasonable to infer, based on information known at the time of the request, that the arbitrator is biased, lacks impartiality, or has an interest in the outcome of the arbitration. The interest or bias must be direct, definite, and capable of reasonable demonstration, rather than remote or speculative.

(e) The Director shall inform the parties to an arbitration proceeding of any information disclosed to the Director under this Rule unless either the arbitrator who disclosed the information withdraws voluntarily as soon as the arbitrator learns of any interest, relationship, or circumstances described in paragraph (a) that might preclude the arbitrator from rendering an objective and impartial determination in the proceeding, or the Director removes the arbitrator.

Amended by SR-NASD-2003-95 eff. July 19, 2004.
Amended by SR-NASD-2000-34 eff. Mar. 8, 2001.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended eff. May 10, 1989.

**Selected Notices to Members:** 98-90; 01-13; 04-49.

## • 10313. Disqualification or Other Disability of Arbitrators

(a) In the event that any arbitrator, after the commencement of the earlier of (1) the first pre-hearing conference or (2) the first hearing but prior to the rendition of the award, should become disqualified, resign, die, refuse or otherwise be unable to perform as an arbitrator, the Director shall appoint a replacement arbitrator to fill the vacancy and the hearing shall continue. In the alternative, if all parties agree to proceed with any remaining arbitrator(s), they shall inform the Director in writing within 5 business days of notification of the vacancy, and the remaining arbitrator(s) shall continue with the hearing and determination of the controversy.

(b) The Director shall inform the parties as soon as possible of the name and employment history of the replacement arbitrator for the past 10 years, as well as information disclosed pursuant to Rule 10312. A party may make further inquiry of the Director concerning the replacement arbitrator's background. If the arbitration proceeding is subject to Rule 10308, the party may exercise his or her right to challenge the replacement arbitrator within the time remaining prior to the next scheduled hearing session by notifying the Director in writing of the name of the arbitrator challenged and the basis for such challenge. If the arbitration proceeding is not subject to Rule 10308, within the time remaining prior to the next scheduled hearing session or the 10 day period provided under Rule 10311, whichever is shorter, a party may exercise the party's right to challenge the replacement arbitrator as provided in Rule 10311.

Amended by SR-NASD-2002-38 eff. Apr. 22, 2002.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-97-34 eff. Aug. 6, 1997.
Amended by SR-NASD-89-19 eff. May 10, 1989.
Amended eff. Sept. 19, 1988.

**Selected Notice to Members:** 98-90.

## • 10314. Initiation of Proceedings

Except as otherwise provided herein, an arbitration proceeding under this Code shall be instituted as follows:

**(a) Statement of Claim**

(1) The Claimant shall file with the Director of Arbitration an executed Submission Agreement, a Statement of Claim of the controversy in dispute, together with the documents in support of the Claim, and the required deposit. Sufficient additional copies of the Submission Agreement and the Statement of Claim and supporting documents shall be provided to the Director of Arbitration for each party and each arbitrator. The Statement of Claim shall specify the relevant facts and the remedies sought. The Director of Arbitration shall endeavor to serve promptly by mail or otherwise on the Respondent(s) one (1) copy of the Submission Agreement and one (1) copy of the Statement of Claim.

(2) A Claimant or counsel (referred to herein collectively as "Claimant") may use the online claim notification and filing procedure to complete part of the arbitration claim filing process through the Internet. To commence this process, a Claimant may complete a Claim Information Form that can be accessed through an NASD Web site. In completing the Claim Information Form, the Claimant may attach an electronic version of the Statement of Claim to the form, provided it does not exceed 50 pages. Once this online form has been completed, an NASD Dispute Resolution Tracking Form will be generated and displayed for the Claimant to reproduce as necessary. The Claimant shall then file with the Director of Arbitration the rest of the materials required in subparagraph (1), above, along with a hard copy of the NASD Dispute Resolution Tracking Form.

**(b) Answer — Defenses, Counterclaims, and/or Cross-Claims**

(1) Within 45 calendar days from receipt of the Statement of Claim, Respondent(s) shall serve each party with an executed Submission Agreement and a copy of the Respondent's Answer. Respondent's executed Submission Agreement and Answer shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s) along with any deposit required under the schedule of fees. The Answer shall specify all relevant facts and available defenses to the Statement of Claim submitted and may set forth any related Counterclaim the Respondent(s) may have against the Claimant, any Cross-Claim the Respondent(s) may have against any other named Respondent(s), and any Third-Party Claim against any other party or person based upon any existing dispute, claim, or controversy subject to arbitration under this Code.

(2)(A) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent, or Third-Party Respondent who pleads only a general denial to a pleading that states specific facts and contentions may, upon objection by a party, in the discretion of the arbitrators, be barred from presenting any facts or defenses at the time of the hearing.

(B) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent, or Third-Party Respondent who fails to specify all available defenses and relevant facts in such party's answer may, upon objection by a party, in the discretion of the arbitrators, be barred from presenting such facts or defenses not included in such party's Answer at the hearing.

(C) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent, or Third-Party Respondent who fails to file an Answer within 45 calendar days from receipt of service of a Claim, unless the time to answer has been extended pursuant to subparagraph (5), below, may, in the discretion of the arbitrators, be barred from presenting any matter, arguments, or defenses at the hearing. Such a party may also be subject to default procedures as provided in paragraph (e) below.

(3) Respondent(s) shall serve each party with a copy of any Third-Party Claim. The Third-Party Claim shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s) along with any deposit required under the schedule of fees. Third-Party Respondent(s) shall answer in the manner provided for response to the Claim, as provided in subparagraphs (1) and (2) above.

(4) The Claimant shall serve each party with a Reply to a Counterclaim within ten (10) days of receipt of an Answer containing a Counterclaim. The Reply shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s).

(5) The time period to file any pleading, whether such be denominated as a Claim, Answer, Counterclaim, Cross-Claim, Reply, or Third-Party Pleading, may be extended for such further period as may be granted by the Director of Arbitration or with the consent of the initial claimant. Extensions of the time period to file an Answer are disfavored and will not be granted by the Director except in extraordinary circumstances.

**(c) Service and Filing with the Director of Arbitration**

(1) Service may be effected by mail or other means of delivery. Service and filing are accomplished on the date of mailing either by first-class postage pre-paid or by means of overnight mail service or, in the case of other means of service, on the date of delivery. Filing with the Director of Arbitration shall be made on the same date as service on a party.

(2) If a member firm and a person associated with the member firm are named parties to an arbitration proceeding at the time of the filing of the Statement of Claim, service on the person associated with the member firm may be made on the associated person or the member firm, which shall perfect service upon the associated person. If the member firm does not undertake to represent the associated person, the member firm shall serve the associated person with the Statement of Claim, shall advise all parties and the Director of Arbitration of that fact, and shall provide such associated person's current address.

**(d) Joinder and Consolidation — Multiple Parties**

(1) Permissive Joinder. All persons may join in one action as claimants if they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these claimants will arise in the action. All persons may be joined in one action as respondents if there is asserted against them, jointly or severally, any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences

and if any questions of law or fact common to all respondents will arise in the action. A claimant or respondent need not assert rights to or defend against all the relief demanded. Judgment may be given for one or more of the claimants according to their respective rights to relief, and against one or more respondents according to their respective liabilities.

(2) In arbitrations where there are multiple Claimants, Respondents, and/or Third-Party Respondents, the Director of Arbitration shall be authorized to determine preliminarily whether such parties should proceed in the same or separate arbitrations. Such determination will be considered subsequent to the filing of all responsive pleadings.

(3) The Director of Arbitration shall be authorized to determine preliminarily whether claims filed separately are related and shall be authorized to consolidate such claims for hearing and award purposes.

(4) Further determinations with respect to joinder, consolidation, and multiple parties under this paragraph (d) shall be made by the arbitration panel and shall be deemed final.

**(e) Default Procedures**

(1) A Respondent, Cross-Respondent, or Third-Party Respondent that fails to file an Answer within 45 calendar days from receipt of service of a Claim, unless the time to answer has been extended pursuant to paragraph (b)(5), may be subject to default procedures, as provided in this paragraph, if it is:

(A) a member whose membership has been terminated, suspended, canceled, or revoked;

(B) a member that has been expelled from the NASD;

(C) a member that is otherwise defunct; or

(D) an associated person whose registration is terminated, revoked, or suspended.

(2) If all Claimants elect to use these default procedures, the Claimant(s) shall notify the Director in writing and shall send a copy of such notification to all other parties at the same time and in the same manner as the notification was sent to the Director.

(3) If the case meets the requirements for proceeding under default procedures, the Director shall notify all parties.

(4) The Director shall appoint a single arbitrator pursuant to Rule 10308 to consider the Statement of Claim and other documents presented by the Claimant(s). The arbitrator may request additional information from the Claimant(s) before rendering an award. No hearing shall be held, and the default award shall have no effect on any non-defaulting party.

(5) The Claimant(s) may not amend the claim to increase the relief requested after the Director has notified the parties that the claim will proceed under default procedures.

(6) An arbitrator may not make an award based solely on the non-appearance of a party. The party who appears must present a sufficient basis to support the making of an award in that party's favor. The arbitrator may not award damages in an amount greater than the damages requested in the Statement of Claim, and may not award any other relief that was not requested in the Statement of Claim.

(7) If the Respondent files an Answer after the Director has notified the parties that the claim will proceed under default procedures but before an award has been rendered, the proceedings under this paragraph shall be terminated and the case will proceed under the regular procedures.

Amended by SR-NASD-2004-16 eff. Aug. 5, 2004.
Amended by SR-NASD-2002-62 eff. Oct. 14, 2002.
Amended by SR-NASD-2002-15 eff. Oct. 14, 2002.
Amended by SR-NASD-98-07 eff. Mar. 16, 1998.
Amended by SR-NASD-90-62 eff. May 7, 1991.
Amended eff. Oct. 1, 1984; July 1, 1986; May 10, 1989.

**Selected Notice to Members:** 04-56.

## • 10315. Determination of Hearing Location

(a) Designation of Time and Place of Hearing

The Director shall determine the time and place of the first meeting of the arbitration panel and the parties, whether the first meeting is a pre-hearing conference or a hearing, and shall give notice of the time and place at least 15 business days prior to the date fixed for the first meeting by personal service, registered or certified mail to each of the parties unless the parties shall, by their mutual consent, waive the notice provisions under this Rule. The arbitrators shall determine the time and place for all subsequent meetings, whether the meetings are pre-hearing conferences, hearings, or any other type of meetings, and shall give notice as the arbitrators may determine. Attendance at a meeting waives notice thereof.

(b) Foreign Hearing Location

(1) If the Director and all parties agree, parties may have their hearing in a foreign hearing location and conducted by foreign arbitrators, provided that the foreign arbitrators have:

(A) met NASD background qualifications for arbitrators;
(B) received training on NASD arbitration rules and procedures; and
(C) satisfied at least the same training and testing requirements as those arbitrators who serve in U. S. locations of NASD.

(2) The parties shall pay an additional surcharge for each day of hearings held in a foreign hearing location. The amount of the surcharge will be determined by the Director and must be agreed to by the parties before the foreign hearing location may be used. This surcharge shall be specified in the agreement to use a foreign hearing location and shall be apportioned equally among the parties, unless they agree otherwise. The foreign arbitrators shall have the authority to apportion this surcharge as provided in Rules 10205 and 10332.

Amended by SR-NASD-2004-042 eff. June 5, 2005.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended eff. May 7, 1991.

**Selected Notice To Members:** 98-90, 05-35.

## • 10316. Representation by Counsel

All parties shall have the right to representation by counsel at any stage of the proceedings.

## • 10317. Attendance at Hearings

The attendance or presence of all persons at hearings including witnesses shall be determined by the arbitrators. However, all parties to the arbitration and their counsel shall be entitled to attend all hearings.

## IM-10317. Closing Arguments

In response to recent questions concerning the order of closing argument in arbitration proceedings conducted under the auspices of the National Association of Securities Dealers, Inc., it is the practice in these proceedings to allow claimants to proceed first in closing argument, with rebuttal argument being permitted. Claimants may reserve their entire closing for rebuttal. The hearing procedures may, however, be varied in the discretion of the arbitrators, provided all parties are allowed a full and fair opportunity to present their respective cases.

