1  RUBIN, FORTUNATO & HARBISON P.C.
2  MICHAEL J. FORTUNATO (Pa. Bar No. 58917) (Admitted *pro hac vice*)
   PATRICIA BAILEY TSIPRAS (Pa. Bar. No. 85677) (Admitted *pro hac vice*)
3  10 South Leopard Road
   Paoli, PA 19301
4  Telephone:     (610) 408-2000
   Facsimile:     (610) 854-4301
5  E-mail:        ptsipras@rubinfortunato.com

6  MENNEMEIER, GLASSMAN & STROUD LLP
7  KENNETH C. MENNEMEIER (SBN 113973)
   980 9th Street, Suite 1700
8  Sacramento, CA 95814
   Telephone:     (916) 553-4000
9  Facsimile:     (916) 553-4011
   E-mail:        kcm@mgslaw.com
10
11 Attorneys for Respondent
   MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
12

13

14              IN THE UNITED STATES DISTRICT COURT

15           FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18
   ROBERT J. KNIGHT,                    )
19                                       )    CASE NO:  CV 07-02753 SC
                  Petitioner,            )
20                                       )    **MERRILL LYNCH'S REPLY IN SUPPORT OF**
                                         )    **MOTION TO CONFIRM ARBITRATION**
21 v.                                    )    **AWARD**
                                         )
22 MERRILL LYNCH, PIERCE, FENNER &       )
   SMITH INCORPORATED,                   )    Date:  September 7, 2007
23                                       )
                  Respondent.            )    Time:  10:00 a.m.
24                                       )
                                         )    Courtroom 1
25 _____  )

26

27

28

## I.    COUNTER-STATEMENT OF FACTS

Respondent Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") already has set forth (in its *Memorandum of Points and Authorities (1) in Opposition to Knight's Petition and Application to Vacate Arbitration Award and (2) in Support of Merrill Lynch's Motion to Confirm Arbitration Award* ["Merrill Lynch's Opposition to Petition to Vacate"] at section II) the facts relevant to this Court's determination of the *Petition and Application to Vacate Arbitration Award* filed by Claimant Robert J. Knight ("Knight") and to this Court's determination of Merrill Lynch's *Motion to Confirm*.  Merrill Lynch will not rehash those facts here.  However, Merrill Lynch believes it is necessary to address at least one of the misstatements that Knight made in opposing Merrill Lynch's *Motion to Confirm*.

Knight states that, in his statement of claim filed with the National Association of Securities Dealers ("NASD"), he "sought damages from respondent for breach of a written employment contract."  <u>See</u> *Petitioner Knight's Opposition to Respondent Merrill Lynch's Motion to Confirm Arbitration Award* ("Knight's Opposition") at 1.  Knight made no such claim.  <u>See</u> Knight's NASD statement of claim at Ex. 2 to the *Declaration of Patricia Bailey Tsipras in Support of* Merrill Lynch's Opposition to Petition to Vacate ("PBT Declaration").  Even after the NASD arbitration panel permitted Knight to amend his statement of claim to assert such a claim, he did not assert a claim for breach of a written contract.  <u>See</u> Ex. 9 to PBT Declaration.[1]

---

[1] The remainder of Merrill Lynch's issues with Knight's statement of facts relate to what may be mere typographical errors.  For example, Knight states that Merrill Lynch filed an answer to his NASD statement of claim on July 6, 2006 (<u>see</u> Knight's Opposition at 2) – which was *before* Knight even filed his statement of claim.  Actually, Merrill Lynch submitted its answer on October 2, 2006.  <u>See</u> Ex. 3 to PBT Declaration.  Knight then states that the first hearing on Merrill Lynch's *Motion to Dismiss* was held on January 16, 2007.  <u>See</u> Knight's Opposition at 2.  The hearing actually was held on January 15, 2007.  <u>See</u> ¶ 13 to PBT Declaration.  Knight further states that the NASD arbitration panel issued an Order on January 25, 2007.  <u>See</u> Knight's Opposition at 2.  The panel issued their Order on January 15, 2007 (<u>see</u> Ex. 7 to PBT Declaration), although the NASD did not serve it upon the parties until January 25, 2007.  Lastly, Knight states that the NASD arbitrators "did not read the script identified in paragraph 22 hereinabove."  <u>See</u> Knight's Opposition at 3.  No "paragraph 22" exists in Knight's Opposition, making it clear that he merely cut and pasted this sentence from his other pleadings.

