RUBIN, FORTUNATO & HARBISON P.C.
MICHAEL J. FORTUNATO (Pa. Bar No. 58917) (Admitted *pro hac vice*)
PATRICIA BAILEY TSIPRAS (Pa. Bar No. 85677) (Admitted *pro hac vice*)
10 South Leopard Road
Paoli, PA 19301
Telephone:    (610) 408-2000
Facsimile:    (610) 854-4301
E-mail:       ptsipras@rubinfortunato.com

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone:    (916) 553-4000
Facsimile:    (916) 553-4011
E-mail:       kcm@mgslaw.com

Attorneys for Respondent
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT J. KNIGHT,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>　　　　　Respondent. | CASE NO: CV 07-02753 SC<br><br>**MERRILL LYNCH'S RESPONSE TO KNIGHT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: September 7, 2007<br><br>Time: 10:00 a.m.<br><br>Courtroom 1 |

Merrill Lynch hereby responds to the *Request for Judicial Notice in Support of Petition to Vacate Arbitration Award and in Opposition to Motion to Confirm Arbitration Award* filed by Petitioner Robert J. Knight ("Knight's *Request for Judicial Notice*").

### A.    National Association of Securities Dealers Code of Arbitration Procedure

Knight requests judicial notice of the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure. However, Merrill Lynch already has attached to the *Declaration of Patricia Bailey Tsipras in Support of Merrill Lynch's (1) Opposition to Knight's Petition and Applicable to Vacate and (2) Motion to Confirm Arbitration Award* the NASD rules on which the parties have relied. Therefore, Knight's *Request for Judicial Notice* should be denied as unnecessary and superfluous.

### B.    NASD Dispute Resolution Arbitrator's Reference Guide, National Edition

Knight also requests judicial notice of the NASD Arbitrator's Reference Guide ("Reference Guide"). Knight did not cite to the Reference Guide in any of the papers he filed with this Court (Merrill Lynch did not cite to it either). On this basis alone, his *Request for Judicial Notice* should be denied.

Furthermore, Knight did not attach the entire Reference Guide to his *Request for Judicial Notice* and the edition of which Knight requests judicial notice is not available at the website cited in Knight's papers (however, a more recent [June 2007], and substantially similar edition of the FINRA[1] Dispute Resolution Arbitrator's Reference Guide is available there). It is likely that Knight failed to seek judicial notice of the full Reference Guide because it lends further support to Merrill Lynch's position. It references both dispositive motions and statutes of limitations:

- The Reference Guide states, with respect to cases operating under the Old Code[2], "[t]he initial Pre-hearing conference gives the arbitrator(s) and the parties an opportunity to organize the management of the case, set a discovery cut-off date, *identify dispositive* or other potential *motions*...." See FINRA Reference Guide at p. 46 (emphasis added).

---

[1] On July 30, 2007, the NASD and the New York Stock Exchange consolidated to form FINRA, the Financial Industry Regulatory Authority.

[2] Because Knight filed his NASD statement of claim before April 16, 2007, the case operated under the "old" NASD Code of Arbitration Procedure.

- The Reference Guide defines "motion" and states that "[c]ommon motions include motions to: … Dismiss claim(s)." Id. at 135-36.
- The Reference Guide defines "statute of limitations" as "[a] statute of prescribing limitations to the right of action on certain described causes of action; that is, declaring that claims not brought within a specified period of time cannot be a basis for recovery." Id. at 138.

If, as Knight suggests, dispositive motions on statute of limitations or other grounds were not permissible in arbitration, these references would be unnecessary.

Accordingly, if this Court takes judicial notice of the excerpts of the Reference Guide attached to Knight's Request for Judicial Notice, Merrill Lynch respectfully requests that this Court also take judicial notice of the excerpts referenced above, which are attached as Exhibit A to the *Declaration of Patricia Bailey Tsipras in Response to Knight's Request for Judicial Notice*, filed simultaneously herewith.

### C. Conclusion

For all of the foregoing reasons, Knight's request for judicial notice of the NASD Code of Arbitration Procedure should be denied as unnecessary and superfluous. Knight's request for judicial notice of the NASD Arbitrator's Reference Guide should be denied because he never cited to it. If this Court takes judicial notice of the Reference Guide, it also should take judicial notice of the provisions of the Reference Guide cited above.

Dated: August 29, 2007                     RUBIN, FORTUNATO & HARBISON P.C.

                                           By:   /s/ Patricia Bailey Tsipras
                                                 Michael J. Fortunato, Esquire
                                                 Patricia Bailey Tsipras, Esquire

                                                 Attorneys for Respondent
                                                 Merrill Lynch, Pierce, Fenner & Smith Incorporated