1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUBIN, FORTUNATO & HARBISON P.C.
MICHAEL J. FORTUNATO (Pa. Bar No. 58917) (Admitted *pro hac vice*)
PATRICIA BAILEY TSIPRAS (Pa. Bar. No. 85677) (Admitted *pro hac vice*)
10 South Leopard Road
Paoli, PA 19301
Telephone:      (610) 408-2000
Facsimile:       (610) 854-4301
E-mail:          ptsipras@rubinfortunato.com

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone:      (916) 553-4000
Facsimile:       (916) 553-4011
E-mail:          kcm@mgslaw.com

Attorneys for Respondent
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT J. KNIGHT,<br><br>        Petitioner,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INCORPORATED,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO:  CV 07-02753 SC

**JOINT CASE MANAGEMENT STATEMENT**

Date:  September 7, 2007

Time:  10:00 a.m.

Courtroom 1

The parties to the above-captioned action jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9.

## JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action because diversity of citizenship exists between the parties and, per the *Petition and Application to Vacate Arbitration Award* ("*Petition to Vacate*") filed by Petitioner Robert J. Knight ("Knight"), the amount in controversy exceeds $75,000. See Knight's *Petition* at ¶ 6; 28 U.S.C. § 1332. No disputes exist regarding personal jurisdiction or venue and all parties have been served.

## FACTS

Knight filed this action seeking an order vacating an award rendered by a panel of National Association of Securities Dealers ("NASD") arbitrators in favor of Merrill Lynch and two of his former supervisors. Merrill Lynch has filed a motion to confirm the award that is set for hearing on September 7, 2007.

Knight contends that the arbitration panel exceeded its authority and manifestly disregarded the law in applying California statutes of limitations when it granted Merrill Lynch's motion to dismiss without conducting a full evidentiary hearing on the merits of all of his claims.

## LEGAL ISSUES

Knight contends that the legal issues involved in this matter are (1) whether the underlying arbitration award should be vacated, on the ground that the arbitration panel exceeded its authority and manifestly disregarded the law (9 U.S.C. § 10) by dismissing the arbitration proceeding without a hearing, and (2) whether the arbitrators further manifestly disregarded the law by applying of the statutes of limitations contained in California's Code of Civil Procedure.

Merrill Lynch contends that the legal issue is whether Knight can prove that the arbitration panel exceeded its authority and manifestly disregarded the law when it granted Merrill Lynch's motion to dismiss his claims after reviewing the parties' briefs, allowing discovery on the dispositive issue, allowing Knight to file an amended statement of claim, conducting two hearings during which the panel entertained oral argument, and interpreting the parties' arbitration agreement (the NASD Code of Arbitration Procedure) and California law.

## MOTIONS

Knight's *Petition to Vacate* and Merrill Lynch's *Motion to Confirm Arbitration Award* are scheduled for hearing on September 7, 2007. Furthermore, Knight's *Request for Judicial Notice in Support of Petition to Vacate Arbitration Award and in Opposition to Motion to Confirm Arbitration Award* and Merrill Lynch's *Response to Knight's Request for Judicial Notice* also are scheduled for hearing on September 7, 2007. The parties do not anticipate any other motions.

## AMENDMENT OF PLEADINGS

The parties do not expect any amendments to the pleadings.

## EVIDENCE PRESERVATION

The issues reasonably evident in this action are all legal in nature, and, therefore, the parties do not believe that any evidence preservation issues exist.

## DISCLOSURES

Because this proceeding involves a petition and application to vacate an arbitration award and a cross-motion to confirm that arbitration award, the parties believe that this proceeding is exempt from initial disclosure under Rule 26(a)(1)(E)(ix) of the Federal Rules of Civil Procedure. Nevertheless, Merrill Lynch has served its initial disclosures upon Knight and they include the members of the NASD arbitration panel and the NASD case administrator, as well as the pleadings and exhibits filed and the correspondence exchanged in this action and the underlying NASD action.

## DISCOVERY

The parties do not believe that discovery is warranted or necessary in light of the pending motions.

## CLASS ACTIONS

This action is not a class action.

## RELATED CASES

The parties are not aware of any related cases.

## RELIEF

Knight seeks an order vacating the NASD arbitration award and remanding the case to a new panel of arbitrators. He also seeks his costs in this proceeding. Merrill Lynch seeks an order

1  denying Knight's *Petition to Vacate* and granting Merrill Lynch's *Motion to Confirm Arbitration*

2  *Award*.

3  ## SETTLEMENT AND ADR

4  The parties have filed a *Joint Notice of Need for ADR Phone Conference*.  However, in that

5  Notice, the parties stated their belief that no ADR process is likely to deliver benefits sufficient to

6  justify the resources consumed by its use because this action itself arises out of the use of an

7  alternative dispute resolution process, i.e. NASD arbitration, and likely will be resolved by motion,

8  which currently is set to be heard on September 7, 2007.  Nevertheless, an ADR Phone Conference

9  has been scheduled for September 5, 2007.

10  ## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

11  The parties do not consent to the assignment of this action to a Magistrate Judge.

12  ## OTHER REFERENCES

13  The parties do not believe that this action is suitable for reference to binding arbitration, a

14  special master, or the Judicial Panel on Multidistrict Litigation.  See section regarding Settlement

15  and ADR, *supra*.

16  ## NARROWING OF ISSUES

17  The parties believe that the issues in this action already have been narrowed as set forth in

18  the motions and responsive pleadings on file.

19  ## EXPEDITED SCHEDULE

20  The parties agree that this action may be handled on an expedited schedule, as the motions

21  governing the action are scheduled to be heard on September 7, 2007.

22  ## SCHEDULING

23  Knight's *Petition to Vacate* and Merrill Lynch's *Motion to Confirm Arbitration Award* are

24  scheduled to be heard on September 7, 2007.  The parties do not believe that any other dates are

25  necessary.

26  ## TRIAL

27  The parties do not request a trial, as this action will be decided on the pending *Petition to*

28  *Vacate* and *Motion to Confirm Arbitration Award*, which are set for hearing on September 7, 2007.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their Certifications of Interested Entities or Persons and have certified that there are no such interests to report.

Dated:  August 31, 2007                      RUBIN, FORTUNATO & HARBISON P.C.


                                      By:    /s/ Patricia Bailey Tsipras
                                             Michael J. Fortunato, Esquire
                                             Patricia Bailey Tsipras, Esquire

                                             Attorneys for Respondent
                                             Merrill Lynch, Pierce, Fenner & Smith Incorporated




Dated:  August 31, 2007                      LAW OFFICES OF TIMOTHY A. CANNING

                                      By:    /s/ Timothy A. Canning
                                             Timothy A. Canning

                                             Attorney for Petitioner Robert J. Knight