United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. KNIGHT,<br><br>      Plaintiff,<br><br>  v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INCORPORATED,<br><br>      Defendant. | No. C-07-2753 SC<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION TO<br>VACATE AND GRANTING<br>DEFENDANT'S MOTION TO<br>CONFIRM ARBITRATION<br>AWARD |

**I.     INTRODUCTION**

Before the Court are opposing motions concerning National Association of Securities Dealers, Inc. ("NASD") Arbitration Award No. 06-3430 (the "Award"). Plaintiff Robert J. Knight moves to vacate the Award and Defendant Merrill Lynch, Pierce, Fenner & Smith ("Merrill") moves to confirm it. Docket Nos. 1, 11. For the reasons stated herein, the Court DENIES Plaintiff's Petition to Vacate and GRANTS Defendant's Motion to Confirm.

**II.    BACKGROUND**

The underlying dispute arises from the termination of Knight by Merrill. Tsipras Decl., Docket No. 12, Ex. B., Knight's Statement of Claim, at 2. Knight was terminated on July 26, 2002, after having worked for Merrill for approximately ten years. Id. Almost four years after being terminated, on July 20, 2006, Knight

initiated arbitration against Merrill. Id. at 1. In his Statement of [Arbitration] Claim, Knight asserted the following claims: (1) discharge in breach of implied contract, including breach of the covenant of good faith and fair dealing; (2) tortious discharge in violation of public policy; (3) defamation and trade libel; (4) intentional infliction of emotional distress; and (5) intentional interference with prospective economic advantage. Id. Merrill submitted a motion to dismiss to the Arbitration Panel, which Knight opposed. Tsipras Decl. Exs. 3, 5.

The Panel subsequently permitted Knight to amend his Statement of Claim to assert "discharge in breach of a written contract." Id. Ex. 7, Arbitration Order. Although Knight filed an amended claim, id. Ex. 9, it is unclear whether Knight included a claim for breach of written contract. It appears instead that Knight asserted a claim for breach of an implied promise based ona written contract. Id. In addition, Knight alleged that Merrill violated the written agreement by violating the clause of the contract whereby Merrill would supervise his career. Id. As should be apparent, Knight's Amended Statement of Claim is not the model of clarity. Nonetheless, the resulting confusion had little impact on the Panel's decision and has an equally minimal impact on this Order.

After receiving Knight's amended claim and holding two telephonic conferences between counsel for the parties, the Panel issued the Award in favor of Merrill and dismissed Knight's claims with prejudice. Tsipras Decl. Ex. 1. The Panel found that Knight's four initial claims for discharge for breach of implied

2

1 contract, including breach of the covenant of good faith and fair
2 dealing, tortious discharge, defamation and trade libel,
3 intentional infliction of emotional distress, and intentional
4 interference with prospective economic advantage were all time-
5 barred by relevant California state law statutes of limitations.
6 Id.  In addition, the Panel held that none of the writings
7 submitted by Knight expressly provided for a cause of action for
8 breach of his employment agreement.  Id.
9 Knight then filed the present action in this Court, alleging
10 two general grounds for vacatur: the arbitrators exceeded their
11 authority, and the arbitrators manifestly disregarded federal and
12 state law.

**III. LEGAL STANDARD**

"The scope of a[n arbitration] confirmation proceeding is extremely limited."  G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1105 (9th Cir. 2003).  Section 9 of the Federal Arbitration Act ("FAA") requires a district court to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11."  9 U.S.C. § 9.  Section 10 permits a district court to overturn an arbitration award under four conditions:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent

3

>                    and material to the controversy; or of
>                    any other misbehavior by which the rights
>                    of any party have been prejudiced; or
>                    (4) where the arbitrators exceeded their
>                    powers, or so imperfectly executed them
>                    that a mutual, final, and definite award
>                    upon the subject matter submitted was not
>                    made.

9 U.S.C. § 10(a).[1]  Only § 10(a)(4) is at issue in the present action.

"It is beyond peradventure that . . . a federal court may vacate or modify an arbitration award only if that award is 'completely irrational,' exhibits a 'manifest disregard of law,' or otherwise falls within one of the grounds set forth in 9 U.S.C. §§ 10 or 11." Lapine Tech. Corp. v. Kyocera Corp., 130 F.3d 884, 888 (9th Cir. 1997).  "It is not even enough that the [arbitrator] may have failed to understand or apply the law.  An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." French v. Merrill Lynch, 784 F.2d 902, 906 (9th Cir. 1986).