## • 10318. Failure to Appear

If any of the parties, after due notice, fails to appear at a hearing or at any continuation of a hearing session, the arbitrators may, in their discretion, proceed with the arbitration of the controversy. In such cases, all awards shall be rendered as if each party had entered an appearance in the matter submitted.

Amended eff. Jan. 8, 1992.

## • 10319. Adjournments

(a) The arbitrator(s) may, in their discretion, adjourn any hearing(s) either upon their own initiative or upon the request of any party to the arbitration.

(b) If an adjournment requested by a party is granted after arbitrators have been appointed, the party requesting an adjournment shall pay a fee equal to the initial deposit of hearing session fees for the first adjournment and twice the initial deposit of hearing session fees, not to exceed $1,500, for a second or subsequent adjournment requested by that party. The arbitrators may waive these fees in their discretion. If more than one party requests the adjournment, the arbitrators shall allocate the fees among the requesting parties.

(c) Upon receiving a third request consented to by all parties for an adjournment, the arbitrator(s) may dismiss the arbitration without prejudice to the Claimant filing a new arbitration.

(d) If an adjournment request is made by one or more parties and granted within three business days before a scheduled hearing session, the party or parties making the request shall pay an additional fee of $100 per arbitrator. If more than one party requests the adjournment, the arbitrators shall allocate the $100

per arbitrator fee among the requesting parties. The arbitrators may allocate all or portion of the $100 per arbitrator fee to the non-requesting party or parties, if the arbitrators determine that the non-requesting party or parties caused or contributed to the need for the adjournment. In the event that a request results in the adjournment of consecutively scheduled hearing sessions, the additional fee will be assessed only for the first of the consecutively scheduled hearing sessions. In the event that an extraordinary circumstance prevents a party or parties from making a timely adjournment request, arbitrators may use their discretion to waive the fee, provided verification of such circumstance is received.

Amended by SR-NASD-2003-164 eff. Aug. 16, 2004.
Amended by SR-NASD-2001-21 eff. Nov. 19, 2001.
Amended eff. July 1, 1986; June 1, 1990; Dec. 30, 1991.

**Selected Notices to Members:** 01-70, 04-53.

## • 10320. Acknowledgement of Pleadings

The arbitrators shall acknowledge to all parties present that they have read the pleadings filed by the parties.

## • 10321. General Provisions Governing Pre-Hearing Proceedings

**(a) Requests for Documents and Information**
The parties shall cooperate to the fullest extent practicable in the voluntary exchange of documents and information to expedite the arbitration. Any request for documents or other information should be specific, relate to the matter in controversy, and afford the party to whom the request is made a reasonable period of time to respond without interfering with the time set for the hearing.

**(b) Document Production and Information Exchange**
(1) Any party may serve a written request for information or documents ("information request") upon another party 45 calendar days or more after service of the Statement of Claim by the Director of Arbitration or upon filing of the Answer, whichever is earlier. The requesting party shall serve the information request on all parties and file a copy with the Director of Arbitration. The parties shall endeavor to resolve disputes regarding an information request prior to serving any objection to the request. Such efforts shall be set forth in the objection.

(2) Unless a greater time is allowed by the requesting party, information requests shall be satisfied or objected to within thirty (30) calendar days from the date of service. Any objection to an information request shall be served by the objecting party on all parties and filed with the Director of Arbitration.

(3) Any response to objections to an information request shall be served on all parties and filed with the Director of Arbitration within ten (10) calendar days of receipt of the objection.

(4) Upon the written request of a party whose information request is unsatisfied, the matter will be referred by the Director of Arbitration to either a pre-hearing conference under paragraph (d) of this Rule or to a selected arbitrator under paragraph (e) of this Rule.

**(c) Pre-Hearing Exchange**
At least twenty (20) calendar days prior to the first scheduled hearing date, all parties shall serve on each other copies of documents in their possession they intend to present at the hearing and shall identify witnesses they intend to present at the hearing. The arbitrators may exclude from the arbitration any documents not exchanged or witnesses not identified. This paragraph does not require service of copies of documents or identification of witnesses which parties may use for cross-examination or rebuttal.

**(d) Pre-Hearing Conference**
(1) Upon the written request of a party, an arbitrator, or at the discretion of the Director of Arbitration, a pre-hearing conference shall be scheduled. The Director of Arbitration shall set the time and place of a pre-hearing conference and appoint a person to preside. The pre-hearing conference may be held by telephone conference call. The presiding person shall seek to achieve agreement among the parties on any issue which relates to the pre-hearing process or to the hearing, including but not limited to exchange of information, exchange or production of documents, identification of witnesses, identification and exchange of hearing documents, stipulation of facts, identification and briefing of contested issues, and any other matters which will expedite the arbitration proceedings.

(2) Any issues raised at the pre-hearing conference that are not resolved may be referred to a single member of the arbitration panel for decision.

**(e) Decisions by Selected Arbitrator**
The Director of Arbitration may appoint a single member of the arbitration panel to decide all unresolved issues under this Rule. In matters involving public customers, such single arbitrator shall be a

public arbitrator, except that the arbitrator may be either public or industry when the public customer has requested a panel consisting of a majority from the securities industry. Such arbitrator shall be authorized to act on behalf of the issuer to issue subpoenas, direct appearances of witnesses and production of documents, set deadlines for compliance, and issue any other ruling which will expedite the arbitration proceedings. Decisions under this Rule shall be made upon the papers submitted by the parties, unless the arbitrator calls a hearing. The arbitrator may elect to refer any issue under this Rule to the full panel.

Amended by SR-NASD-98-91 eff. Jan. 11, 1999.
Amended by SR-NASD-95-05 eff. Mar. 23, 1995.
Amended eff. May 10, 1989.

## • 10322. Subpoenas and Power to Direct Appearances

(a) To the fullest extent possible, parties should produce documents and make witnesses available to each other without the use of subpoenas.  Arbitrators shall have the authority to issue subpoenas for the production of documents or the appearance of witnesses.

(b) A party may make a written motion requesting that an arbitrator issue a subpoena to a party or a non-party.  The motion must include a draft subpoena and must be filed with the Director, with an additional copy for the arbitrator.  The requesting party must serve the motion and draft subpoena on each other party, at the same time and in the same manner as on the Director.  The requesting party may not serve the motion or draft subpoena on a non-party.

(c) If a party receiving a motion and draft subpoena objects to the scope or propriety of the subpoena, that party shall, within 10 calendar days of service of the motion, file written objections with the Director, with an additional copy for the arbitrator, and shall serve copies on all other parties at the same time and in the same manner as on the Director.  The party that requested the subpoena may respond to the objections within 10 calendar days of receipt of the objections.  After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the subpoena.

(d) If the arbitrator issues a subpoena, the party that requested the subpoena must serve the subpoena at the same time and in the same manner on all parties and, if applicable, on any non-party receiving the subpoena.

(e) Any party that receives documents in response to a subpoena served on a non-party shall provide notice to all other parties within five days of receipt of the documents.  Thereafter, any party may request copies of such documents and, if such a request is made, the documents must be provided within 10 calendar days following receipt of the request.

(f) An arbitrator shall be empowered without resort to the subpoena process to direct the appearance of any person employed by or associated with any member of the association and/or the production of any records in the possession or control of such persons or members.  Unless an arbitrator directs otherwise, the party requesting the appearance of a person or the production of documents under this rule shall bear all reasonable costs of such appearance and/or production.

Amended by SR-NASD-2005-079 eff. April 2, 2007.
Amended eff. May 10, 1989.

## • 10323. Evidence

The arbitrators shall determine the materiality and relevance of any evidence proffered and shall not be bound by rules governing the admissibility of evidence.

## • 10324. Interpretation of Provisions of Code and Enforcement of Arbitrator Rulings

The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code and to take appropriate action to obtain compliance with any ruling by the arbitrator(s). Such interpretations and actions to obtain compliance shall be final and binding upon the parties.

Amended eff. Nov. 16, 1992.

- **10325. Determination of Arbitrators**

All rulings and determinations of the panel shall be by a majority of the arbitrators.

- **10326. Record of Proceedings**

(a) A verbatim record by stenographic reporter or a tape, digital, or other recording of all arbitration hearings shall be kept. If a party or parties to a dispute elect to have the record transcribed, the cost of such transcription shall be borne by the party or parties making the request unless the arbitrators direct otherwise. The arbitrators may also direct that the record be transcribed. If the record is transcribed at the request of any party, a copy shall be provided to the arbitrators.

(b) A verbatim record of mediation conducted pursuant to the Rule 10400 Series shall not be kept.

Amended by SR-NASD-2006-102 eff. Aug. 23, 2006.
Amended by SR-NASD-95-25 eff. Aug. 1, 1995.
Amended eff. May 10, 1989.

- **10327. Oaths of the Arbitrators and Witnesses**

Prior to the commencement of the first session, an oath or affirmation shall be administered to the arbitrators. All testimony shall be under oath or affirmation.

- **10328. Amendments**

(a) After the filing of any pleadings, if a party desires to file a new or different pleading, such change must be made in writing and filed with the Director of Arbitration with sufficient additional copies for each arbitrator. The party filing a new or different pleading shall serve on all other parties, a copy of the new or different pleading in accordance with the provisions set forth in Rule 10314(b). The other parties may, within ten (10) business days from the receipt of service, file a response with all other parties and the Director of Arbitration in accordance with Rule 10314(b).

(b) If a new or amended pleading increases the amount in dispute, all filing fees, hearing session deposits, surcharges, and process fees required under Rules 10332 and 10333 will be recalculated based on the amended amount in dispute.

(c) After a panel has been appointed, no new or different pleading may be filed except for a responsive pleading as provided for in (a) above or with the panel's consent.

Amended by SR-NASD-2001-21 eff. Nov. 19, 2001.
Amended eff. Oct. 1, 1984 and Apr. 26, 1991.

**Selected Notice to Members:** 01-70.

- **10329. Reopening of Hearings**

Where permitted by applicable law, the hearings may be reopened by the arbitrators on their own motion or at the discretion of the arbitrators upon application of a party at any time before the award is rendered.

- **10330. Awards**

(a) All awards shall be in writing and signed by a majority of the arbitrators or in such manner as is required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

(b) Unless the applicable law directs otherwise, all awards rendered pursuant to this Code shall be deemed final and not subject to review or appeal.

(c) The Director will serve a copy of the award on each party, or the representative of the party. The Director will serve the award by using any method available and convenient to the parties and the Director, and that is reasonably expected to cause the award to be delivered to all parties, or their counsel, on the same day. Methods the Director may use include, but are not limited to, registered or certified mail, hand delivery, and facsimile or other electronic transmission.

(d) The arbitrator(s) shall endeavor to render an award within thirty (30) business days from the date the record is closed.

(e) The award shall contain the names of the parties, the name of counsel, if any, a summary of the issues, including the type(s) of any security or product, in controversy, the damages and other relief requested, the damages and other relief awarded, a statement of any other issues resolved, the names of the arbitrators, the dates the claim was filed and the award rendered, the number and dates of hearing sessions, the location of the hearings, and the signatures of the arbitrators concurring in the award.

(f) All awards and their contents shall be made publicly available.

(g) Fees and assessments imposed by the arbitrators under Rules 10205 and 10332 shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(h) All monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award is the subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s) in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

Amended by SR-NASD-97-34 eff. Aug. 6, 1997; SEC Rel. No. 34-38907 (8/14/97).
Amended by SR-NASD-91-49 eff. Jan. 2, 1992; Oct. 1, 1993.
Amended by SR-NASD-90-62 eff. May 7, 1991.
Amended by SR-NASD-91-09 eff. Apr. 26, 1991.
Amended eff. May 10, 1989.

**Selected Notices to Members:** 93-37, 93-63, 94-54.

## • 10331. Incorporation by Reference

This Code shall be deemed a part of and incorporated by reference in every agreement to arbitrate under the Rules of the Association including a duly executed Submission Agreement.

Amended eff. May 7, 1991.

## • 10332. Schedule of Fees for Customer Disputes

(a) At the time of filing a Claim, Counterclaim, Third-Party Claim or Cross-Claim, a party shall pay a non-refundable filing fee and shall remit a hearing session deposit to the Association in the amounts indicated in the schedules below unless such fee or deposit is specifically waived by the Director of Arbitration.
Where multiple hearing sessions are required, the arbitrators may require any of the parties to make additional hearing deposits for each additional hearing session. In no event shall the amount deposited by all parties per hearing session exceed the amount of the largest initial hearing deposit made by any party under the schedules below.
(b) A hearing session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with an arbitrator, which lasts four (4) hours or less. The forum fee for a pre-hearing conference with an arbitrator shall be the amount set forth in the schedules below as a hearing session deposit for a hearing with a single arbitrator.