## II.    VENUE AND JURISDICTION

Merrill Lynch does not dispute venue in this Court, as it is appropriate under 9 U.S.C.§§ 9 and 10.  See Knight's Opposition at 4.  Merrill Lynch also does not dispute that this Court has jurisdiction over this matter.  As Knight alleges, diversity of citizenship exists between the parties and, per Knight's *Petition to Vacate* ("Petition"), the amount in controversy exceeds $75,000.  See Knight's *Petition* at ¶ 6; 28 U.S.C. § 1332.

Merrill Lynch disputes, however, Knight's contention that it has admitted any set of facts or arguments by not filing an answer to Knight's Petition.  Any application under the Federal Arbitration Act "shall be made and heard in the manner provided by law for the making and hearing of *motions*…."  See 9 U.S.C. § 9 (emphasis added).  Therefore, no "answer" to Knight's Petition was required.

*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*

**III.    POINTS AND AUTHORITIES**[2]

    **A.    The Arbitrators Did Not Manifestly Disregard the Statute of Limitations.**

    Knight argues that the *Award* should be vacated because "the arbitrators knew th[e] law, yet ignored it and refused to apply it."  <u>See</u> Knight's Opposition at 6.  Knight misstates the law and the facts.

    An arbitrator's refusal to apply the law is not a manifest disregard of the law.  <u>See</u> <u>Carter v. Health Net of California, Inc.</u>, 374 F.3d 830, 838 (9th Cir. 2004) ("'manifest disregard of the law' means something more than just…a failure on the part of the arbitrators to…apply the law").  Nor does an arbitrator manifestly disregard the law when s/he errs in the law or fails to understand the law.  <u>Id.</u>  Accordingly, any argument that the *Award* should be vacated because the arbitrators refused to apply the law should be rejected.

    To prove a manifest disregard of the law, it must be clear from the record that the arbitrators recognized the applicable law and then ignored it.  <u>Id.</u>  As set forth in section III(B)(2)