Immediately before this Order was issued, the Supreme Court decided Hall St. Assoc. v. Mattel, Inc., Slip Op. No. 06-989, 552 U.S. __ (2008).  In Hall, the Court upheld the proposition that §§ 10 and 11 of the FAA provide "exclusive grounds for expedited vacatur and modification" of arbitration awards by district courts. Id. at 7.  Nonetheless, the Court left open the issue of whether the standard of 'manifest disregard of the law' "is meant

---

[1] Section 11, which deals with modifications to arbitration awards when the award contains mistaken descriptions, miscalculations, or other imperfections "not affecting the merits of the controversy," is not relevant to the present action. 9 U.S.C. § 11.

4

to name a new [judicially created] ground for review . . . [or] merely refer[] to the § 10 grounds collectively, rather than adding to them." Id. at 8. Either way, Hall does not affect the analysis of the issue before the Court. Whether 'manifest disregard of the law' is a judicially created ground of review or, instead, describes the standard of review under § 10, it remains the applicable standard.

**IV.   DISCUSSION**

As a preliminary matter, the Court must address the parties' confusion regarding federal rules of civil and appellate procedure. Defendant, in its Opposition, cites no less than three unpublished Ninth Circuit opinions. See Opp'n at 5 (citing Am. Tel. & Tel. Co. v. United Computer Sys., Inc., No. 99-56846, 2001 WL 389451, at *1 (9th Cir. 2001)); id. at 18 (citing Abedi v. Schlossman, No. 01-56013, 2002 WL 1634560, at *1 (9th Cir. 2002)); id. at 21 (citing Burton v. New United Motor Mfg., No. 03-16287, 2005 WL 736679, at *1 (9th Cir. 2005)). All three cases are cited for substantive legal precedent. Such conduct is not only a violation of Civil Local Rule 3-4(e), but is also a violation of Ninth Circuit Rule 36-3(c) and is sanctionable. See Sorchini v. City of Covina, 250 F.3d 706, 709 (9th Cir. 2001) (per curium) (recognizing that violations of Rule 36-3 are sanctionable).[2]

Although Knight rightly takes Defendant to task for citing unpublished Ninth Circuit opinions, counsel for Knight's

---

[2] The Court declines to impose sanctions.

understanding of unpublished cases also leaves much to be desired. Counsel mistakenly seeks to apply the Ninth Circuit rule prohibiting citation to unpublished opinions to unpublished district court opinions. Thus, for example, counsel argues that because the Order issued by this Court in Fortier v. Morgan Stanley Dean Witter, Inc., No. 06-3715 SC, 2006 WL 3020926, at *1 (N.D. Cal. Oct. 23, 2006), was not published, it therefore has no precedential value. See Knight's Opp'n at 15. Such is not the case. The Court reminds both parties that compliance with the Federal Rules of Civil and Appellate Procedure as well as the Civil Local Rules is not optional.

### A. Arbitrator Powers

Under section 10 of the FAA, an award may be vacated if the arbitrators exceeded their powers. See 9 U.S.C. § 10(4). Knight asserts that the Panel exceeded its powers by failing to hold an appropriate hearing on his Petition. Arbitrators exceed their powers when they manifestly disregard the law or when an arbitration award is completely irrational.[3] Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir. 1991). A "manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Carter v. Health Net of Cal., 374 F.3d 830, 838 (9th Cir. 2004) (internal quotation marks omitted).

---

[3] Knight does not allege that the award was completely irrational.

6

NASD Code of Arbitration § 10303 requires a hearing for any case before an arbitration panel unless the parties waive their right. See Knight's Request for Judicial Notice ("RJN"), Docket No. 24, Ex. A NASD Code of Arbitration.[4] Although Knight concedes that the panel entertained two separate telephonic conferences before granting Merrill's motion to dismiss, Knight nonetheless argues that neither of these conferences was a "hearing," and therefore the Panel exceeded its authority.

Nowhere in the NASD Code of Arbitration are the components of a § 10303 hearing defined. Section 10324, however, states that an "arbitrator shall be empowered to interpret and determine the applicability of all provisions under this Code . . . . Such interpretations . . . shall be final and binding upon the parties." NASD Code of Arbitration § 10324. In addition, the Supreme Court has stated that courts should defer to arbitrators' interpretations of procedural rules because "NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002).