(c) The arbitrators, in their awards, shall determine the amount chargeable to the parties as forum fees and shall determine who shall pay such forum fees. Forum fees chargeable to the parties shall be assessed on a per hearing session basis, and the aggregate for each hearing session may equal but shall not exceed the amount of the largest initial hearing deposit deposited by any party, except in a case where claims have been joined subsequent to filing in which case hearing session fees shall be computed as provided in paragraph (d). The arbitrator(s) may determine in the award that a party shall reimburse to another party any non-refundable filing fee it has paid. If a customer is assessed forum fees in connection with an industry claim, forum fees assessed against the customer shall be based on the hearing deposit required under the industry claims schedule for the amount awarded to industry parties to be paid by the customer and not based on the size of the industry claim. No fees shall be assessed against a customer in connection with an industry claim that is dismissed; however, in cases where there is also a customer claim, the customer may be assessed forum fees based on the customer claim under the procedure set out above. Amounts deposited by a party shall be applied against forum fees, if any. In addition to forum fees, the arbitrator(s) may determine in the award the amount of costs incurred pursuant to Rules 10319, 10321, 10322, and 10326 and, unless applicable law directs otherwise, other costs and expenses of the parties and arbitrator(s) which are within the scope of the agreement of the parties. The arbitrator(s) shall determine by whom such costs shall be borne. If the hearing session fees are not assessed against a party who had made a hearing deposit, the hearing deposit will be refunded unless the arbitrators determine otherwise.

(d) For claims filed separately which are subsequently joined or consolidated under Rule 10314(d), the hearing deposit and forum fees assessable per hearing session after joinder or consolidation shall be based on the cumulative amount in dispute. The arbitrator(s) shall determine by whom such fees shall be borne.

(e) If the dispute, claim, or controversy does not involve, disclose, or specify a money claim, the non-refundable filing fee for a public customer shall be $250 and the non-refundable filing fee for an industry party shall be $500. The hearing session deposit to be remitted by a party shall be $1000 or such greater or lesser amount as the Director of Arbitration or the panel of arbitrators may require, but shall not exceed the maximum amount specified in the schedule.

(f) The Association shall retain the total initial amount deposited as hearing session deposits by all the parties in any matter submitted and settled or withdrawn within eight business days of the first scheduled hearing session other than a pre-hearing conference.

(g) Any matter submitted and thereafter settled or withdrawn subsequent to the commencement of the first hearing session, including a pre-hearing conference with an arbitrator, shall be subject to an assessment of forum fees and costs incurred pursuant to Rules 10319, 10321, 10322, and 10326 based on hearing sessions held and scheduled within eight business days after the Association receives notice that the matter has been settled or withdrawn. The arbitrator(s) shall determine by whom such forum fees and costs shall be borne.

(h) Reserved

(i) Reserved

(j) Reserved

(k) Schedule of Fees

For purposes of the schedule of fees, the term "claim" includes Claims, Counterclaims, Third-Party Claims, and Cross-Claims. Any such claim made by a customer is a customer claim. Any such claim made by a member or associated person of a member is an industry claim.

| Customer or Associated Person Claimant | | | | |
|---|---|---|---|---|
| | | | Hearing Session Deposit | |
| Amount in Dispute (Exclusive of Interest and Expenses) | Claim Filing Fee | Deposit for Cases to be Decided on the Paper Record | One Arbitrator[1] | Three Arbitrators[2] |
| $.01–$1,000 | $ 25 | $ 25 | $ 25 | NA |
| $1,000.01–$2,500 | $ 25 | $ 50 | $ 50 | NA |
| $2,500.01–$5,000 | $ 50 | $ 125 | $ 125 | NA |
| $5,000.01–$10,000 | $ 75 | $ 250 | $ 250 | NA |
| $10,000.01–$25,000 | $125 | $ 300 | $ 450 | NA |

| | | | | |
|---|---|---|---|---|
| $25,000.01–$30,000 | $150 | NA | $ 450 | $ 600 |
| $30,000.01–$50,000 | $175 | NA | $ 450 | $ 600 |
| $50,000.01–$100,000 | $225 | NA | $ 450 [3] | $ 750 |
| $100,000.01–$500,000 | $300 | NA | $ 450 [3] | $1,125 |
| $500.000.01–$1,000,000 | $375 | NA | $ 450 [3] | $1,200 |
| $1,000,000.01–$3,000,000 | $500 | NA | $ 450 [3] | $1,200 |
| $3,000,000.01–$5,000,000 | $600 | NA | $ 450 [3] | $1,200 |
| $5,000,000.01–$10,000,000 | $600 | NA | $ 450 [3] | $1,200 |
| Over $10,000,000 | $600 | NA | $ 450 [3] | $1,200 |

[1] The dispute is resolved by one arbitrator per hearing session, including pre-hearing conferences.

[2] The dispute is resolved by three arbitrators per hearing session.

[3] Fee applies only to pre-hearing conferences with a single arbitrator.

| Member Claimant | | | | |
|---|---|---|---|---|
| | | | Hearing Session Deposit | |
| Amount in Dispute (Exclusive of Interest and Expenses) | Claim Filing Fee | Deposit for Cases to be Decided on the Paper Record | One Arbitrator[1] | Three Arbitrators[2] |
| $.01–$1,000 | $ 200 | $ 25 | $ 25 | NA |
| $1,000.01–$2,500 | $ 300 | $ 50 | $ 50 | NA |
| $2,500.01–$5,000 | $ 400 | $ 125 | $ 125 | NA |
| $5,000.01–$10,000 | $ 500 | $ 250 | $ 250 | NA |
| $10,000.01–$25,000 | $ 750 | $ 300 | $ 450 | NA |
| $25,000.01–$30,000 | $1,000 | NA | $ 450 | $ 600 |
| $30,000.01–$50,000 | $1,000 | NA | $ 450 | $ 600 |
| $50,000.01–$100,000 | $1,000 | NA | $ 450 [3] | $ 750 |
| $100,000.01–$500,000 | $1,000 | NA | $ 450 [3] | $1,125 |
| $500.000.01–$1,000,000 | $1,250 | NA | $ 450 [3] | $1,200 |
| $1,000,000.01–$5,000,000 | $2,000 | NA | $ 450 [3] | $1,200 |
| $5,000,000.01–$10,000,000 | $2,500 | NA | $ 450 [3] | $1,200 |
| Over $10,000,000 | $5,000 | NA | $ 450[3] | $1,200 |

[1] The dispute is resolved by one arbitrator per hearing session, including pre-hearing conferences.

[2] The dispute is resolved by three arbitrators per hearing session.

[3] Fee applies only to pre-hearing conferences with a single arbitrator.

Amended by SR-NASD-2000-65 eff. Dec. 31, 2000.
Amended by SR-NASD-2000-11 eff. Nov. 1, 2000.
Amended by SR-NASD-99-23 eff. March 18, 1999.
Amended by SR-NASD-97-79 eff. March 18, 1999.
Amended by SR-NASD-95-25 eff. Aug. 1, 1995.
Amended by SR-NASD-94-10 eff. May 2, 1995.
Amended by SR-NASD-94-75 eff. Jan. 1, 1995.
Amended by SR-NASD-90-03 eff. June 18, 1990.
Amended eff. Oct. 1, 1984; July 1, 1987; Apr. 1, 1988; May 10, 1989; June 1, 1990.

**Selected Notices to Members:** 99-23.

## • 10333. Member Surcharge and Process Fees

**(a) Member Surcharge**
(1) Each member that is named as a party to an arbitration proceeding, whether in a Claim, Counterclaim, Cross-Claim or Third-Party Claim, shall be assessed a surcharge pursuant to the schedule below when the Director of Arbitration perfects service of the claim naming the member on any party to the proceeding.
(2) For each associated person who is named, the surcharge shall be assessed against the member or members that employed the associated person at the time of the events which gave rise to the dispute, claim or controversy. No member shall be assessed more than a single surcharge in any arbitration proceeding.
(3) The surcharge shall not be chargeable to any other party under Rules 10332(c) and 10205(c) of the Code. The Director will refund the surcharge paid by a member in an arbitration filed by a customer if the arbitration panel: (A) denies all of the customer's claims against the member or associated person; and (B) allocates all forum fees assessed pursuant to Rule 10332(c) against the customer. The Director may also refund or cancel the member surcharge in extraordinary circumstances.

| Member Surcharge Schedule | |
|---|---|
| Amount in Dispute | |
| $.01–$2,500 | $150 |
| $2,500.01–$5,000 | $200 |
| $5,000.01–$10,000 | $325 |
| $10,000.01–$25,000 | $425 |
| $25,000.01–$30,000 | $600 |
| $30,000.01–$50,000 | $875 |
| $50,000.01–$100,000 | $1,100 |
| $100,000.01–$500,000 | $1,700 |
| $500,000.01–$1,000,000 | $2,250 |
| $1,000,000.01–$5,000,000 | $2,800 |
| $5,000,000.01–$10,000,000 | $3,350 |
| Over $10,000,000 | $3,750 |

(4) For purposes of this Rule, service is perfected when the Director of Arbitration properly serves the Respondents to such proceeding under Rule 10314 of the Code.
(5) If the dispute, claim, or controversy does not involve, disclose, or specify a money claim, the non-refundable surcharge shall be $1,500 or such greater or lesser amount as the Director of Arbitration or the panel of arbitrators may require, but shall not exceed the maximum amount specified in the schedule.

**(b) Prehearing and Hearing Process Fees**

(1) Each member that is a party to an arbitration proceeding in which more than $25,000 is in dispute will pay:

(A) a non-refundable prehearing process fee of $750, due at the time the parties are sent arbitrator lists in accordance with Rule 10308(b)(5); and

(B) a non-refundable hearing process fee, due when the parties are notified of the date and location of the first hearing session, as set forth in the schedule below.

(2) If an associated person of a member is a party, the member that employed the associated person at the time of the events which gave rise to the dispute, claim or controversy will be charged the process fees, even if the member is not a party. No member shall be assessed more than one prehearing and one hearing process fee in any arbitration proceeding.

(3) The prehearing and hearing process fees shall not be chargeable to any other party under Rules 10332(c) and 10205(c) of the Code.

| Hearing Process Fee Schedule | |
|---|---|
| Damages Requested | Hearing Process Fee |
| $1–$25,000 | $ 0 |
| $25,000.01–$50,000 | $ 1,000 |
| $50,000.01–$100,000 | $ 1,700 |
| $100,000.01–$500,000 | $ 2,750 |
| $500,000.01–$1,000,000 | $ 4,000 |
| $1,000,000.01–$5,000,000 | $ 5,000 |
| More than $5,000,000 | $ 5,500 |
| Unspecified | $ 2,200 |

Amended by SR-NASD-2003-01 eff. Jan. 13, 2003.
Amended by SR-NASD-2001-62 eff. Nov. 19, 2001.
Amended by SR-NASD-98-93 eff. Dec. 11, 1998.
Amended by SR-NASD-97-96 eff. Jan. 2, 1998.
Amended by SR-NASD-97-88 eff. Dec. 11, 1997.
Amended by SR-NASD-97-40 eff. July 1, 1997.
Amended by SR-NASD-94-74 eff. Dec. 28, 1994.
Amended by SR-NASD-94-16 eff. Mar. 31, 1994.
Added by SR-NASD-94-11 eff. Feb. 25, 1994.

**Selected Notices to Members:** 87-55, 88-14, 90-47, 94-26, 95-1, 98-1, 01-70, 03-06.

## • 10334. Direct Communication Between Parties and Arbitrators

(a) This rule provides procedures under which parties and arbitrators may communicate directly.

(b) Only parties that are represented by counsel may use direct communication under this Rule. If, during the proceeding, a party chooses to appear pro se (without counsel), this Rule shall no longer apply.

(c) All arbitrators and all parties must agree to the use of direct communication during the Initial Prehearing Conference or a later conference or hearing before it can be used.

(d) Parties may send the arbitrators only items that are listed in an order.

(e) Parties may send items by regular mail, overnight courier, facsimile, or email. All the arbitrators and parties must have facsimile or email capability before such a delivery method may be used.

(f) Copies of all materials sent to arbitrators must also be sent at the same time and in the same manner to all parties and the Director. Materials that exceed 15 pages, however, shall be sent to the Director only by regular mail or overnight courier.