---

[2] Merrill Lynch's reliance on <u>Grosso v. Salomon Smith Barney, Inc.</u>, No. 03-MC-115, 2003 U.S. Dist. LEXIS 20208 (E.D.Pa. Oct. 24, 2003), <u>aff'd</u>, 115 Fed. Appx. 600 (3rd Cir. 2004); <u>Perna v. Barbieri</u>, No. CIV 97-5943, 1998 U.S. Dist. LEXIS 5365 (E.D.Pa. Apr. 16, 1998), <u>aff'd</u>, 176 F.3d 472 (3rd Cir. 1999); <u>Fortier v. Morgan Stanley DW, Inc.</u>, No. C-06-3715 SC, 2006 U.S. Dist. LEXIS 79027 (N.D.Cal. Oct. 23, 2006); <u>Randell v. Levi Strauss & Co.</u>, No. C 05-1047 CW, 2006 U.S. Dist. LEXIS 32177 (N.D.Cal. May 12, 2006); <u>Keiser v. Lake County Superior Court</u>, No. C05-02310MJJ, 2005 U.S. Dist. LEXIS 40378 (N.D.Cal. Dec. 12, 2005); <u>High Country Linens v. Block</u>, No. C 01-02180, 2002 U.S. Dist. LEXIS 16043 (N.D.Cal. 2002); <u>Cartwright v. Roxbury Capital Management, LLC</u>, No. 5:06-cv-283-Oc-10GRJ, 2007 U.S. Dist. LEXIS 32656 (M.D.Fla. May 3, 2007); <u>The Edward Mellon Trust v. UBS PaineWebber, Inc.</u>, No. 2:06-cv-0184, 2006 U.S. Dist. LEXIS 80922 (W.D.Pa. Nov. 6, 2006); <u>Allen v. RBC Dain Rauscher, Inc.</u>, No. C06-05163 RJB, 2006 U.S. Dist. LEXIS 27974 (W.D. Wash. May 9, 2006); <u>Goldman, Sachs & Co. v. Patel</u>, [no number in original], 1999 N.Y. Misc. LEXIS 681 (N.Y. Aug. 18, 1999) does not violate L.R. 3-4(e) or Ninth Circuit Rule 36-3, as Knight suggests.  None of these cases are designated "not for citation" or are unpublished dispositions or orders of the Ninth Circuit.  Although all of the cases may not be binding upon this Court, they certainly are instructive on the issues before this Court.  They have been submitted as Appendix A for this Court's review.  Pursuant to L.R. 3-4(e) and Ninth Circuit Rule 36-3, Merrill Lynch withdraws its reliance on <u>Burton v. New United Motor Mfg.</u>, No. 03-16287, 2005 U.S. App. LEXIS 5352 (9th Cir. Feb. 17, 2005); <u>Abedi v. Schlossman</u>, No. 01-56013, 2002 U.S. App. LEXIS 15039 (9th Cir. July 22, 2002); <u>American Tel. and Telegraph Co. v. United Computer Sys., Inc.</u>, No. 99-56846, 2001 U.S. App. LEXIS 7630 (9th Cir. 2001); and <u>Vento v. Quick & Reilly, Inc.</u>, No. 04-1413, 2005 U.S. App. LEXIS 6986 (10th Cir. April 20, 2005).  The withdrawal of these cases does not diminish Merrill Lynch's legal position in any way.

1   of Merrill Lynch's Opposition to Petition to Vacate and just like in <u>Luong v. Circuit City Stores,</u>

2   <u>Inc.</u>, 368 F.3d 1109, 1110 (9th Cir. 2004), Knight cannot prove that the arbitrators ignored the

3   law because the panel cited the law in their *Award*.  Even if the arbitrators erred in the law or

4   failed to understand it (which is not the case), they certainly did not ignore the law and, therefore,

5   cannot be found to have manifestly disregarded it.

6          Knight further argues that the law ignored by the arbitrators must be well-defined,

7   explicit, and clearly applicable to the case.  <u>Carter</u>, 374 F.3d at 838 (*citing* <u>Merrill Lynch, Pierce,</u>

8   <u>Fenner & Smith Incorporated v. Bobker</u>, 808 F.2d 930, 934 (2d Cir. 1986)).  He claims that

9   "California law is clear and unmistakable."  <u>See</u> Knight's Opposition at 5.  As set forth above,

10  the arbitrators did not ignore the law.  Furthermore, the "clear and unmistakable" law that Knight

11  cited to the arbitrators and that he now cites to this Court is not "clearly applicable" to this case.

12  Indeed, the case law on which Knight now relies was not applicable and was distinguishable

13  from his own case.  <u>See</u> Ex. 8 to PBT Declaration at section II(B) distinguishing the <u>Amen</u> and

14  <u>Bruckman</u> cases.  Knight merely asks this Court to choose his interpretation of the law over

15  Merrill Lynch's or the arbitrators' interpretation.  However, courts "are not at liberty to set aside

16  an arbitration panel's award because of an arguable difference regarding the meaning or

17  applicability of laws urged upon it."  <u>Bobker</u>, 808 F.2d at 934.[3]

18         Accordingly, Merrill Lynch respectfully requests that this Court deny Knight's *Petition to*

19  *Vacate* and grant Merrill Lynch's *Motion to Confirm*.