Knight offers a list of reasons why the telephonic conferences were not hearings, including: no witnesses were sworn in, no documents were admitted into evidence, no one was cross examined, and only counsel for the parties, rather than the

---

[4] Pursuant to Federal Rule of Evidence 201, the Court hereby takes judicial notice of the NASD Code of Arbitration Procedure, attached as Exhibit A to Knight's RJN, and the Excerpts from the NASD Dispute Resolution Arbitrator's Reference Guide, attached as Exhibit B.

7

parties themselves, were present. Knight provides no authority to support his argument that the NASD Code requires any of these procedures for a hearing. Knight states: "The NASD Code specifies that a hearing is more than just a telephone conference call between the arbitrators and counsel." Knight's Opp'n at 13. In truth, the NASD Code says nothing of the sort. Rather, the Code states that parties "shall be entitled to attend all hearings." NASD Code of Arbitration § 10316. Nowhere has Knight even alleged that he was prevented from attending or participating in the telephonic calls. Instead, he argues that because he was not present, it was not a hearing. The Code plainly does not support this argument. The language from the Code is clear that parties may, but are not required, to attend the hearings.

Nor does Knight present any arguments as to why witnesses would have been required at the hearing.[5] And even if Knight could now, ex post, create some compelling need for why he should have had witnesses, the same section of the Code cited by Knight also states that "[t]he attendance or presence of all persons at hearings including witnesses shall be determined by the arbitrators." Id. Knight's arguments on these issues are wholly unpersuasive.

Section 10326 of the Code states that a verbatim record of the hearing must be kept. In the present case, a record was not kept at either telephonic conference. Knight argues that this

---

[5] As noted above, four of the five claims were dismissed on statute of limitation grounds, significantly, if not completely, undercutting any possible need for witnesses.

8

deficiency also requires a finding that the conferences were not hearings. First, Knight has not alleged any prejudice by the fact that a recording does not exist. Second, as noted above, the Code states that an "arbitrator shall be empowered to interpret and determine the applicability of all provisions under this Code . . . . Such interpretations . . . shall be final and binding upon the parties." NASD Code of Arbitration § 10324. Third, Knight did not object to the lack of recordings at the time the telephonic conferences occurred. Tsipras Decl. ¶ 25. In light of these facts, the lack of a recording from the telephonic conferences is insignificant.

Even assuming arguendo that the two telephonic conferences were not actual 'hearings,' other federal courts have found that NASD arbitrators have authority to decide and grant pre-hearing motions to dismiss without first holding an evidentiary hearing. See, e.g., Allen v. RBC Dain Rauscher, NO. C 06-5163 RJB, 2006 WL 1303119, at *5 (W.D. Wash. May 9, 2006) (stating that "summary dismissal by a NASD arbitration panel is not grounds for vacating or modifying an award"); Warren v. Tacher, 114 F. Supp. 2d 600, 602 (W.D. Ky. 2000) (holding that under the FAA, arbitrators have the power to decide and grant pre-hearing motions to dismiss); cf. Griffin Indus. v. Petrojam Ltd., 58 F. Supp. 2d 212, 219-20 (S.D. N.Y. 1999).

Knight's remaining arguments in support of his claim that the Panel exceeded its authority are equally meritless. As the extensive case-law indicates, this Court must review arbitrators' actions and decisions with much deference. There is simply

9

nothing in the record to indicate that the Panel somehow acted in a manner that exceeded its authority. Thus, the Court finds that the Panel's actions were within its broad procedural powers.

### B. Manifest Disregard of Law

"'[M]anifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." Carter, 374 F.3d at 838 (internal quotation marks omitted). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Id. (internal quotation marks omitted). Knight asserts that the Panel manifestly disregarded established law by erroneously applying California Code of Civil Procedure statutes of limitations to all but one of his claims and by erroneously applying California state law to the remaining breach of contract claim. The Court addresses each in turn.

#### 1. Statutes of Limitations

Knight argues that the statutes of limitations provided in the California Code of Civil Procedure cannot apply to any claims raised in arbitration. Specifically, Knight argues that these statutes of limitations only apply in "civil actions," and the Code of Civil Procedure defines civil actions as proceedings in court. See Cal. Code Civ. P. § 22. Although the Court does not dispute that the statutes of limitations established by the Code of Civil Procedure are intended to apply to civil actions, it by no means follows that theses statutes cannot also apply to claims brought in arbitration. For example, Knight's claim for breach of an implied contract is governed by a two-year statute of

10

1  limitation in California.  See Cal. Code Civ. P. § 339(1).  Knight
2  does not dispute this but argues that because this statute of
3  limitation was intended to apply to "civil actions" in courts of
4  law, it cannot apply to Knight's arbitration.