(g) The Director must receive copies of any orders and decisions made as a result of direct communications among the parties and the arbitrators.

(h) Parties may not communicate orally with any of the arbitrators outside the presence of all parties.

(i) Any party or arbitrator may terminate the direct communication order at any time, after giving written notice to the other arbitrators and the parties.

Adopted by SR-NASD-2003-163 eff. Sept. 30, 2004.

**Selected Notice to Members:** 04-62.

- ## 10335. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief

**(a) Temporary Injunctive Orders**

(1) In industry or clearing disputes required to be submitted to arbitration pursuant to Rule 10201, parties may seek a temporary injunctive order, as defined in paragraph (a)(2) of this Rule, from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this Rule has not yet begun.

(2) For purposes of this Rule, temporary injunctive order means a temporary restraining order, preliminary injunction or other form of initial, temporary injunctive relief.

(3) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration pursuant to Rule 10201 shall simultaneously file with the Director a Statement of Claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under this Code. The party seeking temporary injunctive relief shall also serve the Statement of Claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the Statement of Claim is filed with the Director. Filings and service under this Rule shall be made by facsimile, overnight delivery service or messenger. Service shall be made on all parties at the same time and in the same manner, unless the parties agree otherwise. A party obtaining a court-issued temporary injunctive order shall notify the Director and the other parties of the issuance of the order within one business day.

(4) Unless otherwise stated, for purposes of computation of time under any paragraph of this Rule, any reference to days means calendar days, including Saturdays, Sundays or any NASD holiday. However, if a party must provide notice or a response to the Director and the day on which that notice or response to the Director must be given falls on a Saturday, Sunday or any NASD holiday, then the time period is extended until the next business day.

**(b) Hearing on Request for Permanent Injunctive Relief**

**(1) Scheduling of Hearing**

If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief shall begin within 15 days of the date the court issues the temporary injunctive order. If the 15th day falls on a Saturday, Sunday, or NASD holiday, the 15-day period shall expire on the next business day. Unless the parties agree otherwise, a hearing lasting more than one day shall be held on consecutive days when reasonably possible. The Director shall provide to all parties notice of the date, time and place of the hearing at least three days prior to the beginning of the hearing.

**(2) Composition of Arbitration Panel**

The hearing on the request for permanent injunctive relief shall be heard by a panel of three arbitrators, who shall either be all non-public arbitrators as defined in Rule 10308(a)(4), or, if the underlying dispute would be heard by a public arbitrator or panel consisting of a majority of public arbitrators under Rule 10202, a majority of public arbitrators as defined in Rule 10308(a)(5).

**(3) Selection of Arbitrators and Chairperson**

(A)(i) In cases in which all of the members of the arbitration panel are non-public under paragraph (b)(2) of this Rule, the Director shall generate and provide to the parties a list of seven arbitrators from a national roster of arbitrators. The Director shall send to the parties the employment history for the past 10 years for each listed arbitrator and other background information. At least three of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise one strike to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrator, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Direct shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(B)(i) In cases in which the panel of arbitrators consists of a majority of public arbitrators under paragraph (b)(2) of this Rule, the Director shall generate and provide to the parties a list of nine arbitrators from a national roster of arbitrators. The Director shall send to the parties employment history for the past 10 years for each listed arbitrator and other background information. At least a majority of the arbitrators listed shall be public arbitrators, and at least four of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise two strikes to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrators, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Director shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(C)(i) Each party shall inform the Director of its preference of chairperson of the arbitration panel by the close of business on the next business day after receiving notice of the panel members.

(ii) If the parties do not agree on a chairperson within that time, the Director shall select the chairperson. In cases in which the panel consists of a majority of public arbitrators, the Director shall select a public arbitrator as chairperson. Whenever possible, the Director shall select as chairperson the lawyer with experience litigating cases involving injunctive relief whom the parties have ranked highest.

(D) The Director may exercise discretionary authority and make any decision that is consistent with the purposes of this Rule and Rule 10308 to facilitate the appointment of arbitration panels and the selection of chairperson.

**(4) Applicable Legal Standard**

The legal standard for granting or denying a request for permanent injunctive relief is that of the state where the events upon which the request is based occurred, or as specified in an enforceable choice of law agreement between the parties.

**(5) Effect of Pending Temporary Injunctive Order**

Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit the parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order.

**(6) Fees, Costs and Expenses, and Arbitrator Honorarium**

(A) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in the hearing on the request for permanent injunctive relief. The arbitrators may reallocate such costs and expenses among the parties in the award.

(B) The party seeking injunctive relief shall pay the expedited hearing fees pursuant to Rule 10205(h), or, where both sides seek such relief, both parties shall pay such fees. In either event, however, the arbitrators may reallocate such fees among the parties in the award.

(C) Notwithstanding any other provision in the Code, the chairperson of the panel hearing a request for permanent injunctive relief pursuant to this Rule shall receive an honorarium of $375 for each single session, and $700 for each double session, of the hearing. Each other member of the panel shall receive an honorarium of $300 for each single session, and $600 for each double session, of the hearing. The parties shall equally pay the difference between these amounts and the amounts panel members and the chairperson receive under the Code pursuant to IM-10104. The arbitrators may reallocate such amount among the parties in the award.

**(c) Hearing on Damages or other Relief**

(1) Upon completion of the hearing on the request for permanent relief, the panel, may, if necessary, set a date for any subsequent hearing on damages or other relief, which shall be held before the same panel of arbitrators and which shall include, but not be limited to, the same record.

(2) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in any subsequent hearings on damages or other relief. The arbitrators may reallocate such costs and expenses among the parties in the award.

**(d) Effective Date**

This Rule shall apply to arbitration claims filed on or after March 25, 2002. Except as otherwise provided in this Rule, the remaining provisions of the Code shall apply to proceedings instituted under this Rule.

---

Amended by SR-NASD-2000-02 eff. March 25, 2002.
Amended by SR-NASD-2001-89 eff. Dec. 18, 2001 (extending expiration date).
Amended by SR-NASD-2000-75 eff. Jan. 5, 2001.
Amended by SR-NASD-99-72 eff. Dec. 28, 1999.
Amended by SR-NASD-99-27 eff. June 16, 1999.
Amended by SR-NASD-98-97 eff. Dec. 28, 1998.
Amended by SR-NASD-98-42 eff. June 24, 1998.
Amended by SR-NASD-97-87 eff. Jan. 3, 1998.
Amended by SR-NASD-96-44 eff. Dec. 20, 1996.
Adopted by SR-NASD-93-38 eff. Jan. 3, 1996.

**Selected Notices to Members:** 95-83, 02-13.

- **10400. NASD Code of Mediation Procedure**

  ### 10401. Definitions.

  Unless otherwise defined in the Code, terms used in the Code and interpretive material, if defined in the NASD By-Laws, shall have the meaning as defined in the NASD By-Laws.

  #### (a) Board

  The term "Board" means the Board of Directors of NASD Dispute Resolution, Inc.

  #### (b) Code

  The term "Code" means the NASD Code of Mediation Procedure.

  #### (c) Director

  The term "Director" in the Rule 10400 Series refers to the Director of Mediation at NASD Dispute Resolution. Unless the Code or any other NASD rule provides otherwise, the term includes NASD staff to whom the Director of Mediation has delegated authority.

  #### (d) Matter

  The term "matter" means a dispute, claim, or controversy.

  #### (e) NAMC

  The term "NAMC" means the National Arbitration and Mediation Committee of the Board of Directors of NASD Dispute Resolution, Inc.

  #### (f) NASD

  Unless the Code specifies otherwise, the term "NASD" includes NASD, Inc., and NASD Dispute Resolution, Inc.

  #### (g)

  Reserved.

  #### (h)

  Reserved.

  #### (i) Submission Agreement

  The term "Submission Agreement" means the NASD Mediation Submission Agreement. The NASD Mediation Submission Agreement is a document that parties must sign at the outset of a mediation in which they agree to submit to mediation under the Code.

  ---

  Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

  **Selected Notice to Members:** 05-85.

### 10402. Applicability of Code

The Code applies to any matter submitted to mediation at NASD.

---

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

---

### 10403. National Arbitration and Mediation Committee

(a) Pursuant to Part V(C)(1)(b) of the Plan of Allocation and Delegation of Functions by NASD to Subsidiaries ("Delegation Plan"), the Board shall appoint a National Arbitration and Mediation Committee ("NAMC").

     (1) The NAMC shall consist of no fewer than ten and no more than 25 members. At least 50 percent of the NAMC shall be Non-Industry members.

     (2) The Chairperson of the Board shall name the Chairperson of the NAMC.

     (b) Pursuant to the Delegation Plan, the NAMC shall have the authority to recommend rules, regulations, procedures and amendments relating to arbitration, mediation, and other dispute resolution matters to the Board. All matters recommended by the NAMC to the Board must have been approved by a quorum, which shall consist of a majority of the NAMC, including at least 50 percent of the Non-Industry committee members. If at least 50 percent of the Non-Industry committee members are either (i) present at or (ii) have filed a waiver of attendance for a meeting after receiving an agenda prior to such meeting, the requirement that at least 50 percent of the Non-Industry committee members be present to constitute the quorum shall be waived. The NAMC has such other power and authority as is necessary to carry out the purposes of this Code.

     (c) The NAMC may meet as frequently as necessary, but must meet at least once a year.

---

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

---

### 10404. Director of Mediation

(a) The Board shall appoint a Director of Mediation to administer mediations under the Code. The Director will consult with the NAMC on the administration of mediations, as necessary.

     (b) The Director may delegate his or her duties when appropriate, unless the Code provides otherwise.

---

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

---

### 10405. Mediation Under the Code

(a) Mediation under the Code is voluntary, and requires the written agreement of all parties. No party may be compelled to participate in a mediation or to settle a matter by NASD, or by any mediator appointed to mediate a matter pursuant to the Code.

(b) If all parties agree, any matter that is eligible for arbitration under the NASD Code of Arbitration Procedure, or any part of any such matter, or any dispute related to such matter, including procedural issues, may be submitted for mediation under the Code.

(c) A matter is submitted to mediation when the Director receives an executed Submission Agreement from each party.

(d) The Director shall have the sole authority to determine if a matter is eligible to be submitted for mediation.

---

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

---

## 10406. Effect of Mediation on Arbitration Proceedings

(a) Unless the parties agree otherwise, the submission of a matter for mediation will not stay or otherwise delay the arbitration of a matter pending at NASD. If all parties agree to stay an arbitration in order to mediate the matter, the arbitration will be stayed, notwithstanding any provision to the contrary in this Code or any other NASD rule.

(b) If mediation is conducted through NASD, no adjournment fees will be charged for staying the arbitration in order to mediate.

---

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

---

## 10407. Mediator Selection

(a) A mediator may be selected:

• By the parties from a list supplied by the Director;

• By the parties from a list or other source of their own choosing; or

• By the Director if the parties do not select a mediator after submitting a matter to mediation.

(b) For any mediator assigned or selected from a list provided by NASD, the parties will be provided with information relating to the mediator's employment, education, and professional background, as well as information on the mediator's experience, training, and credentials as a mediator.

(c) Any mediator selected or assigned to mediate a matter shall comply with the provisions of Rule 10312(a), (b) and (c) of the NASD Code of Arbitration Procedure, unless, with respect to a mediator selected from a source other than a list provided by NASD, the parties elect to waive such disclosure.

(d) No mediator may serve as an arbitrator of any matter pending in NASD arbitration in which he served as a mediator; nor may the mediator represent any party or participant to the mediation in any subsequent NASD arbitration relating to the subject matter of the mediation.

---

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

---

### 10408. Limitation on Liability

NASD, its employees, and any mediator named to mediate a matter under the Code shall not be liable for any act or omission in connection with a mediation administered under the Code.

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

### 10409. Mediation Ground Rules

(a) The following Ground Rules govern the mediation of a matter. The parties to a mediation may agree to amend any or all of the Ground Rules at any time. The Ground Rules are intended to be standards of conduct for the parties and the mediator.

(b) Mediation is voluntary and any party may withdraw from mediation at any time prior to the execution of a written settlement agreement by giving written notice of withdrawal to the mediator, the other parties, and the Director.

(c) The mediator shall act as a neutral, impartial, facilitator of the mediation process and shall not have any authority to determine issues, make decisions or otherwise resolve the matter.