20         **B.    <u>State and Federal Statutes of Limitations Apply in NASD Arbitrations.</u>**

21         Although, in his Petition to Vacate, Knight offered this Court no legal support for his

22  contention that the California statutes of limitations were not applicable in the NASD arbitration,

23  he now relies on Rule 10304 of the NASD Code of Arbitration Procedure ("NASD Code") – a

24  provision that Merrill Lynch already addressed in its Opposition to the Petition to Vacate.  <u>See</u>

25

26         [3] Knight dismisses Merrill Lynch's citation to cases like <u>Henein v. Saudi Arabian Parsons</u>,
27  818 F.2d 1508 (9th Cir. 1987), <u>Kourtis v. Cameron</u>, 419 F.3d 989 (9th Cir. 2005), etc., claiming
    that they are inapposite to this case.  <u>See</u> Knight's Opposition at 7.  However, Knight has alleged
28  (we believe) that the arbitrators manifestly disregarded the law by applying the statute of
    limitations to all of his claims.  The cases that Merrill Lynch cites – which also were cited to the
    arbitrators – establish that the arbitrators did not manifestly disregard the law.

1   Merrill Lynch's Opposition to Petition to Vacate at section III(D)(1). To briefly reiterate, Rule
2   10304 itself contemplates the application of statutes of limitations in NASD arbitrations. <u>See</u>
3   NASD Code Rule 10304 at Ex. 11 to PBT Declaration ("This Rule shall not extend applicable
4   statutes of limitations"); <u>see also</u> NASD guidelines cited and discussed in Merrill Lynch's
5   Opposition to Petition to Vacate at section III(D)(1).

6           The NASD's position – as reflected in its rules, guidelines, and interpreting case law – is
7   clear:  federal and state statutes of limitations are to be applied in NASD arbitrations.  Knight
8   makes no effort to address these NASD rules, guidelines, or interpreting case law.  Instead, he
9   points to cases outside of the securities industry in arbitration fora other than the NASD.  <u>See</u>
10  <u>Skidmore, Owings and Merrill v. Connecticut General Life Insurance Co.</u>, 25 Conn. Super. 76,
11  197 A.2d 83 (1963) (architectural dispute before the American Arbitration Association); <u>Son</u>
12  <u>Shipping Co. Inc. v. De Fosse & Tanghe</u>, 199 F.2d 687 (2d Cir. 1952) (non-NASD maritime
13  dispute); <u>NCR Corp. v. CBS Liquor Control, Inc.</u>, 874 F. Supp. 168 (S.D.Ohio 1993) (non-
14  securities dispute in the American Arbitration Association); <u>Peggy Rose Revocable Trust v.</u>
15  <u>Eppich</u>, 640 N.W.2d 601 (Minn. 2002) (non-NASD dispute regarding the agreement of sale of a
16  home); <u>Lewistown Firefighters Ass'n v. City of Lewiston</u>, 354 A.2d 154 (Maine 1976)
17  (employment dispute pursuant to a collective bargaining agreement).  None of these cases are
18  determinative of the issues presented to this Court.

19          Accordingly, Merrill Lynch respectfully requests that this Court deny Knight's *Petition to*
20  *Vacate* and grant Merrill Lynch's *Motion to Confirm.*

21          **C.**      **<u>The Arbitrators Afforded Knight *Two* Hearings.</u>**

22          Knight contends that he was not afforded "the hearing provided by his arbitration
23  agreement with Merrill Lynch – an agreement which incorporated the SEC-approved NASD Code
24  of Arbitration Procedure."  <u>See</u> Knight's Opposition at 11.  However, Merrill Lynch cited a
25  plethora of cases interpreting that exact arbitration agreement and holding that the two hearings
26  afforded to Knight satisfy any hearing requirement under the NASD Code, including any
27  requirement imposed by Rule 10303.  <u>See</u> Merrill Lynch's Opposition to Petition to Vacate at
28  section III(C)(1).