5      Knight misunderstands the California Code of Civil Procedure
6  and the NASD Code of Arbitration.  The NASD Code specifically
7  contemplates the adoption of the statutes of limitations from
8  other jurisdictions.  Although § 10304 of the NASD Code provides a
9  baseline statute of limitation of six years for all claims, the
10 same section also expressly states that the six year limitation
11 period "shall not extend applicable statute of limitations."  NASD
12 Code of Arbitration § 10304.  Cf. Allen, 2006 WL 1303119, at *1
13 (confirming arbitration award where panel dismissed state law
14 claims with prejudice because of applicable Washington state
15 statutes of limitations).

16     Knight's claims were all based on California law.  Thus, the
17 California statutes of limitations for these claims were adopted
18 by the Panel and the Panel dismissed those claims that were barred
19 by these limitations periods.  Although the Court, in confirming
20 the Arbitration Award, need only find that the Panel's decision
21 did not exhibit a manifest disregard for the law, the Court
22 nonetheless notes that California statutes of limitations do apply
23 to arbitration proceedings and Knight's assertion (without
24 authority) that "the statute of limitations found in California's
25 Code of Civil Procedure do not apply in arbitration" is without
26 any support.

Finally, even if the above analysis were somehow incorrect, the Panel's decision reaching the same conclusion cannot possibly be considered to "exhibit[] a manifest disregard of the law." Lapine Tech. Corp., 130 F.3d at 888 (internal quotation marks omitted). The Panel correctly noted that the "NASD Code of Arbitration Procedure Rule 10304 expressly contemplates the applicability of California Statutes of Limitations." Tsipras Decl. Ex. 1, Award. Knight's argument to the contrary is without merit.

### 2. Breach of Contract Claim

In addition to his four original claims, which the Panel found barred by the relevant California statutes of limitations, Knight arguably amended his Statement of Claim and included a claim for breach of a written contract. See Section II, supra. The Panel dismissed this claim with prejudice, stating:

> California Code of [Civil] Procedure Section 337 provides that an action upon any contract, obligation, or liability founded upon an instrument in writing must be filed within four years. None of the writings submitted by Claimant in support of his claim expressly provides for a cause of action for breach of his employment agreement. Mr. Knight's claim rests on implicit provisions of his employment agreement and other documents; implicit agreements are not written agreements and therefore not within the scope of CCP 337.

Tsipras Decl. Ex. 1 Arbitration Award.

Knight argues, unsuccessfully, that the Panel manifestly disregarded California law because, according to Knight, § 337 applies to breaches of implied promises arising out of written

12

contracts. Thus, Knight seems to argue that this claim is not barred by the two year statute of limitations for breaches of implied contracts.

Unless the Panel "recognized the applicable law and then ignored it," Carter, 374 F.3d at 838, the Court may not vacate the Award. Here, the Panel expressly considered California Code of Civil Procedure § 337 as it applies to Knight's claim for breach of an implied promise arising out of a contract. Thus, the Panel recognized the applicable law. In addition, the Panel, after analyzing Knight's claim in light of § 337, found that the claim was outside the scope of § 337. Not only did the Panel not ignore the law, but it specifically considered and applied it.

Knight was an at-will employee, and thus could be fired at any time, with or without cause. See Tsipras Decl. Ex. 14, Financial Consultant Employment Agreement at 3. Despite this, Knight urged the Panel to find that Merrill had breached an implied promise, based on the written contract, to honor its duty of loyalty and good faith. Id. Ex. 9, Amended Statement of Claim. Courts in California "will not imply an agreement if doing so necessarily varies the terms of an express at-will employment agreement signed by the employee." Tomlinson v. Qualcomm, Inc., 97 Cal. App. 4th 934, 944 (Ct. App. 2002). Given this case-law, it is simply impossible to imagine how the Panel manifestly disregarded applicable law. To the contrary, from all appearances, the Panel correctly applied the law. Nonetheless, even if "the Panel may have failed to understand or apply the law." French, 784 F.2d at 906, confirmation of the Award is

13

1  required.  The Court thus finds that the Panel did not act with a
2  manifest disregard for the applicable law.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Petition to Vacate the Arbitration Award is DENIED and Defendant's Motion to Confirm the Arbitration Award is GRANTED.  The Award is hereby CONFIRMED.

IT IS SO ORDERED.

Dated: March 26, 2008



UNITED STATES DISTRICT JUDGE