(d) Following the selection of a mediator, the mediator, all parties and their representatives will meet in person or by conference call for all mediation sessions, as determined by the mediator or by mutual agreement of the parties. The mediator shall facilitate, through joint sessions, caucuses and/or other means, discussions between the parties, with the goal of assisting the parties in reaching their own resolution of the matter. The mediator shall determine the procedure for the conduct of the mediation. The parties and their representatives agree to cooperate with the mediator in ensuring that the mediation is conducted expeditiously, to make all reasonable efforts to be available for mediation sessions, and to be represented at all scheduled mediation sessions either in person or through a person with authority to settle the matter.

(e) The mediator may meet with and communicate separately with each party or the party's representative. The mediator shall notify all other parties of any such separate meetings or other communications.

(f) The parties agree to attempt, in good faith, to negotiate a settlement of the matter submitted to mediation. Notwithstanding that a matter is being mediated, the parties may engage in direct settlement discussions and negotiations separate from the mediation process.

(g) Mediation is intended to be private and confidential.

(1) The parties and the mediator agree not to disclose, transmit, introduce, or otherwise use opinions, suggestions, proposals, offers, or admissions obtained or disclosed during the mediation by any party or the mediator as evidence in any action at law, or other proceeding, including a lawsuit or arbitration, unless authorized in writing by all other parties to the mediation or compelled by law, except that the fact that a mediation has occurred shall not be considered confidential.

(2) Notwithstanding the foregoing, the parties agree and acknowledge that the provisions of this paragraph shall not operate to shield from disclosure to NASD or any other regulatory authority, documentary or other information that NASD or other regulatory authority would be entitled to obtain or examine in the exercise of its regulatory responsibilities.

(3) The mediator will not transmit or otherwise disclose confidential information provided by one party to any other party unless authorized to do so by the party providing the confidential information.

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

## 10410. Mediation Fees

(a) Filing Fees: Cases Filed Directly in Mediation

Each party to a matter submitted directly to a mediation administered under the Code must pay an administrative fee to NASD in the amounts indicated in the schedule below, unless such fee is specifically waived by the Director.

| Amount in Controversy | Customer and Associated Person Fee | Member Fee |
|---|---|---|
| $.01–$25,000 | $ 50 | $150 |
| $25,000.01–$100,000 | $150 | $300 |
| Over $100,000 | $300 | $500 |

(b) Filing Fees: Cases Initially Filed in Arbitration

When a matter is initially filed in arbitration and subsequently submitted to mediation under the Code, each party must pay an administrative fee to NASD in the amounts indicated in the schedule below, unless such fee is specifically waived by the Director.

| Amount in Controversy | Customer and Associated Person Fee | Member Fee |
|---|---|---|
| $.01–$25,000 | $ 0 | $ 0 |
| $25,000.01–$100,000 | $100 | $150 |
| Over $100,000 | $250 | $500 |

(c) Mediator Fees and Expenses

The parties to a mediation administered under the Code must pay all of the mediator's charges, including the mediator's travel and other expenses. The charges shall be specified in the Submission Agreement and shall be apportioned equally among the parties unless they agree otherwise. Each party shall deposit with NASD its proportional share of the anticipated mediator charges and expenses, as determined by the Director, prior to the first mediation session.

Adopted by SR-NASD-2004-013 eff. Jan. 30, 2006.

**Selected Notice to Members:** 05-85.

**EXHIBIT B**



# NASD DISPUTE RESOLUTION
# ARBITRATOR'S REFERENCE GUIDE
# NATIONAL EDITION

March 6, 2006 Edition

# TABLE OF CONTENTS

**This booklet contains important information about NASD Dispute Resolution services, policies, and procedures.  For additional information, please go to <u>www.nasdadr.com</u> or call one of our regional offices.**

Overview of NASD Dispute Resolution ..........................................................................5

NASD Dispute Resolution Office Directory....................................................................6

How To Reach Staff By E-mail ......................................................................................6

Arbitrator Training..........................................................................................................7

The "Top Ten" Ways To Be A Better Arbitrator .............................................................9

Duties and Obligations of NASD Arbitrators................................................................10

Oath of Arbitrator........................................................................................................13

Arbitrator Disclosure Checklist ...................................................................................15

Arbitrator Disqualification Criteria ...............................................................................19

Expedited Proceedings for Elderly or Seriously Ill Parties...........................................21

Order on Request for Direct Communication between Parties and Arbitrators ...........23

Rule on Requests for Documents and Other Evidence ...............................................25

Discovery Guide Information .......................................................................................27

Discovery Guide .........................................................................................................29

Conduct a Pre-hearing Conference.............................................................................42

Initial Pre-hearing Conference Information..................................................................44

Initial Pre-hearing Conference Script..........................................................................45

Initial Pre-hearing Conference Scheduling Order .......................................................52

Hearing Information For All Arbitrators ........................................................................56

Hearing Procedure Script - Single Arbitrator Case.....................................................57

© 2006 NASD, Inc. All Rights Reserved.

# TABLE OF CONTENTS, continued

Hearing Procedure Script - 3 Member Panel.............................................................62

Information for Hearings Not Held at NASD Dispute Resolution Offices ....................68

Rule 2130 Expungement Procedures........................................................................69

Rule 10335 Injunctive Relief Case Information .........................................................70

Legal Standard for Deciding Permanent Relief .........................................................70

Effective Date of Permanent Injunction ....................................................................70

Order on Request for Permanent Injunction...............................................................71

Arbitrator Reimbursement Information in Injunctive Cases .........................................76

Frequently Requested and Produced Documents in Employment Cases...................77

Attendance List .......................................................................................................78

List of Claimant's Exhibits .......................................................................................79

List of Respondent's Exhibits ..................................................................................80

Tape Log.................................................................................................................81

Award Information Sheet..........................................................................................82

Award Template .....................................................................................................106

Disciplinary Referral Information .............................................................................119

Disciplinary Referral Form......................................................................................120

Peer Evaluation Information ....................................................................................123

Arbitrator Honorarium Information ...........................................................................124

© 2006 NASD, Inc. All Rights Reserved.

# TABLE OF CONTENTS, continued

Guidelines for Arbitrator Reimbursement ................................................................127

Glossary of Terms ...................................................................................................132

Bibliography ............................................................................................................143

The *NASD Code of Arbitration Procedure* is available at
http://www.nasd.com/stellent/idcplg?IdcService=SS_GET_PAGE&nodeId=537 or
by calling one of our regional offices.  The web version of the Code was last
updated on **February 1, 2006.**

4

# Overview of NASD Dispute Resolution

**What Is NASD Dispute Resolution?**

NASD Dispute Resolution operates the largest securities dispute resolution forum in the world.  NASD Dispute Resolution facilitates the efficient resolution of monetary, business, and employment disputes among investors, securities firms, and employees of securities firms.  We offer both arbitration and mediation services through a network of offices across the United States.  NASD Dispute Resolution handles intra-industry employment and business disputes and investor-industry/investment disputes involving stocks, bonds, options, mutual funds, and other types of securities.

Today, NASD Dispute Resolution is the largest dispute resolution forum in the securities industry – handling some 90 percent of all such arbitrations and mediations in the United States.  NASD Dispute Resolution recruits, trains, and manages a large roster of neutral arbitrators and mediators.  NASD Dispute Resolution has more than 7,000 arbitrators and over 900 mediators carefully selected from a diverse cross-section of professionals.

NASD Dispute Resolution is subject to the same Securities and Exchange Commission oversight as NASD.  The National Arbitration and Mediation Committee makes recommendations to NASD Dispute Resolution and the Board regarding the conduct of arbitrations, mediations, and other dispute resolution matters.

NASD Dispute Resolution pledges to provide impartial professional staff and highly trained arbitrators and mediators committed to delivering fair, expeditious, and cost-effective dispute resolution services for investors, brokerage firms, and their employees.  NASD Dispute Resolution wants our customers to view us as the pre-eminent provider of dispute resolution services worldwide.

# Conduct a Pre-hearing Conference

Use this checklist to ensure that you have covered all the necessary steps when conducting any Pre-hearing conference.  You can then refer to this document if you need to reference the specifics of a conference.  The Pre-hearing conference is usually handled with a telephone conference call initiated by NASD Dispute Resolution staff.

## Mechanics of a Pre-hearing Conference

### Preliminary Introductions

➢ Identify the participants (parties, attorneys, other individuals listening to the call).

➢ If necessary, ask the participants to identify themselves each time before they speak.

➢ Read the case name and number.

➢ State that you (or the panel) are a neutral arbitrator and are not an employee of NASD.

➢ Ask the parties to confirm their acceptance of you (or the panel) as the arbitrator for the Pre-hearing conference.

### Issues

➢ Ask the party requesting the Pre-hearing conference to explain the problem.

➢ Ask the other party for its side of the matter.

➢ The moving party may then respond.

➢ Arbitrators can ask questions as necessary to identify and clarify the issues.  Provide both parties with an opportunity to respond.

### Rulings

➢ If it is a discovery conference, be specific and issue a reasonable timetable for compliance, including dates and places that the information or documents will be exchanged.

➢ Confirm your ruling with the parties (make sure all parties understand it fully).

42

➢ Do not allow parties to further debate the issue.

➢ Document your ruling in a Pre-hearing order (you may request party's counsel to submit a draft order for adoption or modification).

➢ Inform the parties of the maximum fee that the panel can assess for each Pre-hearing session.

➢ Ask whether there are any other issues prior to concluding the Pre-hearing.

**Post-Hearing**

➢ If possible, send a copy of the typed order to NASD Dispute Resolution by fax or electronic mail.

Remember, when multiple arbitrators participate in a conference call and the arbitrators want to confer-either during the conference or after the parties have finished-make sure all the parties are off the phone before discussing the issues.  Verify with the conference operator that only arbitrators are connected to the call.

43

## Initial Pre-hearing Conference Information

- Please alert NASD Dispute Resolution staff of any changes to your contact phone number at least 24 hours before the scheduled Initial Pre-hearing Conference.

- NASD Dispute Resolution's telecommunications provider will call all arbitrators and party representatives for the conference call.  Please be available 5 minutes prior to the scheduled time for the conference call.

- NASD Dispute Resolution staff may or may not attend the call.  Please contact NASD Dispute Resolution staff **prior** to the commencement of the call if you have any questions about the call.

- The chairperson should follow the Initial Pre-hearing Conference Script and complete the scheduling order during the conference.  At the conclusion of the conference, the chairperson should sign the order on behalf of the panel and submit it to the NASD Dispute Resolution staff member assigned to this matter.

44

# Initial Pre-hearing Conference Script



**INITIAL PRE-HEARING CONFERENCE**
**Arbitrator's Script**

---

*[The script is in a regular typeface size. Information in brackets, in italics, is intended to clarify a point for the arbitrator and does not need to be read to the parties. The arbitration panel must be prepared for the conference call and have its schedule/calendar available. The conference operator may call you up to five minutes before or after the appointed time.*

*The panel Chairperson has the responsibility to record the agreements reached during the conference on the Initial Prehearing Conference Scheduling Order (Scheduling Order). The Chairperson should submit the enclosed Scheduling Order to NASD Dispute Resolution within 48 hours. The Chairperson may do so by electronic mail or facsimile transmission.*

*The Initial Prehearing Conference (IPHC) procedures set forth below should be followed, but may, in the panel's discretion, be varied to allow all parties a full and fair opportunity to present their respective positions. If a member of the NASD Dispute Resolution staff participates in the conference, he or she should speak with the Chairperson before the IPHC to discuss their respective parts of the script. If a staff member is present, he/she will begin by introducing the arbitrators. If a staff member is not present, the Chairperson will perform this function.]*

A. **<u>Introduction of the Arbitrators</u>**:  We will begin by briefly introducing ourselves.

Will the parties or their representatives introduce themselves and any others who are listening on their end of the line?  Since we cannot see each other, please continue to identify yourself by name whenever you speak.

B. **<u>Disclosures</u>**:   The panel will now make any disclosure that was not previously contained in the *Arbitrator Disclosure Report*.

*[This shall include all disclosures previously made, including any disclosures resulting from the Arbitrator Disclosure Checklist, in addition to new disclosures. Arbitrators are reminded that any change in their classification as a public or non-public arbitrator must also be disclosed.]*

45

As Chairperson, I have the following disclosures *[convey disclosure, if appropriate]*.