1    Contrary to Knight's assertion, Merrill Lynch's (as well as the arbitrators' and numerous

2 courts') interpretation of the NASD rules does not render Rule 10303 superfluous.  Knight argues

3 that "if NASD arbitrators can dismiss a claim based solely on pleadings, motion papers, and

4 documentary evidence attached to those papers…" then the phrase "shall require a hearing" in

5 Rule 10303 is superfluous.  See Knight's Opposition at 12.  Assuming, *arguendo*, that Knight's

6 statement is true, it still is not dispositive of the issue before this Court because *it does not*

7 *describe what the arbitrators did in this case*.  The arbitrators did not dismiss Knight's claims

8 solely on the pleadings, motion papers, and documentary evidence attached to those papers.  The

9 arbitrators held *two* hearings on Merrill Lynch's motion to dismiss.  As Knight points out,

10 pursuant to NASD Code Rule 10317, he was entitled to be present at each of these hearings.  His

11 choice not to attend, or his counsel's failure to request his attendance, cannot now form a basis for

12 vacatur.[4]

13    Furthermore, the case law that Knight cites does not support his position.  For example, in

14 Prudential Securities, Incorporated v. Dalton, the court recognized that "in the appropriate case

15 after hearing an argument, arbitrators would undoubtedly have authority to dismiss a claim which,

16 on its face, does not state a claim entitling the claimant to relief, whether frivolous or not."  929 F.

17 Supp. 1411, 1417 (N.D.Okla. 1996).  The court vacated the arbitration award because it held that,

18 if all of the allegations in Dalton's complaint were taken as true, he would be entitled to some

19 form of relief.  Id.  The same cannot be said in Knight's case.  If the arbitrators deemed true all of

20 the allegations in Knight's statement of claim – as Merrill Lynch urged them to do – Knight still

21 could not prevail because all of his claims were barred.

22    Likewise, Neary v. The Prudential Insurance Company of America is unsupportive of

23 Knight's position.  63 F. Supp. 2d 208 (D.Conn. 1999).  In Neary, the court vacated the arbitration

24 award because the arbitrators manifestly disregarded the standard for summary judgment, not

25 because the arbitrators granted summary judgment in the first place.  Id. at 210.

26    Knight's attempt to distinguish Fortier v. Morgan Stanley should be rejected.  His claim

27

28    [4] Merrill Lynch already has addressed each of the other rules that Knight now raises in
support of this argument.  See Merrill Lynch's Opposition to Petition to Vacate at sections
III(C)(2)-(4).  In short, Knight waived his objections regarding these other rules and did not suffer
any prejudice with respect to those rules.

1   that, in <u>Fortier</u>, "all parties engaged in the prehearing exchange of witnesses and documents, there

2   was a verbatim transcript of the proceedings, and the arbitrators read into the record the opening

3   script required by the NASD" (<u>see</u> Knight's Opposition at 15) is not supported by this Court's

4   opinion or by an affidavit of counsel.  As Merrill Lynch previously highlighted, the presentation of

5   Fortier's testimony *on the statute of limitations issue* is the only confirmed difference between that

6   case and this one.  <u>See</u> Merrill Lynch's Opposition to Petition to Vacate at section III(C)(1), fn.7.

7   However, Knight never argued that his testimony would shed any light – nor would it have shed

8   any light – on the legal issues before the arbitration panel.  <u>See</u> PBT Declaration at ¶ 28.

9          Accordingly, Merrill Lynch respectfully requests that this Court deny Knight's *Petition to*

10  *Vacate* and grant Merrill Lynch's *Motion to Confirm*.

11  **IV.    CONCLUSION**

12         For all of the foregoing reasons, as well as the reasons set forth in Merrill Lynch's

13  Opposition to the Petition to Vacate, Merrill Lynch respectfully requests that the Court deny

14  Knight's *Petition to Vacate* and grant Merrill Lynch's *Motion to Confirm*.

15

16  Dated:  August 24, 2007                         RUBIN, FORTUNATO & HARBISON P.C.

17

18                                          By:     /s/ Patricia Bailey Tsipras
                                                    Michael J. Fortunato, Esquire
19                                                  Patricia Bailey Tsipras, Esquire

20                                                  Attorneys for Respondent
21                                                  Merrill Lynch, Pierce, Fenner & Smith Incorporated

22

23

24

25

26

27

28