C. **Confirmation of the Panel:**   Do the parties confirm acceptance of the panel's composition?

*[If a party exercises a successful challenge for cause against the Chairperson, ask the parties if they are willing to allow the staff to complete the IPHC by reading from the script—with the understanding that the staff will not make any rulings.  If the parties do not agree to continue the IPHC led by the staff member, schedule a new IPHC date/time and end the IPHC.  Generally, if the causal challenge is made to a panelist, complete the IPHC with the remaining panelist and yourself. Staff will replace the challenged arbitrator.]*

D. **Oath of Arbitrators:**   As Chairperson, I confirm that I have executed my oath and submitted it to NASD Dispute Resolution.  Have the other panelists submitted their oaths?

*[If not, inquire as to whether each arbitrator has read and reviewed NASD's Temporary and Permanent Arbitrator Disqualification Criteria, the Arbitrator Disclosure Checklist, and the Arbitrator Disclosure Report.  If an arbitrator has not received and reviewed the above items, he/she is not permitted to rule on any item on today's agenda. If he/she has reviewed the items, then administer the oath as follows:*

"Do you, as an arbitrator(s) selected to hear this matter in controversy, solemnly swear or affirm that you are not an employer of, employed by, or related by blood or marriage to any of the parties or witnesses whose names have been disclosed to you; that you have no direct or indirect interest in this matter; that you know of no existing or past financial, business, professional, family, or social relationship which would impair you from performing your duties; and that you will decide the controversy in a fair manner, and render a just award?

Do you swear or affirm that, based on NASD Dispute Resolution's Temporary and Permanent Arbitrator Disqualification Criteria, you are not temporarily or permanently disqualified from being an NASD arbitrator?

Having reviewed the *Arbitrator Disclosure Checklist*, do you certify that you have made all disclosures of items on the *Arbitrator Disclosure Checklist*?

Do you swear or affirm that your *Arbitrator Disclosure Report* is accurate, current, and up to date, and that you have no additional disclosures to make?"

46

*The Chairperson should make sure that the oaths are executed in writing and given to the NASD Dispute Resolution staff for completion of the case file.]*

E. **Pleadings:**  We acknowledge and identify that the following pleadings have been filed by the parties and read by the panel: *[list documents].*

*[If one of the parties has failed to submit a signed Submission Agreement, please advise the parties of the following:]*

Any party that has not yet filed a Uniform Submission Agreement or otherwise objected to jurisdiction must do so within 30 days or may be subject to sanctions as provided in the *Code of Arbitration Procedure (Code).*

F. **Mediation:**  We want to remind the parties that NASD Dispute Resolution has a successful, voluntary mediation program.  Mediation is an informal process in which a mediator facilitates negotiations between disputing parties.  The mediator's role is to help the parties find a mutually acceptable solution to the dispute.  Parties who mediate at this forum resolve four out of every five cases.

NASD Dispute Resolution mediators are trained and experienced in helping parties resolve their disputes.  In addition, many are experienced arbitrators, attorneys, and securities industry professionals knowledgeable in employment and securities issues.

The mediation process is designed to proceed on a parallel track with this arbitration, so it does not interfere with the scheduled hearing dates or other matters agreed to during the course of this prehearing conference.  If you are interested in mediation, contact the staff member assigned to this case for more information.

G. **Selection of Arbitration Hearing Dates:**  *[Now schedule the arbitration dates. During the IPHC, dates are to be set regardless of a party's failure to prepare for the selection of any of the dates.]*

We begin with the scheduling of hearing dates and we remind the parties that it is better to set aside extra dates to avoid delay in the arbitration process.

Expeditious resolution of disputes is one of the goals of arbitration. Therefore, the commencement of evidentiary hearings within nine months or less after this conference is the goal of NASD and the arbitrators.  It is understood that there may be times when this is not feasible. However, the commencement of hearings more than nine months after this conference should be the exception.

*[If advised that there are any very ill or elderly parties or essential witnesses, the panel should strive to select dates that will expedite the process and provide a reasonable amount of time for case preparation.]*

47

The arbitrators promise to avoid causing postponements, absent a genuine emergency.  We also pledge to be prepared and on time for all conferences and hearings. In exchange, we expect the parties and counsel to avoid unnecessary postponements, to be prepared, and to be on time, for all conferences and hearings.

Have the parties agreed to hearing dates for consideration by the panel?

      a.   *[If yes, discuss the dates with the panel.]*

      b.   *[If no, find out how many days will be required.  Continue by requesting the parties' availability for the hearings, on a month-by-month basis, until sufficient dates have been selected.]*

## H. **Discovery:**

The arbitrators wish to remind the parties that NASD rules require you to fully cooperate with one another with respect to the exchange of documents and information.

*[The following two paragraphs are for public customer cases only.]*

We would like to confirm that all parties have received a copy of the *Discovery Guide* available for use in customer arbitrations. Has everyone received a copy? *[If anyone has not received a copy, advise the NASD Dispute Resolution staff to send a copy to the party who has not received the Guide.]*

The *NASD Discovery Guide* provides guidance regarding documents that are presumed discoverable.  With few exceptions, these documents should be exchanged automatically without the intervention of the panel.

*[The preceding two paragraphs are for public customer cases only.]*

The arbitrators wish to remind the parties that the panel will not tolerate any abuse of the discovery process. Discovery abuse undermines the integrity and fairness of the NASD forum.  If necessary, the panel will consider a full range of sanctions in order to address discovery abuse by any party.

We would like to hear from the parties regarding the status and progress of their discovery proceedings to date.

Do the parties wish to stipulate to any deadlines or cutoff dates with respect to the filing of discovery requests and motions?    *[If so, please memorialize the parties' agreement in the IPHC Scheduling Order.]*

48

Do the parties wish to schedule a tentative telephonic hearing with the Chairperson to address unresolved discovery disputes? *[If so, please memorialize the date and time in the IPHC Scheduling Order.]*

*[If the parties are going to submit any additional documents regarding discovery for consideration by the panel, they should do so at least 10 days in advance of the scheduled discovery conference. NASD Rule 10321(b) provides that information requests shall be satisfied or objected to within 30 calendar days from the date of service. This Rule also provides that the response to such objections shall be served within 10 calendar days of receipt of the objection.]*

Please be advised that effective September 26, 2005, arbitrators will be compensated for decisions rendered on discovery-related motions on the papers. Each arbitrator that participates in deciding the discovery-related motion will receive $200. A single motion includes the motion and any opposition/replies sent in response to that motion. The panel will allocate the cost of the honoraria to the parties at the conclusion of the case.

I. **Canceled Conferences:** Parties are instructed to notify NASD Dispute Resolution when scheduled prehearing conferences are no longer needed. NASD Dispute Resolution should be notified at least 24 hours prior to the scheduled conference.

J. **Legal Issues:** Are there any unique legal issues that would warrant the filing of briefs in this case?

*[If so, set deadlines for the submission of the briefs and request that the parties attach all cases cited. The briefs should be simultaneously exchanged by the parties and submitted to NASD Dispute Resolution.]*

K. **Direct Party and Arbitrator Communication:** Parties and arbitrators may engage in voluntary direct communication as provided under Rule 10334 of the Code. All named parties must be represented by counsel in order to participate under the Rule. All named parties must agree to forward correspondence directly to the arbitration panel. If all parties agree to proceed under the Rule, they may send only those documents specifically outlined in the Initial Pre-hearing Conference Scheduling Order (Order), which the arbitration panel will issue following this conference call. Any and all other correspondence, motions, briefs, etc., not identified in the Order, must be forwarded to the NASD Dispute Resolution case administrator with the appropriate number of copies for NASD Dispute Resolution to distribute to the arbitration panel. If the parties agree to this method of communication, the parties must also send copies of any motion, response, or brief noted in the Order to their opposing counsel and the NASD Dispute Resolution case administrator on the same day and by the same method of transmission (e.g., facsimile, overnight courier, electronic mail, or U.S. mail). Communication by electronic mail or facsimile is permissible only if all parties and arbitrators have such capability and agree to this method of communication during the Initial Pre-hearing

49

Conference. Parties and arbitrators may limit the number of pages that can be transmitted by fax. Parties must not transmit documents that exceed 15 pages to NASD Dispute Resolution by fax. Parties must transmit such documents to NASD Dispute Resolution only by overnight courier or U.S. mail. If all parties and arbitrators agree to use electronic mail or facsimile transmissions, all electronic mails or facsimile transmissions should include the appropriate confidentiality message. The parties are prohibited from direct verbal communication with any member of the panel except in the presence of all parties or representatives. Do the parties agree to this method of communication with the arbitrators?

*[If the parties agree to this process, the Chairperson should record the parties' agreement in the Order. The Chairperson should ensure that all correspondence that should be transmitted directly to the panel is listed in the Order. If all parties and arbitrators agree to use electronic mail or facsimile, the Order should reflect all parties' and all arbitrators' electronic mail addresses or fax numbers. The Order should also indicate the appropriate confidentiality message that all parties and arbitrators are encouraged to use in their electronic mail messages and facsimile transmissions.]*

L. **Party and Arbitrator Communication:** We remind the parties that they may not communicate with any member of the panel except in the presence of all parties or representatives. All correspondence and pleadings must be sent to the NASD Dispute Resolution staff for distribution to the panel, <u>unless all parties and arbitrators agree to the direct voluntary communication as provided in Rule 10334 of the Code.</u>

M. **Other Matters:** Are there any other matters that need to be addressed before the hearing in this proceeding?

N. **Conclusion:** As Chairperson, I am submitting a Scheduling Order that confirms what we've agreed to here today. NASD Dispute Resolution will send a copy of this order to all parties or their representatives. As I read the order, tell me if any statement is incorrect.

*[Read the dates and information you recorded in the Order.]*

Please do not expect the staff to send letters reminding you of your deadlines. The deadlines are your responsibility.

Parties shall submit the appropriate number of copies to staff and shall simultaneously serve one another. Parties are reminded again to use the same form of service with one another as used when filing with NASD Dispute Resolution, and to do so simultaneously.

Thank you for your participation.

50

<u>Executive Session</u>:
Reconnect with an MCI operator pursuant to the instructions you received at the outset of the call.  Confirm with the operator that only the arbitrators are on the line.

<u>Assessment of IPHC</u>:  Discuss and decide whether and how the fee for the IPHC shall be apportioned (who bears the cost) if the matter settles without a hearing.

**NOTE:  Pursuant to Rule 10306 of the Code, effective November 19, 2001, outstanding forum fees that have not yet been resolved or assessed by the panel, the parties or another Rule will be divided equally among the parties when settling parties fail to allocate fees in their settlement agreements.**

51

# Initial Pre-hearing Conference Scheduling Order



**INITIAL PRE-HEARING CONFERENCE**

**Scheduling Order**

**NASD DISPUTE RESOLUTION**

INITIAL PRE-HEARING CONFERENCE
SCHEDULING ORDER IN THE MATTER OF:

CLAIMANT(S): _____

RESPONDENT(S): _____

CASE #: _____

An initial Pre-hearing telephonic conference was held in the above captioned matter on _____ (month/date/year).  Participating in the hearing were: [list the attending individuals]

Chairperson: _____

Panelist: _____

Panelist: _____

Claimant's Representative: _____

#1 Respondent's Representative: _____

#2 Respondent's Representative: _____

NASD Dispute Resolution Staff: _____

The following was agreed upon during the conference and is now entered as the Initial Pre-hearing Conference Scheduling Order:

1.  The parties accepted the panel's composition. (If not, please explain.)

52

_____
_____
_____

2.  The first scheduled hearing session in this matter will begin at: _____ (time) on _____ (month/date/year).  The following dates have also been reserved for this hearing:  _____
_____
_____

3.  The arbitrators and parties have tentatively reserved _____ (month/day/year) at _____(time) for a Pre-hearing date to resolve discovery matters  _____
_____
_____

4.  The Chairperson and parties have tentatively reserved _____ _____ (month/day/year) at _____(time) for a Pre-hearing date to resolve discovery matters  _____
_____
_____
_____

5.  If Pre-hearing briefs are filed, they must be filed by: _____
_____

6.  Communication between parties and arbitrators. (Check one.

☐All named parties and all arbitrators have agreed to proceed under the voluntary direct communication provisions of Rule 10334 *NASD Code of Arbitration Procedure (Code)*.  All parties agree that their counsel will alert all other parties, all arbitrators, and the NASD Dispute Resolution case administrator of any changes in representation.  If counsel no longer represents a party, this Paragraph will become inoperative and all parties shall cease direct communication with the arbitrators and direct all communication to the assigned NASD Dispute Resolution case administrator, with the appropriate number of copies for distribution to the arbitrators.

a)  All parties shall send only the following correspondence directly to the arbitrators (e.g., motions, responses, replies, sur-replies, briefs, etc.):
_____
_____
_____
_____
_____

b)  Parties shall use the following method of transmission when communicating directly with the arbitrators (e.g., electronic mail, facsimile, overnight courier, U.S. mail):

53

_____

If the parties and arbitrators agree to communicate by fax, parties must transmit documents that exceed 15 pages to NASD Dispute Resolution by overnight courier or U.S. mail.

c)  Below is a list of the electronic mail addresses, fax numbers, or mailing addresses of all named parties and all arbitrators:

_____
_____
_____
_____
_____
_____
_____

d)  All faxes and electronic mail messages should include the confidentiality language previously provided to the parties by NASD Dispute Resolution.

☐ Parties and arbitrators <u>do not</u> agree to voluntary direct communication between the parties and arbitrators.  Parties should not communicate with any member of the panel except in the presence of all parties or representatives.  All correspondence and pleadings must be sent to the NASD Dispute Resolution staff for distribution to the panel, and such correspondence or pleadings should be sent to all parties in the same manner and at the same time it is sent to NASD Dispute Resolution.

7.  Other rulings (e.g., extra fees to be deposited): _____

_____
_____

8.  If the parties settle this matter with no further hearings:

a)      The cost of this IPHC will be borne as follows

        _____% to Claimant(s) jointly and severally
        _____% to Respondent(s) _____ jointly and severally
        _____% assessed to _____
        _____% assessed to _____
        _____% assessed to _____

NOTE:  Pursuant to Rule 10306 of the *NASD Code of Arbitration Procedure*, effective November 19, 2001, outstanding forum fees that have not yet been resolved or assessed by the panel, the parties or another Rule will be divided equally among the parties when settling parties fail to allocate fees in their settlement agreements.

This Order will remain in effect unless amended by the arbitration panel.  However, Paragraph 6 may be canceled by a party, an arbitrator, or as provided in the Paragraph.

54

Dated:


_____
Chairperson
On behalf of the arbitration panel

_____

## Hearing Information For All Arbitrators

Thank you for your service as an arbitrator.  Please follow the guidelines below to ensure there is a complete record in the case:

1. **<u>Use the Script</u>**:  There are two scripts, one for single arbitrator cases and one for 3 member panels.  Please be sure to use the correct script.

2. **<u>Use the Attendance List</u>**:  Please use this to track attendance of parties, representatives, and witnesses.

3. **<u>Use the Exhibit Lists</u>**:  Please use these lists to track Claimant's and Respondent's exhibits.

4. **<u>Use the Tape Log</u>**:  Please carefully complete the tape log.

5. **<u>Mark the Tapes</u>**:  Please clearly mark each tape with the case number, case name, date of the hearing, and the tape number.

**Hearing Procedure Script - Single Arbitrator Case**



**HEARING PROCEDURE SCRIPT
SINGLE ARBITRATOR CASE**

The hearing procedures set forth below may, in the discretion of the arbitrator, be varied provided all parties are allowed a **full** and **fair** opportunity to present their respective cases. The NASD Dispute Resolution staff member, if present, or the Arbitrator will initiate the introduction.

*NOTE TO ARBITRATOR - TAPE RECORDING THE PROCEEDING*

*THERE MUST BE A RECORD KEPT OF EVERY NASD ARBITRATION HEARING. THIS IS AN IMPORTANT FUNCTION, AND IS REQUIRED UNDER RULE 10326.  IT IS ESSENTIAL THAT CARE BE TAKEN TO PROPERLY RECORD EACH HEARING, AND TO TIMELY TRANSMIT ALL TAPES TO NASD DISPUTE RESOLUTION.*

*OCCASIONALLY, THE PARTIES REQUEST A STENOGRAPHIC RECORD.  IN SUCH CASES, THE ARBITRATOR CAN DETERMINE THAT THE STENOGRAPHIC RECORD WILL BE THE OFFICIAL RECORD AND DISPENSE WITH THE TAPE RECORDING OF THE HEARING.  IF A STENOGRAPHIC RECORD IS USED, THE PARTIES ARE REQUIRED TO DEFRAY THE COST OF SUCH RECORD AND PROVIDE NASD DISPUTE RESOLUTION WITH A COPY OF THE TRANSCRIPT.*

*The single arbitrator should perform the following:*

☑ *Mark the tapes and operate the tape recorder.*

☑ *There are no "off the record" conversations between the parties and yourself.  Record the entire proceeding!*

☑ *Check the recording device before the hearing starts to ensure that it is recording properly. Most recorders require that the record and play buttons be depressed simultaneously. Number the tapes in order of their use and label each tape with the case number and the hearing date.*

57

☑ ***When the tape is finished, punch out the two plastic tabs on the rear of the cassette (the side opposite the opening where the tape is visible) before placing the tape back in its case.  This will prevent any alterations or erasures of the tape.***

☑ ***Please make sure that the tape recorder is turned off during breaks. Before resuming the hearing after breaks, make sure that you have restarted the tape.***

☑ ***At the end of the hearing, all tapes should be returned to the NASD Dispute Resolution staff member assigned to the case.***

***Note: The following should be covered on the record.  Make sure that the tape is recording before proceeding.***

A. Introduction of the Arbitrator

B. Restate to the parties any disclosures previously made by the arbitrator.  Also, any additional disclosures should be made to the parties at this time.

C. Elicit names of all persons in attendance and their relationship to the parties (e.g. husband, attorney for claimant, respondent's witness, etc.).  ***Ask each party's counsel/representative who should be reflected in the award as counsel/representative for each party.  Make a note of each party's response and include it in the Award Information Sheet when you deliberate.***

D. Obtain oral confirmation from all of the parties or their representatives of their acceptance of the Panel's composition.

E. Oath of Arbitrator:  ***Make the following statement on the record: "I have submitted my properly executed Oath of Arbitrator to the NASD Dispute Resolution staff."***

   (**Note**: ***The following paragraphs are to be read on the record by the Chairperson***)

F. Formal Opening Of Hearing: This controversy has been submitted to me for hearing in accordance with the Code of Arbitration Procedure. I am authorized to determine each of the matters set forth in the statements submitted and filed with NASD Dispute Resolution. Unless the law directs otherwise, all awards rendered pursuant to the Code will be final and not subject to appeal.

   It is suggested that no interruptions be made during an individual's testimony.  Parties are entitled to make objections, cross-examine and redirect witnesses, and may, in the discretion of the arbitrator, present rebuttal testimony.  I may ask questions as I deem appropriate.

G.  The submission of this matter to arbitration will not preclude any right of the Association that it would otherwise be authorized to adopt, administer or enforce.  If any matter comes to my attention during and in connection my participation in this proceeding, either from the record or from material or communications related to this proceeding, that I have reason to believe may constitute a violation of the Association's rules or the federal securities laws, I may initiate a referral of the matter to the Association for disciplinary investigation.  If I make any such referral it will only be initiated after this dispute has been either settled or otherwise disposed of or after a final award has been rendered.

H.  Responsibility of Neutral Arbitrators:  I have been selected to serve as a neutral arbitrator to hear and decide this matter.  I am not an NASD Dispute Resolution employee.

Pursuant to Canon I of the ABA/AAA Code of Ethics for Commercial Arbitrators, I, as a neutral arbitrator, have the duty of conducting these proceedings with fairness and integrity.  This duty extends to all parties and to this process.  Therefore, I respectfully request that all parties and their counsel or representatives refrain from engaging in any conversations or contact with me except while in this room and in the presence of all parties, counsel or representatives.  Thank you for your anticipated cooperation.

I.  Oath Administered To Witnesses

***Do you solemnly swear or affirm that the testimony you are about to give shall be the truth the whole truth and nothing but the truth?***

Will each of you please state your name, address, and if applicable, your business affiliation.

Parties and a corporate representative are permitted to remain throughout the proceeding.  Expert witnesses are permitted to remain unless the panel determines that the witness should be excused.  All other witnesses will now be excused and will be called upon at the appropriate time, unless the panel determines that the witness(es) will remain.  **(Note to Arbitrators:  Barring countervailing reasons, expert witnesses who are assisting parties in the presentation of their cases should be permitted to attend all hearings.  Generally, there is a presumption that expert witnesses, as opposed to witnesses testifying as to the facts pertinent to the case, will be permitted to attend the entire proceedings.)**

J.  Arbitrator's Exhibit: I have read the papers that have been submitted by the parties.  These papers, along with the executed Submission Agreements, will be marked and received into evidence as Arbitrator's Exhibit #1.

***[THE ARBITRATOR SHOULD EXPLAIN THE CONTENTS OF ARBITRATORS' EXHIBIT #1.]***

59

K.  Other important open matters may be addressed here.

L.  Party Evaluations:  As part of the NASD Dispute Resolution's ongoing effort to improve the arbitration process, each party or representative is asked to voluntarily complete an evaluation concerning this arbitration. For your convenience, NASD has made it possible for you to complete the evaluation online via the Internet.  You can find the evaluation form at http://www.nasd.com/arbevaluation.  If you do not have Internet access, or have difficulty completing the evaluation online, please ask your case administrator to provide a paper version of the evaluation that you can mail to the address indicated.

M.  Opening Statements: Each party may make an opening statement.  It should be limited to what the party intends to prove and should not be a presentation of evidence or of the merits of the case.

N.  Documentary Evidence: Evidence will be marked for identification and shown to the opposing party for review and possible objection to its admissibility.  I will rule on any objections asserted and determine whether the document will be received in evidence.

O.  Expected Conduct:  All participants are expected to act in a civil manner at all times.  Parties and attorneys are requested to be on time for all sessions and to limit breaks to the time allotted.  Parties and attorneys are responsible for providing copies of all proposed exhibits to all other parties and me.  Parties are encouraged to avoid repetitive arguments.  Parties and counsel must direct all objections and motions to me and not to each other.

_____

***Note to Arbitrator:  The administrative announcements have been completed and you will now begin opening statements and the presentation of the evidence.  This is a reminder that all further conversations between the parties and the arbitrator should be on the record (e.g. tape recorded).  Please ensure that the recorder is operating after your return from any breaks or lunch.  In addition, do not leave the completed tapes unattended. You must keep the tapes in a safe, secure place.***

P.  Opening Statements: The parties will now proceed with their opening statements, beginning with the Claimant.

Q.  Presentation Of Evidence: The parties will now present their evidence, beginning with the Claimant.

R.  Inquiry Prior To Closing Argument: Do the parties have any further evidence or testimony to present?

S.  Closing Argument: Each party may make a closing argument.  The parties are directed to limit their closing argument to a summation of what he or she believes has been proven.

The parties may now begin their closing argument, beginning with the Claimant.  Rebuttal is allowed and the Claimant may reserve its entire closing for rebuttal.

***Note to Arbitrator:  It is the practice in these proceedings to allow claimants to proceed first in closing argument, with rebuttal argument being permitted. Claimants may reserve their entire closing for rebuttal.  The hearing procedure may, however, be varied in the discretion of the arbitrator, provided all parties are allowed a full and fair opportunity to present their respective cases.***

T.  Inquiries Prior To Closing Hearing: Will each of the parties state affirmatively whether you have had a full and fair opportunity to be heard?

U.  The decision will be forwarded to the parties, and/or counsel.  In order to expedite its delivery, I may execute a handwritten copy of the Award.

V.  Party Evaluations: As I mentioned at the beginning of the case, I ask that each party or representative complete an evaluation of this arbitration.  Your participation – while strictly voluntary – greatly assists NASD Dispute Resolution's ongoing effort to improve the arbitration process.  You can find the evaluation form at http://www.nasd.com/arbevaluation.  If you do not have Internet access, or have difficulty completing the evaluation online, please ask your case administrator to provide a paper version of the evaluation that you can mail to the address indicated.

W.  NASD is not responsible for secure disposal of any documents left by the Panel or the parties following a proceeding.  This hearing facility will dispose of all remaining materials in its usual manner.  If a party wishes to retain secure control of the materials, they must take them when leaving.

X.  Closing the Hearing: The record will remain open until I arrive at a decision, or I determine that it is closed.

No party will contact me directly.  All communications are to be directed to the staff person assigned to this case.

I request that the parties leave the room at the same time.
_____

***Note to Arbitrator:  Take all recorded tapes with you upon leaving the room. These tapes must be sent to the NASD Dispute Resolution staff member assigned to the arbitration.***

61

## Hearing Procedure Script - 3 Member Panel



**HEARING PROCEDURE SCRIPT**

**3 MEMBER PANEL**

The hearing procedures set forth below may, in the discretion of the arbitrators, be varied provided all parties are allowed a **full** and **fair** opportunity to present their respective cases. The NASD Dispute Resolution staff member, if present, or the Chairperson will initiate the following.

*NOTE TO ARBITRATORS - TAPE RECORDING THE PROCEEDING*

*THERE MUST BE A RECORD KEPT OF EVERY NASD ARBITRATION HEARING. THIS IS AN IMPORTANT FUNCTION, AND IS REQUIRED UNDER RULE 10326.  IT IS ESSENTIAL THAT CARE BE TAKEN TO PROPERLY RECORD EACH HEARING, AND TO TIMELY TRANSMIT ALL TAPES TO NASD DISPUTE RESOLUTION.*

*OCCASIONALLY, THE PARTIES REQUEST A STENOGRAPHIC RECORD.  IN SUCH CASES, THE PANEL CAN DETERMINE THAT THE STENOGRAPHIC RECORD SHALL BE THE OFFICIAL RECORD AND THE PANEL MAY DISPENSE WITH TAPE RECORDING OF THE HEARING.  IF A STENOGRAPHIC RECORD IS USED, THE PARTIES ARE REQUIRED TO DEFRAY THE COST OF SUCH RECORD AND PROVIDE NASD DISPUTE RESOLUTION WITH A COPY OF THE TRANSCRIPT.*

*The chairperson should insure that a member of the panel performs the following:*

☑ *Mark the tapes and operate the tape recorder.*

☑ *With the exception of executive sessions and deliberations, the entire proceeding must be recorded!*

☑ *The assigned person should check the recording device before the hearing starts to ensure that it is recording properly.   Remember that*

62

*most recorders require that the record and play buttons be depressed simultaneously.  S/he must number the tapes in order of their use and label each tape with the case number and the hearing date.*

☑ *When the tape is finished, punch out the two plastic tabs on the rear of the cassette (the side opposite the opening where the tape is visible) before placing the tape back in its case.  This will prevent any alterations or erasures of the tape.*

☑ *Please make sure that the tape recorder is turned off during breaks and/or executive sessions. Before resuming the hearing after breaks or executive sessions make sure that you have restarted the tape.*

☑ *At the end of the hearing, all tapes should be returned to the NASD Dispute Resolution staff member assigned to the case.*

*Note: The following should be covered on the record.  Make sure that the tape is recording before proceeding.*

A.  Introduction of the Arbitrators

B.  Restate to the parties any disclosures previously made by the arbitrators.  Also, any additional disclosures should be made to the parties at this time.

C.  Elicit names of all parties, their attorneys of record and other representatives, if any.  *Ask each party's counsel/representative who should be reflected in the award as counsel/representative for each party.  Make a note of each party's response and include it on the Award Information Sheet when the panel deliberates.*

D.  Obtain oral confirmation from all of the parties or their representatives of their acceptance of the Panel's composition.

E.  Oath Of Arbitrators *(If necessary, the following oath is administered by the Chair. Otherwise, the Chair should state on the record: "We have submitted our properly executed Oaths of Arbitrators to the NASD Dispute Resolution staff."):*

*Do each of you, as the arbitrators selected to hear and determine the matter in controversy, solemnly swear or affirm that you are not an employer of, employed by, or related by blood or marriage to any of the parties or witnesses whose names have been disclosed to you; that you have no direct or indirect interest in this matter; you know of no existing or past financial, business, professional, family or social relationship which would impair you from performing your duties; and that you will decide the controversy in a fair manner and render a just award?*

63

***Do each of you swear or affirm that, based on NASD Dispute Resolution's Temporary and Permanent Arbitrator Disqualification Criteria, you are not temporarily or permanently disqualified from being an NASD arbitrator?***

***Do each of you, having reviewed the Arbitrator Disclosure Checklist, certify that you have made all disclosures of items on the Arbitrator Disclosure Checklist?***

***Do each of you swear or affirm that your Arbitrator Disclosure Report is accurate, current, and up-to-date, and that you have no additional disclosures to make?***

***(Note: The following paragraphs are to be read on the record by the Chairperson)***

F.  Formal Opening Of Hearing: This controversy has been submitted to this Panel of Arbitrators for hearing in accordance with the Code of Arbitration Procedure. The Panel is authorized to determine each of the matters set forth in the statements submitted and filed with NASD Dispute Resolution.  Unless the law directs otherwise, all awards rendered pursuant to the Code will be final and not subject to appeal.

It is suggested that no interruptions be made during an individual's testimony.  Parties are entitled to make objections, cross-examine and redirect witnesses, and may, in the discretion of the arbitrators, present rebuttal testimony.  The arbitrators may ask questions as they deem appropriate.

G.  The submission of this matter to arbitration will not preclude any right of the Association that it would otherwise be authorized to adopt, administer or enforce.  If any matter comes to the attention of this panel during and in connection with this panel's participation in this proceeding, either from the record or from material or communications related to this proceeding, that this panel has reason to believe may constitute a violation of the Association's rules or the federal securities laws, this panel may initiate a referral of the matter to the Association for disciplinary investigation.  If we make any such referral it will only be initiated after this dispute has been either settled or otherwise disposed of or after a final award has been rendered.

H.  Responsibility of Neutral Arbitrators:  We have been selected to serve as neutral arbitrators to hear and decide this matter.  We are not NASD Dispute Resolution employees.

Pursuant to Canon I of the ABA/AAA Code of Ethics for Commercial Arbitrators, we, as neutral arbitrators, have the duty of conducting these proceedings with fairness and integrity.  This duty extends to all parties and to this process.  Therefore, on behalf of the panel, I respectfully request that all parties and their counsel or representatives refrain from engaging in any conversations or contact with the members of this panel except while in this room and in the presence of all parties, counsel or representatives.

Thank you for your anticipated cooperation.

I.  Oath Administered To Witnesses

*Do you solemnly swear or affirm that the testimony you are about to give shall be the truth the whole truth and nothing but the truth?*

Will each of you please state your name, address, and if applicable, your business affiliation.

Parties and a corporate representative are permitted to remain throughout the proceeding. Expert witnesses are permitted to remain unless the panel determines that the witness should be excused. All other witnesses will now be excused and will be called upon at the appropriate time, unless the panel determines that the witness(es) will remain. **(*Note to Arbitrators: Barring countervailing reasons, expert witnesses who are assisting parties in the presentation of their cases should be permitted to attend all hearings. Generally, there is a presumption that expert witnesses, as opposed to witnesses testifying as to the facts pertinent to the case, will be permitted to attend the entire proceedings.*)**

J.  Arbitrators' Exhibit: The Arbitrators have read the papers that have been submitted by the parties. These papers, along with the executed Submission Agreements, will be marked and received into evidence as Arbitrators' Exhibit #1.

*[THE CHAIRPERSON SHOULD EXPLAIN THE CONTENTS OF ARBITRATORS' EXHIBIT #1.]*

K.  Other important open matters may be addressed here.

L.  Party Evaluations: As part of the NASD Dispute Resolution's ongoing effort to improve the arbitration process, each party or representative is asked to voluntarily complete an evaluation concerning this arbitration. For your convenience, NASD has made it possible for you to complete the evaluation online via the Internet. You can find the evaluation form at http://www.nasd.com/arbevaluation. If you do not have Internet access, or have difficulty completing the evaluation online, please ask your case administrator to provide a paper version of the evaluation that you can mail to the address indicated.

M.  Opening Statements: Each party may make an opening statement. It should be limited to what the party intends to prove and should not be a presentation of evidence or of the merits of the case.

N.  Documentary Evidence: Evidence will be marked for identification and shown to the opposing party for review and possible objection to its admissibility. The Panel will rule on any objections asserted and determine whether the document will be received in evidence.

65

O.  Expected Conduct:  All participants are expected to act in a civil manner at all times. Parties and attorneys are requested to be on time for all sessions and to limit breaks to the time allotted.  Parties and attorneys are responsible for providing copies of all proposed exhibits to all other parties and to the panel.  Parties are encouraged to avoid repetitive arguments.  Parties and counsel must direct all objections and motions to the Panel and not to each other.

_____

*Note to Arbitrators:  The administrative announcements have been completed and you will now begin opening statements and the presentation of the evidence. This is a reminder that all further conversations between the parties and the arbitrators should be on the record (e.g. tape recorded).  Please ensure that the recorder is operating after your return from any breaks, lunch or executive sessions.  In addition, do not leave the completed tapes unattended. The arbitrators must keep the tapes in a safe, secure place.*

P.  Opening Statements: The parties will now proceed with their opening statements, beginning with the Claimant.

Q.  Presentation Of Evidence: The parties will now present their evidence, beginning with the Claimant.

R.  Inquiry Prior To Closing Argument: Do the parties have any further evidence or testimony to present?

S.  Closing Argument: Each party may make a closing argument.  The parties are directed to limit their closing argument to a summation of what he or she believes has been proven.  The parties may now begin their closing argument, beginning with the Claimant.  Rebuttal is allowed and the Claimant may reserve its entire closing for rebuttal.

*Note to Arbitrators:  It is the practice in these proceedings to allow claimants to proceed first in closing argument, with rebuttal argument being permitted. Claimants may reserve their entire closing for rebuttal.  The hearing procedure may, however, be varied in the discretion of the arbitrators, provided all parties are allowed a full and fair opportunity to present their respective cases.*

T.  Inquiries Prior To Closing Hearing: Will each of the parties state affirmatively whether you have had a full and fair opportunity to be heard?

U.  The decision will be forwarded to the parties, and/or counsel.  In order to expedite the delivery of the Panel's decision to the parties, the Panel may either execute a handwritten copy of the Award or each Arbitrator may execute a counterpart copy of the Award.

66

V.  Party Evaluations:  As I mentioned at the beginning of the case, I ask that each party or representative complete an evaluation of this arbitration.  Your participation – while strictly voluntary – greatly assists NASD Dispute Resolution's ongoing effort to improve the arbitration process.  You can find the evaluation form at http://www.nasd.com/arbevaluation.  If you do not have Internet access, or have difficulty completing the evaluation online, please ask your case administrator to provide a paper version of the evaluation that you can mail to the address indicated.

W.  NASD is not responsible for secure disposal of any documents left by the Panel or the parties following a proceeding.  This hearing facility will dispose of all remaining materials in its usual manner.  If a party wishes to retain secure control of the materials, they must take them when leaving.

X.  Closing the Hearing: The record will remain open until the Panel arrives at a decision, or the Panel determines that it is closed.

No party will contact any member of this arbitration panel directly.  All communications are to be directed to the staff person assigned to this case.

I request that the parties leave the room at the same time.
_____

**Note to Arbitrators:  Take all recorded tapes with you upon leaving the room. These tapes must be sent to the NASD Dispute Resolution staff member assigned to the arbitration.**

67

## Information for Hearings Not Held at NASD Dispute Resolution Offices

1.  Please contact the case administrator assigned to this case at the conclusion of the hearing to advise of the status of the case and the number of sessions conducted.  Please note that a session is any meeting between parties and arbitrators that lasts four hours or less.

2.  To avoid additional room charges, if the hearing concludes prior to the last scheduled hearing date, kindly notify the administrative office on site at the hotel (NOT the front desk) immediately.

3.  If there are issues concerning the hearing that require staff intervention, please call the case administrator assigned to this case or any NASD Dispute Resolution staff member.    If you have any problems with the tape recorders or the room (i.e. insufficient lighting, air conditioning), please contact the front desk.

4.  Even if your hearing is continuing the following day, please note that any materials left in the hearing room may be discarded.  Please make sure that you take with you all important documents and/or personal belongings and inform the parties to do the same.

5.  Please return one copy of all exhibits (except Arbitrator's Exhibit One) and tapes to the case administrator assigned to this case.

6.  Any special requests by the parties (i.e. photocopies, facsimiles, special audio-visual equipment, phone installation charges) must be paid for by the requesting party.  <u>CHARGES FOR PARTY REQUESTS MAY NOT BE BILLED TO NASD DISPUTE RESOLUTION'S ACCOUNT.</u>

68